UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:22-cv-01640-MEMF-KES                    Date:  September 14, 2022

Title:  XINGFEI LUO v. THE PEOPLE OF CALIFORNIA

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **Order to Show Cause Why Petition Should Not Be Dismissed as Mixed**

### A.  Background

On September 6, 2022, probationer Xingfei Luo ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].)  Petitioner challenges her misdemeanor convictions for vandalism, violating a protective order, and disorderly conduct.  (Id. at 1.)  The Petition raises thirty-four claims for relief based on Petitioner's own numbering.  (Id. at 14-85.)

### B.  Legal Standard

All claims in a federal habeas petition must be "exhausted" before a federal court may grant the petition.  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982).  To exhaust a claim, the petitioner must "fairly present" the claim to the state courts, to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995).  To be properly exhausted, the claim must be "fairly presented" to the highest court in a state court system, even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000).  For a petitioner in California state custody, this generally means that the petitioner must have presented her claims to the California Supreme Court.  Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999); see also Carey v. Saffold, 536 U.S. 214, 221 (2002) (noting that, although

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES  Date: September 14, 2022
  Page 2

"California's 'original writ' system" does not "technically speaking" require a habeas petitioner to begin with the Superior Court and then proceed to the California Court of Appeal and California Supreme Court, "California's habeas rules lead a prisoner ordinarily to file a petition in a lower court first ... and later seek appellate review in a higher court....").

For a claim to have been "fairly presented" to the state courts, the claim "must include a reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The claim should alert the state court to the alleged federal basis for the claim "by citing in conjunction with the claim the federal source of law on which she relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the present of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id.

A petitioner has the burden of demonstrating that she has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a petition to allow a petitioner to exhaust her claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for her failure to exhaust her claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Alternatively, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting her unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." Id. at 1135. Under Kelly, however, the petitioner is only allowed to amend newly-exhausted claims back into her federal petition if the claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at 1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005); Stein v. Director of Corrections, No. 05-1592, 2009 U.S. Dist. LEXIS 114016, 2009 WL 4755727 (E.D. Cal. Dec. 8, 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01640-MEMF-KES                          Date: September 14, 2022
                                                                                                     Page 3

**C.**     <u>**Discussion**</u>

The following claims raised in the present Petition appear to be unexhausted because Petitioner did not raise them in her habeas petition to the California Supreme Court (Dkt. 6. at 24-117) and this Court has found no record of a direct appeal to the California Supreme Court:

- <u>Claim Seven</u>: "Perjured Testimony/False evidence – report to police the following week after Sep 7 2018" (Dkt. 2 at 30);

- <u>Claim Eight</u>: "Perjured Testimony/False evidence – It was dark on Sep 18, 2018" (<u>id.</u>);

- <u>Claim Nine</u>: "Violation of Fifth Amendment – Unlawfully Introducing Petitioner's Compelled Testimony, While At the Same Time Misrepresenting Petitioner's Prior Testimony" (<u>id.</u> at 31);

- <u>Claim Nineteen</u>: "Unreasonable Determination of The Facts In Light of The Evidence Presented in The State Court Proceeding Under 28 U.S.C. § 2254(d)(2)" (<u>id.</u> at 49);

- <u>Claim Twenty-Five</u>: "Violation of Confrontation Clause of the Sixth Amendment and Due Process – Admission of inadmissible hearsay" (<u>id.</u> at 55);

- <u>Claim Twenty-Six</u>: "Violation of Sixth and Fourteenth Amendments – Improper permitting amendment" (<u>id.</u>);

- <u>Claim Twenty-Eight</u>: "Violation of Sixth and Fourteenth Amendments – the trial court erred in denying the Petitioner's motion to dismiss" (<u>id.</u> at 74);

- <u>Claim Twenty-Nine</u>: "Violation of Sixth and Fourteenth Amendments – the trial court erred in denying Petitioner's *Marsden* motion" (<u>id.</u>);

- <u>Claim Thirty-Three</u>: "Actual Innocence" (<u>id.</u> at 85); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01640-MEMF-KES　　　　　　　　　　　　　　　　Date: September 14, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4

- <u>Claim Thirty-Four</u>: "Section 2254(d) Does Not Bar Relief." (<u>Id.</u>)[1]

**D.　　Conclusion**

　　IT IS HEREBY ORDERED that, on or before **October 14, 2022**, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

　　(1) State that Petitioner would like to proceed only with the exhausted claims;

　　(2) Explain when/how Petitioner believes the above-noted claims were exhausted in state court; or

　　(3) File a motion to stay this action, to permit her to return to state court to exhaust the above-noted claims. As discussed above, a stay may be available under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) if Petitioner can show "good cause" for her failure to exhaust her claims earlier, or under <u>Kelly v. Small</u>, 315 F.3d 1143 (9th Cir. 2003).

　　The Court notes that Petitioner does not have a lawyer. Parties in court without a lawyer are called "<u>pro se</u> litigants." Public Counsel runs free Federal <u>Pro Se</u> Clinics at three locations, which can be found on the next page.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk <u>JD</u>

---

[1] The fact that a claim is not on this list should not be interpreted as a judicial determination that it is exhausted. At this point, the Court has not considered the merits of any of Petitioner's claims.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                      Date: September 14, 2022
                                                                                                               Page 5

| **Free Legal Help for People without an Attorney** | | |
|---|---|---|
| <u>**Los Angeles**</u> | <u>**Santa Ana**</u> | <u>**Riverside**</u> |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012<br><br>*Hours by appointment only:*<br>Monday, Wednesday, and Friday<br>9:30 am - 12:00 pm and<br>2:00 pm - 4:00 pm<br><br>To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, Ext. 270 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701<br><br>*Hours:*<br>Tuesday 1-4 p.m.<br>Thursday 10 a.m.-12 p.m. and<br>1:30 - 3:30 p.m.<br><br>For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501<br><br>*Hours:*<br>Tuesday and Thursday<br>10 a.m. - 2 p.m.<br><br>For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

**Due to the COVID-19 pandemic, the clinics' offices in the federal courthouses may be closed. Any litigant seeking legal services should contact their local clinic to determine whether the clinic is open, or is offering legal advice via phone or email.**

**Visit the Court's website for further information:**
**http://prose.cacd.uscourts.gov/federal-pro-se-clinics**