XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>    Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**RESPONSE TO ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS MIXED (DKT. 10)**<br><br>Action filed: September 6, 2022 |

    Xingfei Luo (Petitioner) respectfully submits the following response to the court's order to show cause why the Petition should not be dismissed as mixed (Dkt. 10):

    **I.    CLAIMS AT ISSUE**

    Without assistance of counsel Petitioner's previous claims were mixed with other claims and scattered throughout her petition. See *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (holding that courts should liberally construe pro se documents); *Medley v. Runnels*, 506 F.3d 857, 863 (9th Cir. 2007) (en banc) (concluding petitioner had exhausted where arguments made were not identical but the core constitutional issue was the same).

<u>Claim Seven</u>: "Perjured Testimony/False evidence – report to police the following week after Sep 7 2018

See Dkt. 6, p. 46-47, 75, from the very first habeas petition Petitioner has alleged that the alleged victim lied about many things, the prosecution withheld the evidence of his lies, and Petitioner's trial counsel failed to present the alleged victim's lies to the jury.

<u>Claim Eight</u>: "Perjured Testimony/False evidence – It was dark on Sep 18, 2018"

See Dkt. 6, p. 49, 71, 75, same reason as claim seven.

<u>Claim Nine</u>: "Violation of Fifth Amendment – Unlawfully Introducing Petitioner's Compelled Testimony, While At the Same Time Misrepresenting Petitioner's Prior Testimony"

See Dkt. 6, p. 53-55.

<u>Claim Nineteen</u>: "Unreasonable Determination of The Facts In Light of The Evidence Presented in The State Court Proceeding Under 28 U.S.C. § 2254(d)(2)"

This claim is under federal procedural law therefore Petitioner did not present it before state courts.

<u>Claim Twenty-Five</u>: "Violation of Confrontation Clause of the Sixth Amendment and Due Process – Admission of inadmissible hearsay"

Dkt. 6, p. 30. Petitioner specifically alleged that her conviction is a violation of her right to (5) confrontation and compulsory process. Throughout her petition Petitioner alleged that the alleged victim was the only witness testified. This violation is so obvious and recognized even by the state court itself. See Dkt. 3, p. 4 (Stating that the victim was the sole witness at trial.)

<u>Claim Twenty-Six</u>: "Violation of Sixth and Fourteenth Amendments – Improper permitting amendment"

See Dkt. 6, p. 42. Petitioner specifically alleged that not only the trial court erred in denying Petitioner's motion to dismiss, 720 days after the complaint was filed, despite no finding of good cause to justify any belated amendment, the trial court erred in permitting the people to amend the complaint.

1       <u>Claim Twenty-Eight</u>: "Violation of Sixth and Fourteenth Amendments – the trial
2       court erred in denying the Petitioner's motion to dismiss"
3       See Dkt. 6, p. 42. Petitioner specifically alleged that not only the trial court erred in
4 denying Petitioner's motion to dismiss, 720 days after the complaint was filed, despite no
5 finding of good cause to justify any belated amendment, the trial court erred in permitting
6 the people to amend the complaint.
7       <u>Claim Twenty-Nine</u>: "Violation of Sixth and Fourteenth Amendments – the trial
8       court erred in denying Petitioner's *Marsden* motion"
9       See Dkt. 6, p. 18, 114. Petitioner specifically alleged her right to a conflict-free
10 counsel was violated.
11       <u>Claim Thirty-Three</u>: "Actual Innocence"
12       See Dkt.6, p. 117, Petitioner specifically asked the Supreme Court to act to find
13 Petitioner actually innocent.
14       <u>Claim Thirty-Four</u>: "Section 2254(d) Does Not Bar Relief."
15       This claim is under federal procedural law therefore Petitioner did not present it
16 before state courts.
17       **II.    RECORD OF DIRECT APPEAL**
18       Under California law misdemeanor conviction appeal is reviewed by Superior
19 Court Appellate Division instead of Court of Appeal. Under California Rules of Court
20 Rule 8.1005(1) a party may serve and file an application asking the appellate division to
21 certify a case for transfer at any time after the record on appeal is filed in the appellate
22 division but no later than 15 days after:
23       (A)  The decision is sent by the court clerk to the parties;
24       (B)  A publication order restarting the finality period under rule 8.888(a)(2) is sent
25 by the court clerk to the parties;
26       (C)  A modification order changing the appellate judgment under rule 8.888(b) is
27 sent by the court clerk to the parties; or
28       (D)  A consent is filed under rule 8.888(c).

