|   |   |
|---|---|
| | FILED<br>CLERK, U.S. DISTRICT COURT<br>10/23/2022<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: ___JD___ DEPUTY |

1  XINGFEI LUO

2  PO BOX 4886,

3  El Monte, CA 91734

5  Petitioner in Pro Se

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>    Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO RHINES**<br><br>Action filed: September 6, 2022 |

    Xingfei Luo (Petitioner), a first time criminal defendant, respectfully moves for a stay of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. Dkt. 1. Petitioner bases this motion upon the following points and authorities, together with all other pleadings, documents, and exhibits on file herein.

    *Rhines v. Warden*, 544 U.S. 269 (2005) instructed that "the district court should stay, rather than dismiss, the mixed petition," when three conditions are met: "(1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 277–78. Good cause does not require a showing of "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th

Cir.2005).

## I. GOOD CAUSE FOR FAILURE TO EXHAUST

The ineffective assistance of post-conviction counsel could constitute good cause for a *Rhines* stay. *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). An IAC-based showing of good cause under *Rhines* only permits a petitioner to return to state court—not bypass the state court as would be the case under *Coleman v. Thompson*, 501 U.S. 722 (1991)—to exhaust his unexhausted claims. Because a *Rhines* stay and abeyance does not undercut the interests of comity and federalism embedded in our habeas jurisprudence, a *Rhines* petitioner arguing IAC-based good cause is not required to make any stronger a showing of cause than a *Coleman/Martinez* petitioner. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012).

A petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel. Such a denial is unwarranted when even a petitioner who did have counsel in his state post-conviction proceedings has a path to a stay under *Rhines* if he alleges a plausible claim that his post-conviction counsel was ineffective. *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017). The first element of the *Rhines* test can easily be established to the extent that the petitioners were without counsel during state post-conviction proceedings. *Id*.

Here, Petitioner did not receive any assistance of counsel throughout her state post-conviction proceedings. Decl, Luo ¶2-4. Therefore, Petitioner has established good cause for a *Rhines* stay.

## II. MERIT OF UNEXHAUSTED CLAIMS

A federal habeas petitioner must establish that at least one of his unexhausted claims is not "plainly meritless" in order to obtain a stay under *Rhines*. 544 U.S. at 277, 125 S.Ct. 1528. Here, at least one of the following unexhausted claims is not "plainly meritless."

<u>Claim Seven & Eight</u>: "Perjured Testimony/False evidence"

These claims share a "common core of operative facts" with the exhausted claims based on the prosecution's withholding of exculpatory evidence and the failure of Petitioner's trial counsel to present the alleged victim's lies to the jury. Prior to trial, the prosecution had all the evidence contradicted to the fake victim's testimony but still offered the testimony anyway which is a strong indicator that the prosecution knowingly offered false testimony. Especially, after the presentation of the photo showing the light showered Petitioner from head to toe in front of the fake victim's door, the prosecution vouched the fake's victim's testimony of being dark and his credibility. RT: 288-292. While all the evidence showing the contrary was available to the prosecution prior to trial, the only interference is the prosecution knowingly offered false testimony. No reasonable attorney would offer testimony of being dark while the photo clearly shows otherwise. No reasonable attorney would offer testimony of reporting revenge porn while the police report clearly shows something else.

<u>Claim Twenty-Five</u>: "Violation of Confrontation Clause of the Sixth Amendment and Due Process – Admission of inadmissible hearsay"

This violation is so obvious and recognized even by the state court itself. See Dkt. 3, p. 4 (Stating that the victim was the sole witness at trial.)

<u>Claim Twenty-Six</u>: "Violation of Sixth and Fourteenth Amendments – Improper permitting amendment"

720 days after the complaint was filed, despite no finding of good cause to justify any belated amendment, the trial court erred in permitting the people to amend the complaint.

<u>Claim Twenty-Eight</u>: "Violation of Sixth and Fourteenth Amendments – the trial court erred in denying the Petitioner's motion to dismiss"

This claim shares a "common core of operative facts" with the exhausted claim based on the violation of Petitioner's right to a speedy trial. Petitioner's motion to dismiss should have been granted.

<u>Claim Twenty-Nine</u>: "Violation of Sixth and Fourteenth Amendments – the trial court erred in denying Petitioner's *Marsden* motion"

Despite Petitioner accused her trial counsel of ineffectiveness the trial court still denied her *Marsden* motion in violation of her right to a conflict-free counsel.

### III. PETITIONER'S GOOD FAITH TO SEEK POST-CONVICTION RELIEF

Petitioner, as a first time criminal defender, had tried her best to present all claims known to her without the assistance of counsel. There is no indication that Petitioner intentionally engaged in dilatory tactics. Decl, Luo ¶5.

### IV. CONCLUSION

For the reason stated above, *Rhines* therefore compels the conclusion that Petitioner's motion to stay her federal habeas case is proper while she exhausts her potentially meritorious claims. In the alternative, Petitioner seeks leave for a stay under *Kelly v. Small*, 315 F.3d 1143 (9th Cir. 2003). However, *Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one because demonstrating timeliness will often be problematic under the now-applicable legal principles. *King v. Ryan*, 564 F.3d 1133, 1140 (9th Cir. 2009).

Respectfully submitted,

Date: October 23, 2022

<u>/s/ Xingfei Luo</u>

**DECLARATION OF PETITIONER XINGFEI LUO**

I, XINGFEI LUO, declare and state:

1. I am the Petitioner in this case. I sat through the jury trial commenced on Jul 27, 2021. I requested and received the entire discovery file from public defender in Sep 2021. I have personal knowledge of the facts stated herein. If called upon as a witness I could and would competently testify thereto.

2. Prior to the underlying criminal prosecution, I had never been accused of any crime and I had no prior experience in criminal proceeding. When public defender was appointed to my case I thought I was in good hand.

3. After I was wrongfully convicted, in November 2021 public defender declared conflict and resigned as my counsel. When Robert Bullock was appointed to replace public defender as my counsel for direct appeal, I once again mistakenly thought I was in good hand.

4. As I declared before, for my post-conviction relief, I requested appointment of counsel from superior court, court of appeal, California Supreme Court and all my requests were denied. I received zero assistance of counsel for post-conviction relief.

5. I did not intentionally engage in dilatory tactics.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: October 23, 2022              */s/ XINGFEI LUO*
                                    XINGFEI LUO, In Pro Per

# CERTIFICATE OF SERVICE

I declare that I am over 18 years of age, employed in the County of Los Angeles in the State of California, and not a party to the instant action. My business address is 2955 Mayflower Ave, Arcadia, CA 91006. I served the forgoing as follows:

USPS: By placing copies in a sealed envelope, with the correct postage, and depositing them in the United States Postal Service, to each of the following persons at the following addresses:

<u>Office of the Attorney General</u>
300 South Spring Street
Los Angeles, CA 90013

<u>Orange County District Attorney's Office</u>
700 Civic Center Drive West
Santa Ana, CA 92701

<u>Hon Robert A Knox</u>
700 Civic Center Drive West
Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on October 23, 2022

_____
Emily Taylor