Rob Bonta
Attorney General of California
Christopher P. Beesley
Supervising Deputy Attorney General
Michael D. Butera
Deputy Attorney General
State Bar No. 295601
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 738-9054
 Fax:  (619) 645-2044
 E-mail:  Michael.Butera@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XINGFEI LUO,**<br><br>Petitioner,<br><br>v.<br><br>**THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | Case No. 8:22-cv-01640-MEMF-KES<br><br>**Response to Petitioner's Motion to Stay**<br><br><br>Judge:    The Honorable Karen E. Scott<br><br>Action Filed: 9/06/2022 |

Respondent submits the following response to Petitioner Xingfei Luo's motion to stay her federal habeas petition and while she exhausts claims in the state courts. Respondent notes that Luo has primarily lodged her request under *Rhines v. Weber*, 544 U.S. 269, (2005), which in some instances permits the staying of a mixed petition while a petitioner proceeds with exhaustion efforts in the state courts. Here, a *Rhines* stay of the mixed Petition is presently unwarranted, as the time remaining within the limitations period gives Luo ample opportunity to exhaust her remaining claims. Therefore, the stay of the

/ / /

/ / /

1

1  Petition, if granted, should be under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) and *King
2  v. Ryan*, 564 F.3d 1133 (9th Cir. 2009), as articulated in her alternative claim. Respondent
3  has no objection to such a stay.

## STATEMENT OF THE CASE

On July 28, 2021, a jury in Orange County convicted Luo of misdemeanor vandalism (Cal. Penal Code § 594(a)/(b)(2)(A)), violation of a protective order (Cal. Penal Code § 273.6(a)), and disorderly conduct (unlawful dissemination of private photographs and recordings) (Cal. Penal Code § 647(j)(4))(A). (ECF Doc 3 at 3; Doc. 5 at 3-4; Doc. 12 at 1.)

On appeal, Luo's appointed counsel filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979 ) and *Anders v. California*, 386 U.S. 738 (1967), which raised no issues and asked the court to independently review the record. (ECF Doc 3 at 3-4.) Luo filed a supplemental brief and raised the following claims: (1) the prosecutor committed a *Brady* violation; (2) the prosecutor committed misconduct by eliciting allegedly improper testimony and referencing it during closing argument; (3) ineffective assistance of trial counsel; (4) "sloppy police work," due to failure to fully investigate the claims; and (5) denial of her speedy trial rights. (ECF Doc 3 at 4, 6-9.)  The Appellate Division of the Orange County Superior Court rejected these contentions and affirmed the judgment upon finding no arguable issues on appeal. (ECF Doc 3 at 3-9.)

Luo filed a petition for habeas corpus in the Orange County Superior Court, claiming that: (1) her rights to a speedy trial and conflict-free counsel were violated; (2) she was provided ineffective assistance of counsel; (3) there was insufficient evidence to support the conviction; (4) the trial court erred in allowing evidence of petitioner's prior testimony from a civil proceeding; (5) the trial court erred in failing to consider petitioner's speedy trial motion; and (6) petitioner is actually innocent. (ECF Doc. 5 at 4, 16-51.) The court denied the petition. (ECF Doc. 5 at 4-8.) She then filed a habeas petition in the California Court of Appeal, alleging that (1) the prosecutor withheld exculpatory evidence; (2) the prosecutor committed misconduct at trial; (3) she was provided ineffective assistance of

2

1  counsel; (4) "sloppy police work" led to her conviction; and 5) her right to a speedy trial
2  was violated. (ECF Doc. 5 at 83-154.) The Court of Appeal rejected these claims and denied
3  the petition. (ECF Doc. 5 at 64.) Luo thereafter presented her claims to the California
4  Supreme Court through a state habeas petition. (ECF Doc. 6.) The Court denied the petition
5  on August 31, 2022. (ECF Doc. 6 at 3.)

6      Luo constructively filed the instant federal habeas petition on September 6, 2022 in
7  which she raised thirty-four claims, a number of which were not presented to the California
8  Supreme Court. (ECF Docs. 1, 2; *see also* Doc. 10 at 1.) This court identified that her federal
9  petition includes both exhausted and unexhausted claims, and issued an order to show cause
10 why the petition should not be dismissed as mixed. (ECF Docs. 10, 12.) Thereafter, Luo
11 filed a motion for a stay under *Rhines*, 544 U.S. 269, alternatively seeking relief under *Kelly*
12 *v. Small*, 315 F.3d 1063 (9th Cir. 2003). (ECF Doc. 13.)

