XINGFEI LUO
PO BOX 4886,
El Monte, CA 91734

Petitioner in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
12/19/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JD___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>    Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>    Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**REPLY ISO MOTION TO STAY PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO RHINES**<br><br>Action filed: September 6, 2022 |

Xingfei Luo (Petitioner) submits her reply in support of her motion to stay her federal habeas petition under *Rhines* while she is presenting her unexhausted claims in state court.

It likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. *Rhines v. Warden*, 544 U.S. 269, 270 (2005). Such a petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. *Id*.

Tactically admitting that Petitioner had good cause for her failure to exhaust, her

unexhausted claims are potentially meritorious, and there is no indication that she engaged in intentionally dilatory litigation tactics, Respondent argues that there is no imminent danger that the federal statute of limitations will expire. ECF 16 at 3. However, Respondent has cited neither statutory nor judicial authority which suggests that whether there is imminent danger that the federal statute of limitations will expire is one of the conditions the district court should evaluate when deciding whether a mixed petition should be stayed. Indeed, *Rhines* instructed that the district court should consider only three conditions: "(1) the petitioner had good cause for his failure to exhaust, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics" when deciding whether "the district court should stay, rather than dismiss, the mixed petition." *Id*. at 277–78.

Congress enacted AEDPA, which imposed a one-year statute of limitations for the filing of a federal habeas petition. While that limitations period is tolled "during the pendency of a 'properly filed application for State post-conviction or other collateral review,' [28 U.S.C.] § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations." *Id*. at 274–75, 125 S.Ct. 1528.

*Rhines* therefore authorized a " 'stay-and-abeyance' procedure," under which the district court, "rather than dismiss the mixed petition," may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id*.

*Rhines* acknowledged "the gravity of th[e] problem" of the interaction of total exhaustion rule with AEDPA's one-year statute of limitation, "and the difficulty it has posed for petitioners. "[P]etitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," *id*. at 275, because, absent a stay, they are presented with two choices, each of which will ordinarily result in precluding some or all of their claims: Either they may voluntary dismiss unexhausted claims, proceeding on only the exhausted ones, or they may decline to do so, leading to dismissal of the entire petition. Either kind of dismissal

would be, in form, without prejudice. But, because the one-year statute of limitations is not tolled while the federal petition is pending, *Duncan v. Walker*, 533 U.S. 167, 181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and because state proceedings can be lengthy[1] and unpredictable, in most cases either option will mean that a petitioner will be barred from federal review of some or all of his claims by the time he exhausts them. If a petitioner voluntarily dismisses his unexhausted claims, it is very likely that final state court exhaustion of unexhausted claims will come too late to allow the claims to be heard in federal court, whether because (1) the statute of limitations period will have run on the claims and they will not relate back to the filing of the petition because they do not "arise[ ] from the same core of operative facts as a claim contained in the original petition," *Ford v. Gonzalez*, 683 F.3d 1230, 1237 n. 3 (9th Cir.2012) (internal quotation marks omitted); (2) the remaining federal habeas petition will have been decided by the time the state courts act on the new habeas claims, triggering the onerous requirements for filing a second or successive habeas petition, 28 U.S.C. § 2244(b); or (3) both. Similarly, if a petitioner chooses to accept dismissal of the entire petition under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), he will very likely be barred from reasserting any of his claims in federal court by AEDPA's statute of limitations. In either event, the result is the same as to the unexhausted claims: The petitioner will lose the opportunity ever to present those claims to a federal habeas court. *Mitchell v. Valenzuela*, 791 F.3d 1166, 1172 (9th Cir. 2015).

    Because a petition may be deemed not "properly" filed after years of litigation, see, e.g., *Evans v. Chavis*, 546 U.S. 189, 200, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006), it is generally impossible for a petitioner to know in advance whether he will be successful in bringing his dismissed claims back to federal court. Exacerbating this uncertainty in the context of this case is "California's unusual system of independent collateral review" in which "a prisoner seeks review of a lower court's denial of relief by filing an original

---

[1] On October 10, 2022 Petitioner started her second round of habeas corpus to exhaust her claims (Orange County Superior Court Case No. M-20069. As of today, the superior court has not yet ruled on the petition. On December 9, 2022 Petitioner has requested ruling under Cal. Rules of Court, rule 4.551(a)(3)(B).

petition for habeas corpus in the reviewing court," rather than an appeal, and a "petition is timely filed if it is filed within a 'reasonable time,' " rather than within a set period of time. *Banjo v. Ayers*, 614 F.3d 964, 968 (9th Cir.2010). See also *Mitchell v. Valenzuela*, 791 F.3d 1166, 1172 n.5 (9th Cir. 2015) (treating the denial of a motion to stay and abey a habeas petition as **presumptively** dispositive of **unexhausted claims** because of the *ex ante* danger that the petitioner will not be granted the benefit of statutory tolling for some unforeseen reason.)

The procedure set forth in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), unlike the *Rhines* procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim. *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009). And *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) and *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), taken together, make demonstrating timeliness of claims amended into federal habeas petitions after exhaustion often problematic. *King*, 564 F.3d at 1141. While Petitioner has satisfied all three conditions under *Rhine*, she should not be forced to go through a more cumbersome procedure, both in the interests of justice and judicial efficiency.

For the reason stated above, whether there is imminent danger that the federal statute of limitations will expire is not a considering factor under *Rhines*. Therefore, a stay of the entire petition is proper under *Rhines* while Petitioner exhausts her potentially meritorious claims.

Respectfully submitted,

Date: December 19, 2022

                                      */s/ Xingfei Luo*

**CERTIFICATE OF SERVICE**

  I certify that I filed the forgoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

  Dated: December 19, 2022

                     <u>*/s/ Xingfei Luo*</u>