```
                                              FILED
                                    CLERK, U.S. DISTRICT COURT

                                          APR. 6, 2023

                                    CENTRAL DISTRICT OF CALIFORNIA
                                    BY:        JD          DEPUTY
```

1  XINGFEI LUO

2  PO BOX 4886,

3  El Monte, CA 91734

4

5  Petitioner in Pro Se

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  XINGFEI LUO,                          No. 8:22-CV-01640-MEMF-KES

12              Petitioner,

13      v.                                **REQUEST FOR JUDICIAL NOTICE**

14  THE PEOPLE OF THE STATE OF
    CALIFORNIA
15                                        Action filed: September 6, 2022

16              Respondent.

17

18      Xingfei Luo (Petitioner) respectfully presents this Request for Judicial Notice

19  (RJN) under the authority in Federal Rule of Evidence Rule 201, which states:

20      (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a

21  legislative fact.

22      (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice

23  a fact that is not subject to reasonable dispute because it:

24          (1) is generally known within the trial court's territorial jurisdiction; or

25          (2) can be accurately and readily determined from sources whose accuracy

26  cannot reasonably be questioned.

27      (c) Taking Notice. The court:

28

1

1          (1) may take judicial notice on its own; or

2          (2) must take judicial notice if a party requests it and the court is supplied

3     with the necessary information.

4          Further, per *Reyn's Pasta Bella, LLC v. Visa USA, Inc*. (9th Cir. 2006) 442 F.3d

5     741, 746 fn.6, this court "may take judicial notice of court filings and other matters of

6     public record." See *Burbank, Glendale-Pasadena Airport Auth. v. City of Burbank*, (9th

7     Cir. 1998)136 F. 3d 1360, 1364.

8          Petitioner hereby requests that this Court take judicial notice of the following

9     documents under Federal Rules of Evidence Rule 201:

10         1.     Amended Complaint, dated on February 24, 2023, filed in Orange County

11    Superior Court in Case No. 23CM00067, and is attached hereto as Exhibit 1. In the

12    Amended Complaint, based on the theory of ongoing failure to remove references and

13    photos of Tomas Czodor, Petitioner was charged for the exact same conduct as she was

14    charged in Case No. 19CM06724. See Count 2 on ECF 3, p. 79.

15         2.     Motion to dismiss, filed on March 14, 2023 in Orange County Superior

16    Court in Case No. 23CM00067, and is attached hereto as Exhibit 2. A continuing offense

17    is not terminated by a single act or circumstance, but instead endures for as long as the

18    proscribed conduct continues. *Wright v. Superior Court* (1997) 15 Cal.4th 521, 525.

19    "[O]rdinarily, a continuing offense is marked by a continuing duty in the defendant to do

20    an act which he fails to do. The offense continues as long as the duty persists, and there is

21    a failure to perform that duty. [Citations.] Thus, when the law imposes an affirmative

22    obligation to act, the violation is complete at the first instance the elements are met. It is

23    nevertheless not completed as long as the obligation remains unfulfilled. 'The crime

24    achieves no finality until such time.' " *Wright v. Superior Court* (1997) 15 Cal.4th 521,

25    525-526. A defendant violates a continuing offense **only once, even if the proscribed**

26    **conduct extends over an indefinite period**. *People v. Mason* (2014) 232 Cal.App.4th

27    355, 364-365. In *Mason*, the appellate court overturned three of the defendant's four

28    convictions for possessing the same firearm on four different dates, months apart. *Mason*,

1    supra, 232 Cal.App.4th at pp. 366-367. A continuing offense constitutes a single violation

2    and may not be arbitrarily divided into separate time intervals and charged as multiple

3    violations. *People v. Keehley* (1987) 193 Cal.App.3d 1381, 1385 (Keehley); *People v.*

4    *Gregori* (1983) 144 Cal.App.3d 353, 357. Determining whether a crime is a continuing

5    offense is primarily a question of statutory interpretation. (*Wright*, supra, 15 Cal.4th at p.

6    526.) It also is important to consider whether the nature of the crime is such that the

7    Legislature " 'must assuredly have intended that it be treated as a continuing one.' " (Ibid.)

8    Doubts should be resolved against a construction " 'subjecting an offender to multiple

9    convictions by reason of a single unified pattern of behavior even though the behavior

10   continues over a period of time.' " (*Keehley*, supra, 193 Cal.App.3d at p. 1385.) Section

11   654, subdivision (a), provides that an act or omission that is punishable in different ways

12   by different provisions of law may be punished under either of such provisions, but in no

13   case shall the act or omission be punished under more than one provision. An acquittal or

14   conviction and sentence under any one bars a prosecution for the same act or omission

15   under any other. Section 654 therefore ' "precludes multiple punishment for a single act or

16   for a course of conduct comprising indivisible acts. 'Whether a course of criminal conduct

17   is divisible . . . depends on the intent and objective of the actor.' [Citations.] '[I]f all the

18   offenses were merely incidental to, or were the means of accomplishing or facilitating one

19   objective, defendant may be found to have harbored a single intent and therefore may be

20   punished only once.' [Citation.]" [Citation.]' [Citations.] In *People v. Lewis* 77 Cal.App.3d

21   455 (Cal. Ct. App. 1978), one continuous criminal act committed by defendant between

22   1971 and 1976 was divided into four counts subjecting defendant to multiple convictions

23   for the single offense of pimping. Although involving different factual situations, the

24   concept that a defendant may not be subjected to multiple convictions for only one

25   criminal act is articulated in *People v. Lyons*, 50 Cal.2d 245, 275 [324 P.2d 556]

26   (possession of several articles stolen from separate victims, single offense); *People v.*

27   *Smith*, 26 Cal.2d 854, 858-859 [ 161 P.2d 941] (simultaneous receipt of three articles of

28   stolen goods, single offense); *People v. Bowie*, 72 Cal.App.3d 143, 156 [140 Cal.Rptr. 49]

1  (11 counts of possession of blank and unfinished checks, single offense); *People v.*

2  *Aresen*, 91 Cal.App.2d 26, 37 [204 P.2d 389] (two counts of illegal sale of the same stock,

3  single offense) and *People v. Puppilo*, 100 Cal.App. 559, 562 [280 P. 545] (unlawful

4  possession of two pistols, one offense). Nevertheless, despite Petitioner's prior conviction

5  of the exact same conduct, the Orange County Superior Court blatantly violated

6  Petitioner's constitutional rights and forced her to go through a jury trial, relying on the

7  exact same evidence in the Case No. 19CM06724.

