XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

FILED
CLERK, U.S. DISTRICT COURT

04/14/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____M.B._____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

XINGFEI LUO,

           Petitioner,

    v.

THE PEOPLE OF THE STATE OF
CALIFORNIA

           Respondent.

No. 8:22-CV-01640-MEMF-KES

**RENEWED MOTION FOR COURT
APPOINTED COUNSEL**

TO THE COURT AND TO RESPONDENT AND ITS COUNSEL OF RECORD:

    Xingfei Luo (Petitioner) respectfully submits the following renewed motion for court appointed counsel:

### I.    PROCEDURAL HISTORY

    On September 6, 2022 Petitioner moved for appointment of counsel (ECF 7) while filing her Petition for Writ of Habeas Corpus (ECF 1).

    On December 20, 2022 the Court denied Petitioner's initial motion for court appointed counsel without prejudice. ECF 18.

### II.    FACTUAL BACKGROUND

    After marrying a woman (Hanh Le) who is ten years older than him, Tomas

1

Czodor (Czodor), concealed his marriage and tried to meet young women online. ECF 4, pp. 97-98. Before knowing Petitioner's name and meeting Petitioner in person, in August 2018, Czodor proudly told Petitioner that he was raised as a nudist. Right after meeting Petitioner just once, while Petitioner still did not tell him her name, Czodor unsolicitedly sent Petitioner his nude photos and invited Petition to a nudist ranch. ECF 6, p. 153. After two gatherings, Czodor ghosted Petitioner. Petitioner, unaware of Czodor's marriage, went to Czodor's residence for answer on September 18, 2018. ECF 6, p. 155.

On the night the vandalism is said to have been committed, despite the light in front of Czodor's door was brightly lit (ECF 6, p. 159), and despite Czodor allegedly told Petitioner to stop scratching his door, the 911 call record shows no mention of any scratching or property damage. Compare ECF 6, p. 155 and ECF 6, p. 201. Nevertheless, Czodor testified that he did not and could not discover his front door was damaged on September 18, 2018 because it was dark. ECF 6, p. 171.

Despite the photo, taken and provided by Czodor, shows little to no damages (ECF 6, p. 175), Czodor attested, under the penalty of perjury, that Petitioner **scratched his front door for 20 minutes and did not stop after he told her to**. Luo Decl., ¶ 2. If Czodor were able to tell Petitioner to stop scratching his door on the spot, he could have been able to tell the 911 operator that Petitioner scratched his door. If Czodor were able to tell Petitioner to stop scratching his door on the spot, he could have been able to discover his door was damaged right away on the same night. If Czodor were able to tell Petitioner to stop scratching his door on the spot, he could have been able to snap a photo of Petitioner standing next to his damaged door. If Czodor were able to tell Petitioner to stop scratching his door on the spot, he wouldn't have committed perjury falsely alleging that he did not and could not discover the damage on September 18, 2018 because it was dark.

On September 26, 2018, eight days after Petitioner left Czodor's residence, Czodor reported the alleged vandalism and distribution of his nude photos. ECF 6, pp. 177-178. Despite during the entire time on September 18, 2023 when Petitioner was in front of Czodor's residence, Czodor had free access to his phone, making 911 call (ECF 6, p. 201),

1   taking photos and shooting videos (ECF 6, pp. 159-163), no photos or videos show that

2   Petitioner was actually scratching Czodor's door, no photos or videos of Petitioner with

3   Czodor's damaged door were provided,  no photos or videos show that Petitioner was

4   standing next to Czodor's damaged door, despite Petitioner allegedly scratched Czodor's

5   door for 20 minutes. Luo Decl., ¶ 2.

6       On September 10, 2018, after Petitioner allegedly threatened Czodor to distribute

7   his nude photos, Czodor in fact made contact with the police but made no mention of

8   Petitioner or any nude photos. ECF 6, p. 200. Despite all communication between

9   Petitioner and Czodor was made through text messages, not a single message shows that

10  Petitioner asked for Czodor's nude photos, not a single message shows that Czodor

11  requested Petitioner to keep his nude photos private, not a single message shows that

12  Petitioner made any promise to keep his nude photos private before Czodor unsolicitedly

13  sent Petitioner his nude photos. Nevertheless, Czodor – a married man deliberately

14  concealing his marriage – sent his nude photos to Petitioner, a woman who never told him

15  her name and met him just once, a woman who was not better than a stranger.

