**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                    Date: April 19, 2023

Title:  XINGFEI LUO v. THE PEOPLE OF CALIFORNIA

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|:---:|:---:|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|:---:|:---:|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):                **Order Denying without Prejudice**
**Petitioner's Motion to Appoint Counsel**
**(Dkt. 22)**

## I.    BACKGROUND

On September 6, 2022, Petitioner Xingfei Luo filed a pro se petition for a writ of habeas corpus by a person in state custody.  (Dkt. 1.)  That same day, she moved for an appointment of counsel.  (Dkt. 7.)  On December 20, 2022, this magistrate judge denied that motion to appoint counsel.  (Dkt. 18.)  After other litigation (see Dkt. 11, 13, 15-17, and 19-21), Petitioner has again moved for court-appointed counsel.  (Dkt. 22.)

## II.    DISCUSSION

There is no constitutional right to counsel in habeas proceedings.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").  But the Court may appoint counsel for a petitioner who is or becomes financially unable to afford counsel if the interests of justice so require.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2).  On the current record, it is not clear that Petitioner cannot afford counsel. Petitioner paid the filing fee.  (Dkt. 1.)

Even had Petitioner demonstrated indigency, the interests of justice would not require appointing counsel now.  The interests of justice require the appointment of counsel if an evidentiary hearing on the habeas petition is needed, or if a party may conduct discovery and the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                              Date: April 19, 2023
                                                                  Page 2

appointment of counsel is "necessary for effective discovery."  Rules Governing Section 2254 and 2255 Cases, Rules 8(c) and 6(a).  Neither situation has occurred yet.

Appointment of counsel is also needed if "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).  "A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner" or "if the petitioner has such limited education that he or she is incapable of presenting his or her claims."  Ricchio v. Johnson, No. 15-cv-0697, 2015 U.S. Dist. LEXIS 111833 at *4, 2015 WL 5022549, at *2 (S.D. Cal. Aug. 21, 2015).  Petitioner has had no difficulty articulating her claims.  (See Dkt. 2.)  Petitioner has not demonstrated that a due process violation will occur without appointed counsel.  Of course, nothing in this order prevents Petitioner from retaining her own lawyer or calling the pro se clinic for free assistance.  Information about the pro se clinic is available on the Court's website in the box labeled "People without Lawyers."

## III.    CONCLUSION

IT IS HEREBY ORDERED that Petitioner's motion to appoint counsel (Dkt. 22) is **denied without prejudice**.

Initials of Deputy Clerk JD