1 XINGFEI LUO

2 PO BOX 4886,

3 El Monte, CA 91734

4

5 Petitioner in Pro Se

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 XINGFEI LUO,

12                 Petitioner,

13    v.

14 THE PEOPLE OF THE STATE OF CALIFORNIA

15

16                 Respondent.

No. 8:22-CV-01640-MEMF-KES

**RENEWED REQUEST FOR JUDICIAL NOTICE**

Action filed: September 6, 2022

17

18       Xingfei Luo (Petitioner) respectfully presents this Renewed Request for Judicial

19 Notice (RJN).

20     **I.     APPROPRIATENESS FOR JUDICIAL NOTICE**

21       Federal Rule of Evidence Rule 201 states:

22       (a) Scope. This rule governs judicial notice of an adjudicative fact only, not a

23 legislative fact.

24       (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice

25 a fact that is not subject to reasonable dispute because it:

26            (1) is generally known within the trial court's territorial jurisdiction; or

27            (2) can be accurately and readily determined from sources whose accuracy

28

FILED
CLERK, U.S. DISTRICT COURT

06/01/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JD _____ DEPUTY

1    cannot reasonably be questioned.

2    (c) Taking Notice. The court:

3         (1) may take judicial notice on its own; or

4         (2) must take judicial notice if a party requests it and the court is supplied

5    with the necessary information.

6    Further, per *Reyn's Pasta Bella, LLC v. Visa USA, Inc*. (9th Cir. 2006) 442 F.3d

7    741, 746 fn.6, this court "may take judicial notice of court filings and other matters of

8    public record." See *Burbank, Glendale-Pasadena Airport Auth. v. City of Burbank*, (9th

9    Cir. 1998)136 F. 3d 1360, 1364.

10       **II.    FACTUAL RELEVANCE TO THE PENDING PETITION**

11       There were no different alleged restraining order violations in the case No.

12   23CM00067 when compared to the case No. 19CM06724. Instead, Petitioner was

13   subsequently acquitted in 2023 for essentially the same conduct for which she was

14   convicted in 2021.

15       Same Prosecuting Agency:

16       It is self-evident that both cases were prosecuted by the same prosecuting agency,

17   namely Orange County District Attorney (OCDA).

18       Exact Same Allegations:

19       On August 6, 2019, Petitioner was charged by misdemeanor complaint (Case No.

20   19CM06724) with violation of a protective order (Pen. Code, §273.6(a)) (by coming

21   within 100 yards of the protected person) and two other crimes. ECF 3 at 14. 720 days

22   after the complaint was filed, despite no finding of good cause to justify any belated

23   amendment, the complaint was amended from allegation of coming within 100 yards of

24   the protected person to failure to deactivate website and created new websites. ECF 3 at

25   79. The alleged violation stemmed from the DVRO mandating Petitioner to remove

26   content on the internet relating to Tomas Czodor. ECF 4 at 120.

27       On February 8, 2023, Petitioner was charged by misdemeanor complaint (Case No.

28   23CM00067) with violation of a protective order (Pen. Code, §166(a)(4)) (by failing to

remove any pictures or references of the protected party from any social media websites or blogs she may have posted.)

Both cases were based on the same allegations against Petitioner. The charges and factual basis presented in both prosecutions were essentially identical. This congruence between the two cases emphasizes the repetitious nature of the prosecutions.

Same Underlying Family Court Order Involving Same Parties and Same Terms of The Order:

The amended restraining order was issued on October 1, 2021 under the same case number, has the same expiration date and involves the same parties as the original order. This continuity is indicative of a modification or amendment of the original order rather than the issuance of a new order. The parties involved and the underlying case remain unchanged, supporting the notion that the amended order should be viewed as a revision of the original, rather than a new and distinct order. The purpose of the amended restraining order was to make minor changes or adjustments to the original order, rather than introducing entirely new terms or conditions. Therefore the amended order is not a separate and distinct order. At the 2023 trial, the prosecution did misrepresent to the jury that Czodor went to the family court in 2021 to obtain a new restraining order.

Petitioner was charged in both cases for violation of the same DVRO issued in the same Case No. 18V002374. Therefore, Petitioner's trial counsel filed a motion to dismiss due to double jeopardy.

Exact Same Evidence and Complaining Witness:

The evidence in Case No. 23CM00067 was posted in 2018, prior to Petitioner was charged in Case No. 19CM06724. The evidence in Case No. 23CM00067 was not posted in 2022. Instead, the prosecution's theory was that Petitioner failed to remove online posting posted in 2018. Therefore, Petitioner's trial counsel filed a motion to dismiss due to double jeopardy.

The complaining witness in Case No. 23CM00067 was Tomas Czodor, same as the one in Case No. 19CM06724.

1   **III.   APPROPRIATENESS FOR THIS COURT'S CONSIDERATION**
2           **DESPITE PINHOLSTER**

3           In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the court held that a federal habeas
4   court's review "is limited to the record that was before the state court that adjudicated the
5   claim on the merits." *Pinholster* established the principle that a federal habeas court's
6   review is limited to the record that was before the state court that adjudicated the claim on
7   the merits. However, it is essential to note that *Pinholster* did not contemplate or address a
8   situation where a prisoner is subsequently acquitted for the same conduct for which they
9   were previously convicted. Therefore, *Pinholster*'s holding and reasoning should not be
10  interpreted as precluding a federal habeas court from considering a subsequent acquittal in
11  determining whether to grant habeas corpus relief.

12          When a prisoner is subsequently acquitted for essentially the same conduct, it
13  raises significant concerns regarding the fairness and accuracy of the original conviction.

14          *Pinholster* does not provide any guidance or foreclose the consideration of a
15  subsequent acquittal in determining whether to grant habeas corpus relief. The unique
16  circumstances presented in this case warrant a thorough review of the subsequent acquittal
17  as new evidence that may cast doubt on the validity of the original conviction.

18          Petitioner hereby requests that this Court take judicial notice of the following
19  documents under Federal Rules of Evidence Rule 201:

20          1.      Amended Complaint, dated on February 24, 2023, filed in Orange County
21  Superior Court in Case No. 23CM00067, and is attached hereto as Exhibit 5. In the
22  Amended Complaint, based on the theory of ongoing failure to remove references and
23  photos of Tomas Czodor, Petitioner was charged for the exact same conduct as she was
24  charged in Case No. 19CM06724. See Count 2 on ECF 3, p. 79.

25          2.      Motion to dismiss, filed on March 14, 2023 in Orange County Superior
26  Court in Case No. 23CM00067, and is attached hereto as Exhibit 6. A continuing offense
27  is not terminated by a single act or circumstance, but instead endures for as long as the
28  proscribed conduct continues. *Wright v. Superior Court* (1997) 15 Cal.4th 521, 525.

1    "[O]rdinarily, a continuing offense is marked by a continuing duty in the defendant to do

2    an act which he fails to do. The offense continues as long as the duty persists, and there is

3    a failure to perform that duty. [Citations.] Thus, when the law imposes an affirmative

4    obligation to act, the violation is complete at the first instance the elements are met. It is

5    nevertheless not completed as long as the obligation remains unfulfilled. 'The crime

6    achieves no finality until such time.' " *Wright v. Superior Court* (1997) 15 Cal.4th 521,

7    525-526. A defendant violates a continuing offense **only once, even if the proscribed**

8    **conduct extends over an indefinite period**. *People v. Mason* (2014) 232 Cal.App.4th

9    355, 364-365. In *Mason*, the appellate court overturned three of the defendant's four

10   convictions for possessing the same firearm on four different dates, months apart. *Mason*,

11   supra, 232 Cal.App.4th at pp. 366-367. A continuing offense constitutes a single violation

12   and may not be arbitrarily divided into separate time intervals and charged as multiple

13   violations. *People v. Keehley* (1987) 193 Cal.App.3d 1381, 1385 (Keehley); *People v.*

14   *Gregori* (1983) 144 Cal.App.3d 353, 357. Determining whether a crime is a continuing

15   offense is primarily a question of statutory interpretation. (*Wright*, supra, 15 Cal.4th at p.

16   526.) It also is important to consider whether the nature of the crime is such that the

17   Legislature " 'must assuredly have intended that it be treated as a continuing one.' " (Ibid.)

18   Doubts should be resolved against a construction " 'subjecting an offender to multiple

19   convictions by reason of a single unified pattern of behavior even though the behavior

20   continues over a period of time.' " (*Keehley*, supra, 193 Cal.App.3d at p. 1385.) Section

21   654, subdivision (a), provides that an act or omission that is punishable in different ways

22   by different provisions of law may be punished under either of such provisions, but in no

23   case shall the act or omission be punished under more than one provision. An acquittal or

24   conviction and sentence under any one bars a prosecution for the same act or omission

25   under any other. Section 654 therefore ' "precludes multiple punishment for a single act or

26   for a course of conduct comprising indivisible acts. 'Whether a course of criminal conduct

27   is divisible . . . depends on the intent and objective of the actor.' [Citations.] '[I]f all the

28   offenses were merely incidental to, or were the means of accomplishing or facilitating one

objective, defendant may be found to have harbored a single intent and therefore may be punished only once.' [Citation.]" [Citation.]' [Citations.] In *People v. Lewis* 77 Cal.App.3d 455 (Cal. Ct. App. 1978), one continuous criminal act committed by defendant between 1971 and 1976 was divided into four counts subjecting defendant to multiple convictions for the single offense of pimping. Although involving different factual situations, the concept that a defendant may not be subjected to multiple convictions for only one criminal act is articulated in *People v. Lyons*, 50 Cal.2d 245, 275 [324 P.2d 556] (possession of several articles stolen from separate victims, single offense); *People v. Smith*, 26 Cal.2d 854, 858-859 [ 161 P.2d 941] (simultaneous receipt of three articles of stolen goods, single offense); *People v. Bowie*, 72 Cal.App.3d 143, 156 [140 Cal.Rptr. 49] (11 counts of possession of blank and unfinished checks, single offense); *People v. Aresen*, 91 Cal.App.2d 26, 37 [204 P.2d 389] (two counts of illegal sale of the same stock, single offense) and *People v. Puppilo*, 100 Cal.App. 559, 562 [280 P. 545] (unlawful possession of two pistols, one offense). Nevertheless, despite Petitioner's prior conviction of the exact same conduct, the Orange County Superior Court blatantly violated Petitioner's constitutional rights and forced her to go through a jury trial, relying on the exact same evidence in the Case No. 19CM06724.

3. Docket summary of Case No. 23CM00067, indicating that on March 28, 2023 Petitioner was Found Not Guilty by Jury, attached hereto as Exhibit 7. In Case No. 19CM06724, Juror 102, a delivery driver, requested to be excused due to financial hardship. ECF 4, p. 4. The trial court denied his request and defense counsel failed to object. In Case No. 23CM00067, each potential juror was asked if they would change their position due to pressure, such as when deliberating on Friday late afternoon close to weekend. In Case No. 19CM06724, the jury panel had little to no well-educated individuals. In Case No. 23CM00067, the jury panel had a civil attorney and an engineer graduated from MIT. In Case No. 19CM06724, no officer was called to testify. In Case No. 23CM00067, trial counsel effectively attacked the investigator for her poor police work, i.e. failure to provide metadata or IP address, and failure to interview Czodor's

wife. In Case No. 19CM06724, the complaining witness concealed his marital status and presented himself as a single innocent young man looking for a relationship through a dating app in 2018. ECF 4, pp. 29-109. In Case No. 23CM00067, trial counsel exposed the concealed marital status of the complaining witness and highlighted the fact that the complaining witness sent unsolicited nude photos to Petitioner. Despite the complaining witness testified that he was separated from his wife in 2018[1], he met no one else but Petitioner from the dating app and he sent no one else but Petitioner his nude photos, the jury did not buy his story.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.


Respectfully submitted,

Date: June 1, 2023

*/s/ Xingfei Luo*

---

[1] Tomas Czodor's testimony about being separated from his wife in 2018 is another perjury. Three years following 2018, for each year he still filed taxes with his wife as a married couple. As of 2022, his wife still lived with him in the same home. His wife still co-owns their residence.

