FILED
CLERK, U.S. DISTRICT COURT

June 4, 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JD_____ DEPUTY

1    XINGFEI LUO

2    PO BOX 4886,

3    El Monte, CA 91734

4

5    Petitioner in Pro Se

6

7

8                 **UNITED STATES DISTRICT COURT**

9                 **CENTRAL DISTRICT OF CALIFORNIA**

10

11   XINGFEI LUO,                           No. 8:22-CV-01640-MEMF-KES

12            Petitioner,

13       v.                                 **NOTICE OF MOTION AND MOTION**
                                            **FOR LEAVE TO AMEND PETITION**
14   THE PEOPLE OF THE STATE OF
15   CALIFORNIA

16            Respondent.
                                            Date: July 11, 2023 (Tuesday)
17                                          Time: 10:00 a.m.
                                            Courtroom: 6D
18                                          Action filed: September 6, 2022

19

20

21       TO THE COURT AND RESPONDENT:

22       PLEASE TAKE NOTICE that on July 11, 2023, at 10:00 a.m., or as soon

23   thereafter as may be heard by this Court, in Courtroom 6D of the above-entitled Court,

24   located at 34 Civic Center Plaza, Santa Ana, CA 92701, Xingfei Luo (Petitioner) will and

25   hereby does move for an order, pursuant to FRCP Rule 15, granting leave to amend her

26   Petition for a Writ of Habeas Corpus to add a newly discovered claim and additional legal

27   authority.

28       This case is exempt under L.R. 16-12 from Conference of Counsel Prior to Filing

1

of Motions. This Motion is made following the State's failure to respond to Petitioner's good faith request for written consent pursuant to FRCP Rule 15a(2). Decl., Luo ¶3.

This Motion is based upon this Notice; the accompanying Memorandum of Points and Authorities; the declarations and exhibits filed in support herein; the complete files and records of this action; and upon such other oral or written matters as may properly come before this Court.

Respectfully submitted,

Date: June 4, 2023

*/s/ Xingfei Luo*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Petitioner, a non-native English speaker and a victim of miscarriage of justice, is currently proceeding pro se in this matter due to financial constraints preventing her from obtaining formal legal representation. Despite her lack of formal legal training, Petitioner has displayed commendable diligence and a good faith effort to navigate the complexities of the legal system and assert her constitutional rights. This motion aims to seek leave to amend her initial Petition for a Writ of Habeas Corpus to add additional authority and a newly discovered claim (Claim 35).

## II.   JUSTICE REQUIRES LEAVE TO AMEND

Fed.R.Civ.P. 15 places leave to amend within the sound discretion of the trial court. *PSG Co. v. Merrill Lynch, Pierce, Fenner Smith, Inc*., 417 F.2d 659, 664 (9th Cir. 1969), cert. denied, 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970). In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 — to facilitate decision on the merits, rather than on the pleadings or technicalities. *Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 102-103, 2 L.Ed.2d 80 (1957). Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality."

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. In *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973), the Ninth Circuit analyzed these factors, and concluded that they are not of equal weight. Specifically, the court noted that delay alone — no matter how lengthy — is an insufficient ground for denial of leave to amend. "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Id*. at 1191. See also *Hanson v. Hunt Oil Co*., 398 F.2d 578, 581-82 (8th Cir. 1968); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp*., 392 F.2d 380, 384 (2d Cir. 1968). "The mere fact that an amendment

1  is offered late in the case is . . . not enough to bar it." 3 Moore's Federal Practice §

2  15.08[4] at 15-102. Thus in *Howey*, the court held that the district court had abused its

3  discretion in denying leave to amend even five years after the original pleadings, where

4  neither bad faith nor prejudice was apparent. 481 F.2d at 1190-92.

5      A district court shall grant leave to amend freely when justice so requires. *Lopez v.*

6  *Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting Fed.R.Civ.P. 15(a)). "This

7  policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*,

8  893 F.2d 1074, 1079 (9th Cir. 1990); see also *Griggs v. Pace Am. Group, Inc.*, 170 F.3d

9  877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of granting the

10  motion.")

11      Undue Delay

12      It is crucial to recognize that Petitioner acted with reasonable promptness upon

13  discovering the existence of the newly discovered claim (Claim 35). Despite encountering

14  obstacles due to her limited legal knowledge and language barriers, she diligently pursued

15  the necessary research and sought guidance from legal resources available to her. Decl.,

16  Luo ¶2. Upon uncovering the significance of this newly discovered claim and receiving

17  the court's advice (ECF 27), Petitioner expeditiously seeks leave to amend her initial

18  petition to include it. Claim 35 was presented to California Supreme Court. ECF 21.

19      Good Faith Effort

20      While Petitioner is not formally trained in the law, her sincere commitment to

21  upholding justice is evident throughout her efforts in this case. She has demonstrated good

22  faith by continuously educating herself about the legal process. The proposed amendment

23  is a reflection of Petitioner's honest belief that justice can only be served by including the

24  newly discovered claim.

25      Futility of Amendment

26      The proposed amendment is not an attempt to prolong or unduly complicate these

27  proceedings. On the contrary, it is crucial to the proper adjudication of this case. The

28  newly discovered claim, which alleges a violation of Petitioner's constitutional rights,

4

1   presents significant evidence that directly impacts the core issues of this case. Denying the

2   amendment would deny Petitioner the opportunity to present a complete and

3   comprehensive case.

4       Prejudice to the Opposing Party

5       It is essential to recognize that any potential prejudice to the opposing party can be

6   adequately addressed through appropriate procedural safeguards. Petitioner is fully

7   prepared to comply with any reasonable measures to alleviate any possible burden caused

8   by the amendment. The Court may impose any necessary safeguards to ensure fairness

9   and mitigate any perceived prejudice.

10  **III.     CONCLUSION**

11      In light of the foregoing, Petitioner respectfully requests this Honorable Court to

12  grant her leave to amend her initial petition for a Writ of Habeas Corpus as justice

13  requires.

14      Respectfully submitted,

15      Date: June 4, 2023

16                                              */s/ Xingfei Luo*

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF XINGFEI LUO**

I, Xingfei Luo, declare and state:

1.      I am the petitioner in this case and I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.      After my conviction in 2021 I diligently conducted post-conviction investigation and legal research. I have worked tirelessly to assert my rights and interests within the confines of the legal process. My first language is not English. I never received legal training in the United States. The process to navigate the criminal system has been overwhelming and I have tried my best to educate myself.

3.      On May 31, 2023 I reached out Mr. Butera through email in good faith requesting his written consent to amend my petition but I received no response.

I, Xingfei Luo, declare under penalty of perjury that the foregoing is true and correct.

Executed in Rosemead, CA on June 4, 2023.

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on June 4, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per