```
FILED
CLERK, U.S. DISTRICT COURT

7/30/2023

CENTRAL DISTRICT OF CALIFORNIA
BY:     KH        DEPUTY
```

1  XINGFEI LUO
2  PO BOX 4886,
3  El Monte, CA 91734
4
5  Petitioner in Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| XINGFEI LUO, | No. 8:22-CV-01640-MEMF-KES |
|---|---|
| Petitioner, | |
| v. | **PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION FOR AN EXTENSION OF TIME TO FILE RESPONSE TO THE AMENDED PETITION** |
| THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Respondent. | |
| | Action filed: September 6, 2022 |

Xingfei Luo (Petitioner) respectfully submits her opposition to Respondent's belated motion for an extension of time to file response to the amended petition. ECF 35.

**PROCEDURAL HISTORY**

On September 6, 2022, Petitioner filed a petition for writ of habeas corpus asserting 34 claims of relief. ECF 1. On November 9, 2022, Michael Butera (Butera) entered his appearance on behalf of Respondent. ECF 15. On December 20, 2022 the court granted *Rhines* stay allowing Petitioner to exhaust claims in state courts. ECF 18. During the process of exhausting her claims in state courts, Petitioner consistently provided regular updates to Butera by serving him with copies of her filings made in those

1 state courts, including her exhaustion petition made to California Supreme Court. Luo
2 Decl., ¶ 2.
3   On May 22, 2023 Petitioner's last status report was docketed advising that the
4 California Supreme Court denied her exhaustion petition. ECF 26. The *Rhines* stay was
5 lifted subsequently. ECF 27. On May 31, 2023, Petitioner requested Butera's written
6 consent to amend her petition pursuant to FRCP Rule 15(a)(2). In her email to Butera,
7 Petitioner requested Butera's response by June 3, 2023. Luo Decl., ¶ 3. Petitioner's
8 request for written consent to amend her petition was a clear indication that the case was
9 active and not subject to a stay, and that she intended to file the amended petition shortly.
10   After receiving no response from Butera, Petitioner moved for leave to amend her
11 petition. ECF 29. On June 21, 2023 the court granted Petitioner's motion for leave to
12 amend her petition and ordered Respondent to respond to the FAP within twenty-one (21)
13 days after it is docketed. ECF 32. On June 26, 2023, Petitioner's FAP, asserting 35 claims
14 of relief (adding only one additional claim to the original petition), was docketed. ECF 33.
15 Consequently, Respondent's deadline to response was due on July 17, 2023. As of July
16 27, 2023, no motion for extension of time to file answer to petition for writ of habeas
17 corpus was made, neither before the original time expired nor after the time had elapsed.
18 Despite Respondent had over eight months to prepare a response to the FAP except claim
19 35, without finding any good cause or excusable neglect, 10 days after the original time
20 had expired, the court extended, sua sponte, Respondent's deadline to respond to the FAP
21 to August 1, 2023. ECF 34. On August 28, 2023, over 10 days after the original time to
22 response had expired, Butera filed a belated motion for an extension of time to file
23 response asserting that the Court's July 27, 2023 order extending time to respond was his
24 first indication that the case was no longer stayed, which is refuted by Petitioner's request
25 for written consent to amend petition. ECF 35. Subsequently, Petitioner filed her
26 objections to the magistrate's July 27, 2023 order. ECF 36.
27 ///
28 ///

# ARGUMENT

## I. THE COURT ABUSED ITS DISCRETION TO EXTEND RESPONDENT'S DEADLINE TO RESPOND TO THE FIRST AMENDED PETITION TO AUGUST 1, 2023

FRCP Rule 6(b) strictly requires the presence of good cause or excusable neglect to grant an extension of time and does not provide any discretionary power to do so otherwise.

Before the original time or its extension expires, FRCP Rule 6(b)(1)(A) allows the Court to extend the time with or without motion or notice if the Court acts. In the present case, the original deadline for Respondent to respond to the FAP was July 17, 2023. ECFs 32, 33. After the original time had already expired, the court had no authority to act *sua sponte* to extend the deadline to August 1, 2023. Even assuming that the court had discretionary power to extend the deadline, it abused its discretion by doing so without any finding of good cause.