Petitioner's application to transfer the direct appeal to court of appeal was denied on February 25, 2022 by the appellate division of superior court.

Under California Rules of Court Rule 8.1006(a) a party may file a petition in the Court of Appeal asking for an appellate division case to be transferred to that court only if an application for certification for transfer was first filed in the appellate division and denied.

Petitioner's petition to transfer the direct appeal to court of appeal was denied on March 3, 2022 by court of appeal. Dkt. 6, p. 12.

Petitioner has no right to petition for review by California Supreme Court because her direct appeal was not reviewed by California Court of Appeal. Therefore, there is no record of a direct appeal to the California Supreme Court. As a result, Petitioner has filed a petition for a writ of certiorari with the U.S. Supreme Court.

### III. WAYS TO OVERCOME PROCEDURAL DEFAULT

A petitioner can overcome procedural default and obtain federal review of the merits of his claim in one of two ways. First, a petitioner overcomes procedural default if he presents sufficient evidence to "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To make this showing, a petitioner's case must fall within the "narrow class of cases . . . [involving] extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). Second, a petitioner may overcome procedural default by making "an adequate showing of cause and prejudice" for his failure to exhaust his state court remedies. *Strickler v. Greene*, 527 U.S. 263, 282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

### IV. PETITIONER HAS DEMONSTRATED A FUNDAMENTAL MISCARRIAGE OF JUSTICE

Petitioner is undoubtedly a victim of a miscarriage of justice. The number of constitutional violations presented by Petitioner is outrageous and has caused the

conviction of Petitioner, who is innocent, of the crimes. The only "crime" Petitioner committed is she was too poor to hire attorneys both in the family court and criminal court proceedings.

## V. CAUSE AND PREJUDICE TO EXCUSE PROCEDURAL DEFAULT

An objective factor outside of a petitioner's control (e.g., ineffective assistance of counsel or a basis for the claim that was previously unavailable) could constitute cause. *Murray v. Carrier*, 714 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991). The petitioner can meet the prejudice prong if he demonstrates "that the errors . . . worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). A petitioner can demonstrate a fundamental miscarriage of justice by "establishing] that under the probative evidence he has a colorable claim of factual innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) (quotation marks omitted).

Therefore, even if the court determines that the claims at issue were not presented before the state courts the state's denial to appoint counsel excuses Petitioner's failure. To present any claims in accordance with the State's procedures a prisoner likely needs an effective attorney. The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding. The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. Cf., e.g., *Halbert v. Michigan*, 545 U.S. 605, 620–621 (2005).

For post conviction relief, Petitioner did not receive ineffective assistance of counsel. Petitioner did not receive any assistance of counsel at all. For each state court habeas petition Petitioner moved the state court to appoint counsel but each of Petitioner's requests for appointment of counsel was denied. Such denial constitutes sufficient cause and prejudice to excuse the procedural default resulting from Petitioner's failure to

exhaust her state remedies under 28 U.S.C. § 2254(b)(1)(B)(ii).

Petitioner has suffered actual prejudice from violations of federal law. Requiring Petitioner to go back to state court further prejudices her.