13 **ARGUMENT**

14 **I.  BECAUSE THERE IS NO IMMINENT DANGER THAT THE FEDERAL STATUTE OF LIMITATIONS WILL EXPIRE, A *RHINES* STAY IS UNNECESSARY AND THE INSTANT MIXED PETITION SHOULD BE DISMISSED WITHOUT PREJUDICE**

17     Luo has specifically moved for a stay of his mixed petition under *Rhines*. She urges
18 that such a stay is necessary because "[a] petitioner who is without counsel in state
19 postconviction proceedings cannot be expected to understand the technical requirements of
20 exhaustion and should not be denied the opportunity to exhaust a potentially meritorious
21 claim simply because he lacked counsel." (See ECF Doc. 13 at 2.) But, as will be explained,
22 a stay is wholly unnecessary because the federal statute of limitations is far from expiring.
23 In fact, as Luo files her state habeas petitions to exhaust her presently unexhausted claims,
24 she will likely be entitled to tolling of the federal limitations period during the pendency of
25 those state petitions. Given this reality, this court need not grant the request for a *Rhines*
26 stay, and should ultimately dismiss the unexhausted petition without prejudice.

27     A prisoner or probationer attacking a state court judgment of conviction must
28 exhaust state remedies before a federal court will entertain a petition for writ of habeas

corpus. *Rose v. Lundy*, 455 U.S. 509 (1982); *Szeto v. Rushen*, 709 F.2d 1340 (9th Cir. 1983). To exhaust a claim, the petitioner must "fairly present" the claim to the state courts, to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995). Specifically, the claim must be "fairly presented" to the highest court in a state court system. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. *Rose*, 455 U.S. at 521-22.

Federal habeas petitions filed after April 24, 1996, are subject to the statute of limitations provided in 28 U.S.C § 2241. *Smith v. Robbins,* 528 U.S. 259, 268 n. 3, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000); *see also Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir. 1999), citing *Lindh v. Murphy*, 521 U.S. 320, 336-338, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). That section generally provides for a one year limitations period from the time the judgment became final. § 2244(d)(1)(A). In this case, the California Supreme Court denied appellant's state habeas corpus petition on August 31, 2022. (ECF Doc. 6 at 3.)

In *Rhines*, the United States Supreme Court explained,

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. §§ 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines v. Weber*, 544 U.S. at 277.

Although Luo correctly observes that an unrepresented petitioner's reasonable confusion about whether the filing of a state habeas petition will be timely constitutes good cause, *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), there is no need for confusion here.

///

///

///

4

## II. RESPONDENT HAS NO OBJECTION TO LUO SEEKING A STAY UNDER *KELLY V. SMALL* AND *KING V. RYAN*

As correctly noted in her request for stay (ECF Doc. 13 at 4), there is an alternative procedure available to Luo under *Kelly*, 315 F.3d 1063 and *King*, 564 F.3d 1133. Under *Kelly*, a district court has discretion to stay a fully exhausted petition. *See King*, 564 F.3d at 1140-41. Under *Kelly's* three step procedure: (1) a petitioner files an amended federal petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims;" and (3) petitioner later amends his petition and reattaches "the newly-exhausted claims to the original petition." *Id*. at 1135. Under *Kelly*, a stay and abeyance order is appropriate only if petitioner has demonstrated the unexhausted claims are valid, not "plainly meritless," and that she is diligently pursuing her state court remedies with respect to these claims. *Id*. at 1070. Thus, in order to grant a stay and abeyance under *Kelly*, a Court must determine that a petitioner's unexhausted claim is not barred by the statute of limitations and also raises a valid and not otherwise "plainly meritless" claim.

Here, Luo filed the instant mixed Petition on September 6, 2022, long before the statute of limitations will expire. (ECF Doc. 1; *see also* Doc 6 at 3; § 2244(d)(1)(A).) And the unexhausted claims may well raise at least arguably colorable grounds for relief. Thus, Respondent has no objection to this Court granting Luo a stay under *Kelly* and *King* if she dismisses her presently unexhausted claims from the instant Petition. As soon as the California Supreme Court issues its decision as to the unexhausted claims, Luo can then amend the Petition and restore the newly exhausted claims.

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, Respondent respectfully requests this Court to deny Luo's request for a *Rhines* stay, and dismiss the petition without prejudice. If Luo opts to dismiss her unexhausted claims from the instant petition by filing a fully exhausted amended petition, Respondent has no objection to this Court granting a stay of that petition under *Kelly* and *King*.

Dated: November 23, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General

*/s/ Michael D. Butera*
MICHAEL D. BUTERA
Deputy Attorney General
*Attorneys for Respondent*

MDB:ab
SD2022802632
83703870.docx

# CERTIFICATE OF SERVICE

Case Name: **Luo v. The People of the State of California**   No.   **8:22-cv-01640-MEMF-KES**

I hereby certify that on <u>November 23, 2022</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**RESPONSE TO PETITIONER'S MOTION TO STAY**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 23, 2022</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Xingfei Luo
P.O. Box 4886
El Monte, CA  91734
*Petitioner in Pro Se*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 23, 2022</u>, at San Diego, California.

A. Breault
Declarant

*/s/ A. Breault*
Signature

SD2022802632
83703907.docx