8        3.      Docket summary of Case No. 23CM00067, indicating that on March 28,

9  2023 Petitioner was Found Not Guilty by Jury, attached hereto as Exhibit 3. In Case No.

10  19CM06724, Juror 102, a delivery driver, requested to be excused due to financial

11  hardship. ECF 4, p. 4. The trial court denied his request and defense counsel failed to

12  object. In Case No. 23CM00067, each potential juror was asked if they would change

13  their position due to pressure, such as when deliberating on Friday late afternoon close to

14  weekend. In Case No. 19CM06724, the jury panel had little to no well-educated

15  individuals. In Case No. 23CM00067, the jury panel had a civil attorney and an engineer

16  graduated from MIT. In Case No. 19CM06724, no officer was called to testify. In Case

17  No. 23CM00067, trial counsel effectively attacked the investigator for her poor police

18  work, i.e. failure to provide metadata or IP address, and failure to interview Czodor's

19  wife. In Case No. 19CM06724, the complaining witness concealed his marital status and

20  presented himself as a single innocent young man looking for a relationship through a

21  dating app in 2018. ECF 4, pp. 29-109. In Case No. 23CM00067, trial counsel exposed

22  the concealed marital status of the complaining witness and highlighted the fact that the

23  complaining witness sent unsolicited nude photos to Petitioner. Despite the complaining

24  witness testified that he was separated from his wife in 2018[1], he met no one else but

25  Petitioner from the dating app and he sent no one else but Petitioner his nude photos, the

26  jury did not buy his story.

27   

28   

---

[1] Tomas Czodor's testimony about being separated from his wife in 2018 is another perjury. Three years following 2018, for each year he still filed taxes with his wife as a married couple. As of 2022, his wife still lived with him in the same home. His wife still co-owns their residence.

1       I declare under penalty of perjury under the laws of the State of California and

2   United States of America that the foregoing is true and correct.

3

4       Respectfully submitted,

5       Date: April 6, 2023

6                                   */s/ Xingfei Luo*

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on April 6, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

EXHIBIT 1

1   SUPERIOR COURT OF CALIFORNIA
2   COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3

4

5

6   THE PEOPLE OF THE STATE OF CALIFORNIA, )   COMPLAINT
7                                          )   BWC AGENCY
                                Plaintiff, )   AMENDMENT 1
8                                          )
9                                          )
            vs.                            )   No. 23CM00067
10                                         )   SAPD 22-09260
11  XINGFEI LUO                 ▮▮▮▮▮▮      )   DOMESTIC VIOLENCE
                                           )
12          ▮▮▮▮▮▮▮▮▮▮▮▮                   )
                                           )
13                              Defendant(s))
14

15  The Orange County District Attorney charges that in Orange
16  County, California, the law was violated as follows:

17  COUNT 1: On or about April 20, 2022, in violation of Section 166
18  (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
    XINGFEI LUO did willfully and unlawfully  disobey the terms of a
19  process and court order lawfully issued on or about 10/01/21 by
    the Superior Court, in and for the County of Orange County,
20  State of California, 18V002374, which lawfully ordered defendant
    to remove any pictures or references of the protected party from
21  any social media websites or blogs she may have posted.
22

23  I declare under penalty of perjury, on information and belief,
    that the foregoing is true and correct.
24

25  Dated 02-08-2023 at Orange County, California.
            SA/CM 22C07939
26

27  TODD SPITZER, DISTRICT ATTORNEY
28
    by:_____
    Deputy District Attorney

*MISDEMEANOR COMPLAINT (DA CASE# 22C07939) 02-24-2023*
*OC DNA NOT ON FILE: XINGFEI LUO*

XINGFEI LUO SAPD 22-09260 PAGE 2

RESTITUTION CLAIMED

[   ] None
[   ] $_____
[ X ] To be determined

NOTICES:

The People request that defendant and counsel disclose, within 15 days, all of the materials and information described in Penal Code section 1054.3, and continue to provide any later-acquired materials and information subject to disclosure, and without further request or order.

The People intend to proceed pursuant to Evidence Code sections 1101(b), 1107, 1109, and 1370.

Pursuant to Welfare & Institutions Code §827 and California Rule of Court 5.552, notice is hereby given that the People will seek a court order to disseminate the juvenile case file of the defendant/minor, if any exists, to all parties in this action, through their respective attorneys of record, in the prosecution of this case.

EXHIBIT 2

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

MAR 14 2023

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

1  FRANK DAVIS
   Alternate Public Defender
2  Marian Mikhail
   Deputy Alternate Defender
3  600 W. Santa Ana Blvd., Suite 600
   Santa Ana, CA 92701
4  Fax: (714) 835-8400
   *Attorneys for Defendant*

5

6               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7               **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

8

9  PEOPLE OF THE STATE OF CALIFORNIA,          )   Case No.: 23CM00067
                                               )
10                          *Plaintiff,*        )   NOTICE OF MOTION; MOTION TO
                                               )   DISMISS IN VIOLATION OF
11          vs.                                 )   DOUBLE JEOPARDY UNDER THE
                                               )   CALIFORNIA AND US
12  **XINGFEI LUO,**                            )   CONSTITUTIONS; PENAL CODE
                                               )   SECTION 654; AND IN THE
13                          *Defendant.*         )   INTEREST OF JUSTICE UNDER
                                               )   PENAL CODE SECTION 1385
14  _____  )

15  TO: ORANGE COUNTY DISTRICT ATTORNEY,

16          PLEASE TAKE NOTICE that on **MARCH 21, 2023, or sooner if the order for**

17  **shortening time is granted, at 9:00 a.m. in Department C47** of the above-entitled court,