16      No officers ever saw Czodor's damaged door or nude photos online. No officers

17  ever took any photos of the damaged property. No officers ever checked or examined

18  Czodor's phone to see whether Czodor provided accurate and all relevant messages,

19  photos and videos. No officers ever checked or examined Czodor's phone to see whether

20  Czodor sent his nude photos to multiple people. No officers ever verified whether

21  Czodor's story was taken out of context. No officers ever interviewed any of Czodor's

22  friends, customers, or wife. No officers ever indeed went out and collect evidence. No

23  officers ever performed any meaningful investigation. Anything coming out from

24  Czodor's mouth was taken as true at face value. All "evidence" was in fact produced and

25  provided by Czodor himself, in the form of a stack of paper, despite modern technology

26  was readily available in 2018 and 2019 to the police. In effect, Czodor played the dual

27  roles both as a police officer and complaining witness.

28      Six attorneys from the office of public defender cycled through Petitioner's case,

3

none of them did any investigation, none of them ever explained to Petitioner about her constitutional rights, none of them ever tried to bring the case to trial at a meaningful time and in a meaningful manner, none of them ever meaningfully discussed the case or strategy with Petitioner, none of them asked for Petitioner's consent or authority to sign a stipulation with prosecution, none of them was able to expose Czodor's perjury and fraud, none of them ever tried to attack the integrity of police work. Petitioner was astonished at trial by her trial counsel's performance. Naturally, Petitioner was convicted of all counts she was charged.

After Petitioner's conviction, Czodor demanded $51,000 to remove 25 webpages that don't even exist or aren't viewable. ECF 20, pp. 15-16. Despite each year between 2014 and 2019, Czodor (a self-employed individual) reported to IRS that his net profit[1] was ranging only between $5,000 and $10,000 per year (ECF 6. pp. 141, 143, 145, 147, 149, 151), he concealed his net profit information[2] when requesting restitution and demanded $26,496[3] to compensate his income loss in 2018 and 2019, apparently for the purposes to make a windfall. Based on Czodor's net profit each year, he was in fact as poor as a church mouse. However, this church mouse was capable of staging crimes and

---

[1] An employee ordinarily agrees to work for, and receives, a set wage or salary. His wages are not directly affected by the net income of the employer. In contrast, the self-employed person operating a "business" has no more income available than the net income of the "business" after paying necessary expenses of the "business." For instance, a person who sold $10,000 worth of merchandise with a wholesale cost of $5,000 and who had **out-of-pocket business-related expenses** of $2,000 would only have $3,000 in **actual available earnings**. If the income loss was based on gross revenue of $5,000 rather than **net earnings** of $3,000, the person would be awarded a windfall of $2,000 he would not have received if he had worked. Damage awards in injury to business cases are based on net profits. (See, e.g., *Kuffel v. Seaside Oil Co*. (1970) 11 Cal.App.3d 354, 366 [90 Cal.Rptr. 209] ["It is fundamental that in awarding damages for the loss of profits, net profits, not gross profits, are the proper measure of recovery"].) "Net profits are the gains made from sales `after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed.' [Citation.]'" [Citations.]" (See *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 884 [116 Cal.Rptr.2d 158] (*Kids' Universe*). "Lost anticipated profits cannot be recovered if it is uncertain whether any profit would have been derived at all from the proposed undertaking. But lost prospective net profits may be recovered if the evidence shows, with reasonable certainty, both their occurrence and extent. [Citation.] It is enough to demonstrate a reasonable probability that profits would have been earned except for the defendant's conduct. [Citations.]' Moreover, . . . a plaintiff is `not required to establish the amount of its damages with absolute precision. . . . [Citation.]' [Citations.]" (*Kids' Universe*, supra, 95 Cal.App.4th at 1181 pp. 883-884.) Not only Czodor did not establish income loss, he did not establish any certainty of his income.
[2] Petitioner's court appointed counsel discovered Czodor's net profit by subpoenaing California Franchise Tax Board.
[3] This requested amount of income loss is almost equal to Czodor's combined net profit in four years between 2015 and 2018.

4

1    manipulating the system to grant him a windfall.