1        **DECLARATION OF PETITIONER XINGFEI LUO**

2    I, XINGFEI LUO declare and state:

3        1.    I am the Petitioner in this case. I have personal knowledge of the facts stated

4    herein. If called upon as a witness I could and would competently testify thereto.

5        2.    On September 28, 2018 a temporary restraining order was entered in the Case

6    No. 18V002374, involving Tomas Czodor. A true and correct copy of the order is

7    attached hereto as Exhibit 1.

8        3.    On October 19, 2018 a DVRO was entered in the Case No. 18V002374,

9    involving Tomas Czodor, with an expiration date on October 19, 2023. A true and correct

10    copy of the order is attached hereto as Exhibit 2.

11        4.    On October 1, 2021 a First Amended DVRO was entered in the Case No.

12    18V002374, involving Tomas Czodor, with an expiration date on October 19, 2023. A

13    true and correct copy of the order is attached hereto as Exhibit 3.

14        5.    The First Amended DVRO, with the same case number, with the same

15    expiration date, involving the same parties, is not a newly issued separate restraining

16    order. A true and correct copy of the minor changes made on the First Amended DVRO is

17    attached hereto as Exhibit 4. However, at the 2023 criminal trial, the prosecution did

18    misrepresent to the jury that Czodor went to the family court in 2021 to obtain a new

19    restraining order.

20        6.    A true and correct copy of the Amended Complaint, dated on February 24,

21    2023, filed in Orange County Superior Court in Case No. 23CM00067, is attached hereto

22    as Exhibit 5.

23        7.    A true and correct copy of the Motion to dismiss, filed on March 14, 2023 in

24    Orange County Superior Court in Case No. 23CM00067, is attached hereto as Exhibit 6.

25        8.    A true and correct copy of docket summary of Case No. 23CM00067,

26    indicating that on March 28, 2023 I was Found Not Guilty by Jury, is attached hereto as

27    Exhibit 7.

28        Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

1    is true and correct.

2         Date: June 1, 2023                           */s/ XINGFEI LUO*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on June 1, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

EXHIBIT 1

**DV-110**     **Temporary Restraining Order**

*Person in* ① *must complete items* ①, ②, *and* ③ *only.*

① **Name of Protected Person:**
Tomas Czodor

Your lawyer in this case *(if you have one):*
Name: _____ State Bar No.: _____
Firm Name: _____

**Address** *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*
Address: 2521 N Jacaranda st
City: Santa Ana          State: CA     Zip: 92705
Telephone: 714-330-4746       Fax: _____
E-mail Address: _____

② **Name of Restrained Person:**
Xingfei Luo

Description of restrained person:

| | | |
|---|---|---|
| Sex: ☐ M ☒ F   Height: 5 ft 1 inch   Weight: 95 | Hair Color: black | Eye Color: black |
| Race: Asian - chinese | Age: 40 | Date of Birth: 12/31/1977 |
| Address *(if known)*: 10628 Hallwood dr | | |
| City: Temple City | State: CA | Zip: 91780 |
| Relationship to protected person: Dating | | |

③ ☒ ~~Additional Protected Persons~~
In addition to the person named in ①, the following persons are protected by temporary orders as indicated in items ⑥ and ⑦ *(family or household members):*

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| _____ | _____ | ___ | ___ |
| _____ | _____ | ___ | ___ |
| _____ | _____ | ___ | ___ |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-110, Additional Protected Persons" as a title.*

*The court will complete the rest of this form.*

④ **Court Hearing**
*This order expires at the end of the hearing stated below:*

| | | |
|---|---|---|
| Hearing Date: 10/19/18 | Time: 8:30 | ☒ a.m. ☐ p.m.  L11 |

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq.
Approved by DOJ

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 1 of 6
→

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTER

SEP 28 2018
DAVID H. YAMASAKI, Clerk of the Court
BY: J. WUNSCH, DEPUTY

*Fill in court name and street address:*
Superior Court of California, County of
SUPERIOR COURT
MOREAUX JUSTICE CENTER
341 THE CITY DRIVE
ORANGE. CA 92868-3205

*Court fills in case number when form is filed.*
Case Number:
18V002374

Case Number:

**18V002374**

(5) ☒ **Criminal Protective Order**

　a. ☐ A criminal protective order on Form CR-160, *Criminal Protective Order—Domestic Violence,* is in effect.
　　Case Number: _____ County: _____ Expiration Date: _____

　b. ☒ No information has been provided to the judge about a criminal protective order.

**To the person in ②**

The court has granted the temporary orders checked below. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

(6) **Personal Conduct Orders** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

　a. You must **not** do the following things to the person in ① and ☐ persons in ③ :

　　☒ Harass, attack, strike, threaten, assault *(sexually or otherwise),* hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise),* or block movements

　　☒ Contact, either directly or indirectly, in any way, including but not limited to, by telephone, mail, e-mail or other electronic means

　　☒ Take any action, directly or through others, to obtain the addresses or locations of the persons in ① *and* ③ . *(If this item is not checked, the court has found good cause not to make this order.)*

　b. Peaceful written contact through a lawyer or process server or another person for service of Form DV-120 *(Response to Request for Domestic Violence Restraining Order)* or other legal papers related to a court case is allowed and does not violate this order.

　c. ☐ Exceptions: Brief and peaceful contact with the person in ① , and peaceful contact with children in ③ , as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

(7) **Stay-Away Order** ☐ Not requested ☐ Denied until the hearing ☒ Granted as follows:

　a. You **must** stay at least *(specify):* __100__ yards away from *(check all that apply):*
　　☒ The person in ①　　　　　　　　☐ School of person in ①
　　☒ Home of person in ①　　　　　　☐ The persons in ③
　　☒ The job or workplace of person in ①　☐ The child(ren)'s school or child care
　　☒ Vehicle of person in ①　　　　　☒ Other *(specify):* PERSON IN (1)'s FACEBOOK PAGE!
　　　　　　　　　　　　　　　　　　　　　　　　　　　LOSTUE'S

　b. ☐ Exceptions: Brief and peaceful contact with the person in ① , and peaceful contact with children in ③ , as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

(8) **Move-Out Order** ☒ Not requested ☐ Denied until the hearing ☐ Granted as follows:

You must take only personal clothing and belongings needed until the hearing and move out immediately from *(address):* _____

**This is a Court Order.**

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Case Number: **18V002374**

**(9) No Guns or Other Firearms or Ammunition**

a. You cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

b. You must:

- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within your immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, stored, or sold. (You may use *Form DV-800, Proof of Firearms Turned In, Sold, or Stored,* for the receipt.) Bring a court filed copy to the hearing.

c. [X] The court has received information that you own or possess a firearm. *from Submitted Photo's & Correspondence*

**(10) Record Unlawful Communications**

☐ Not requested ☐ Denied until the hearing [X] Granted as follows:

The person in (1) can record communications made by you that violate the judge's orders.

**(11) Care of Animals** [X] Not requested ☐ Denied until the hearing ☐ Granted as follows:

The person in (1) is given the sole possession, care, and control of the animals listed below. The person in (2) must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals:

_____

_____

**(12) Child Custody and Visitation** [X] Not requested ☐ Denied until the hearing ☐ Granted as follows:

Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____ . The parent with temporary custody of the child must not remove the child from California unless the court allows it after a noticed hearing (Fam. Code, § 3063).

**(13) Child Support**

Not ordered now but may be ordered after a noticed hearing.

**(14) Property Control** [X] Not requested ☐ Denied until the hearing ☐ Granted as follows:

Until the hearing, *only the* person in (1) can use, control, and possess the following property:

_____

**(15) Debt Payment** [X] Not requested ☐ Denied until the hearing ☐ Granted as follows:

The person in (2) must make these payments until this order ends:

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

Pay to: _____ For: _____ Amount: $ _____ Due date: _____

**(16) Property Restraint** [X] Not requested ☐ Denied until the hearing ☐ Granted as follows:

If the people in (1) and (2) are married to each other or are registered domestic partners, ☐ the person in (1) ☐ the person in (2) must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, each person must notify the other of any new or big expenses and explain them to the court. *(The person in (2) cannot contact the person in (1) if the court has made a "no contact" order.)*

Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2016     **Temporary Restraining Order**     DV-110, Page 3 of 6
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

Page 48

Case Number: 18V002374

**(17) Spousal Support**

Not ordered now but may be ordered after a noticed hearing.

**(18) Rights to Mobile Device and Wireless Phone Account**

a. **Property control of mobile device and wireless phone account**

☑ Not requested ☐ Denied until the hearing ☐ Granted as follows:

Until the hearing, only the person in ① can use, control, and possess the following property:

Mobile device (describe) _____ and account (phone number): _____

Mobile device (describe) _____ and account (phone number): _____

Mobile device (describe) _____ and account (phone number): _____

☐ Check here if you need more space. Attach a sheet of paper and write "DV-110 Rights to Mobile Device and Wireless Phone Account" as a title.

b. **Debt Payment** ☑ Not requested ☐ Denied until the hearing ☐ Granted as follows:

The person in ② must make these payments until this order ends:

Pay to (wireless service provider): _____ Amount: $_____ Due date: _____

c. **Transfer of Wireless Phone Account**

Not ordered now but may be ordered after a noticed hearing.

**(19) Insurance**

☐ The person in ① ☐ the person in ② is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20) Lawyer's Fees and Costs**

Not ordered now but may be ordered after a noticed hearing.

**(21) Payments for Costs and Services**

Not ordered now but may be ordered after a noticed hearing.

**(22) Batterer Intervention Program**

Not ordered now but may be ordered after a noticed hearing.

**(23) Other Orders** ☐ Not requested ☐ Denied until the hearing ☑ Granted as follows:

1. To stop (online) bullying and harass me and my company georgeos painting
2. To stop contacting my friends and my clients and telling them inappropriate videos, pictures, blogs, websites what she created. 3. To remove content from pages on internet what she or her accomplices created to destroy my own reputation
4. To stop stalking me in real life or cyber space ① ①'s
5. To stop posting about me online

☐ Check here if there are additional orders. List them on an attached sheet of paper and write "DV-110, Other Orders" as a title.

**(24) No Fee to Serve (Notify) Restrained Person**

If the sheriff serves this order, he or she will do so for free.

Date: SEP 28 2018

_Judge (or Judicial Officer)_

JOHN L. FLYNN III.

**This is a Court Order.**

**Temporary Restraining Order (CLETS—TRO)** (Domestic Violence Prevention)

Case Number:

**18V002374**

## Warnings and Notices to the Restrained Person in ②

### If You Do Not Obey This Order, You Can Be Arrested And Charged With a Crime.

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You Cannot Have Guns, Firearms, And/Or Ammunition.



You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. You must sell to or store with a licensed gun dealer or turn in to a law enforcement agency any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect.

### Service of Order by Mail

If the judge makes a restraining order at the hearing, which has the same orders as in this form, you will get a copy of that order by mail at your last known address, which is written in ②. If this address is incorrect, or to find out if the orders were made permanent, contact the court.

### Child Custody, Visitation, and Support

- **Child custody and visitation:** If you do not go to the hearing, the judge can make custody and visitation orders for your children without hearing from you.
- **Child support:** The judge can order child support based on the income of both parents. The judge can also have that support taken directly from a parent's paycheck. Child support can be a lot of money, and usually you have to pay until the child is age 18. File and serve a *Financial Statement (Simplified)* (form FL-155) or an *Income and Expense Declaration* (form FL-150) if you want the judge to have information about your finances. Otherwise, the court may make support orders without hearing from you.
- **Spousal support:** File and serve an *Income and Expense Declaration* (form FL-150) so the judge will have information about your finances. Otherwise, the court may make support orders without hearing from you.

## Instructions for Law Enforcement

This order is effective when made. It is enforceable by any law enforcement agency that has received the order, is shown a copy of the order, or has verified its existence on the California Law Enforcement Telecommunications System (CLETS). If the law enforcement agency has not received proof of service on the restrained person, and the restrained person was not present at the court hearing, the agency shall advise the restrained person of the terms of the order and then shall enforce it. Violations of this order are subject to criminal penalties.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

## This is a Court Order.

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**



Case Number:
**18V002374**

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, §13710(b).)