Pursuant to FRCP Rule 6(b)(1)(B), a post-deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 873 & 896, 110 S.Ct. 3177, (1990). As of July 27, 2023, there is no indication in the record that Respondent made a motion for an extension of time, nor is there any suggestion that Respondent's failure to respond was due to excusable neglect. Therefore, the court's *sua sponte* extension of time to respond was unjustified with no valid basis. Extension under these circumstances doesn't serve the end of a "just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1. See *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (reversing district court's enlargement of time to file fee petition because attorney failed to show excusable neglect); *Marshall v. Costco Wholesale Corp.*, CV 20-8850-DMG (Ex), at *2 (C.D. Cal. Aug. 11, 2022) (noting that a request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.)

## II. RESPONDENT FAILED TO SHOW EXCUSABLE NEGLECT

The Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 s. Ct. 1489 (1993)).

### A. The Danger of Prejudice to The Opposing Party

Respondent's failure to file a timely response and its instant motion seeking extension adversely and significantly affect Petitioner's fundamental rights.

On July 29, 2021 Petitioner was wrongfully convicted of three crimes and is **currently in the State's custody**. Since then Petitioner has worked tirelessly to vindicate her constitutional rights.

In February 2023, Petitioner faced another prosecution for the same crime. ECF 28. Any further delay in resolving this case could expose her to the risk of yet another prosecution.

Out of a misdemeanor conviction, the alleged "victim" claimed an astonishing $107,720.76 in restitution, making it the largest restitution amount sought in American history. In June 2022, the superior court awarded restitution in the substantial amount of $93,003.76, plus 10% interest. ECF 28 at 45-46. The 10% interest attached to the restitution translates into nearly $800 in interest each month, placing an enormous burden on Petitioner's already challenging financial situation. The ongoing accrual of interest also makes Petitioner vulnerable to potential legal consequences and further hardships.

Respondent's belated motion, seeking an extension of time, compounds the harm inflicted upon Petitioner in violation of her due process rights. Granting an extension without adequate justification further delays the proceedings, prolongs **restraint in Petitioner's liberty**, exacerbates her financial struggles, and perpetuates the uncertainty

surrounding her constitutional rights, potentially another prosecution.

As a wrongfully convicted individual currently in custody, Petitioner is particularly vulnerable, and any delay in the resolution of her case has a severe impact on her physical, psychological, and financial well-being.

In a sharp contrast, Respondent's failure to file a response does not prejudice its substantial rights. The Ninth Circuit has expressly declared that a habeas corpus petitioner is not entitled to default judgment. *Gordan v. Duran*, 895 F.2d 610 (9th Cir. 1990). The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment. *Id*. at 612. The habeas petitioner still bears the burden of showing that he or she is in custody in violation of the constitution.

### B. The Length of The Delay And Its Potential Impact on The Proceedings

Here, Respondent not only filed the instant motion 11 days after the original deadline had expired, but also sought a 77 days extension. Petitioner's email on May 31, 2023, served as a clear alert to Butera regarding the upcoming amended petition. Two months later until July 28, 2023, Respondent's 11 days delay, after the original time to respond had expired, in filing the instant motion is unreasonable.

### C. The Reason for The Delay

It is beyond dispute that the CM/ECF notifications for all documents after Butera's initial appearance were electronically served on his email address: michael.butera@doj.ca.gov.

However, in Butera's declaration, he attested that he received no ECF notifications of further activity in this case between May 22, 2023 and July 27, 2023—when he was notified of the Court's order extending the deadline for a response to Luo's Amended Petition to August 1, 2023. It is worth noting that the last docketed status report by Petitioner was on May 22, 2023. ECF 26. This date coincides with the document signaling the imminent lifting of the *Rhines* stay. Interestingly, it is also the same date when Butera stopped receiving ECF notifications. In addition, Butera did not provide an explanation for the sudden resumption of ECF notifications on July 27, 2023.

5

While it is evident that this court is currently handling a substantial number of active open cases, none of the attorneys involved in other cases have reported any issues with receiving ECF notifications. Given this fact, it is reasonable to consider two possibilities: either the ECF system selectively malfunctioned for Butera[1], or his claim of not receiving ECF notifications is untrue. The latter scenario appears to be more plausible based on the totality of the circumstances and evidence.