## VI. ACTUAL INNOCENCE TO OVERCOME PROCEDURAL DEFAULT

Even if the court finds that the state's denial to appoint counsel does not constitute sufficient cause and prejudice to excuse the procedural default Petitioner's actual innocence can overcome the procedural default. See *Schlup v. Delo*, 513 U.S. 298, 315-317 (1995) (Holding that a claim of actual innocence can excuse an otherwise procedurally barred claim, e.g. a petitioner who procedurally defaults his claims can overcome the procedural bar if he successfully raises a claim of actual innocence—that is, if he "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result.)

The Supreme Court held in *Schlup v. Delo* that if a petitioner otherwise procedurally barred "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." The standard for actual innocence for purposes of the "*Schlup* gateway" is lower than the *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993) standard applicable where the petitioner had a fair trial but is nevertheless actually innocent. To get through the *Schlup* gateway so that he can argue his otherwise procedurally barred constitutional claims, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup,* 513 U.S. at 327, 115 S.Ct. 851. Under this standard, "the newly presented evidence may indeed call into question the credibility of the witnesses presented at trial." *Id.* at 330, 115 S.Ct. 851. The Ninth Circuit held in *Carriger v. Stewart,* 132 F.3d 463 (9th Cir. 1997) that where the post-conviction evidence "casts a vast shadow of doubt over the reliability" of the conviction but only by undercutting the reliability of the proof of guilt, not by affirmatively proving innocence,

that can be enough to get through the *Schlup* gateway and allow consideration of otherwise barred constitutional claims, *Id.* at 477, despite being insufficient for a "freestanding" *Herrera* claim of innocence for a trial free of prejudicial constitutional error. *See Herrera,* 506 U.S. at 417, 113 S.Ct. 853. The AEDPA now provides that a claim that is procedurally barred because the petitioner "failed to develop the factual basis of [the] claim in state court proceedings" must be dismissed unless "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

    Where the new evidence "casts a vast shadow of doubt over the reliability"(*Carriger,* 132 F.3d at 477) of the conviction such that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt," (*Schlup,* 513 U.S. at 327, 115 S.Ct. 851) it gets a petitioner through the *Schlup* gateway even if it merely impeaches credibility of prosecution evidence rather than affirmatively establishing actual innocence. *Carriger,* 132 F.3d at 481.

    Petitioner has established her actual innocence in her petition by presenting credible evidence over the prosecution's unreliable circumstantial and hearsay evidence.

### VII.   CONCLUSION

    For the reason stated above, Petitioner respectfully requests the court to proceed all claims presented by Petitioner, in the alternative, to proceed all deemed exhausted claims immediately.

Respectfully submitted,

Date: September 22, 2022

                                                     */s/ Xingfei Luo*

**DECLARATION OF PETITIONER XINGFEI LUO**

I, XINGFEI LUO declare and state:

1. I am the Petitioner in this case. I sat through the jury trial commenced on Jul 27, 2021. I requested and received the entire discovery file from public defender in Sep 2021. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. For my post conviction relief, I requested appointment of counsel from superior court, court of appeal, California Supreme Court and all my requests were denied.

3. I independently drafted and submitted all prior state court habeas petitions without any assistance of counsel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: September 22, 2022             */s/ XINGFEI LUO*

                                                                                    XINGFEI LUO, In Pro Per

# CERTIFICATE OF SERVICE

I declare that I am over 18 years of age, employed in the County of Los Angeles in the State of California, and not a party to the instant action. My business address is 2955 Mayflower Ave, Arcadia, CA 91006. I served the forgoing as follows:

USPS: By placing copies in a sealed envelope, with the correct postage, and depositing them in the United States Postal Service, to each of the following persons at the following addresses:

<u>Office of the Attorney General</u>
300 South Spring Street
Los Angeles, CA 90013

<u>Orange County District Attorney's Office</u>
700 Civic Center Drive West
Santa Ana, CA 92701

<u>Hon Robert A Knox</u>
700 Civic Center Drive West
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on September 22, 2022

_____
Emily Taylor