18  Defendant will move the court for an order dismissing the complaint pursuant to double jeopardy

19  under the U.S. and CA Constitutions; Penal Code Section 654; and in the interest of justice under

20  Penal Code Section 1385.

21                                  **MOTION**

22

23          The Defendant hereby moves the court for an order dismissing the complaint in the above-

24  entitled matter on the ground that her right to once in jeopardy has been violated pursuant to the 5th

25  and Fourteenth Amendments to the U.S. Constitution, Article I, Section 15, of the California

26  Constitution, and sections 654 and 1385 of the California Penal Code. This motion is based on these

27

28

RECEIVED
MAR 1 4 2023
OFFICE OF THE DISTRICT ATTORNEY
CENTRAL JUSTICE CENTER
SANTA ANA, CA

1 of 21

Defendant's Omnibus Motion to Dismiss

1  moving papers, Case Nos. 18V002374, 19CM06724, and 23CM00067, and any exhibits presented

2  and argument made at the hearing.

3  ### **STATEMENT OF FACTS AND ATTORNEY DECLARATION**

4
5      The following declaration and statement of facts are based on my personal knowledge

6  and/or information from the court management systems, case files, transcripts, discovery, and

7  procedural history of Case Nos.18V002374, 19CM06724, and 23CM00067.

8      According to Case No. Case No.18V002374, on September 28, 2018, complaining witness

9  Tomas Czodor obtained a temporary restraining order at Lamoreaux Justice Center against Ms. Luo.

10  Tomas Czodor claimed that on September 11, 2018, Ms. Luo improperly posted information,

11
12  photos, and videos about Tomas Czodor. Tomas Czodor claimed provided photos and listed

13  websites in his petition for a restraining order, such as:

14
15      https://www.youtube.com/watch?v=GUWLrXEC7jo
    https://www.youtube.com/watch?v=WblOlnVDmfA
16      https://www.youtube.com/watch?v=uYebVZyYN84
    https://www.youtube.com/watch?v=gOIZigNKw2A (and for short, youtu.be/
17      gOIZigNKw2A)
    http://www.cheaterreports.com/tomas-czodor/
18      https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
    http://www.cheaterplanet.com/category/cheaters
19      https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
    https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
20      http://gorgeouspainting1.blogspot.com/
21      https://gorgeouspainting.wordpress.com/

22  *See* Case No.18V002374.

23      On October 19, 2018, the court conducted a hearing on the restraining order. At the hearing,

24
25  in addition the exhibits submitted, Tomas Czodor testified and claimed that Ms. Luo posted online

26  information about him "28 times." The Court ultimately issued a permanent 5 year restraining

27  order with an expiration for October 19, 2023.

28

2 of 21

Defendant's Omnibus Motion to Dismiss

1     The order required Ms. Luo to fully stay away from Tomas Czodor, along with an

2  andendum stating:

3        Responding Party is ordered to cease posting the picture or likeness of
4        the Moving Party or refer to him by name on any social media
         website or blog. **Responding Party is further ordered to remove**
5        **any pictures or references of the Moving Party from any social**
6        **media website or blog she may have posted**.

7  *See* Case No.18V002374 (emphasis added).

8     On August 6, 2019, nearly a year later, the District Attorney filed criminal charges against

9  Ms. Luo—count 1 for vandalism of less than $400; count 2 for disobeying a domestic relations

10  court order for "coming within 100 yards of the protected person"; and count 3 for disorderly

11

12  conduct unlawful dissemination of private photographs and recordings on or around September 18,

13  2018. *See* Case No. 19CM06724. The case centered on claims Tomas Czodor made in his

14  restraining order petition against Ms. Luo in Case No.18V002374.

15     On August 12, 2019, the Orange County Public Defender was appointed and Ms. Luo was

16  arraigned and entered a plea of not guilty.

17

18     On July 26, 2021, the District Attorney amended the complaint one day prior to trial to

19  amend the underlying conduct in count 2 of disobeying a domestic relations court order from being

20  within 100 yards to the claim that Ms. Luo **"failed to deactivate website and created new**

21  **websites."**

22

23     On July 27, 2021, the 19CM06724 jury trial began. At trial, the the prosecution admitted

24  into evidence testimony and exhibits of websites from 2018 that violated the family court protective

25  order in Case No.18V002374. At trial, the prosecution admitted multiple exhibits depicting websites

26  that were addressed in family court, including a transcript of the family court hearing on October

27

28

Defendant's Omnibus Motion to Dismiss

1  19, 2018, where Tomas Czodor testified that Ms. Luo posted about him "28 times," which included

2  "7 cheater websites" and "10 YouTube" videos. *See* Case No. 19CM06724.

3      On July 29, 2021, the jury returned a verdict of guilty on all counts to Case No.

4  19CM06724.

5

6      A few months after the guilty verdict, on October 1, 2021, Lamoreaux Justice Center

7  conducted another hearing because Ms. Luo sought to terminate the order. The family court

8  maintained the same full stay away order and same expiration for October 19, 2023, but amended

9  the addendum by adding a second paragraph to comport with Free Speech guarantees and

10  protections:

11

12      Restrained Party is further ordered to remove any pictures or references of the Protected Party from any social media websites or blogs she may have posted.

13

14      Restrained Party shall not post any pictures or likeness of the Protected Party or refer to him by name on any social media or website or blog that would be abusive pursuant to FC §6203 and FC§63210.

15

16

17  *See* Case No.18V002374. The language in the first paragraph—requiring Ms. Luo to

18  remove any photos or websites she may have posted—did not change from the

19  October 19, 2018 order.

20

21      Shortly thereafter, on October 26, 2021, the Criminal Court set restitution in the amount of

22  $82,346.00 plus 10% interest per year and 10% administrative fee(s) as to count(s) 1, 2, 3 for

23  Tomas Czodor.

24      On November 15, 2021, the Public Defender declared a conflict and the Alternate Defender

25  was appointed.

26

27

28

Defendant's Omnibus Motion to Dismiss

On behalf of Ms. Luo, the Alternate Defender sought to modify and challenge the restitution amount.