2    ### III.   GROUNDS FOR APPOINTMENT OF COUNSEL

3    A. <u>Petitioner Cannot Afford to Retain Private Counsel</u>

4    Petitioner is financially eligible for court appointed counsel. Luo Decl., ¶3.

5    B. <u>The Complexity of The Legal Issues Involved Requires Appointment of</u>

6    <u>Counsel</u>

7    Whenever the United States magistrate judge or the court determines that the

8    interests of justice so require, representation may be provided for any financially eligible

9    person who is seeking relief under section 2241, 2254, or 2255 of title 28. 18 U.S.C. §

10   3006A(a)(2)(B). See also *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (noting that

11   given the complexity of the legal issues involved, the interests of justice required

12   appointment of counsel.) Petitioner incorporates the legal issues from ECF 1 with the

13   following:

14   <u>Enforcement of Void and Unconstitutional Court Orders</u>

15   The Orange County Superior Court had no power, no authority, no jurisdiction to

16   issue any domestic violence restraining orders against Petitioner.

17   The Domestic Violence Prevention Act (DVPA) authorizes the issuance of

18   protective orders restraining domestic violence on several categories of persons, including

19   present and former spouses or cohabitants and "[a] person with whom the respondent is

20   having or has had a dating or engagement relationship." (§ 6211, subds. (a), (b) & (c).)

21   The only protected category of persons listed in section 6211 that could possibly trigger

22   the applicability of DVPA in the present case is a person in a present or former "dating

23   relationship." Fam. Code Section 6210 defines "dating relationship" as "frequent, intimate

24   associations primarily characterized by the expectation of affection or sexual involvement

25   independent of financial considerations." See *Oriola v. Thalerfour* 84 Cal.App.4th 397,

26   404 (Cal. Ct. App. 2000) (holding that four dates was insufficient to meet the definition of

27   the DVPA.)

28   When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is

void, and "thus vulnerable to direct or collateral attack at any time." *People v. Medina*, 171 Cal. App. 4th 805, 815, 89 Cal. Rptr. 3d 830, 839 (2009), as modified (Mar. 10, 2009).

When there is a factual issue regarding the lawfulness of the court order, the trial court must submit the issue to the jury and instruct on the facts that must be proved to establish that the order was lawfully issued. Due to the incompetence of trial counsel, Petitioner lost the opportunity to bring a collateral attack on the validity of the orders as her defense. ECF 4, pp. 118-120.

To establish a valid prior restraint under the federal Constitution, a proponent has a heavy burden to show the countervailing interest is compelling, the prior restraint is necessary and would be effective in promoting this interest, and less extreme measures are unavailable. (See *Hobbs v. County of Westchester* (2d Cir. 2005) 397 F.3d 133, 149; see also *Nebraska Press Assn. v. Stuart* (1976) 427 U.S. 539, 562-568 [49 L.Ed.2d 683, 96 S.Ct. 2791].) Further, any permissible order "must be couched in the narrowest terms that will accomplish the pinpointed objective permitted by constitutional mandate and the essential needs of the public order. . . ." *Carroll v. Princess Anne* (1968) 393 U.S. 175, 183-184 [ 21 L.Ed.2d 325, 89 S.Ct. 347].

Even if an injunction does not impermissibly constitute a prior restraint, the injunction must be sufficiently precise to provide "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Harriss* (1954) 347 U.S. 612, 617 [98 L.Ed. 989, 74 S.Ct. 808]; see also *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115 [60 Cal.Rptr.2d 277, 929 P.2d 596].) An injunction is unconstitutionally vague if it does not clearly define the persons protected and the conduct prohibited.

The defendant may not be convicted for violating an order that is unconstitutional, and the defendant may bring a collateral attack on the validity of the order as a defense to the charge. *People v. Gonzalez* (1996) 12 Cal.4th 804, 816–818 [50 Cal.Rptr.2d 74, 910 P.2d 1366]; *In re Berry* (1968) 68 Cal.2d 137, 147 [65 Cal.Rptr. 273, 436 P.2d 273]. Due to the incompetence of trial counsel, Petitioner lost such opportunity based on First and

1   Fourteenth Amendments violation.

2               Devious and Calculated Strategies Employed by Prosecution

3           On August 15, 2010 Czodor was prosecuted by the same prosecuting agency and

4   convicted for crimes rested upon false representation – advertising as a general contractor

5   while he in fact was not, an act involving dishonesty. ECF 6, p. 195. On August 6, 2019

6   charges were filed against Petitioner. ECF 3, p. 14. Two years after the charges were filed,

7   the prosecution never announced ready. Due to prosecution's intentional and substantial

8   delay, Petitioner's trial was brought 10 years after Czodor's prior criminal conviction.