### Conflicting Orders–Priorities for Enforcement

**If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced according to the following priorities (see Pen. Code, § 136.2, and Fam. Code, §§ 6383(h), 6405(b)):**

1. *EPO:* If one of the orders is an *Emergency Protective Order* (form EPO-001), and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

### Child Custody and Visitation

• The custody and visitation orders are on form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

• **Forms DV-100 and DV-105 are not orders. Do not enforce them.**

---

**Certificate of Compliance With VAWA**

This temporary protective order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA), upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

---



*(Clerk will fill out this part.)*

**—Clerk's Certificate—**

I certify that this *Temporary Restraining Order* is a true and correct copy of the original on file in the court.

Date: **SEP 2 8 2018** _____ Clerk, by _____, Deputy

LEANNE WUNSCH

| This is a Court Order. |

**Temporary Restraining Order**
**(CLETS—TRO)**
**(Domestic Violence Prevention)**

DV-110, Page 6 of 6

EXHIBIT 2

Domestic Violence Assistance

| **DV-130** | **Restraining Order After Hearing (Order of Protection)** |
|---|---|

☒ **Original Order**   ☐ _____ **Amended Order**

① **Name of Protected Person:**

Tomas Czodor

Your lawyer in this case *(if you have one)*:

Name: _____   State Bar No.: _____

Firm Name: _____

Address *(If you have a lawyer for this case, give your lawyer's information. If you do not have a lawyer and want to keep your home address private, give a different mailing address instead. You do not have to give your telephone, fax, or e-mail.):*

Address: 2521 N. Jacaranda

City: Santa Ana   State: CA   Zip: 92705

Telephone: 714-330-4746   Fax: _____

E-Mail Address: _____

② **Name of Restrained Person:**

Xingxi Luo

**Description of restrained person:**

| Sex: ☐ M ☒ F | Height: 5'1" | Weight: 95 | Hair Color: black | Eye Color: black |
|---|---|---|---|---|

Race: Asian-Chinese   Age 40   Date of Birth: 12/31/77

Mailing Address *(if known)*: 10628 Hallwood Dr.

City: Temple City   State: California   Zip: 91780

Relationship to protected person: former partner

③ ☐ **Additional Protected Persons**

In addition to the person named in ①, the following persons are protected by orders as indicated in items ⑥ and ⑦ *(family or household members)*:

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write, "DV-130, Additional Protected Persons," as a title.*

④ **Expiration Date**

The orders, except as noted below, end on

| *(date):* 10/19/23 | at *(time):* _____ | ☐ a.m. ☐ p.m. or ☑ midnight |
|---|---|---|

- *If no date is written, the restraining order ends three years after the date of the hearing in item ⑤(a).*
- *If no time is written, the restraining order ends at midnight on the expiration date.*
- *Note: Custody, visitation, child support, and spousal support orders remain in effect after the restraining order ends. Custody, visitation, and child support orders usually end when the child is 18.*
- **The court orders are on pages 2, 3, 4, and 5 and attachment pages (if any).**

**This order complies with VAWA and shall be enforced throughout the United States. See page 5.**

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq. Approved by DOJ

**Restraining Order After Hearing (CLETS—OAH) (Order of Protection) (Domestic Violence Prevention)**

DV-130, Page 1 of 7

Westlaw Doc & Form Builder

---

Clerk stamps date here when form is filed.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

OCT 19 2018

DAVID H. YAMASAKI, Clerk of the Court

B. WILLIAMS   , DEPUTY

Fill in court name and street address:

**Superior Court of California, County of**
Orange
341 The City Drive South
Orange, 92868-3205
Lamoreaux Justice Center

Clerk fills in case number when form is filed.

**Case Number:**
18VD002374

Domestic Violence Assistance | Case Number: 18V002374

## (5) Hearings

a. The hearing was on *(date):* 10/19/18 LH  with *(name of judicial officer):* COMMISSIONER RENEE E. WILSON

b. These people were at the hearing *(check all that apply):*
   - ☑ The person in (1)   ☐ The lawyer for the person in (1) *(name):* _____
   - ☑ The person in (2)   ☐ The lawyer for the person in (2) *(name):* _____

c. The people in (1) and (2) must **return to Dept.** _____ **of the court** on (date): _____
   at *(time):* _____   ☐ a.m.   ☐ p.m.   to review *(specify issues):* _____

### To the person in (2):

The court has granted the orders checked below. Item (9) is also an order. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

## (6) ☑ Personal Conduct Orders

a. The person in (2) must **not** do the following things to the protected people in (1) and (3):

   - ☑ Harass, attack, strike, threaten, assault *(sexually or otherwise),* hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise),* or block movements.
   - ☑ Contact, either directly or indirectly, by any means, including, but not limited to, by telephone, mail, e-mail, or other electronic means.
   - ☑ Take any action, directly or through others, to obtain the addresses or locations of any protected persons. *(If this item is not checked, the court has found good cause not to make this order.)*

b. Peaceful written contact through a lawyer or process server or another person for service of legal papers related to a court case is allowed and does not violate this order.

c. ☐ Exceptions: Brief and peaceful contact with the person in (1), and peaceful contact with children in (3), as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## (7) ☑ Stay-Away Order

a. The person in (2) must stay at least *(specify):* 10 yards away from *(check all that apply):*
   - ☑ The person in (1)          ☐ School of person in (1)
   - ☑ Home of person in (1)      ☐ The persons in (3)
   - ☑ The job or workplace of person in (1)   ☐ The child(ren)'s school or child care
   - ☑ Vehicle of person in (1)   ☐ Other *(specify):* _____

b. ☐ Exceptions: Brief and peaceful contact with the person in (1), and peaceful contact with children in (3), as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## (8) ☐ Move-Out Order

The person in (2) must move out immediately from *(address):* _____

## (9) No Guns or Other Firearms or Ammunition

a. The person in (2) cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

### This is a Court Order.

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

Domestic Violence Assistance

Case Number: 18V002374

**(9)** b. The person in (2) must:
- Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within his or her immediate possession or control. Do so within 24 hours of being served with this order.
- Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, sold, or stored. *(Form DV-800, Proof of Firearms Turned In, Sold, or Stored,* may be used for the receipt.) Bring a court filed copy to the hearing.

c. ☐ The court has received information that the person in (2) owns or possesses a firearm.

d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Family Code section 6389(h). Under California law, the person in (2) is not required to relinquish this firearm *(specify make, model, and serial number of firearm):* _____
The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in (2) may be subject to federal prosecution for possessing or controlling a firearm.

**(10)** ☑ **Record Unlawful Communications**
The person in (1) has the right to record communications made by the person in (2) that violate the judge's orders.

**(11)** ☐ **Care of Animals**
The person in (1) is given the sole possession, care, and control of the animals listed below. The person in (2) must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals: _____

**(12)** ☐ **Child Custody and Visitation**
Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____

**(13)** ☐ **Child Support**
Child support is ordered on the attached Form FL-342, *Child Support Information and Order Attachment* or *(specify other form):* _____

**(14)** ☐ **Property Control**
Only the person in (1) can use, control, and possess the following property: _____

**(15)** ☐ **Debt Payment**
The person in (2) must make these payments until this order ends:

| Pay to: | For: | Amount: $ | Due date: |
|---|---|---|---|
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |

☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write "DV-130, Debt Payments" as a title.*

**(16)** ☐ **Property Restraint**
The ☐ person in (1) ☐ person in (2) must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, the person must notify the other of any new or big expenses and explain them to the court. *(The person in (2) cannot contact the person in (1) if the court has made a "No-Contact" order.)*
Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2018          Restraining Order After Hearing (CLETS—OAH)          DV-130, Page 3 of 7
(Order of Protection)          →
(Domestic Violence Prevention)

Page 54

Domestic Violence Assistance

Case Number: KVO02374

**(17)** ☐ **Spousal Support**
Spousal support is ordered on the attached Form FL-343, *Spousal, Partner, or Family Support Order Attachment* or *(specify other form):* _____

**(18)** ☐ **Rights to Mobile Device and Wireless Phone Account**

   **a.** ☐ **Property Control of Mobile Device and Wireless Phone Account**
     Only the person in **(1)** can use, control, and possess the following property:
     Mobile device *(describe)* _____ and account *(phone number):* _____
     Mobile device *(describe)* _____ and account *(phone number):* _____
     ☐ *Check here if you need more space. Attach a sheet of paper and write "DV-130 Rights to Mobile Device and Wireless Phone Account" as a title.*

   **b.** ☐ **Debt Payment**
     The person in **(2)** must make these payments until this order ends:
     Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

   **c.** ☐ **Transfer of Wireless Phone Account**
     The court has made an order transferring one or more wireless service accounts from the person in **(2)** to the person in **(1)**. These orders are contained in a separate order (Form DV-900).

**(19)** ☐ **Insurance**
☐ The person in **(1)** ☐ the person in **(2)** is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

**(20)** ☐ **Lawyer's Fees and Costs**
The person in **(2)** must pay the following lawyer's fees and costs:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____

**(21)** ☐ **Payments for Costs and Services**
The person in **(2)** must pay the following:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write "DV-130, Payments for Costs and Services" as a title.*

**(22)** ☐ **Batterer Intervention Program**
The person in **(2)** must go to and pay for a 52-week batterer intervention program and show written proof of completion to the court. This program must be approved by the probation department under Penal Code § 1203.097. The person in **(2)** must enroll by *(date):* _____ or if no date is listed, must enroll within 30 days after the order is made. The person in **(2)** must complete, file and serve Form 805, Proof of Enrollment for Batterer Intervention Program.

**(23)** ☑ **Other Orders**
Other orders *(specify):* _See attached_ _____
_____
_____

**(24)** **No Fee to Serve (Notify) Restrained Person**
If the sheriff or marshal serves this order, he or she will do it for free.

**This is a Court Order.**

Revised July 1, 2016     **Restraining Order After Hearing (CLETS—OAH)**     DV-130, Page 4 of 7 →
**(Order of Protection)**
**(Domestic Violence Prevention)**

Page 55

Domestic Violence Assistance

Case Number: 18V002374

**(25) Service**

a. ☑ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

b. ☐ The person in ① was at the hearing on the request for original orders. The person in ② was not present.

  (1) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are the same as in Form DV-110 except for the end date. The person in ② must be served. This order can be served by mail.

  (2) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are different from the orders in Form DV-110, or Form DV-110 was not issued. The person in ② must be personally "served" (given) a copy of this order.

c. ☐ Proof of service of Form FL-300 to modify the orders in Form DV-130 was presented to the court.

  (1) ☐ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

  (2) ☐ The person in ☐ ① ☐ ② was not at the hearing and must be personally "served" (given) a copy of this amended order.

**(26) ☑ Criminal Protective Order**

a. ☐ Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
   Case Number: _____  County: _____  Expiration Date: _____

b. ☐ Other Criminal Protective Order in effect *(specify):* _____
   Case Number: _____  County: _____  Expiration Date: _____
   *(List other orders on an attached sheet of paper. Write "DV-130, Other Criminal Protective Orders" as a title.)*

c. ☑ No information has been provided to the judge about a criminal protective order.

**(27) ☑ Attached pages are orders.**

- Number of pages attached to this seven-page form: _____1_____
- All of the attached pages are part of this order.
- Attachments include *(check all that apply):*
   ☐ DV-140  ☐ DV-145  ☐ DV-150  ☐ FL-342  ☐ FL-343  ☐ DV-900
   ☑ Other *(specify):* Item 23 attachment

Date: **OCT 1 9 2018**

Judge (or Judicial Officer) **COMMISSIONER RENEE E. WILSON**

**Certificate of Compliance With VAWA**

This restraining (protective) order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

**This is a Court Order.**

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

Domestic Violence Assistance

| Case Number: |
|---|
| 18V002374 |

### If you do not obey this order, you can be arrested and charged with a crime.

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

### You cannot have guns, firearms, and/or ammunition.



**You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. Unless the court grants an exemption, you must sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect. Even if exempt under California law, you may be subject to federal prosecution for possessing or controlling a firearm.**

**Instructions for Law Enforcement**

### Start Date and End Date of Orders

The orders *start* on the earlier of the following dates:
- The hearing date in item ⑤ (a) on page 2, or
- The date next to the judge's signature on this page.