Further, if Butera truly had stopped receiving ECF notifications since May 22, 2023, after receiving Petitioner's request for written consent to amend the petition on May 31, 2023, it would have been incumbent upon him to discover the "malfunction" of ECF notifications.

The mystery of the sudden disruption and subsequent resumption of ECF notifications, combined with the intriguing timeline, ECF system's selective "malfunction" for Butera, and his reckless failure to discover the ECF notification "malfunction" raise significant doubts about the truthfulness of Butera's statements.

Upon review of Petitioner's May 31, 2023 email to Butera, it is clear that Butera was not being forthright when he stated that the receipt of this Court's July 27, 2023 order extending time to respond was his **first indication** that the case was no longer stayed. In reviewing the chronology of the proceedings and correspondence, it seems most likely that Butera filed the instant motion in order to stall the adjudication of this case after his calculated failure to file a timely response to the FAP.

### D. **Whether The Movant Acted in Good Faith**

Bad faith "includes a broad range of willful improper conduct . . . ." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). The Supreme Court has described "bad faith" as fraud practiced upon the court and conduct in which "the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (internal quotation omitted). Unsurprisingly, the Ninth Circuit has held a party's misrepresentations or purposeful

---

[1] To avoid further ECF system's selective "malfunction" for Butera, a courtesy copy of this document was directly sent to michael.butera@doj.ca.gov. Luo Decl., ¶4.

deception constitutes bad faith. See *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (affirming the district court's imposition of sanctions for bad faith misrepresentations).

Butera's misrepresentation of his unawareness of the *Rhines* stay was lifted is an act of bad faith. Petitioner's email to Butera on May 31, 2023, unmistakably indicates that the case was active. Therefore, Butera's claim that he only became aware of the case's active status through the Court's July 27, 2023 order to extend the response time appears disingenuous. Intentionally misleading the court is bad faith conduct. *Avendano v. Sec. Consultants Grp.*, 3:13-cv-00168-HDM-VPC, at *18 (D. Nev. Dec. 2, 2014).

The Ninth Circuit has held tantamount to bad faith an attorney's failure to take remedial actions required by his ethical and professional obligations. See *Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001). Conduct is also tantamount to bad faith where counsel or parties act recklessly and in combination "with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994. In the Ninth Circuit, improper purposes include the recitation of "weak" factual contentions "without reasonable and competent inquiry." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).

After receiving Petitioner's request for written consent to amend the petition on May 31, 2023, Butera's failure to discover the ECF notification "malfunction" is reckless tantamount to bad faith, in combination with his frivolous claim that the Court's July 27, 2023 order extending time to respond was his **first indication** that the case was no longer stayed.

### III. RESPONDENT FAILED TO SHOW GOOD CAUSE FOR A 77 DAYS EXTENSION

Respondent now requests until October 2, 2023 to file its response, a 77-day deviation from the initial deadline. The extended time requested by Respondent significantly disrupts the orderly and timely progression of the case. It hampers the efficiency of the court system and impairs Petitioner's right to a speedy and fair resolution of her claims. The delay places an undue burden on Petitioner, depriving her of a timely

7

resolution to the legal matter at hand.

Butera seeks a 77-day extension, citing four other ongoing cases as justification. However, it is important to note that Butera had already entered his appearance on behalf of Respondent on November 9, 2022, providing him with **over eight months** to prepare a response to the FAP, with the exception of claim 35 (FAP contains only one additional claim beyond the original petition). Given that attorneys often handle multiple cases concurrently, Butera's claim of needing 77 days to respond fails to establish good cause for such a lengthy extension.

## IV. RESPONDENT'S MOTION IS PROCEDURALLY DEFECTIVE

Regardless of the above, Respondent's motion should be denied as it is procedurally defective. Under L.R. 7-4 Respondent failed to specify a date and time of the motion hearing. Given that Respondent failed to follow the applicable procedural local rules, under L.R. 7-12, this Court may decline to consider this motion and it should be denied.

## CONCLUSION

Based on the foregoing, Petitioner requests that the Court deny Respondent's motion and resolve the FAP on its merit. In the alternative, the court should order Respondent to file a response to the FAP by August 14, 2023.