On or around November 24, 2021, the prosecution provided defense counsel with a restitution report claiming $82,346.00 in loss for website removal, income loss, paining repairs, and cost and installation of security cameras. The prosecution again added more claims on or around May 9, 2022, claiming total loss in the amount of $107,720.76 for income loss, website removal costs, security system purchase and installation, painting repairs, fees for the restraining order obtained, and attorney fees. Tomas Czodor provided quotes and bills for most of the recovery. He claimed and submitted a quote from a company called Guaranteed Removal in the amount of $54,000 for the removal of 27 links that the prosecution and Tomas Czodor claimed that Ms. Luo posted. *See* Case No. 19CM06724.

Unbeknownst to defense, prior to the restitution hearing that was scheduled on May 9, 2022, Tomas Czodor made another police report against Ms. Luo on April 26, 2022 claiming violation of the restraining order.

On June 8, 2022, the Court conducted the sentencing, restitution hearing, after continuing the May 9, 2022 hearing. Judge Knox modified the restitution in the amount of $93,003.76 as to count(s) 1, 2, 3 plus 10% interest from date of sentence per year, payable thru Victim Witness. Of the $93,003.76, the Court awarded the $54,000 for website removal of the 27 links admitted at the hearing. The following links were admitted at the restitution, sentencing hearing:

https://cheaterbot.me/05/tomas-czodor-santa-ana-california/amp/
https://officialcheaters.com/tomas-czodor-california/
http://www.ripofflist.com/tomas-czodor-california/
http://www.ripofflist.com/tomas-czodor-california/
https://www.complainboard.com/tomas-czodor-california/
https://www.badboysreport.com/tomas-czodor-california/
https://www.dirtyex.com/tomas-czodor-california/

Defendant's Omnibus Motion to Dismiss

https://www.worstcheaters.com/tomas-czodor-california/
https://hellocheater.online/tomas-czodor-santa-ana-california/
https://xbtch.com/reviews/tomas-czodor-santa-ana-ca/97153/
https://ask-anita.com/complaints/tomas-czodor-santa-ana-ca/
https://cheatersdiaries.com/tomas-czodor-california/
https://cheaters.exposed/tag/tomas-czodor-california-cheater-report/
https://www.theevildoer.com/?s=Tomas+Czodor+
http://gorgeouspainting1.blogspot.com
https://gorgeouspainting.wordpress.com/
https://reportcheaterincalifornia.wordpress.com/blog
http://liarsandcheaters.com/tomas-czodor-santa-ana-orange-county-ca.html
http://cheaterland.com/tomas-czodor-santa-ana-ca.html
http://www.cheaterreports.com/tomas-czodor/
https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
http://www.cheaterplanet.com/tomas-czodor-santa-ana-orange-county-ca.html
https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsE4mg/about
https://www.youtube.com/channel/UCUUozht2tl-dK5jROTqnzyg/about
https://www.facebook.com/photo.php?fbid=10216661770199693&set=pb.13237719
48.-2207520000 .. &type=3

*See* Case No. 19CM06724

At the restitution, sentencing hearing, the prosecution did not prove that each link was in fact operable, but instead through the complaining witness testimony, claimed Tomas Czodor was entitled to the resitution in order to provide him with the monetary means to remove the websites. Prior to the resitution hearing, I recall verifying that only 2 out of the 27 links were actually in operation.

After the sentencing, restitution hearing ended, Ms. Luo received a letter from law enforcement in early September 2022, and she notified me immediately. In response, I contacted the detective and left a voicemail invoking Ms. Luo's constitutional rights and informed the detective to refrain from speaking with Ms. Luo without the presence of legal counsel. The detective never called back nor informed me what the underlying investigation was about.

Defendant's Omnibus Motion to Dismiss

On December 20, 2022, the Orange County District Attorney filed charges against Ms. Luo for violating Penal Code Section 273.6 on or around April 20, 2022. The District Attorney scheduled arraignment on February 24, 2023.

When Ms. Luo received the arraignment letter, she contacted me and asked me what these new charges were about. According to the complaint on Vision:

> On or about April 20, 2022, in violation of Section 273.6(a) of the Penal Code (VIOLATION OF A PROTECTIVE ORDER), a MISDEMEANOR, XINGFEI LUO did intentionally, knowingly, and unlawfully violate an order issued pursuant to Family Code sections 6320 and 6389 by contacting protected party through online means.

*See* Case No. 23CM00067.

In response to the ambiguous complaint, I filed a motion to dismiss on January 25, 2023, pursuant to Due Process under the U.S. and CA constitutions for facially insufficiency of the complaint, along with a demur under Penal Code Section 1004.

On February 7, 2023, the motion to dismiss was heard. However, prior to any court ruling, the prosecution agreed to amend the complaint on its own volition. The first amended complaint was filed on February 8, 2023 and read as follows:

> On or about April 20, 2022, in violation of Section 166 (a) (4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR, XINGFEI LUO did willfully and unlawfully disobey the terms of a process and court order lawfully issued on or about 10/01/21 by the Superior Court, in and for the County of Orange County, State of California, 18V002374, which lawfully ordered defendant to remove any pictures or references of the protected party from any social media websites or blogs she may have posted.

On February 10, 2023, Ms. Luo was arraigned on the new charges. The prosecution provided defense counsel with the police report, which traced back to Tomas Czodor's April 26, 2022 complaint made prior to the scheduled May 9, 2022 restitution hearing.

Defendant's Omnibus Motion to Dismiss

1    The police report alleged violations for failing to remove websites about Tomas Czodor

2  involving the older posts addressed in the family court case and the 19CM06724 trial and/or the

3  sentencing, resitution hearing. The police verified that some of the older 2018 postings no longer

4  worked and/or that the creator was unidentifiable. Tomas Czodor also speculated and accused Ms.

5

6  Luo of newer posts, but the police verified that some of those posts were inoperable and/or that the

7  creator was unidentifiable.