9   Had Petitioner's trial was brought by August 14, 2020 Czodor's prior conviction wouldn't

10  have been too old to use against him at Petitioner's trial. ECF 3, p. 7.

11          On July 26, 2021, only one day prior to trial, Count 2 was amended from allegation

12  of coming within 100 yards of the protected person to failure to deactivate website and

13  created new websites. ECF 3, p. 79. The two allegations were completely different in

14  nature. Such calculated strategy, amending the complaint only one day prior to trial, was a

15  devious attempt to deprive Petitioner of her fair opportunity to meaningfully prepare a

16  defense. See ECF 20 (Petitioner was acquitted of the exact same charge in 2023). No

17  criminal defendant, both in American history and worldwide, can prepare any defense in

18  only one day. See *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)

19  (holding that appointment of counsel **one day before trial** deprived defendants of Sixth

20  Amendment rights to counsel because **counsel could not possibly have been prepared**

21  **for trial**.)

22              Petitioner Was Convicted for Conduct That She Was Not Charged

23          The trial court gave a jury instruction unrelated to what Petitioner was charged for.

24  ECF 3, p. 159. The instruction was fundamentally incorrect because it referred to a written

25  order that the defendant not contact, send any messages to, follow, or disturb the peace of

26  the protected person, Tomas Czodor, not the websites that Petitioner was charged for. At

27  trial, there was no evidence showing that Petitioner ever contacted, sent any messages to,

28  followed, or disturbed the peace of the protected person, Tomas Czodor in violation of

1    any court order.

2         Petitioner received ineffective assistance of counsel both at trial and on appeal.

3    Petitioner's trial counsel failed to object to the incorrect jury instruction and Petitioner's

4    appellate counsel failed to raise the issue on appeal.

5    **IV.    CONCLUSION**

6         In a gross manner, Petitioner's constitutional rights were violated from the very

7    beginning to the end. Petitioner was be put on trial without the aid of counsel in any real

8    sense, and convicted upon incompetent evidence, or evidence irrelevant to the issue or

9    otherwise inadmissible. For the reasons stated above, this case involves various and

10   complex constitutional issues. The interests of justice require this court to appoint

11   competent counsel for Petitioner.

12

13        I declare under penalty of perjury under the laws of the State of California and

14   United States of America that the foregoing is true and correct.

15

16        Dated: April 13, 2023

17        Respectfully submitted.

18

19                                                  */s/ XINGFEI LUO*

20                                                  XINGFEI LUO

21                                                  Petitioner in Pro Se

22

23

24

25

26

27

28

8

**DECLARATION OF XINGFEI LUO**

I, XINGFEI LUO, declare and state:

1.   I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.   On September 28, 2018, Czodor filed a request for DVRO under the penalty of perjury. A true and correct copy of the excerpt is attached hereto as Exhibit 1.

3.   I am financially eligible for court appointed counsel. A true and correct copy of my financial affidavit is attached hereto as Exhibit 2.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed in Rosemead, CA on April 13, 2023.

*/s/ XINGFEI LUO*

RENEWED MOTION FOR COURT APPOINTED COUNSEL

1

**CERTIFICATE OF SERVICE**

2          I declare that I electronically filed the foregoing with the United States District

3   Court, Central District of California. Participants in the case who are registered CM/ECF

4   users will be served by the CM/ECF system.

5          I declare under penalty of perjury under the laws of the State of California and

6   United States of America that the foregoing is true and correct.

7          Executed on April 13, 2023

8                                                            */s/ XINGFEI LUO*

9                                                            XINGFEI LUO, In Pro Per

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENEWED MOTION FOR COURT APPOINTED COUNSEL

EXHIBIT 1

THIS CASE IS ASSIGNED FOR ALL PURPOSES TO
COMMISSIONER RENEE E. WILSON DEPT. L11

| **DV-100** | **Request for Domestic Violence Restraining Order** |

*You must also complete Form CLETS-001, Confidential CLETS Information, and give it to the clerk when you file this Request.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

SEP 2 8 2018

DAVID H. YAMASAKI, Clerk of the Court

BY: L. WUNSCH        DEPUTY

**① Name of Person Asking for Protection:**
Tomas Czodor                              Age: 36

Your lawyer in this case *(if you have one)*:
Name: _____ State Bar No.: _____
Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 2521 N jacaranda
City: Santa Ana    State: CA    Zip: 92705
Telephone: 714-330-4746    Fax: _____
E-Mail Address: _____