The orders *end* on the expiration date in item ④ on page 1. If no date is listed, they end three years from the hearing date.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

### Notice/Proof of Service

Law enforcement must first determine if the restrained person had notice of the orders. If notice cannot be verified, the restrained person must be advised of the terms of the orders. If the restrained person then fails to obey the orders, the officer must enforce them. (Fam. Code, § 6383.)

Consider the restrained person "served" (notified) if:
- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer. (Fam. Code, § 6383; Pen. Code, § 836(c)(2).) An officer can obtain information about the contents of the order in the Domestic Violence Restraining Order System (DVROS). (Fam. Code, § 6381(b)-(c).)

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

**This is a Court Order.**

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

Domestic Violence Assistance

| Case Number: |
|---|
| 18V0237A |

## Child Custody and Visitation

The custody and visitation orders are on Form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

## Enforcing the Restraining Order in California

Any law enforcement officer in California who receives, sees, or verifies the orders on a paper copy, in the California Law Enforcement Telecommunications System (CLETS), or in an NCIC Protection Order File must enforce the orders.

## Conflicting Orders—Priorities for Enforcement

If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced in the following priority (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):

1. *EPO:* If one of the orders is an *Emergency Protective Order* (Form EPO-001) and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.



*(Clerk will fill out this part.)*

—Clerk's Certificate—

I certify that this *Restraining Order After Hearing (Order of Protection)* is a true and correct copy of the original on file in the court. DAVID H. YAMASAKI

Date: _____ Clerk, by _____ , Deputy

This is a Court Order.

Restraining Order After Hearing (CLETS—OAH)
(Order of Protection)
(Domestic Violence Prevention)

DV-130, Page 7 of 7

**DV130, Item 23, "other orders" attachment-18V002374 Czodor v Luo:**

Responding Party is ordered to cease posting the picture or likeness of the Moving Party or refer to him by name on any social media website or blog.  Responding Party is further ordered to remove any pictures or references of the Moving Party from any social media website or blog she may have posted.

Commissioner Renée E. Wilson

EXHIBIT 3

**DV-130** | **Restraining Order After Hearing**
**(Order of Protection)**

☐ Original Order   ☒ 1st Amended Order

*Clerk stamps date here when form is filed.*

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

**OCT 0 1 2021**

DAVID H. YAMASAKI, Clerk of the Court

BY: _____J. JOHNSON_____ ,DEPUTY

**① Name of Protected Person:**
TOMAS CZODOR

Your lawyer in this case *(if you have one)*:
Name: _____   State Bar No.: _____
Firm Name: _____
Address *(If you have a lawyer for this case, give your lawyer's*
*information. If you do not have a lawyer and want to keep your home*
*address private, give a different mailing address instead. You do not have*
*to give your telephone, fax, or e-mail.)*:
Address: 2521 N. JACARANDA
City: SANTA ANA   State: CA   Zip: 92705
Telephone: 714-330-4746   Fax: _____
E-Mail Address: _____

*Fill in court name and street address:*
**Superior Court of California, County of**

LAMOREAUX JUSTICE CENTER
341 THE CITY DRIVE
ORANGE, CA. 92868

*Clerk fills in case number when form is filed.*
**Case Number:**
18V002374

**② Name of Restrained Person:**
XINGFEI LUO

**Description of restrained person:**

Sex: ☐ M ☒ F   Height: 5'1   Weight: 95   Hair Color: BLACK   Eye Color: BLACK
Race: ASIAN - CHINESE   Age: 40   Date of Birth: 12/31/1977
Mailing Address *(if known)*: _____
City: _____   State: _____   Zip: _____
Relationship to protected person:   Former Partner

**③ ☐ Additional Protected Persons**
In addition to the person named in ①, the following persons are protected by orders as indicated in items ⑥
and ⑦ *(family or household members)*:

| Full name | Relationship to person in ① | Sex | Age |
|---|---|---|---|
| | | | |
| | | | |

☐ *Check here if there are additional protected persons. List them on an attached sheet of paper and write,*
"DV-130, Additional Protected Persons," *as a title.*

**④ Expiration Date**
The orders, except as noted below, end on

| *(date):* 10/19/2023 | at *(time):* _____ | ☐ a.m. ☐ p.m. or ☒ midnight |

- *If no date is written, the restraining order ends three years after the date of the hearing in item ⑤(a).*
- *If no time is written, the restraining order ends at midnight on the expiration date.*
- *Note: Custody, visitation, child support, and spousal support orders remain in effect after the restraining order*
  *ends. Custody, visitation, and child support orders usually end when the child is 18.*
- *The court orders are on pages 2, 3, 4, and 5 and attachment pages (if any).*

**This order complies with VAWA and shall be enforced throughout the United States. See page 5.**

**This is a Court Order.**

Judicial Council of California, www.courts.ca.gov
Revised July 1, 2016, Mandatory Form
Family Code, § 6200 et seq. Approved by DOJ
**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

DV-130, Page 1 of 7



| Case Number: |
| --- |
| 18V002374 |

## (5) Hearings

a. The hearing was on *(date):* OCT 0 1 2021 with *(name of judicial officer):* **Judge Michael E. Perez**

b. These people were at the hearing *(check all that apply):*

☒ The person in ①    ☐ The lawyer for the person in ①*(name):* _____

☒ The person in ②    ☐ The lawyer for the person in ②*(name):* _____

c. The people in ① and ② must return to Dept. _____ of the court on (date): _____

at *(time):* _____ ☐ a.m. ☐ p.m. to review *(specify issues):* _____

---

**To the person in ②:**

The court has granted the orders checked below. Item ⑨ is also an order. If you do not obey these orders, you can be arrested and charged with a crime. You may be sent to jail for up to one year, pay a fine of up to $1,000, or both.

## (6) ☒ Personal Conduct Orders

a. The person in ② must **not** do the following things to the protected people in ① and ③:

☒ Harass, attack, strike, threaten, assault *(sexually or otherwise),* hit, follow, stalk, molest, destroy personal property, disturb the peace, keep under surveillance, impersonate *(on the Internet, electronically or otherwise),* or block movements.

☒ Contact, either directly or indirectly, by any means, including, but not limited to, by telephone, mail, e-mail, or other electronic means.

☒ Take any action, directly or through others, to obtain the addresses or locations of any protected persons. *(If this item is not checked, the court has found good cause not to make this order.)*

b. Peaceful written contact through a lawyer or process server or another person for service of legal papers related to a court case is allowed and does not violate this order.

c. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## (7) ☒ Stay-Away Order

a. The person in ② must stay at least *(specify):* 100 yards away from *(check all that apply):*

☒ The person in ①    ☐ School of person in ①

☒ Home of person in ①    ☐ The persons in ③

☒ The job or workplace of person in ①    ☐ The child(ren)'s school or child care

☒ Vehicle of person in ①    ☐ Other *(specify):* _____

b. ☐ Exceptions: Brief and peaceful contact with the person in ①, and peaceful contact with children in ③, as required for court-ordered visitation of children, is allowed unless a criminal protective order says otherwise.

## (8) ☐ Move-Out Order

The person in ② must move out immediately from *(address):* _____

## (9) No Guns or Other Firearms or Ammunition

a. The person in ② cannot own, possess, have, buy or try to buy, receive or try to receive, or in any other way get guns, other firearms, or ammunition.

---

**This is a Court Order.**

---

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

| Case Number: |
|---|
| 18V002374 |

⑨    b. The person in ② must:
  - Sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms within his or her immediate possession or control. Do so within 24 hours of being served with this order.
  - Within 48 hours of receiving this order, file with the court a receipt that proves guns have been turned in, sold, or stored. *(Form DV-800, Proof of Firearms Turned In, Sold, or Stored,* may be used for the receipt.) Bring a court filed copy to the hearing.

    c. ☐ The court has received information that the person in ② owns or possesses a firearm.

    d. ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Family Code section 6389(h). Under California law, the person in ② is not required to relinquish this firearm *(specify make, model, and serial number of firearm):* _____

      The firearm must be in his or her physical possession only during scheduled work hours and during travel to and from his or her place of employment. Even if exempt under California law, the person in ② may be subject to federal prosecution for possessing or controlling a firearm.

⑩ ☒ **Record Unlawful Communications**
The person in ① has the right to record communications made by the person in ② that violate the judge's orders.

⑪ ☐ **Care of Animals**
The person in ① is given the sole possession, care, and control of the animals listed below. The person in ② must stay at least _____ yards away from and not take, sell, transfer, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the following animals: _____
_____

⑫ ☐ **Child Custody and Visitation**
Child custody and visitation are ordered on the attached Form DV-140, *Child Custody and Visitation Order* or *(specify other form):* _____

⑬ ☐ **Child Support**
Child support is ordered on the attached Form FL-342, *Child Support Information and Order Attachment* or *(specify other form):* _____

⑭ ☐ **Property Control**
Only the person in ① can use, control, and possess the following property: _____
_____

⑮ ☐ **Debt Payment**
The person in ② must make these payments until this order ends:

| Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |

    ☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write "DV-130, Debt Payments" as a title.*

⑯ ☐ **Property Restraint**
The ☐ person in ① ☐ person in ②   must not transfer, borrow against, sell, hide, or get rid of or destroy any property, including animals, except in the usual course of business or for necessities of life. In addition, the person must notify the other of any new or big expenses and explain them to the court. *(The person in ② cannot contact the person in ① if the court has made a "No-Contact" order.)*
Peaceful written contact through a lawyer or a process server or other person for service of legal papers related to a court case is allowed and does not violate this order.

**This is a Court Order.**

Revised July 1, 2016      **Restraining Order After Hearing (CLETS—OAH)**      DV-130, Page 3 of 7
**(Order of Protection)** →
**(Domestic Violence Prevention)**

Page 119

| Case Number: |
|---|
| 18V002374 |

(17) ☐ **Spousal Support**
Spousal support is ordered on the attached Form FL-343, *Spousal, Partner, or Family Support Order Attachment* or *(specify other form):* _____

(18) ☐ **Rights to Mobile Device and Wireless Phone Account**

   **a.** ☐ **Property Control of Mobile Device and Wireless Phone Account**
Only the person in (1) can use, control, and possess the following property:
Mobile device *(describe)* _____ and account *(phone number):* _____
Mobile device *(describe)* _____ and account *(phone number):* _____
☐ *Check here if you need more space. Attach a sheet of paper and write "DV-130 Rights to Mobile Device and Wireless Phone Account" as a title.*

   **b.** ☐ **Debt Payment**
The person in (2) must make these payments until this order ends:
Pay to *(wireless service provider):* _____ Amount: $_____ Due date: _____

   **c.** ☐ **Transfer of Wireless Phone Account**
The court has made an order transferring one or more wireless service accounts from the person in (2) to the person in (1). These orders are contained in a separate order (Form DV-900).

(19) ☐ **Insurance**
☐ The person in (1)   ☐ the person in (2)   is ordered NOT to cash, borrow against, cancel, transfer, dispose of, or change the beneficiaries of any insurance or coverage held for the benefit of the parties, or their child(ren), if any, for whom support may be ordered, or both.

(20) ☐ **Lawyer's Fees and Costs**
The person in (2) must pay the following lawyer's fees and costs:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____

(21) ☐ **Payments for Costs and Services**
The person in (2) must pay the following:
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
Pay to: _____ For: _____ Amount: $_____ Due date: _____
☐ *Check here if more payments are ordered. List them on an attached sheet of paper and write "DV-130, Payments for Costs and Services" as a title.*

(22) ☐ **Batterer Intervention Program**
The person in (2) must go to and pay for a 52-week batterer intervention program and show written proof of completion to the court. This program must be approved by the probation department under Penal Code § 1203.097. The person in (2) must enroll by *(date):* _____ or if no date is listed, must enroll within 30 days after the order is made. The person in (2) must complete, file and serve Form 805, Proof of Enrollment for Batterer Intervention Program.