Respectfully submitted,

Date: July 30, 2023

*/s/ Xingfei Luo*

**DECLARATION OF XINGFEI LUO**

I, XINGFEI LUO, declare and state:

1. I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2. During the process of exhausting my claims in state courts, I consistently provided regular updates to Butera by serving him with copies of my filings made in those state courts. The latest one was my filings with California Supreme Court. A true and correct copy of the electronic service is attached hereto as Exhibit 1.

3. After the *Rhines* stay was lifted, on May 31, 2023, I requested Butera's written consent to amend my petition pursuant to FRCP Rule 15(a)(2). In my email to Butera, I requested Butera's response by June 3, 2023. Butera never responded to my email, nor did he ask for more time to respond. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

4. A courtesy copy of this document was directly sent to michael.butera@doj.ca.gov.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed in Rosemead, CA on July 30, 2023.

*/s/ XINGFEI LUO*

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address:

michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on July 30, 2023

/s/ XINGFEI LUO

XINGFEI LUO, In Pro Per

# EXHIBIT 1

## In Re Luo S278439

**From:** CPRArq@mail.com
**To:** Michael.Butera@doj.ca.gov
**Date:** Apr 5, 2023 10:39:34 PM

FYI

**Attachments**

- 20230405 Supplement.pdf

# Habeas petition exhibit VIII

**From:** 22_cv_01640@mail.com
**To:** Michael.Butera@doj.ca.gov
**Date:** Feb 1, 2023 9:42:44 PM

FYI

**Attachments**

- 20230201 Writ exhibits VIII.pdf

# Habeas petition

**From:** 22_cv_01640@mail.com
**To:** Michael.Butera@doj.ca.gov
**Date:** Feb 1, 2023 9:41:40 PM

FYI

**Attachments**

- 20230201 hc001 PETITION FOR WRIT OF HABEAS CORPUS.pdf
- 20230201 Writ exhibits VI.pdf
- 20230201 Writ exhibits VII.pdf

EXHIBIT 2

mail.com

# Request for Consent to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

| | |
|---|---|
| **From:** | 22_cv_01640@mail.com |
| **To:** | Michael.Butera@doj.ca.gov |
| **Date:** | May 31, 2023 8:46:42 PM |

Dear Mr. Butera,

I hope this email finds you well. I am writing to you in my capacity as the petitioner in the case No. 8:22-cv-01640 pending before California Central District Court. Pursuant to FRCP Rule 15(a)(2), which governs the amendment of pleadings, I am seeking your written consent to amend my Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

As you may be aware, Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. Recognizing the importance of collaboration and transparency in the pursuit of justice, I believe that an amendment to my petition would be in the best interests of both parties and the court. It would allow for a more comprehensive presentation of the issues and could potentially facilitate a more efficient resolution of this matter.

I would like to inform you that the proposed amendment seeks to add a new claim based on recently discovered issue that has been presented to the California Supreme Court. ECF 21. This claim would strengthen my arguments in challenging the constitutionality of my conviction. In accordance with the principles of fairness and due process, I believe that this amendment is necessary to fully and adequately present my claims.

I kindly request that you carefully review the proposed amendment, as attached, and consider providing your written consent to their inclusion in my petition. This collaborative approach would not only streamline the litigation process but also demonstrate my commitment to a thorough and robust examination of the issues at hand.

If you have any concerns or objections regarding the proposed amendment, I encourage you to express them in writing as soon as possible so that I may address them and attempt to reach a resolution. Alternatively, if you believe that the court's leave is necessary for the amendment, kindly inform me of your intention so that I may take appropriate steps to seek the court's permission.

Please note that my request for amendment is made in good faith and with the utmost respect for the legal process. I believe that an open dialogue and cooperative approach will serve the interests of both parties and contribute to the fair and just resolution of this case.

I look forward to your prompt response by the end of this week and sincerely hope that we can find common ground to proceed with the proposed amendment. Should you have any questions or require further clarification, please do not hesitate to contact me.

Thank you for your attention to this matter.

Luo

mail.com

**Attachments**

- Appendix.pdf
- First amended petition.pdf