8    On March 13, 2023, the assigned trial Deputy District Attorney for the month of March,

9  informed me the prosecution is for the failure to remove the following website postings:

10       http://gorgeouspainting1.blogspot.com
11       https://gorgeouspainting.wordpress.com/
         https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsE4mg/about
12

13  These are the same websites that were addressed at the 19CM06724 trial October 19, 2018.

14

15  I declare under penalty of perjury that the foregoing is true and correct.

16

17  DATED: March 13, 2023                     Respectfully submitted,
                                              FRANK DAVIS, Alternate Public Defender
18

19

20

21                                            Marian Mikhail
                                              Deputy Alternate Defender
22                                            Marian.mikhail@ocaltdef.com

23

24

25

26

27

28

Defendant's Omnibus Motion to Dismiss

**MEMORANDUM OF LAW**

**I.   A SUBSEQUENT PROSECUTION THAT INVOLVES THE SAME ALLEGED CRIMINAL ACT OF A PRIOR PROSECUTION VIOLATE DOUBLE JEAPOARDY UNDER THE 5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I, SECTION 15, OF THE CALIFORNIA CONSTITUTION.**

The Fifth Amendment to the United States Constitution guarantees that no "person will be subject for the same offense to be twice put in jeopardy of life or limb." The Cal. Const. art. I, § 15, contains a nearly identical provision. These constitutional provisions include several distinct protections, including prohibitions against:

(1) a second prosecution for the same offense after acquittal (*Illinois v. Vitale*, 447 U.S. 410, 415 (1980));

(2) a second prosecution for the same offense after conviction (*U.S. v. Dixon*, 509 U.S. 688 (1993));

(3) reprosecution after jeopardy had attached in a prior trial that was terminated without a verdict (*see U.S. v. DiFrancesco*, 449 U.S. 117, 130 (1980));

(4) successive prosecutions for the same criminal act under two different statutes containing the same elements (*U.S. v. Dixon*, 509 U.S. 688, 696 (1993)); and

(5) multiple prosecutions when collateral estoppel or res judicata applies to an issue of ultimate fact that has been resolved in a prior criminal proceeding, it cannot be relitigated in a subsequent prosecution or retrial (*Yeager v. U.S.*, 557 U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010)).

Jeopardy attaches when the defendant is placed on trial on a valid accusatory pleading before a competent court. In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Martinez v. Illinois*, 134 S. Ct. 2070, 2074 (2014); *Crist v. Bretz*, 437 U.S. 28, 35 (1978). If alternate jurors are used, jeopardy does not attach until the alternates are sworn. *In re Mendes*, 23 Cal. 3d 847, 852–854 (1979).

1    **II.  A SUBSEQUENT PROSECUTION THAT INVOLVED THE SAME COURSE OF**
2    **CONDUCT PROSECUTED IN THE PAST VIOLATES CALIFORNIA PENAL**
     **CODE SECTION 654.**

3
4    California is not precluded from providing greater double jeopardy protection than that
5    provided by the U.S. Constitution. *Curry v. Superior Court*, 2 Cal. 3d 707, 717 (1970). California
6    provides additional protections embodied in several Penal Code sections. *See e.g.*, Pen. Code §§
7    654(a), 656, 687, and 1023. The Fifth Amendment establishes minimum, double jeopardy
8    protection standards. Under the independent state grounds doctrine, California courts look both to
9    decisions applying the Fifth Amendment and to decisions applying California constitutional and
10   statutory protections. *Bunnell v. Superior Court*, 13 Cal. 3d 592, 601 (1975).
11

12   The California Supreme Court has expressly recognized that the purpose of Pen Code §
13   654 is to prevent "needless harassment" of a defendant and, therefore, "all offenses … which arise
14   out of the same … course of conduct must be prosecuted in a single proceeding." *People v.*
15   *Lohbauer*, 29 Cal. 3d 364 (1981).
16

17   Accordingly, Pen. Code, § 654 is a statutory bar, rather than a constitutional prohibition,
18   against multiple prosecutions for the same offense. However, the protection under Pen. Code, §
19   654 resembles that afforded by the double jeopardy clause, but is different in scope in that it applies
20   only after an acquittal or a conviction and sentencing.
21

22   In *Kellett v. Superior Court of Sacramento County*, the Supreme Court held that when "the
23   prosecution is or should be aware of more than one offense in which the same act or course of
24   conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless
25   joinder is prohibited or severance is permitted for good cause. 63 Cal. 2d 822, 827(1966).  **Failure**
26   **to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted**
27
28

10 of 21

Defendant's Omnibus Motion to Dismiss

1  **if the initial proceedings culminate in either acquittal or conviction and sentence.**" *Id.*

2  (emphasis added).

3      Following *Kellett* and Pen. Code § 654, our appellate courts have adopted two different tests

4  to determine a course of conduct for purposes of multiple prosecution *People v. Valli*, 187 Cal. App.

5  4th 786 (3d Dist. 2010). Some appellate courts have established a "time and location" test to

6  determine a course of conduct for purposes of multiple prosecution. These courts

7  find *Kellett* inapplicable where the offenses are committed at separate times and locations, even

8  though the prosecution is aware of the other offenses. See *People v. Marlow*, 34 Cal. 4th 131, 144

9  (2004) ("the murder of separate victims on separate days in separate counties is not a single act or

10  even a 'course of conduct' requiring a single prosecution"); *People v. Douglas*, 246 Cal. App. 2d

11  594 (2d Dist. 1966) (series of robberies tried separately from homicide committed during one of the

12  robberies); *People v. Ward*, 30 Cal. App. 3d 130 (2d Dist. 1973) (two separate but related victims

13  assaulted at different locations and time); *People v. Cuevas*, 51 Cal. App. 4th 620 (2d Dist. 1996).

14      A second test applies *Kellett* based on the totality of the facts and whether separate proofs

15  are required for the different offenses. *See People v. Flint*, 51 Cal. App. 3d 333 (2d Dist. 1975).