*Fill in court name and street address:*
Superior Court of California, County of
OC SUPERIOR COURT
LAMOREAUX JUSTICE CENTER
341 THE CITY DRIVE
ORANGE, CA 92868-3205

*Court fills in case number when form is filed.*
Case Number: 18V002374

**② Name of Person You Want Protection From:**
Xingfei Luo
Description of person you want protection from:

| Sex: ☐ M ☒ F | Height: 5 ft 1 inch | Weight: 95 lbs | Hair Color: black | Eye Color: black |
| Race: Asian | | Age: 40 | Date of Birth: 12/31/1977 |
Address *(if known):* 10628 Hallwood Dr
City: Temple City    State: CA    Zip: 91780

**③ Do you want an order to protect family or household members?** ☐ Yes ☒ No
*If yes, list them:*

| Full name | Sex | Age | Lives with you? | Relationship to you |
|---|---|---|---|---|
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |
| _____ | ___ | ___ | ☐ Yes ☐ No | _____ |

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Protected People" for a title.*

**④ What is your relationship to the person in ② ?** *(Check all that apply):*
a. ☐ We are now married or registered domestic partners.
b. ☐ We used to be married or registered domestic partners.
c. ☐ We live together.
d. ☐ We used to live together.
e. ☐ We are related by blood, marriage, or adoption *(specify relationship):* _____
f. ☒ We are dating or used to date, or we are or used to be engaged to be married.
g. ☐ We are the parents together of a child or children under 18:
    Child's Name: _____ Date of Birth: _____
    Child's Name: _____ Date of Birth: _____
    Child's Name: _____ Date of Birth: _____
    ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Additional Children" for a title.*
h. ☐ We have signed a Voluntary Declaration of Paternity for our child or children. *(Attach a copy if you have one).*

*If you do not have one of these relationships, the court may not be able to consider your request. Read Form DV-500-INFO for help.*

**This is not a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 1 of 6 →

Case Number: 18V002374

**(5) Other Restraining Orders and Court Cases**

a. Are there any restraining/protective orders currently in place OR that have expired in the last six months (emergency protective orders, criminal, juvenile, family)?

☒ No   ☐ Yes *(date of order):*          and *(expiration date):*          *(Attach a copy if you have one).*

b. Have you or any other person named in ③ been involved in another court case with the person in ②?

☒ No   ☐ Yes *If yes, check each kind of case and indicate where and when each was filed:*

| Kind of Case | County or Tribe Where Filed | Year Filed | Case Number *(if known)* |
|---|---|---|---|
| ☐ Divorce, Nullity, Legal Separation | | | |
| ☐ Civil Harassment | | | |
| ☐ Domestic Violence | | | |
| ☐ Criminal | | | |
| ☐ Juvenile, Dependency, Guardianship | | | |
| ☐ Child Support | | | |
| ☐ Parentage, Paternity | | | |
| ☐ Other *(specify):* | | | |

☐ Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Court Cases" for a title.

## Check the orders you want. ☑

**(6) ☒ Personal Conduct Orders**

I ask the court to order the person in ② not to do the following things to me or anyone listed in ③ :

a. ☒ Harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate (on the Internet, electronically or otherwise), or block movements

b. ☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail or e-mail or other electronic means

*The person in ② will be ordered not to take any action to get the addresses or locations of any protected person unless the court finds good cause not to make the order.*

**(7) ☒ Stay-Away Order**

a. I ask the court to order the person in ② to stay at least ___100___ yards away from *(check all that apply):*

☒ Me                           ☐ My school

☒ My home                      ☐ Each person listed in ③

☒ My job or workplace          ☐ The child(ren)'s school or child care

☒ My vehicle                   ☒ Other *(specify):* my facebook, my company, online harrasment

b. If the person listed in ② is ordered to stay away from all the places listed above, will he or she still be able to get to his or her home, school, job, workplace, or vehicle?   ☒ Yes   ☐ No   *(If no, explain):*

**(8) ☐ Move-Out Order**

*(If the person in ② lives with you and you want that person to stay away from your home, you must ask for this move-out order.)*

I ask the court to order the person in ② to move out from and not return to *(address):*

I have the right to live at the above address because (explain):