(23) ☒ **Other Orders**
Other orders *(specify):*   See attached
_____
_____

(24) ☐ **No Fee to Serve (Notify) Restrained Person**
If the sheriff or marshal serves this order, he or she will do it for free.

**This is a Court Order.**

Revised July 1, 2016       **Restraining Order After Hearing (CLETS—OAH)**       DV-130, Page 4 of 7
**(Order of Protection)**
**(Domestic Violence Prevention)**       →

Page 120

18V002374
Czodor v. Luo
1st Amended

"DV-130, Item 23, Other Orders"

Restrained Party is further ordered to remove any pictures or references of the Protected Party from any
social media websites or blogs she may have posted.

Restrained Party shall not post any pictures or likeness of the Protected Party or refer to him by name on
any social media or website or blog that would be abusive pursuant to FC§6203 and FC§6320.

Case Number:
18V002374

**(25) Service**

a. ☒ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

b. ☐ The person in ① was at the hearing on the request for original orders. The person in ② was not present.

   (1) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are the same as in Form DV-110 except for the end date. The person in ② must be served. This order can be served by mail.

   (2) ☐ Proof of service of Form DV-109 and Form DV-110 (if issued) was presented to the court. The judge's orders in this form are different from the orders in Form DV-110, or Form DV-110 was not issued. The person in ② must be personally "served" (given) a copy of this order.

c. ☐ Proof of service of Form FL-300 to modify the orders in Form DV-130 was presented to the court.

   (1) ☐ The people in ① and ② were at the hearing or agreed in writing to this order. No other proof of service is needed.

   (2) ☐ The person in ☐ ① ☐ ② was not at the hearing and must be personally "served" (given) a copy of this amended order.

**(26) ☒ Criminal Protective Order**

a. ☒ Form CR-160, *Criminal Protective Order—Domestic Violence*, is in effect.
   Case Number: 19CM06724  County: Orange  Expiration Date: 8|13|2024

b. ☐ Other Criminal Protective Order in effect *(specify)*: _____
   Case Number: _____  County: _____  Expiration Date: _____

   *(List other orders on an attached sheet of paper. Write* "DV-130, Other Criminal Protective Orders" *as a title.)*

c. ☐ No information has been provided to the judge about a criminal protective order.

**(27) ☐ Attached pages are orders.**

   • Number of pages attached to this seven-page form: _____
   • All of the attached pages are part of this order.
   • Attachments include *(check all that apply)*:
     ☐ DV-140  ☐ DV-145  ☐ DV-150  ☐ FL-342  ☐ FL-343  ☐ DV-900
     ☐ Other *(specify)*: _____

Date: ___OCT 0 1 2021___          _____
                                  *Judge (or Judicial Officer)* **Judge Michael E. Perez**

**Certificate of Compliance With VAWA**

This restraining (protective) order meets all "full faith and credit" requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994) (VAWA) upon notice of the restrained person. This court has jurisdiction over the parties and the subject matter; the restrained person has been or will be afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. **This order is valid and entitled to enforcement in each jurisdiction throughout the 50 states of the United States, the District of Columbia, all tribal lands, and all U.S. territories, commonwealths, and possessions and shall be enforced as if it were an order of that jurisdiction.**

**This is a Court Order.**

Case Number:
18V002374

## Warnings and Notices to the Restrained Person in ❷

**If you do not obey this order, you can be arrested and charged with a crime.**

- If you do not obey this order, you can go to jail or prison and/or pay a fine.
- It is a felony to take or hide a child in violation of this order.
- If you travel to another state or to tribal lands or make the protected person do so, with the intention of disobeying this order, you can be charged with a federal crime.

## You cannot have guns, firearms, and/or ammunition.



You cannot own, have, possess, buy or try to buy, receive or try to receive, or otherwise get guns, other firearms, and/or ammunition while the order is in effect. If you do, you can go to jail and pay a $1,000 fine. Unless the court grants an exemption, you must sell to, or store with, a licensed gun dealer, or turn in to a law enforcement agency, any guns or other firearms that you have or control. The judge will ask you for proof that you did so. If you do not obey this order, you can be charged with a crime. Federal law says you cannot have guns or ammunition while the order is in effect. Even if exempt under California law, you may be subject to federal prosecution for possessing or controlling a firearm.

## Instructions for Law Enforcement

### Start Date and End Date of Orders

The orders *start* on the earlier of the following dates:
- The hearing date in item ⑤ (a) on page 2, or
- The date next to the judge's signature on this page.

The orders *end* on the expiration date in item ④ on page 1. If no date is listed, they end three years from the hearing date.

### Arrest Required if Order Is Violated

If an officer has probable cause to believe that the restrained person had notice of the order and has disobeyed the order, the officer must arrest the restrained person. (Pen. Code, §§ 836(c)(1), 13701(b).) A violation of the order may be a violation of Penal Code section 166 or 273.6.

### Notice/Proof of Service

Law enforcement must first determine if the restrained person had notice of the orders. If notice cannot be verified, the restrained person must be advised of the terms of the orders. If the restrained person then fails to obey the orders, the officer must enforce them. (Fam. Code, § 6383.)

Consider the restrained person "served" (notified) if:
- The officer sees a copy of the *Proof of Service* or confirms that the *Proof of Service* is on file; *or*
- The restrained person was at the restraining order hearing or was informed of the order by an officer. (Fam. Code, § 6383; Pen. Code, § 836(c)(2).) An officer can obtain information about the contents of the order in the Domestic Violence Restraining Order System (DVROS). (Fam. Code, § 6381(b)-(c).)

### If the Protected Person Contacts the Restrained Person

Even if the protected person invites or consents to contact with the restrained person, the orders remain in effect and must be enforced. The protected person cannot be arrested for inviting or consenting to contact with the restrained person. The orders can be changed only by another court order. (Pen. Code, § 13710(b).)

## This is a Court Order.

Revised July 1, 2016

**Restraining Order After Hearing (CLETS—OAH)**
**(Order of Protection)**
**(Domestic Violence Prevention)**

DV-130, Page 6 of 7

| Case Number: |
|---|
| 18V002374 |

### Child Custody and Visitation

The custody and visitation orders are on Form DV-140, items ③ and ④. They are sometimes also written on additional pages or referenced in DV-140 or other orders that are not part of the restraining order.

### Enforcing the Restraining Order in California

Any law enforcement officer in California who receives, sees, or verifies the orders on a paper copy, in the California Law Enforcement Telecommunications System (CLETS), or in an NCIC Protection Order File must enforce the orders.

### Conflicting Orders—Priorities for Enforcement

If more than one restraining order has been issued protecting the protected person from the restrained person, the orders must be enforced in the following priority (see Pen. Code, § 136.2 and Fam. Code, §§ 6383(h)(2), 6405(b)):

1. *EPO:* If one of the orders is an *Emergency Protective Order* (Form EPO-001) and it is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders.

2. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.

3. *Criminal Order:* If none of the orders includes a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. Any nonconflicting terms of the civil restraining order remain in effect and enforceable.

4. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

---

*(Clerk will fill out this part.)*

## DAVID H. YAMASAKI —Clerk's Certificate—



Clerk's Certificate
[seal] OF CALIFORNIA
OF ORANGE

I certify that this *Restraining Order After Hearing (Order of Protection)* is a true and correct copy of the original on file in the court.

Date: _____ Clerk, by _____, Deputy

---

**This is a Court Order.**

Revised July 1, 2016

Restraining Order After Hearing (CLETS—OAH)
(Order of Protection)
(Domestic Violence Prevention)

DV-130, Page 7 of 7

Page 124

EXHIBIT 4

DV130, Item 23, "other orders" attachment-18V002374 Czodor v Luo:

Responding Party is ordered to cease posting the picture or likeness of the Moving Party or refer to him by name on any social media website or blog.  Responding Party is further ordered to remove any pictures or references of the Moving Party from any social media website or blog she may have posted.

Commissioner Renée E. Wilson

18V002374
Czodor v. Luo
1st Amended

"DV-130, Item 23, Other Orders"

Restrained Party is further ordered to remove any pictures or references of the Protected Party from any social media websites or blogs she may have posted.

Restrained Party shall not post any pictures or likeness of the Protected Party or refer to him by name on any social media or website or blog that would be abusive pursuant to FC§6203 and FC§6320.

EXHIBIT 5

1  SUPERIOR COURT OF CALIFORNIA
2  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3

4

5

6  THE PEOPLE OF THE STATE OF CALIFORNIA, )   COMPLAINT
7                                         )   BWC AGENCY
                                Plaintiff, )   AMENDMENT 1
8                                         )
9                                         )
          vs.                             )   No. 23CM00067
10                                        )   SAPD 22-09260
11 XINGFEI LUO                 ▮▮▮▮▮       )   DOMESTIC VIOLENCE
                                          )
12  ▮▮▮▮▮▮▮▮▮▮▮                           )
                                          )
13 ─────────────────────────────────────
                                Defendant(s))
14

15 The Orange County District Attorney charges that in Orange
   County, California, the law was violated as follows:
16

17 COUNT 1: On or about April 20, 2022, in violation of Section 166
   (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
18 XINGFEI LUO did willfully and unlawfully  disobey the terms of a
19 process and court order lawfully issued on or about 10/01/21 by
   the Superior Court, in and for the County of Orange County,
20 State of California, 18V002374, which lawfully ordered defendant
   to remove any pictures or references of the protected party from
21 any social media websites or blogs she may have posted.
22
   I declare under penalty of perjury, on information and belief,
23 that the foregoing is true and correct.
24
   Dated 02-08-2023 at Orange County, California.
25       SA/CM 22C07939
26

27 TODD SPITZER, DISTRICT ATTORNEY
28
   by: _____
   Deputy District Attorney

XINGFEI LUO SAPD 22-09260 PAGE 2

RESTITUTION CLAIMED

[   ] None
[   ] $_____
[ X ] To be determined

NOTICES:

The People request that defendant and counsel disclose, within 15 days, all of the materials and information described in Penal Code section 1054.3, and continue to provide any later-acquired materials and information subject to disclosure, and without further request or order.

The People intend to proceed pursuant to Evidence Code sections 1101(b), 1107, 1109, and 1370.

Pursuant to Welfare & Institutions Code §827 and California Rule of Court 5.552, notice is hereby given that the People will seek a court order to disseminate the juvenile case file of the defendant/minor, if any exists, to all parties in this action, through their respective attorneys of record, in the prosecution of this case.

EXHIBIT 6

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

MAR 1 4 2023

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

1    FRANK DAVIS
     Alternate Public Defender
2    Marian Mikhail
     Deputy Alternate Defender
3    600 W. Santa Ana Blvd., Suite 600
     Santa Ana, CA 92701
4    Fax: (714) 835-8400
     *Attorneys for Defendant*

5

6                   **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7                   **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

8

9    PEOPLE OF THE STATE OF CALIFORNIA,          )    Case No.: 23CM00067
                                                  )
10                           *Plaintiff,*         )    NOTICE OF MOTION; MOTION TO
                                                  )    DISMISS IN VIOLATION OF
11         vs.                                     )    DOUBLE JEOPARDY UNDER THE
                                                  )    CALIFORNIA AND US
12   **XINGFEI LUO**,                              )    CONSTITUTIONS; PENAL CODE
                                                  )    SECTION 654; AND IN THE
13                           *Defendant.*          )    INTEREST OF JUSTICE UNDER
                                                  )    PENAL CODE SECTION 1385
14   _____     )

15   TO: ORANGE COUNTY DISTRICT ATTORNEY,

16        PLEASE TAKE NOTICE that on **MARCH 21, 2023, or sooner if the order for**

17   **shortening time is granted, at 9:00 a.m. in Department C47** of the above-entitled court,

18   Defendant will move the court for an order dismissing the complaint pursuant to double jeopardy

19   under the U.S. and CA Constitutions; Penal Code Section 654; and in the interest of justice under

20   Penal Code Section 1385.

21                                   **MOTION**

22

23        The Defendant hereby moves the court for an order dismissing the complaint in the above-

24   entitled matter on the ground that her right to once in jeopardy has been violated pursuant to the 5th

25   and Fourteenth Amendments to the U.S. Constitution, Article I, Section 15, of the California

26   Constitution, and sections 654 and 1385 of the California Penal Code. This motion is based on these

27

28   RECEIVED

MAR 1 4 2023

OFFICE OF THE DISTRICT ATTORNEY
CENTRAL JUSTICE CENTER
SANTA ANA, CA

                              1 of 21

                                        Defendant's Omnibus Motion to Dismiss

1  moving papers, Case Nos. 18V002374, 19CM06724, and 23CM00067, and any exhibits presented

2  and argument made at the hearing.