16  This evidentiary test was restated in *People v. Hurtado*, 67 Cal. App. 3d 633 (2d Dist. 1977): "More

17  specifically, if the evidence needed to prove one offense necessarily supplies proof of the other …

18  the two offenses must be prosecuted together, in the interests of preventing needless harassment and

19  waste of public funds." However, this evidentiary test requires more than an overlap of the

20  evidence. Simply using facts from the first prosecution in the subsequent prosecution does not

21  trigger application of *Kellett*. *People v. Valli*, 187 Cal. App. 4th 786 (3d Dist. 2010) (there was little

22  evidentiary overlap between a murder trial and the subsequent trial for evading arrest, because the

23  People only used the evidence of evading in the murder trial to show consciousness of guilt). *See*

Defendant's Omnibus Motion to Dismiss

*also People v. Linville*, 27 Cal. App. 5th 919 (1st Dist. 2018), review denied, (Jan. 16, 2019) (conviction as an accessory to murders did not require proof, nor was it alleged, that defendant was involved in either charged killing, therefore, accessory conviction did not require and was not predicated on an allegation that defendant committed, or was involved in, the murders and the accessory and murder prosecutions did not involve the same course of conduct).

If it is determined that the prosecution did have timely actual knowledge of multiple prosecutions arising from the same conduct, and one of the prosecutions resulted in either acquittal or conviction and sentence, then the remaining unresolved prosecution is barred by Pen. Code, § 654. *In re Dennis B.*, 18 Cal. 3d 687, 693–696 (1976).

There are several factors to be weighed in determining whether the prosecutor should have known of the other offense. The threshold factor is the disparity, if any, between the two charged offenses. When both are serious offenses, the court in In re *Dennis B.*, 18 Cal. 3d 687, 694 (1976), recognized the duty imposed on the prosecution.

When both offenses are serious crimes, the potential for harassment and waste is sufficiently strong that Section 654 imposes on prosecutors an administrative duty to insure that the charges are joined. Although occasional failure to coordinate prosecutorial efforts may result in a defendant guilty of a felony escaping proper punishment, such a risk "is inherent in the preclusion of Section 654 of multiple punishment."

When the original charge is not a serious crime, the court must then weigh: (1) the disparity in gravity between the charged offenses; (2) the state's substantial interest in maintaining the summary nature of minor offenses; and (3) the state's interest in prosecuting felonies and serious misdemeanors. *In re Dennis B.*, 18 Cal. 3d 687, 695–696 (1976); ***Kellett*** *v. Superior Court of Sacramento County*, 63 Cal. 2d 822, 827–828 (1966).

III.   **A SUBSEQUENT PROSECUTION THAT INVOLVES IDENTICAL ISSUES OF A PRIOR PROSECUTION IS BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL.**

In *Ashe v. Swenson*, 397 U.S. 436, 445 (1970), the Supreme Court held that the doctrine of collateral estoppel is contained in the Fifth Amendment guarantee against double jeopardy.

As the Supreme Court stated in *Ashe v. Swenson*, 397 U.S. 436, 443–444 (1970):"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this court's decision more than 50 years ago in *U.S. v. Oppenheimer*, 242 U.S. 85, (1916) …

Federal appellate decisions establish that the rule of collateral estoppel in criminal cases is not to be applied in the hyper technical and archaic approach of 19th century pleading, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, the charges, and other relevant matter and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Schiro v. Farley*, 510 U.S. 222, 247–248 (1994).

The doctrine is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again requiring litigation. The purposes of collateral estoppel are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose

Defendant's Omnibus Motion to Dismiss

1    by preventing a person from being harassed by vexatious litigation. *People v. Taylor*, 12 Cal. 3d

2    686, 695 (1974).

3         "[F]ive threshold requirements" must be established for collateral estoppel to bar relitigation

4    of an issue: "(1) the issue to be precluded must be identical to that decided in the prior proceeding;

5    (2) the issue must have been actually litigated at that time; (3) the issue must have been necessarily

6    decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party

7    against whom preclusion is sought must be in privity with the party to the former proceeding."

8    *People v. Garcia*, 39 Cal. 4th 1070 (2006); *People v. Vogel*, 148 Cal. App. 4th 131 (3d Dist. 2007).

9

10

11   **IV.    THE INTEREST OF JUSTICE DEMANDS DISMISSAL.**

12        The court has authority under Pen. Code § 1385 to dismiss a prosecution in the "furtherance

13   of justice" at any time, including after trial. "Dismissals under Section 1385 may be proper before,

14   during and after trial." *People v. Orin*, 13 Cal. 3d 937 (1975). Pen. Code § 1385 permits a trial court

15   to dismiss individual counts in accusatory pleadings, sentencing enhancements, allegations that the

16   defendant has suffered a prior conviction, and allegations that the defendant has suffered a prior

17   "strike." *In re Varnell*, 30 Cal. 4th 1132, 1134 (2003).

18        In *People v. Superior Court of Marin County*, 69 Cal. 2d 491, 505 (1968), the court set forth

19   a balancing test to guide the court in determining whether to dismiss in the interests of justice. The

20   factors to be weighed include: (1) the weighing of the evidence indicative of guilt or innocence; (2)

21   the nature of the crime involved; (3) the fact that the defendant has or has not been incarcerated in

22   prison awaiting trial and the length of such incarceration; (4) the possible harassment and burdens

23   imposed upon the defendant by a retrial; and (5) the likelihood, if any, that additional evidence will

24   be presented upon a retrial. "When the balance falls clearly in favor of the defendant, a trial court

25

26

27

28

Defendant's Omnibus Motion to Dismiss

1   not only may but should exercise the powers granted to him by the Legislature and grant a dismissal

2   in the interests of justice."

3           The power invested in the court by Pen. Code § 1385 is a discretionary power that rests

4   solely with the court. The power of the court to dismiss on its own motion is unaffected by

5

6   prosecution objection. As the court stated in *People v. Tenorio*, 3 Cal. 3d 89 (1970):

7               The judicial power is compromised when a judge, who believes that a
                charge should be dismissed in the interests of justice, wishes to
8               exercise the power to dismiss but finds that before he may do so he
                must bargain with the prosecutor. A judicial power must be
9               independent, and a judge should never be required to pay for its
10              exercise.