**This is not a Court Order.**

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 2 of 6 →

Case Number:

1 8 V 0 0 2 3 7 4

**⑨ Guns or Other Firearms or Ammunition**

I believe the person in ② owns or possesses guns, firearms, or ammunition.  ☐ Yes  ☐ No  ☒ I don't know
*If the judge approves the order, the person in* ② *will be ordered not to own, possess, purchase, or receive a firearm or ammunition. The person will be ordered to sell to, or store with, a licensed gun dealer, or turn in to law enforcement, any guns or firearms that he or she owns or possesses.*

**⑩ ☒ Record Unlawful Communications**

I ask for the right to record communications made to me by the person in ② that violate the judge's orders.

**⑪ ☐ Care of Animals**

I ask for the sole possession, care, and control of the animals listed below. I ask the court to order the person in ② to stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____
_____

I ask for the animals to be with me because:

_____
_____

**⑫ ☐ Child Custody and Visitation**

a. ☐ I do not have a child custody or visitation order and I want one.
b. ☐ I have a child custody or visitation order and I want it changed.
*If you ask for orders, you must fill out and attach Form DV-105, Request for Child Custody and Visitation Orders.*
*You and the other parent may tell the court that you want to be legal parents of the children (use Form DV-180,* Agreement and Judgment of Parentage).

**⑬ ☐ Child Support** *(Check all that apply):*

a. ☐ I do not have a child support order and I want one.
b. ☐ I have a child support order and I want it changed.
c. ☐ I now receive or have applied for TANF, Welfare, CalWORKS, or Medi-Cal.
*If you ask for child support orders, you must fill out and attach form FL-150, Income and Expense Declaration or Form FL-155, Financial Statement (Simplified).*

**⑭ ☐ Property Control**

I ask the court to give ***only*** me temporary use, possession, and control of the property listed here:

_____
_____

**⑮ ☐ Debt Payment**

I ask the court to order the person in ② to make these payments while the order is in effect:
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Debt Payment" for a title.*
Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**⑯ ☐ Property Restraint**

**I am married to or have a registered domestic partnership with the person in** ② . I ask the judge to order that the person in ② not borrow against, sell, hide, or get rid of or destroy any possessions or property, except in the usual course of business or for necessities of life. I also ask the judge to order the person in ② to notify me of any new or big expenses and to explain them to the court.

**⑰ ☐ Spousal Support**

I am married to or have a registered domestic partnership with the person in ② and no spousal support order exists. I ask the court to order the person in ② to pay spousal support. *(You must complete, file, and serve* Form FL-150, *Income and Expense Declaration, before your hearing).*

**This is not a Court Order.**

Revised July 1, 2016      **Request for Domestic Violence Restraining Order**      **DV-100, Page 3 of 6**
                          **(Domestic Violence Prevention)**                      →

Case Number: 1 8 V 0 0 2 3 7 4

**(18)** ☐ **Rights to Mobile Device and Wireless Phone Account**

**a.** ☐ **Property control of mobile device and wireless phone account**
I ask the court to give **only** me temporary use, possession, and control of the following mobile devices:
_____ and the wireless phone account for the
following wireless phone numbers because the account currently belongs to the person in ② :
(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care
(including area code): _____ ☐ my number ☐ number of child in my care
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Rights to Mobile Device and Wireless Phone Account" for a title.*

**b.** ☐ **Debt Payment**
I ask the court to order the person in ② to make the payments for the wireless phone accounts listed in 18a because: _____
Name of the wireless service provider is: _____ Amount: $ _____ Due Date: _____
*If you are requesting this order, you must complete, file, and serve Form FL-150, Income and Expense Declaration, before your hearing.*

**c.** ☐ **Transfer of Wireless Phone Account**
I ask the court to order the wireless service provider to transfer the billing responsibility and rights to the wireless phone numbers listed in 18a to me because the account currently belongs to the person in ② .
*If the judge makes this order, you will be financially responsible for these accounts, including monthly service fees and costs of any mobile devices connected to these phone numbers. You may be responsible for other fees. You must contact the wireless service provider to find out what fees you will be responsible for and whether you are eligible for an account.*

**(19)** ☐ **Insurance**
I ask the court to order the person in ② NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of me or the person in ②, or our child(ren), for whom support may be ordered, or both.