3  **STATEMENT OF FACTS AND ATTORNEY DECLARATION**

4
5  The following declaration and statement of facts are based on my personal knowledge

6  and/or information from the court management systems, case files, transcripts, discovery, and

7  procedural history of Case Nos.18V002374, 19CM06724, and 23CM00067.

8
9  According to Case No. Case No.18V002374, on September 28, 2018, complaining witness

10  Tomas Czodor obtained a temporary restraining order at Lamoreaux Justice Center against Ms. Luo.

11  Tomas Czodor claimed that on September 11, 2018, Ms. Luo improperly posted information,

12  photos, and videos about Tomas Czodor. Tomas Czodor claimed provided photos and listed

13  websites in his petition for a restraining order, such as:

14
15  https://www.youtube.com/watch?v=GUWLrXEC7jo
   https://www.youtube.com/watch?v=WblOlnVDmfA
   https://www.youtube.com/watch?v=uYebVZyYN84
16  https://www.youtube.com/watch?v=gOIZigNKw2A (and for short, youtu.be/
   gOIZigNKw2A)
17  http://www.cheaterreports.com/tomas-czodor/
18  https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
   http://www.cheaterplanet.com/category/cheaters
19  https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
20  https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
   http://gorgeouspainting1.blogspot.com/
21  https://gorgeouspainting.wordpress.com/

22  *See* Case No.18V002374.

23
24  On October 19, 2018, the court conducted a hearing on the restraining order. At the hearing,

25  in addition the exhibits submitted, Tomas Czodor testified and claimed that Ms. Luo posted online

26  information about him "28 times." The Court ultimately issued a permanent 5 year restraining

27  order with an expiration for October 19, 2023.

28

2 of 21

Defendant's Omnibus Motion to Dismiss

1    The order required Ms. Luo to fully stay away from Tomas Czodor, along with an

2    andendum stating:

> Responding Party is ordered to cease posting the picture or likeness of
> the Moving Party or refer to him by name on any social media
> website or blog. **Responding Party is further ordered to remove
> any pictures or references of the Moving Party from any social
> media website or blog she may have posted**.

7    *See* Case No.18V002374 (emphasis added).

8    On August 6, 2019, nearly a year later, the District Attorney filed criminal charges against

9    Ms. Luo—count 1 for vandalism of less than $400; count 2 for disobeying a domestic relations

10   court order for "coming within 100 yards of the protected person"; and count 3 for disorderly

11   conduct unlawful dissemination of private photographs and recordings on or around September 18,

13   2018. *See* Case No. 19CM06724. The case centered on claims Tomas Czodor made in his

14   restraining order petition against Ms. Luo in Case No.18V002374.

15   On August 12, 2019, the Orange County Public Defender was appointed and Ms. Luo was

16   arraigned and entered a plea of not guilty.

18   On July 26, 2021, the District Attorney amended the complaint one day prior to trial to

19   amend the underlying conduct in count 2 of disobeying a domestic relations court order from being

20   within 100 yards to the claim that Ms. Luo "**failed to deactivate website and created new

22   websites**."

23   On July 27, 2021, the 19CM06724 jury trial began. At trial, the the prosecution admitted

24   into evidence testimony and exhibits of websites from 2018 that violated the family court protective

25   order in Case No.18V002374. At trial, the prosecution admitted multiple exhibits depicting websites

26   that were addressed in family court, including a transcript of the family court hearing on October

1    2    3    4    5    6    7    8    9    10   11   12   13   14   15   16   17   18   19   20   21   22   23   24   25   26   27   28

3 of 21

Defendant's Omnibus Motion to Dismiss

19, 2018, where Tomas Czodor testified that Ms. Luo posted about him "28 times," which included "7 cheater websites" and "10 YouTube" videos. *See* Case No. 19CM06724.

On July 29, 2021, the jury returned a verdict of guilty on all counts to Case No. 19CM06724.

A few months after the guilty verdict, on October 1, 2021, Lamoreaux Justice Center conducted another hearing because Ms. Luo sought to terminate the order. The family court maintained the same full stay away order and same expiration for October 19, 2023, but amended the addendum by adding a second paragraph to comport with Free Speech guarantees and protections:

> Restrained Party is further ordered to remove any pictures or references of the Protected Party from any social media websites or blogs she may have posted.

> Restrained Party shall not post any pictures or likeness of the Protected Party or refer to him by name on any social media or website or blog that would be abusive pursuant to FC §6203 and FC§63210.

*See* Case No.18V002374. The language in the first paragraph—requiring Ms. Luo to remove any photos or websites she may have posted—did not change from the October 19, 2018 order.

Shortly thereafter, on October 26, 2021, the Criminal Court set restitution in the amount of $82,346.00 plus 10% interest per year and 10% administrative fee(s) as to count(s) 1, 2, 3 for Tomas Czodor.

On November 15, 2021, the Public Defender declared a conflict and the Alternate Defender was appointed.

Defendant's Omnibus Motion to Dismiss

On behalf of Ms. Luo, the Alternate Defender sought to modify and challenge the restitution amount.

On or around November 24, 2021, the prosecution provided defense counsel with a restitution report claiming $82,346.00 in loss for website removal, income loss, paining repairs, and cost and installation of security cameras. The prosecution again added more claims on or around May 9, 2022, claiming total loss in the amount of $107,720.76 for income loss, website removal costs, security system purchase and installation, painting repairs, fees for the restraining order obtained, and attorney fees. Tomas Czodor provided quotes and bills for most of the recovery. He claimed and submitted a quote from a company called Guaranteed Removal in the amount of $54,000 for the removal of 27 links that the prosecution and Tomas Czodor claimed that Ms. Luo posted. *See* Case No. 19CM06724.

Unbeknownst to defense, prior to the restitution hearing that was scheduled on May 9, 2022, Tomas Czodor made another police report against Ms. Luo on April 26, 2022 claiming violation of the restraining order.

On June 8, 2022, the Court conducted the sentencing, restitution hearing, after continuing the May 9, 2022 hearing. Judge Knox modified the restitution in the amount of $93,003.76 as to count(s) 1, 2, 3 plus 10% interest from date of sentence per year, payable thru Victim Witness. Of the $93,003.76, the Court awarded the $54,000 for website removal of the 27 links admitted at the hearing. The following links were admitted at the restitution, sentencing hearing:

> https://cheaterbot.me/05/tomas-czodor-santa-ana-california/amp/
> https://officialcheaters.com/tomas-czodor-california/
> http://www.ripofflist.com/tomas-czodor-california/
> http://www.ripofflist.com/tomas-czodor-california/
> https://www.complainboard.com/tomas-czodor-california/
> https://www.badboysreport.com/tomas-czodor-california/
> https://www.dirtyex.com/tomas-czodor-california/

Defendant's Omnibus Motion to Dismiss

1   https://www.worstcheaters.com/tomas-czodor-california/
    https://hellocheater.online/tomas-czodor-santa-ana-california/
2   https://xbtch.com/reviews/tomas-czodor-santa-ana-ca/97153/
    https://ask-anita.com/complaints/tomas-czodor-santa-ana-ca/
3   https://cheatersdiaries.com/tomas-czodor-california/
4   https://cheaters.exposed/tag/tomas-czodor-california-cheater-report/
    https://www.theevildoer.com/?s=Tomas+Czodor+
5   http://gorgeouspainting1.blogspot.com
    https://gorgeouspainting.wordpress.com/
6   https://reportcheaterincalifornia.wordpress.com/blog
7   http://liarsandcheaters.com/tomas-czodor-santa-ana-orange-county-ca.html
    http://cheaterland.com/tomas-czodor-santa-ana-ca.html
8   http://www.cheaterreports.com/tomas-czodor/
9   https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
    https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
10  https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
    http://www.cheaterplanet.com/tomas-czodor-santa-ana-orange-county-ca.html
11  https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsF4mg/about
    https://www.youtube.com/channel/UCUUozht2tl-dK5jROTqnzyg/about
12  https://www.facebook.com/photo.php?fbid=10216661770199693&set=pb.13237719
13  48.-2207520000 .. &type=3

14  *See* Case No. 19CM06724

15  At the restitution, sentencing hearing, the prosecution did not prove that each link was in
16
17  fact operable, but instead through the complaining witness testimony, claimed Tomas Czodor was
18  entitled to the resitution in order to provide him with the monetary means to remove the websites.
19  Prior to the resitution hearing, I recall verifying that only 2 out of the 27 links were actually in
20  operation.
21
22  After the sentencing, restitution hearing ended, Ms. Luo received a letter from law
23  enforcement in early September 2022, and she notified me immediately. In response, I contacted the
24  detective and left a voicemail invoking Ms. Luo's constitutional rights and informed the detective to
25  refrain from speaking with Ms. Luo without the presence of legal counsel. The detective never
26  called back nor informed me what the underlying investigation was about.
27
28

6 of 21

Defendant's Omnibus Motion to Dismiss

On December 20, 2022, the Orange County District Attorney filed charges against Ms. Luo for violating Penal Code Section 273.6 on or around April 20, 2022. The District Attorney scheduled arraignment on February 24, 2023.

When Ms. Luo received the arraignment letter, she contacted me and asked me what these new charges were about. According to the complaint on Vision:

> On or about April 20, 2022, in violation of Section 273.6(a) of the Penal Code (VIOLATION OF A PROTECTIVE ORDER), a MISDEMEANOR, XINGFEI LUO did intentionally, knowingly, and unlawfully violate an order issued pursuant to Family Code sections 6320 and 6389 by contacting protected party through online means.

*See* Case No. 23CM00067.

In response to the ambiguous complaint, I filed a motion to dismiss on January 25, 2023, pursuant to Due Process under the U.S. and CA constitutions for facially insufficiency of the complaint, along with a demur under Penal Code Section 1004.

On February 7, 2023, the motion to dismiss was heard. However, prior to any court ruling, the prosecution agreed to amend the complaint on its own volition. The first amended complaint was filed on February 8, 2023 and read as follows:

> On or about April 20, 2022, in violation of Section 166 (a) (4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR, XINGFEI LUO did willfully and unlawfully disobey the terms of a process and court order lawfully issued on or about 10/01/21 by the Superior Court, in and for the County of Orange County, State of California, 18V002374, which lawfully ordered defendant to remove any pictures or references of the protected party from any social media websites or blogs she may have posted.

On February 10, 2023, Ms. Luo was arraigned on the new charges. The prosecution provided defense counsel with the police report, which traced back to Tomas Czodor's April 26, 2022 complaint made prior to the scheduled May 9, 2022 resitution hearing.

Defendant's Omnibus Motion to Dismiss

1    The police report alleged violations for failing to remove websites about Tomas Czodor

2    involving the older posts addressed in the family court case and the 19CM06724 trial and/or the

3    sentencing, resitution hearing. The police verified that some of the older 2018 postings no longer

4
5    worked and/or that the creator was unidentifiable. Tomas Czodor also speculated and accused Ms.

6    Luo of newer posts, but the police verified that some of those posts were inoperable and/or that the

7    creator was unidentifiable.

8    On March 13, 2023, the assigned trial Deputy District Attorney for the month of March,

9    informed me the prosecution is for the failure to remove the following website postings:

10               http://gorgeouspainting1.blogspot.com
11               https://gorgeouspainting.wordpress.com/
                 https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsE4mg/about
12
13   These are the same websites that were addressed at the 19CM06724 trial October 19, 2018.