11  The California Supreme Court has held that "the discretion of the judge [under Section **1385**] is

12  absolute except where the Legislature has specifically curtailed it." *People v. Superior Court of*

13
    *Marin County*, 69 Cal. 2d 491 (1968).
14

15

16                                      **ARGUMENT**

17  **I.     THIS CURRENT PROSECUTION VIOLATES DOUBLE JEOPARDY UNDER THE
18          5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I, SECTION 15,
            OF THE CALIFORNIA CONSTITUTION.**
19
            Frist, the current prosecution violates Ms. Luo's Federal and California Constitutional
20
21  guarantees because she cannot be tried for the same offense once previously prosecuted and

22  convicted. *U.S. v. Dixon*, 509 U.S. 688 (1993).   Second, the two prosecutions involve the same

23  criminal act, but under two different statutes containing the same elements, which also violates

24
    Constitutional guarantees. *See* (*U.S. v. Dixon*, 509 U.S. 688 (1993). *Id.* At 696. Lastly, collateral
25
26  estoppel applies here because an issue of ultimate fact that has been resolved in Ms. Luo's prior

27  criminal proceeding, cannot be relitigated in a subsequent prosecution or retrial. *Yeager v. U.S.*, 557

28  U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010).

Defendant's Omnibus Motion to Dismiss

1

### a. Same Offense Once Previously Prosecuted

The facts, order, and issue in this prosecution is the same as 19CM06724. Ms. Luo was found guilty of count 2, Penal Code Section 273.6, of Case No. 19CM06724, which alleged Ms. Luo disobeyed a domestic relations court order for "fail[ing] to deactivate websites and creat[ing] new websites. At sentencing, Ms. Luo was ordered to pay Tomas Czodor $54,000 in order to give him money to remove 27 websites the prosecution purported Mr. Czodor was entitled to in connection to Count 2's conviction.

Ms. Luo is now charged with Penal Code Section 166(a)(4) in Case No. 23CM00067 for failing to "to remove any pictures or references of the protected party from any social media websites or blogs she may have posted." The same links the prosecution intends to criminalize in this case, Case No. 23CM00067, are the same links that Ms. Luo was held liable for in Case No. 19CM06724. Both cases rely upon the same family court order issued out of Case No. Case No.18V002374.

The prosecution's attempt to rely on the family court's amended order that was issued on October 01, 2021 for this secondary prosecution—as opposed to the initial order issued on October 19, 2018 involving Case No. 19CM06724—is a logical fallacy to suggest there are two separate orders that warrant two separate causes of action. There is only one order, and that amendment issued on October 1, 2021 never modified Ms. Luo's restraints, but only changes what can prospectively be communicated online to comport with Free Speech guarantees. Nonetheless, the same provision that was relied upon in the 19CM06724 prosecution is the same provision this prosecution relies upon, which is the "[r]esponding Party is further ordered to remove any pictures or references of the Moving Party from any social media website or blog she may have posted."

Defendant's Omnibus Motion to Dismiss

This provision exists in both version of the order that was issued on October 19, 2018 and October 01, 2021.

### b. Same Criminal Act, but Under Two Statutes

Ms. Luo's constitutional rights are not obviated because this current prosecution alleges the same violation under a different statute. The criminal act in the prior prosecution of Case No. 19CM06724 is the same as the current prosecution of Case No. 23CM00067, which involve the same elements. Both counts require the government to prove beyond a reasonable doubt that: (a) a court lawfully issues a written order that the defendant [insert description of the order]; (b) the defendant knew of the order; (c) the defendant had the ability to follow the order; and the (d) defendant willfully violated the court order.

### c. Collateral Estoppel

*See infra*. Section *III of Argument*.

## II. THIS CURRENT PROSECUTION VIOLATES PENAL CODE SECTION 654 UNDER CALIFORNIA LAW.

The prosecution should be barred from prosecuting Ms. Luo in Case No. 23CM00067 because she was already prosecuted and punished for count 2 of Case No. 19CM06724. Penal Code Section 654(a) states:

> An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Section 654 imposes a duty onto the prosecution to join all offenses in a single prosecution; and when the prosecution fails to unite all causes of action it knew about, or should have known about, the Supreme Court has held a bar in prosecutions. *See Kellet*, 63 Cal. 2d 822, 827(1966) ("Failure to

Defendant's Omnibus Motion to Dismiss

1   unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the

2   initial proceedings culminate in either acquittal or conviction and sentence.").

3       Here, the current websites at issue stem from postings that go back to 2018. The prosecution

4   actually knew about these websites at the time of the 19CM06724 prosecution. This is demonstrated

5   by the prosecution's decision to amend the 19CM06724 complaint and the specific evidence it

6   admitted at trial and the resitution hearing. The prosecution amended the complaint to state the

7   violation of the restraining order was for failing to remove websites and creating new ones.

8   Therefore, the prosecution knew about websites alleged at the family court hearing on October 19,

9   2018, but "new" websites in addition to what occurred at the hearing, in accordance to the

10  complaint's allegation. Furthermore, the prosecution submitted exhibits and testimony from the

11  family court hearing of Tomas Czodor testifying about Ms. Luo posting "28 times" that involved

12  multiple cheater websites and youtube videos. Indicating the prosecution knew, or should have

13  known, what its star witness was talking about. Lastly, the prosecution admitted 27 links at the

14  resitution hearing, claiming Tomas Czodor was entitled to $54,000 in resitution based on Ms. Luo's

15  conviction of Count 2, exhibiting knowledge of the harm it sought to prosecute in 19CM06724 (and

16  seeks to prosecution again).

17      The same links the prosecution seeks to criminalize in this prosecution are the same links

18  that existed at the time Tomas Czodor filed for a restraining order in family court, Case

19  No.18V002374., and links that were admitted at the 19CM06724 trial and resitution hearing.

20      Lastly, there is nothing in the evidence to suggest this current prosecution needs different

21  evidence or information to warrant a successive prosecution under law. All of these accusations

22  involve the same family court restraining order, same complaining witnesses, and same evidence.