**(20)** ☐ **Lawyer's Fees and Costs**
I ask that the person in ② pay some or all of my lawyer's fees and costs.
*You must complete, file, and serve form FL-150, Income and Expense Declaration, before your hearing.*

**(21)** ☒ **Payments for Costs and Services**
I ask the court to order the person in ② to pay the following:
*You can ask for lost earnings or your costs for services caused directly by the person in ② (damaged property, medical care, counseling, temporary housing, etc.). You must bring proof of these expenses to your hearing.*
Pay to: Tomas Czodor _____ For: door repair _____ Amount: $ 350 _____
Pay to: _____ For: _____ Amount: $ _____

**(22)** ☒ **Batterer Intervention Program**
I ask the court to order the person listed in ② to go to a 52-week batterer intervention program and show proof of completion to the court.

**(23)** ☒ **Other Orders**
What other orders are you asking for? 1.To stop cyber (online) bullying and harassment of me and my company "gorgeous painting" 2. to stop contacting my friends and my clients and sending them inappropriate videos, pictures, blogs, websites what she created. 3. To remove content from pages on internet what she or her accomplices created to destroy my online reputation. 4. To stop stalking me cyber or real life

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Other Orders" for a title.*

**This is not a Court Order.**

Revised July 1, 2016
**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**
DV-100, Page 4 of 6 →

Page 9

Case Number:
1 8 V 0 0 2 3 7 4

**㉔ ☐ Time for Service (Notice)**

*The papers must be personally served on the person in ② at least five days before the hearing, unless the court orders a shorter time for service. If you want there to be fewer than five days between service and the hearing, explain why below. For help, read Form DV-200-INFO, "What Is Proof of Personal Service"?*

_____

_____

**㉕ No Fee to Serve (Notify) Restrained Person**

*If you want the sheriff or marshal to serve (notify) the restrained person about the orders for free, ask the court clerk what you need to do.*

**㉖ Court Hearing**

The court will schedule a hearing on your request. If the judge does not make the orders effective right away ("temporary restraining orders"), the judge may still make the orders after the hearing. If the judge does not make the orders effective right away, you can ask the court to cancel the hearing. Read form DV-112, *Waiver of Hearing on Denied Request for Temporary Restraining Order,* for more information.

**㉗ Describe Abuse**

Describe how the person in ② abused you. Abuse means to intentionally or recklessly cause or attempt to cause bodily injury to you; or to place you or another person in reasonable fear of imminent serious bodily injury; or to harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, keep you under surveillance, impersonate (on the Internet, electronically or otherwise), batter, telephone, or contact you; or to disturb your peace; or to destroy your personal property. (For a complete definition, see Fam. Code, §§ 6203, 6320.)

a. Date of most recent abuse:  Sep 18, 2018_____

    1. Who was there? Xingfei Luo, Tomas Czodor, Chris Kovacs (my friend), police

    2. Describe how the person in ② abused you or your child(ren):
       See also attached documents. This abuse is described under DV-100, Recent Abused.
       I have also pictures of these event attached with her at my front door and also video recording of this event

       _____

       _____

       _____

       ☒ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

    3. Did the person in ② use or threaten to use a gun or any other weapon? ☒ No ☐ Yes *(If yes, describe):*

       _____

       _____

    4. Describe any injuries: _____

       _____

       _____

    5. Did the police come? ☐ No ☒ Yes
       If yes, did they give you or the person in ② an Emergency Protective Order? ☐ Yes ☒ No ☐ I don't know
       *Attach a copy if you have one.*
       The order protects ☐ you  or  ☐ the person in ②

**This is not a Court Order.**

**Request for Domestic Violence Restraining Order**
**(Domestic Violence Prevention)**

DV-100, Page 5 of 6
→

Case Number:
`18V002374`

**(27) Describe Abuse (continued)**

Has the person in (2) abused you (or your child(ren)) other times?

b. Date of abuse: _____

1. Who was there? _____

2. Describe how the person in (2) abused you or your child(ren):

_____
_____
_____
_____
_____

☐ *Check here if you need more space. Attach a sheet of paper and write "DV-100, Recent Abuse" for a title.*

3. Did the person in (2) use or threaten to use a gun or any other weapon? ☐ No ☐ Yes *(If yes, describe):*

_____

4. Describe any injuries: _____

_____

5. Did the police come? ☐ No ☐ Yes

If yes, did they give you or the person in (2) an Emergency Protective Order?