14

15   I declare under penalty of perjury that the foregoing is true and correct.

16

17   DATED: March 13, 2023                          Respectfully submitted,
                                                     FRANK DAVIS, Alternate Public Defender
18

19

20

21                                                  Marian Mikhail
                                                    Deputy Alternate Defender
22                                                  Marian.mikhail@ocaltdef.com

23

24

25

26

27

28

Defendant's Omnibus Motion to Dismiss

1

## MEMORANDUM OF LAW

2

**I.   A SUBSEQUENT PROSECUTION THAT INVOLVES THE SAME ALLEGED CRIMINAL ACT OF A PRIOR PROSECUTION VIOLATE DOUBLE JEAPOARDY UNDER THE 5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I, SECTION 15, OF THE CALIFORNIA CONSTITUTION.**

3

4

5

The Fifth Amendment to the United States Constitution guarantees that no "person will be

6

subject for the same offense to be twice put in jeopardy of life or limb." The Cal. Const. art. I, § 15,

7

contains a nearly identical provision. These constitutional provisions include several distinct

8

protections, including prohibitions against:

9

10

    (1) a second prosecution for the same offense after acquittal (*Illinois v. Vitale*, 447 U.S. 410, 415 (1980));

11

12

    (2) a second prosecution for the same offense after conviction (*U.S. v. Dixon*, 509 U.S. 688 (1993));

13

14

    (3) reprosecution after jeopardy had attached in a prior trial that was terminated without a verdict (*see U.S. v. DiFrancesco*, 449 U.S. 117, 130 (1980));

15

16

    (4) successive prosecutions for the same criminal act under two different statutes containing the same elements (*U.S. v. Dixon*, 509 U.S. 688, 696 (1993)); and

17

18

    (5) multiple prosecutions when collateral estoppel or res judicata applies to an issue of ultimate fact that has been resolved in a prior criminal proceeding, it cannot be relitigated in a subsequent prosecution or retrial (*Yeager v. U.S.*, 557 U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010)).

19

20

21

Jeopardy attaches when the defendant is placed on trial on a valid accusatory pleading

22

before a competent court. In a jury trial, jeopardy attaches when the jury is impaneled and sworn.

23

*Martinez v. Illinois*, 134 S. Ct. 2070, 2074 (2014); *Crist v. Bretz*, 437 U.S. 28, 35 (1978). If alternate

24

jurors are used, jeopardy does not attach until the alternates are sworn. *In re Mendes*, 23 Cal. 3d

25

847, 852–854 (1979).

26

27

28

Defendant's Omnibus Motion to Dismiss

1
2

**II.  A SUBSEQUENT PROSECUTION THAT INVOLVED THE SAME COURSE OF CONDUCT PROSECUTED IN THE PAST VIOLATES CALIFORNIA PENAL CODE SECTION 654.**

3
4
5

California is not precluded from providing greater double jeopardy protection than that provided by the U.S. Constitution. *Curry v. Superior Court*, 2 Cal. 3d 707, 717 (1970). California

6

provides additional protections embodied in several Penal Code sections. *See e.g.*, Pen. Code §§

7

654(a), 656, 687, and 1023. The Fifth Amendment establishes minimum, double jeopardy

8
9

protection standards. Under the independent state grounds doctrine, California courts look both to

10

decisions applying the Fifth Amendment and to decisions applying California constitutional and

11

statutory protections. *Bunnell v. Superior Court*, 13 Cal. 3d 592, 601 (1975).

12

The California Supreme Court has expressly recognized that the purpose of Pen Code §

13

654 is to prevent "needless harassment" of a defendant and, therefore, "all offenses … which arise

14
15

out of the same … course of conduct must be prosecuted in a single proceeding." *People v. Lohbauer*, 29 Cal. 3d 364 (1981).

16

17

Accordingly, Pen. Code, § 654 is a statutory bar, rather than a constitutional prohibition,

18

against multiple prosecutions for the same offense. However, the protection under Pen. Code, §

19

654 resembles that afforded by the double jeopardy clause, but is different in scope in that it applies

20

only after an acquittal or a conviction and sentencing.

21

22

In ***Kellett*** *v. Superior Court of Sacramento County*, the Supreme Court held that when "the

23

prosecution is or should be aware of more than one offense in which the same act or course of

24

conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless

25

joinder is prohibited or severance is permitted for good cause. 63 Cal. 2d 822, 827(1966). **Failure**

26
27

**to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted**

28

Defendant's Omnibus Motion to Dismiss

1  **if the initial proceedings culminate in either acquittal or conviction and sentence.**" *Id.*

2  (emphasis added).

3      Following *Kellett* and Pen. Code § 654, our appellate courts have adopted two different tests

4  to determine a course of conduct for purposes of multiple prosecution *People v. Valli*, 187 Cal. App.

5
6  4th 786 (3d Dist. 2010). Some appellate courts have established a "time and location" test to

7  determine a course of conduct for purposes of multiple prosecution. These courts

8  find *Kellett* inapplicable where the offenses are committed at separate times and locations, even

9
10  though the prosecution is aware of the other offenses. See *People v. Marlow*, 34 Cal. 4th 131, 144

11  (2004) ("the murder of separate victims on separate days in separate counties is not a single act or

12  even a 'course of conduct' requiring a single prosecution"); *People v. Douglas*, 246 Cal. App. 2d

13  594 (2d Dist. 1966) (series of robberies tried separately from homicide committed during one of the

14  robberies); *People v. Ward*, 30 Cal. App. 3d 130 (2d Dist. 1973) (two separate but related victims

15
16  assaulted at different locations and time); *People v. Cuevas*, 51 Cal. App. 4th 620 (2d Dist. 1996).

17      A second test applies *Kellett* based on the totality of the facts and whether separate proofs

18  are required for the different offenses. *See People v. Flint*, 51 Cal. App. 3d 333 (2d Dist. 1975).

19  This evidentiary test was restated in *People v. Hurtado*, 67 Cal. App. 3d 633 (2d Dist. 1977): "More

20  specifically, if the evidence needed to prove one offense necessarily supplies proof of the other …

21
22  the two offenses must be prosecuted together, in the interests of preventing needless harassment and

23  waste of public funds." However, this evidentiary test requires more than an overlap of the

24  evidence. Simply using facts from the first prosecution in the subsequent prosecution does not

25  trigger application of *Kellett*. *People v. Valli*, 187 Cal. App. 4th 786 (3d Dist. 2010) (there was little

26
27  evidentiary overlap between a murder trial and the subsequent trial for evading arrest, because the

28  People only used the evidence of evading in the murder trial to show consciousness of guilt). *See*

Defendant's Omnibus Motion to Dismiss

*also People v. Linville*, 27 Cal. App. 5th 919 (1st Dist. 2018), review denied, (Jan. 16, 2019) (conviction as an accessory to murders did not require proof, nor was it alleged, that defendant was involved in either charged killing, therefore, accessory conviction did not require and was not predicated on an allegation that defendant committed, or was involved in, the murders and the accessory and murder prosecutions did not involve the same course of conduct).

If it is determined that the prosecution did have timely actual knowledge of multiple prosecutions arising from the same conduct, and one of the prosecutions resulted in either acquittal or conviction and sentence, then the remaining unresolved prosecution is barred by Pen. Code, § 654. *In re Dennis B.*, 18 Cal. 3d 687, 693–696 (1976).

There are several factors to be weighed in determining whether the prosecutor should have known of the other offense. The threshold factor is the disparity, if any, between the two charged offenses. When both are serious offenses, the court in In re *Dennis B.*, 18 Cal. 3d 687, 694 (1976), recognized the duty imposed on the prosecution.

When both offenses are serious crimes, the potential for harassment and waste is sufficiently strong that Section 654 imposes on prosecutors an administrative duty to insure that the charges are joined. Although occasional failure to coordinate prosecutorial efforts may result in a defendant guilty of a felony escaping proper punishment, such a risk "is inherent in the preclusion of Section 654 of multiple punishment."

When the original charge is not a serious crime, the court must then weigh: (1) the disparity in gravity between the charged offenses; (2) the state's substantial interest in maintaining the summary nature of minor offenses; and (3) the state's interest in prosecuting felonies and serious misdemeanors. *In re Dennis B.*, 18 Cal. 3d 687, 695–696 (1976); **Kellett** *v. Superior Court of Sacramento County*, 63 Cal. 2d 822, 827–828 (1966).

**III.   A SUBSEQUENT PROSECUTION THAT INVOLVES IDENTICAL ISSUES OF A PRIOR PROSECUTION IS BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL.**

In *Ashe v. Swenson*, 397 U.S. 436, 445 (1970), the Supreme Court held that the doctrine of collateral estoppel is contained in the Fifth Amendment guarantee against double jeopardy.

As the Supreme Court stated in *Ashe v. Swenson*, 397 U.S. 436, 443–444 (1970):"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this court's decision more than 50 years ago in *U.S. v. Oppenheimer*, 242 U.S. 85, (1916) …

Federal appellate decisions establish that the rule of collateral estoppel in criminal cases is not to be applied in the hyper technical and archaic approach of 19th century pleading, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, the charges, and other relevant matter and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Schiro v. Farley*, 510 U.S. 222, 247–248 (1994).

The doctrine is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again requiring litigation. The purposes of collateral estoppel are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose

Defendant's Omnibus Motion to Dismiss

1    by preventing a person from being harassed by vexatious litigation. *People v. Taylor*, 12 Cal. 3d

2    686, 695 (1974).

3    "[F]ive threshold requirements" must be established for collateral estoppel to bar relitigation

4
     of an issue: "(1) the issue to be precluded must be identical to that decided in the prior proceeding;
5
6    (2) the issue must have been actually litigated at that time; (3) the issue must have been necessarily

7    decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party

8    against whom preclusion is sought must be in privity with the party to the former proceeding."

9
     *People v. Garcia*, 39 Cal. 4th 1070 (2006); *People v. Vogel*, 148 Cal. App. 4th 131 (3d Dist. 2007).
10

11   **IV.    THE INTEREST OF JUSTICE DEMANDS DISMISSAL.**

12
         The court has authority under Pen. Code § 1385 to dismiss a prosecution in the "furtherance
13
14   of justice" at any time, including after trial. "Dismissals under Section 1385 may be proper before,

15   during and after trial." *People v. Orin*, 13 Cal. 3d 937 (1975). Pen. Code § 1385 permits a trial court

16   to dismiss individual counts in accusatory pleadings, sentencing enhancements, allegations that the

17
     defendant has suffered a prior conviction, and allegations that the defendant has suffered a prior
18
19   "strike." *In re Varnell*, 30 Cal. 4th 1132, 1134 (2003).

20       In *People v. Superior Court of Marin County*, 69 Cal. 2d 491, 505 (1968), the court set forth

21   a balancing test to guide the court in determining whether to dismiss in the interests of justice. The

22   factors to be weighed include: (1) the weighing of the evidence indicative of guilt or innocence; (2)

23
     the nature of the crime involved; (3) the fact that the defendant has or has not been incarcerated in
24
25   prison awaiting trial and the length of such incarceration; (4) the possible harassment and burdens

26   imposed upon the defendant by a retrial; and (5) the likelihood, if any, that additional evidence will

27   be presented upon a retrial. "When the balance falls clearly in favor of the defendant, a trial court

28

Defendant's Omnibus Motion to Dismiss

1  not only may but should exercise the powers granted to him by the Legislature and grant a dismissal

2  in the interests of justice."

3
   The power invested in the court by Pen. Code § 1385 is a discretionary power that rests
4
5  solely with the court. The power of the court to dismiss on its own motion is unaffected by

6  prosecution objection. As the court stated in *People v. Tenorio*, 3 Cal. 3d 89 (1970):

7
> The judicial power is compromised when a judge, who believes that a
8
> charge should be dismissed in the interests of justice, wishes to
> exercise the power to dismiss but finds that before he may do so he
9
> must bargain with the prosecutor. A judicial power must be
> independent, and a judge should never be required to pay for its
10
> exercise.