18 of 21

Defendant's Omnibus Motion to Dismiss

**III. THIS CURRENT PROSECUTION SHOULD BE BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL.**

"[F]ive threshold requirements" must be established for collateral estoppel to bar relitigation of an issue: "(1) the issue to be precluded must be identical to that decided in the prior proceeding; (2) the issue must have been actually litigated at that time; (3) the issue must have been necessarily decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be in privity with the party to the former proceeding." *People v. Garcia*, 39 Cal. 4th 1070 (2006); *People v. Vogel*, 148 Cal. App. 4th 131 (3d Dist. 2007).

Here, the issue in the prior case 19CM06724 is identical to the issue in this prosecution: failure to remove websites in violations of family court ordered in Case No. 18V002374. The family court order never specifically identified which websites Ms. Luo was required to remove or by what date. Instead, it ordered to remove any website she may have posted. Because the family court order did not identify what specific links must be removed, the issue in collateral estoppel should not be expanded on whatever and whenever the prosecution seeks to prosecute based on a specific link it sees fit for criminal liability. The issue here was failing to remove website which was clearly litigated in case 19CM06724, and it ultimately resulted in a conviction, which is a final judgement on the merits. Lastly, the prosecution involved the same exact parties as the former proceeding: State of California versus Xingfei Luo, with the same complaining witness, Tomas Czodor.

**IV. THIS PROSECUTION SHOULD BE DISMISSED IN THE INTEREST OF JUSTICE UNDER PENAL CODE SECTION 1385.**

In *People v. Superior Court of Marin County*, 69 Cal. 2d 491, 505 (1968), the court set forth a balancing test to guide the court in determining whether to dismiss in the interests of justice. The factors to be weighed include: (1) the weighing of the evidence indicative of guilt or innocence; (2)

19 of 21

Defendant's Omnibus Motion to Dismiss

1   the nature of the crime involved; (3) the fact that the defendant has or has not been incarcerated in

2   prison awaiting trial and the length of such incarceration; (4) the possible harassment and burdens

3   imposed upon the defendant by a retrial; and (5) the likelihood, if any, that additional evidence will

4   be presented upon a retrial. "When the balance falls clearly in favor of the defendant, a trial court

5   not only may but should exercise the powers granted to him by the Legislature and grant a dismissal

6   in the interests of justice."

7

8        Here, the interest of justice lays heavily in favor of Ms. Luo. The websites that the

9   prosecution seeks to criminalize are websites Ms. Luo has already been punished for by serving a

10  jail sentence, participating in weekly therapy for 52 weeks, and paying Tomas Czodor $93, 003.76,

11  and $54,000 is specifically allotted to remove websites.

12

13       The successive prosecutions are tantamount to harassment and unfair prosecution. At the

14  restitution, sentencing hearing, the prosecution did not even prove that each link was validly

15  operating. Only 2 out of the 27 were operating at the time, and the complainant was awarded not

16  restitution, but a windfall.

17

18       Ms. Luo has been punished enough, legally and symbolically. Nothing in the evidence

19  suggests Ms. Luo is the creator and has dominion and control over these websites to remove them.

20  This secondary prosecution should be dismissed in the interest of justice.

21

22                                    **CONCLUSION**

23       For the foregoing reasons, Ms. Luo's case should be dismissed.

24

25

26

27

28

Defendant's Omnibus Motion to Dismiss

1 | DATED: March 14, 2023

2

Respectfully submitted,
FRANK DAVIS, Alternate Public Defender

3

4

5

_____

6 | Marian Mikhail
Deputy Alternate Defender
Marian.mikhail@ocaltdef.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21 of 21

Defendant's Omnibus Motion to Dismiss

EXHIBIT 3

# Case Summary

**Case Number:** 23CM00067
**OC Pay Number:** 11200090
**Originating Court:** Central
**Pay or Appear by:**
**Traffic School Completion Date:**
**Next Payment Date:**
**Defendant:** Luo, Xingfei
**Demographics:**

| | | |
|---|---|---|
| | Eyes: | Brown |
| | Hair: | Black |
| | Height(ft/in) : 5'5" | |
| | Weight (lbs): | 96 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Luo | Xingfei | | Real Name |
| Lou | Xingfei | | Alias |

**Case Status:**

| | | |
|---|---|---|
| | Status: | Dismissed |
| | Case Stage: | |
| | Release Status: | Released on Own Recognizance |
| | Warrant: | N |
| | DMV Hold : | N |
| | Charging Document: | Complaint |
| | Mandatory Appearance: | Y |
| | Owner's Resp: | N |
| | Amendment #: | 1 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 04/20/2022 | 166(a)(4) PC | M | Contempt of court - disobey court order | NOT GUILTY | 02/10/2023 | Found Not Guilty by Jury | 03/28/2023 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Alternate Defender | | ALTD | Deputy Alternate Defender, | | |
| District Attorney | | OCDA | Nguyen-McDonald, Daniel | | |
| Alternate Defender | | ALTD | Mikhail, Marian | | |
| District Attorney | | OCDA | Gomez, Steven | | |
| District Attorney | | OCDA | Voge, James | | |
| District Attorney | | OCDA | Ellis, Therese | | |
| Alternate Defender | | ALTD | Follett, James | | |
| District Attorney | | OCDA | Johnson, Alexis | | |
| District Attorney | | OCDA | Zhan, MingMing | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 02/07/2023 | Motion Dismissal | C47 | Heard | |
| 02/07/2023 | Motion Dismissal | C48 | Heard | |
| 02/08/2023 | Motion Dismissal | C48 | Heard | Waives arraignment today |
| 02/10/2023 | Arraignment - | C48 | Heard | |
| 02/24/2023 | Arraignment - | C54 | Cancel | |
| 03/03/2023 | Pre Trial - | C47 | Cancel | |
| 03/03/2023 | Pre Trial - | C50 | Heard | Time not waived |
| 03/10/2023 | Pre Trial - | C47 | Cancel | |
| 03/10/2023 | Pre Trial - | C51 | Heard | waives statutory time for |
| 03/16/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Cancel | |
| 03/20/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C53 | Heard | |
| 03/21/2023 | Motion Dismissal | C47 | Cancel | |
| 03/21/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/23/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/24/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/27/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/28/2023 | Jury Trial - | C53 | Heard | |