☐ Yes ☐ No ☐ I don't know *Attach a copy if you have one.*

The order protects ☐ you or ☐ the person in (2)

*If the person in (2) abused you other times, check here ☐ and use Form DV-101, Description of Abuse or describe any previous abuse on an attached sheet of paper and write "DV-100, Previous Abuse" for a title.*

**(28) Other Persons to Be Protected**

The persons listed in item (3) need an order for protection because *(describe):* _____

_____
_____
_____
_____
_____

**(29)** Number of pages attached to this form, if any: _____

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: *09/28/18*

*Tomas Zaidin*

Type or print your name

Date: _____

Lawyer's name, if you have one

Sign your name

Lawyer's signature

**This is not a Court Order.**

**Request for Domestic Violence Restraining Order**
(Domestic Violence Prevention)

DV-100, Page 6 of 6

**DW 100 - RECENT ABUSE**

18V002374

9/18/18

8:00 pm Xingfei Luo aka Olivia (never told me her name and real age, she claimed to be 34) knocked on my door and scratched my door for about 20 minutes and did not stop after I told her to. She claimed she wanted talk and would not leave. I have recording of this I told her to leave multiple time but she did not want to. I called my friend Chris Kovacs to come so I have a witness of this incident. He came over and I went outside of my doors to confront her. My friend suggest to call 911 because she did not want to move and leave. Police came in 45min aprox. and order her to leave otherwise they charge her with tresspassing. After she left Police suggested that I will immediatly file restraining order. Also I have on recording confession that she did online what she did and that she posted the videos.

EXHIBIT 2

XINGFEI LUO
PO BOX 4886,
El Monte, CA 91734

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| XINGFEI LUO | CASE NUMBER |
|---|---|
| PLAINTIFF/PETITIONER, | 8:22-CV-01640-MEMF-KES |
| v. | |
| THE PEOPLE OF THE STATE OF CALIFORNIA | **REQUEST TO PROCEED IN FORMA PAUPERIS WITH DECLARATION IN SUPPORT** |
| DEFENDANT(S). | |

I, XINGFEI LUO_____, declare under penalty of perjury, that the foregoing is true and correct; that I am the petitioner/plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceedings or to give security therefore and that I am entitled to redress.

I further declare under penalty of perjury that the responses which I have made to the questions and instructions below are true, correct and complete.

1.  Are you presently employed? ☑Yes   ☐No

    a.  If the answer is yes, state the amount of your salary or wages per month, and give the name and address of your employer. $900 Self-employed

    b.  If the answer is no, state the date of last employment and the amount of the salary and wages per month which you received. _____

2.  Have you received, *within the past twelve months*, any money from any of the following sources?

    a.  Business, profession or form of self-employment?    ☑Yes   ☐No
    b.  Rent payments, interest or dividends?    ☐Yes   ☑No
    c.  Pensions, annuities or life insurance payments?    ☐Yes   ☑No
    d.  Gifts or inheritances?    ☐Yes   ☑No
    e.  Any other income (other than listed above)?    ☐Yes   ☑No
    f.  Loans?    ☐Yes   ☑No

    If the answer to any of the above is yes, describe such source of money and state the amount received from each source during the past twelve (12) months: $7,000 _____

3.  Do you own any cash, or do you have money in a checking or savings account?  (Include any funds in prison accounts, if applicable.)  ☑Yes    ☐No

   If the answer is yes, identify each account and separately state the amount of money held in **each** account for each of the *six (6) months prior* to the date of this declaration.
   Cash $53

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  ☑Yes    ☐No

   If the answer is yes, describe the property and state its approximate value:  Toyota Camry  $1,000

5.  In what year did you last file an Income Tax return? 2021

   Approximately how much income did your last tax return reflect? 13,000

6.  List the persons who are dependent upon your for support, state your relationship to those persons, and indicate how much you contribute toward their support:

   n/a

I understand that a false statement or answer to any question in this declaration will subject me to penalties for perjury.  I further understand that perjury is punishable by a term of imprisonment of up to five (5) years and/or a fine of $250,000 (18 U.S.C.  Sections  1621, 3571).

| California | Los Angeles County |
|---|---|
| State | County (or City) |

I, XINGFEI LUO                                            , declare under penalty of perjury that the foregoing is true and correct.

| 4/13/2023 | /s/ Xingfei Luo |
|---|---|
| Date | Plaintiff/Petitioner (Signature) |