11 The California Supreme Court has held that "the discretion of the judge [under Section **1385**] is
12
   absolute except where the Legislature has specifically curtailed it." *People v. Superior Court of*
13
14 *Marin County*, 69 Cal. 2d 491 (1968).

15

16                              **ARGUMENT**

17 **I.    THIS CURRENT PROSECUTION VIOLATES DOUBLE JEOPARDY UNDER THE
        5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I, SECTION 15,
18       OF THE CALIFORNIA CONSTITUTION.**

19
   Frist, the current prosecution violates Ms. Luo's Federal and California Constitutional
20
21 guarantees because she cannot be tried for the same offense once previously prosecuted and

22 convicted. *U.S. v. Dixon*, 509 U.S. 688 (1993).  Second, the two prosecutions involve the same

23 criminal act, but under two different statutes containing the same elements, which also violates
24
   Constitutional guarantees. *See* (*U.S. v. Dixon*, 509 U.S. 688 (1993). *Id.* At 696. Lastly, collateral
25
26 estoppel applies here because an issue of ultimate fact that has been resolved in Ms. Luo's prior

27 criminal proceeding, cannot be relitigated in a subsequent prosecution or retrial. *Yeager v. U.S.*, 557

28 U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010).

Defendant's Omnibus Motion to Dismiss

1

### a. Same Offense Once Previously Prosecuted

2

The facts, order, and issue in this prosecution is the same as 19CM06724. Ms. Luo was

3

found guilty of count 2, Penal Code Section 273.6, of Case No. 19CM06724, which alleged Ms.

4

Luo disobeyed a domestic relations court order for "fail[ing] to deactivate websites and creat[ing]

5

new websites. At sentencing, Ms. Luo was ordered to pay Tomas Czodor $54,000 in order to give

6

him money to remove 27 websites the prosecution purported Mr. Czodor was entitled to in

7

8

connection to Count 2's conviction.

9

Ms. Luo is now charged with Penal Code Section 166(a)(4) in Case No. 23CM00067 for

10

failing to "to remove any pictures or references of the protected party from any social media

11

websites or blogs she may have posted." The same links the prosecution intends to criminalize in

12

this case, Case No. 23CM00067, are the same links that Ms. Luo was held liable for in Case No.

13

14

19CM06724. Both cases rely upon the same family court order issued out of Case No. Case

15

No.18V002374.

16

17

The prosecution's attempt to rely on the family court's amended order that was issued on

18

October 01, 2021 for this secondary prosecution—as opposed to the initial order issued on October

19

19, 2018 involving Case No. 19CM06724—is a logical fallacy to suggest there are two separate

20

orders that warrant two separate causes of action. There is only one order, and that amendment

21

issued on October 1, 2021 never modified Ms. Luo's restraints, but only changes what can

22

23

prospectively be communicated online to comport with Free Speech guarantees. Nonetheless, the

24

same provision that was relied upon in the 19CM06724 prosecution is the same provision this

25

prosecution relies upon, which is the "[r]esponding Party is further ordered to remove any pictures

26

or references of the Moving Party from any social media website or blog she may have posted."

27

28

Defendant's Omnibus Motion to Dismiss

This provision exists in both version of the order that was issued on October 19, 2018 and October 01, 2021.

### b. Same Criminal Act, but Under Two Statutes

Ms. Luo's constitutional rights are not obviated because this current prosecution alleges the same violation under a different statute. The criminal act in the prior prosecution of Case No. 19CM06724 is the same as the current prosecution of Case No. 23CM00067, which involve the same elements. Both counts require the government to prove beyond a reasonable doubt that: (a) a court lawfully issues a written order that the defendant [insert description of the order]; (b) the defendant knew of the order; (c) the defendant had the ability to follow the order; and the (d) the defendant willfully violated the court order.

### c. Collateral Estoppel

*See infra*. Section *III of Argument*.

## II. THIS CURRENT PROSECUTION VIOLATES PENAL CODE SECTION 654 UNDER CALIFORNIA LAW.

The prosecution should be barred from prosecuting Ms. Luo in Case No. 23CM00067 because she was already prosecuted and punished for count 2 of Case No. 19CM06724. Penal Code Section 654(a) states:

> An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other.

Section 654 imposes a duty onto the prosecution to join all offenses in a single prosecution; and when the prosecution fails to unite all causes of action it knew about, or should have known about, the Supreme Court has held a bar in prosecutions. *See Kellet*, 63 Cal. 2d 822, 827(1966) ("Failure to

1  unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the

2  initial proceedings culminate in either acquittal or conviction and sentence.").

3
   Here, the current websites at issue stem from postings that go back to 2018. The prosecution
4
   actually knew about these websites at the time of the 19CM06724 prosecution. This is demonstrated
5
6  by the prosecution's decision to amend the 19CM06724 complaint and the specific evidence it

7  admitted at trial and the resitution hearing. The prosecution amended the complaint to state the

8  violation of the restraining order was for failing to remove websites and creating new ones.

9
   Therefore, the prosecution knew about websites alleged at the family court hearing on October 19,
10
11 2018, but "new" websites in addition to what occurred at the hearing, in accordance to the

12 complaint's allegation. Furthermore, the prosecution submitted exhibits and testimony from the

13 family court hearing of Tomas Czodor testifying about Ms. Luo posting "28 times" that involved

14
   multiple cheater websites and youtube videos. Indicating the prosecution knew, or should have
15
16 known, what its star witness was talking about. Lastly, the prosecution admitted 27 links at the

17 resitution hearing, claiming Tomas Czodor was entitled to $54,000 in resitution based on Ms. Luo's

18 conviction of Count 2, exhibiting knowledge of the harm it sought to prosecute in 19CM06724 (and

19 seeks to prosecution again).

20
   The same links the prosecution seeks to criminalize in this prosecution are the same links
21
22 that existed at the time Tomas Czodor filed for a restraining order in family court, Case

23 No.18V002374., and links that were admitted at the 19CM06724 trial and resitution hearing.

24     Lastly, there is nothing in the evidence to suggest this current prosecution needs different

25 evidence or information to warrant a successive prosecution under law. All of these accusations

26
   involve the same family court restraining order, same complaining witnesses, and same evidence.
27

28

Defendant's Omnibus Motion to Dismiss

1  **III.   THIS CURRENT PROSECUTION SHOULD BE BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL.**

2

3      "[F]ive threshold requirements" must be established for collateral estoppel to bar relitigation

4  of an issue: "(1) the issue to be precluded must be identical to that decided in the prior proceeding;

5  (2) the issue must have been actually litigated at that time; (3) the issue must have been necessarily

6  decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party

7
   against whom preclusion is sought must be in privity with the party to the former proceeding."
8

9  *People v. Garcia*, 39 Cal. 4th 1070 (2006); *People v. Vogel*, 148 Cal. App. 4th 131 (3d Dist. 2007).

10      Here, the issue in the prior case 19CM06724 is identical to the issue in this prosecution:

11  failure to remove websites in violations of family court ordered in Case No. 18V002374. The family

12
   court order never specifically identified which websites Ms. Luo was required to remove or by what
13

14  date. Instead, it ordered to remove any website she may have posted. Because the family court order

15  did not identify what specific links must be removed, the issue in collateral estoppel should not be

16  expanded on whatever and whenever the prosecution seeks to prosecute based on a specific link it

17
   sees fit for criminal liability. The issue here was failing to remove website which was clearly
18

19  litigated in case 19CM06724, and it ultimately resulted in a conviction, which is a final judgement

20  on the merits. Lastly, the prosecution involved the same exact parties as the former proceeding:

21  State of California versus Xingfei Luo, with the same complaining witness, Tomas Czodor.

22

23  **IV.   THIS PROSECUTION SHOULD BE DISMISSED IN THE INTEREST OF JUSTICE UNDER PENAL CODE SECTION 1385.**

24

25      In *People v. Superior Court of Marin County*, 69 Cal. 2d 491, 505 (1968), the court set forth

26  a balancing test to guide the court in determining whether to dismiss in the interests of justice. The

27  factors to be weighed include: (1) the weighing of the evidence indicative of guilt or innocence; (2)

28

Defendant's Omnibus Motion to Dismiss

the nature of the crime involved; (3) the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration; (4) the possible harassment and burdens imposed upon the defendant by a retrial; and (5) the likelihood, if any, that additional evidence will be presented upon a retrial. "When the balance falls clearly in favor of the defendant, a trial court not only may but should exercise the powers granted to him by the Legislature and grant a dismissal in the interests of justice."

Here, the interest of justice lays heavily in favor of Ms. Luo. The websites that the prosecution seeks to criminalize are websites Ms. Luo has already been punished for by serving a jail sentence, participating in weekly therapy for 52 weeks, and paying Tomas Czodor $93, 003.76, and $54,000 is specifically allotted to remove websites.

The successive prosecutions are tantamount to harassment and unfair prosecution. At the restitution, sentencing hearing, the prosecution did not even prove that each link was validly operating. Only 2 out of the 27 were operating at the time, and the complainant was awarded not restitution, but a windfall.

Ms. Luo has been punished enough, legally and symbolically. Nothing in the evidence suggests Ms. Luo is the creator and has dominion and control over these websites to remove them. This secondary prosecution should be dismissed in the interest of justice.

## CONCLUSION

For the foregoing reasons, Ms. Luo's case should be dismissed.

Defendant's Omnibus Motion to Dismiss

DATED: March 14, 2023

Respectfully submitted,
FRANK DAVIS, Alternate Public Defender

_____

Marian Mikhail
Deputy Alternate Defender
Marian.mikhail@ocaltdef.com

21 of 21

EXHIBIT 7

# Case Summary

**Case Number:** 23CM00067
**OC Pay Number:** 11200090
**Originating Court:** Central
**Pay or Appear by:**
**Traffic School Completion Date:**
**Next Payment Date:**
**Defendant:** Luo, Xingfei
**Demographics:**

|  |  |  |
|---|---|---|
| | Eyes: | Brown |
| | Hair: | Black |
| | Height(ft/in) : 5'5" | |
| | Weight (lbs): 96 | |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Luo | Xingfei | | Real Name |
| Lou | Xingfei | | Alias |

**Case Status:**

| | | |
|---|---|---|
| Status: | Dismissed | |
| Case Stage: | | |
| Release Status: | Released on Own Recognizance | |
| Warrant: | N | |
| DMV Hold : | N | |
| Charging Document: | Complaint | |
| Mandatory Appearance: | Y | |
| Owner's Resp: | N | |
| Amendment #: | 1 | |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 04/20/2022 | 166(a)(4) PC | M | Contempt of court - disobey court order | NOT GUILTY | 02/10/2023 | Found Not Guilty by Jury | 03/28/2023 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Alternate Defender | | ALTD | Deputy Alternate Defender, | | |
| District Attorney | | OCDA | Nguyen-McDonald, Daniel | | |
| Alternate Defender | | ALTD | Mikhail, Marian | | |
| District Attorney | | OCDA | Gomez, Steven | | |
| District Attorney | | OCDA | Voge, James | | |
| District Attorney | | OCDA | Ellis, Therese | | |
| Alternate Defender | | ALTD | Follett, James | | |
| District Attorney | | OCDA | Johnson, Alexis | | |
| District Attorney | | OCDA | Zhan, MingMing | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 02/07/2023 | Motion Dismissal | C47 | Heard | |
| 02/07/2023 | Motion Dismissal | C48 | Heard | |
| 02/08/2023 | Motion Dismissal | C48 | Heard | Waives arraignment today |
| 02/10/2023 | Arraignment - | C48 | Heard | |
| 02/24/2023 | Arraignment - | C54 | Cancel | |
| 03/03/2023 | Pre Trial - | C47 | Cancel | |
| 03/03/2023 | Pre Trial - | C50 | Heard | Time not waived |
| 03/10/2023 | Pre Trial - | C47 | Cancel | |
| 03/10/2023 | Pre Trial - | C51 | Heard | waives statutory time for |
| 03/16/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Cancel | |
| 03/20/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C53 | Heard | |
| 03/21/2023 | Motion Dismissal | C47 | Cancel | |
| 03/21/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/23/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/24/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/27/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/28/2023 | Jury Trial - | C53 | Heard | |