1  XINGFEI LUO

2  PO BOX 4886,

3  El Monte, CA 91734

4

5  Petitioner in Pro Se

6

7

**FILED**
CLERK, U.S. DISTRICT COURT

08/01/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___KH___ DEPUTY

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10

11  XINGFEI LUO,                                    No. 8:22-CV-01640-MEMF-KES

12              Petitioner,

13       v.                                          **PETITIONER'S OBJECTIONS TO**
                                                     **MAGISTRATE JUDGE'S JULY 31,**
14  THE PEOPLE OF THE STATE OF                       **2023 ORDER**
    CALIFORNIA
15

16              Respondent.                          Action filed: September 6, 2022

17

18

19       Pursuant to Fed. R. Civ. P. 72(a), Xingfei Luo (Petitioner) respectfully submits her

20  objections to Magistrate Judge's July 31, 2023 Order granting Respondent's belated

21  motion for an extension of time to file response to the First Amended Petition (FAP) (the

22  "Order"). ECF 36.

23                          **PROCEDURAL HISTORY**

24       On September 6, 2022, Petitioner filed a petition for writ of habeas corpus

25  asserting 34 claims of relief. ECF 1. On November 9, 2022, Michael Butera (Butera)

26  entered his appearance on behalf of Respondent. ECF 15. On December 20, 2022 the

27  magistrate granted *Rhines* stay allowing Petitioner to exhaust claims in state courts. ECF

28  18. During the process of exhausting her claims in state courts, Petitioner consistently

1

1   provided regular updates to Butera by serving him with copies of her filings made in those

2   state courts, including her exhaustion petition made to California Supreme Court. Luo

3   Decl., ¶ 2.

4         On May 22, 2023 Petitioner's last status report was docketed advising that the

5   California Supreme Court denied her exhaustion petition. ECF 26. The *Rhines* stay was

6   lifted subsequently. ECF 27. On May 31, 2023, Petitioner requested Butera's written

7   consent to amend her petition pursuant to FRCP Rule 15(a)(2). In her email to Butera,

8   Petitioner requested Butera's response by June 3, 2023. Luo Decl., ¶ 3. Petitioner's

9   request for written consent to amend her petition was a clear indication that the case was

10   active and not subject to a stay, and that she intended to file the amended petition shortly.

11         After receiving no response from Butera, Petitioner moved for leave to amend her

12   petition. ECF 29. On June 21, 2023 the magistrate granted Petitioner's motion for leave to

13   amend her petition and ordered Respondent to respond to the FAP within twenty-one (21)

14   days after it is docketed. ECF 32. On June 26, 2023, Petitioner's FAP, asserting 35 claims

15   of relief (adding only one additional claim to the original petition), was docketed. ECF 33.

16   Consequently, Respondent's deadline to response was due on July 17, 2023. As of July

17   27, 2023, no motion for extension of time to file answer to petition for writ of habeas

18   corpus was made, neither before the original time expired nor after the time had elapsed.

19   Despite Respondent had over eight months to prepare a response to the FAP except claim

20   35, without finding any good cause or excusable neglect, 10 days after the original time

21   had expired, the magistrate extended, *sua sponte*, Respondent's deadline to respond to the

22   FAP to August 1, 2023. ECF 34. On July 28, 2023, over 10 days after the original time to

23   response had expired, Butera filed a belated motion for an extension of time to file

24   response asserting that the Court's July 27, 2023 order extending time to respond was his

25   first indication that the case was no longer stayed, which is refuted by Petitioner's request

26   for written consent to amend petition. ECF 35. Without giving Petition any opportunity to

27   respond, even before Petitioner had a chance to receive Respondent's belated motion

28   through the mail, the magistrate granted Respondent's belated motion on July 31, 2023.

ECF 36.

**ARGUMENT**

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error). This standard requires "a definite and firm conviction that a mistake has been committed." *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge. See, e.g., *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) ("Section 636(b)(1) . . . has been interpreted to provide for de novo review by the district court on issues of law."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

**I.    THE MAGISTRATE JUDGE EXCEEDED HER AUTHORITY TO EXTEND RESPONDENT'S DEADLINE TO RESPOND TO THE FIRST AMENDED PETITION TO AUGUST 1, 2023**

FRCP Rule 6(b) strictly requires the presence of good cause or excusable neglect to grant an extension of time and does not provide any discretionary power to do so

3

1    otherwise.

2        Before the original time or its extension expires, FRCP Rule 6(b)(1)(A) allows the

3    Court to extend the time with or without motion or notice if the Court acts. In the present

4    case, the original deadline for Respondent to respond to the FAP was July 17, 2023. ECFs

5    32, 33. After the original time had already expired, the magistrate had no authority to act

6    *sua sponte* to extend the deadline to August 1, 2023. Even assuming that the magistrate

7    had discretionary power to extend the deadline, she abused her discretion by doing so

8    without any finding of good cause.

9        Pursuant to FRCP Rule 6(b)(1)(B), a post-deadline extension must be "upon

10   motion made," and is permissible only where the failure to meet the deadline "was the

11   result of excusable neglect." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 873 &

12   896, 110 S.Ct. 3177, (1990). As of July 27, 2023, there is no indication in the record that

13   Respondent made a motion for an extension of time, nor is there any suggestion that

14   Respondent's failure to respond was due to excusable neglect. Therefore, the magistrate's

15   *sua sponte* extension of time to respond was unjustified with no valid basis. Extension

16   under these circumstances doesn't serve the end of a "just, speedy, and inexpensive

17   determination" of this action. See Fed. R. Civ. P. 1. See *Kyle v. Campbell Soup Co.*, 28

18   F.3d 928, 931-32 (9th Cir. 1994) (reversing district court's enlargement of time to file fee

19   petition because attorney failed to show excusable neglect); *Marshall v. Costco Wholesale

20   Corp.*, CV 20-8850-DMG (Ex), at *2 (C.D. Cal. Aug. 11, 2022) (noting that a request to

21   continue or extend dates or deadlines that have already expired is presumptively a lack of

22   due diligence.)

23      **II.     THE JULY 31, 2023 ORDER BLATANTLY VIOLATED**

24            **PETITIONER'S DUE PROCESS RIGHTS AND THEREFORE IS**

25            **VOID**

26        The litigant must be provided with an opportunity to oppose the order before it is

27   entered. Due process requires notice and an opportunity to be heard. See *De Long v.

28   Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

The July 31, 2023 order purporting to grant Respondent's belated motion was issued by the magistrate without providing Petitioner the opportunity to address Butera's assertions. On July 28, 2023, Respondent served Petitioner **by mail** its motion for an extension of time to file response to the amended petition. ECF 35 at 5. The July 31, 2023 order was issued even before Petitioner had a chance to receive the motion through the mail. Luo Decl., ¶4. This denial of an opportunity to be heard or to file objections severely hampers Petitioner's ability to defend her interests and present her arguments effectively.

As addressed by the United States Supreme Court in *Mullane v. Cental Hanover Bank & Trust*, Co., 339 U.S. 306, 314 (1950), a basic requirement for an order or judgment to be accorded finality is that interested parties be apprised of the pending proceedings and an opportunity to present their objections before a judgment or order is issued. This opportunity to be heard is a fundamental requirement of due process under the United States Constitution. Id.

The Supreme Court addressed in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270-271 (2010) the issue of whether an order was void when issued in error or merely one in which the error must be appealed, stating,

A void judgment is a legal nullity. See Black's Law Dictionary 1822 (3d ed. 1933); see also id., at 1709 (9th ed. 2009). Although the term "void" describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is infirmity may be raised even after the judgment becomes final. See Restatement (Second) of Judgments 22 (1980); see generally id., § 12. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.

A judgment is not "void," for example, "simply because it is or may have been erroneous." *Hoult v. Hoult*, 57 F.3d 1, 6 (CA11995); 12 J. Moore et al., Moore's Federal Practice § 60.44[1][a], pp. 60-150 to 60-151 (3d ed. 2007) (hereinafter Moore's).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Here, because Petitioner was not given any opportunity to be heard, she clearly was not afforded due process.

An order is void if it is issued by a court in a manner inconsistent with the due process clause of the Fifth Amendment. See, e.g., *Blumer*, 66 B.R. at 113; *In re Whitney-Forbes, Inc.*, 770 F.2d 692 (7th Cir. 1985) (citing 11 C. Wright and A. Miller, Federal Practice and Procedure, section 2862, page 200, (1973)).

By not allowing Petitioner to present her side of the case, the minimum of due process, the court is essentially depriving her of the ability to assert her rights and protect her interests adequately. The absence of an opportunity to respond not only deprives Petitioner of her due process rights but also undermines the principles of a fair and impartial legal process. This failure to afford Petitioner the fundamental right to be heard casts doubt on the integrity of the court's proceedings and raises concerns about the potential for arbitrary decisions.

### III.    RESPONDENT FAILED TO SHOW EXCUSABLE NEGLECT

Respondent filed its belated motion after the initial deadline had expired. Respondent's belated motion should be granted only where the failure to meet the deadline "was the result of excusable neglect."

The Ninth Circuit dictates that a district court must apply a four-factor equitable test to determine if a party's failure to meet a deadline constitutes "excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). The four factors to consider are: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Id. (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 s. Ct. 1489 (1993)).

## A.  The Danger of Prejudice to The Opposing Party

Respondent's failure to file a timely response and its instant motion seeking extension adversely and significantly affect Petitioner's fundamental rights.

On July 29, 2021 Petitioner was wrongfully convicted of three crimes and is **currently in the State's custody**. Since then Petitioner has worked tirelessly to vindicate her constitutional rights.

In February 2023, Petitioner faced another prosecution for the same crime. ECF 28. Any further delay in resolving this case could expose her to the risk of yet another prosecution.

Out of a misdemeanor conviction, the alleged "victim" claimed an astonishing $107,720.76 in restitution, making it the largest restitution amount sought in American history. In June 2022, the superior court awarded restitution in the substantial amount of $93,003.76, plus 10% interest. ECF 28 at 45-46. The 10% interest attached to the restitution translates into nearly $800 in interest each month, placing an enormous burden on Petitioner's already challenging financial situation. The ongoing accrual of interest also makes Petitioner vulnerable to potential legal consequences and further hardships.

Respondent's belated motion, seeking an extension of time, compounds the harm inflicted upon Petitioner in violation of her due process rights. Granting an extension without adequate justification further delays the proceedings, prolongs **restraint in Petitioner's liberty**, exacerbates her financial struggles, and perpetuates the uncertainty surrounding her constitutional rights, potentially another prosecution.

As a wrongfully convicted individual currently in custody, Petitioner is particularly vulnerable, and any delay in the resolution of her case has a severe impact on her physical, psychological, and financial well-being.

In a sharp contrast, Respondent's failure to file a response does not prejudice its substantial rights. The Ninth Circuit has expressly declared that a habeas corpus petitioner is not entitled to default judgment. *Gordan v. Duran*, 895 F.2d 610 (9th Cir. 1990). The failure to respond to claims raised in a petition for habeas corpus does not entitle the

1  petitioner to a default judgment. *Id*. at 612. The habeas petitioner still bears the burden of

2  showing that he or she is in custody in violation of the constitution.

3  **B.  The Length of The Delay And Its Potential Impact on The Proceedings**

4  Here, Respondent not only filed the instant motion 11 days after the original

5  deadline had expired, but also sought a 77 days extension. Petitioner's email on May 31,

6  2023, served as a clear alert to Butera regarding the upcoming amended petition. Two

7  months later until July 28, 2023, Respondent's 11 days delay, after the original time to

8  respond had expired, in filing the instant motion is unreasonable.

9  **C.  The Reason for The Delay**

10  It is beyond dispute that the CM/ECF notifications for all documents after Butera's

11  initial appearance were electronically served on his email address:

12  michael.butera@doj.ca.gov.

13  However, in Butera's declaration, he attested that he received no ECF notifications

14  of further activity in this case between May 22, 2023 and July 27, 2023—when he was

15  notified of the Court's order extending the deadline for a response to Luo's Amended

16  Petition to August 1, 2023. It is worth noting that the last docketed status report by

17  Petitioner was on May 22, 2023. ECF 26. This date coincides with the document signaling

18  the imminent lifting of the *Rhines* stay. Interestingly, it is also the same date when Butera

19  stopped receiving ECF notifications. In addition, Butera did not provide an explanation

20  for the sudden resumption of ECF notifications on July 27, 2023.

21  While it is evident that this court is currently handling a substantial number of

22  active open cases, none of the attorneys involved in other cases have reported any issues

23  with receiving ECF notifications. Given this fact, it is reasonable to consider two

24  possibilities: either the ECF system selectively malfunctioned for Butera[1], or his claim of

25  not receiving ECF notifications is untrue. The latter scenario appears to be more plausible

26  based on the totality of the circumstances and evidence.

27

28

---

[1] To avoid further ECF system's selective "malfunction" for Butera, a courtesy copy of this document was directly sent to michael.butera@doj.ca.gov. Luo Decl., ¶5.

1    Further, if Butera truly had stopped receiving ECF notifications since May 22,

2  2023, after receiving Petitioner's request for written consent to amend the petition on May

3  31, 2023, it would have been incumbent upon him to discover the "malfunction" of ECF

4  notifications.

5    The mystery of the sudden disruption and subsequent resumption of ECF

6  notifications, combined with the intriguing timeline, ECF system's selective

7  "malfunction" for Butera, and his reckless failure to discover the ECF notification

8  "malfunction" raise significant doubts about the truthfulness of Butera's statements.

9    Upon review of Petitioner's May 31, 2023 email to Butera, it is clear that Butera

10  was not being forthright when he stated that the receipt of this Court's July 27, 2023 order

11  extending time to respond was his **first indication** that the case was no longer stayed. In

12  reviewing the chronology of the proceedings and correspondence, it seems most likely

13  that Butera filed the instant motion in order to stall the adjudication of this case after his

14  calculated failure to file a timely response to the FAP.

15    **D. Whether The Movant Acted in Good Faith**

16    Bad faith "includes a broad range of willful improper conduct . . . ." *Fink v. Gomez*,

17  239 F.3d 989, 992 (9th Cir. 2001). The Supreme Court has described "bad faith" as fraud

18  practiced upon the court and conduct in which "the very temple of justice has been

19  defiled." *Chambers v. NASCO, Inc*., 501 U.S. 32, 46 (1991) (internal quotation omitted).

20  Unsurprisingly, the Ninth Circuit has held a party's misrepresentations or purposeful

21  deception constitutes bad faith. See *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc*.,

22  210 F.3d 1112, 1118 (9th Cir. 2000) (affirming the district court's imposition of sanctions

23  for bad faith misrepresentations).

24    Butera's misrepresentation of his unawareness of the *Rhines* stay was lifted is an

25  act of bad faith. Petitioner's email to Butera on May 31, 2023, unmistakably indicates that

26  the case was active. Therefore, Butera's claim that he only became aware of the case's

27  active status through the Court's July 27, 2023 order to extend the response time appears

28  disingenuous. Intentionally misleading the court is bad faith conduct. *Avendano v. Sec.*

1    *Consultants Grp.*, 3:13-cv-00168-HDM-VPC, at *18 (D. Nev. Dec. 2, 2014).

2       The Ninth Circuit has held tantamount to bad faith an attorney's failure to take

3   remedial actions required by his ethical and professional obligations. See *Gomez v.*

4   *Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001). Conduct is also tantamount to bad faith

5   where counsel or parties act recklessly and in combination "with an additional factor such

6   as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994. In the Ninth

7   Circuit, improper purposes include the recitation of "weak" factual contentions "without

8   reasonable and competent inquiry." *In re Girardi*, 611 F.3d 1027, 1062 (9th Cir. 2010).

9       After receiving Petitioner's request for written consent to amend the petition on

10   May 31, 2023, Butera's failure to discover the ECF notification "malfunction" is reckless

11   tantamount to bad faith, in combination with his frivolous claim that the Court's July 27,

12   2023 order extending time to respond was his **first indication** that the case was no longer

13   stayed.

## IV.     RESPONDENT FAILED TO SHOW GOOD CAUSE FOR A 77 DAYS EXTENSION

16       Respondent now requests until October 2, 2023 to file its response, a 77-day

17   deviation from the initial deadline. The extended time requested by Respondent

18   significantly disrupts the orderly and timely progression of the case. It hampers the

19   efficiency of the court system and impairs Petitioner's right to a speedy and fair resolution

20   of her claims. The delay places an undue burden on Petitioner, depriving her of a timely

21   resolution to the legal matter at hand.

22       Butera seeks a 77-day extension, citing four other ongoing cases as justification.

23   However, it is important to note that Butera had already entered his appearance on behalf

24   of Respondent on November 9, 2022, providing him with **over eight months** to prepare a

25   response to the FAP, with the exception of claim 35 (FAP contains only one additional

26   claim beyond the original petition). Given that attorneys often handle multiple cases

27   concurrently, Butera's claim of needing 77 days to respond fails to establish good cause

28   for such a lengthy extension.

1

**CONCLUSION**

2      Based on the foregoing, Petitioner requests that the Court vacate the July 31, 2023

3  Order.

4      Respectfully submitted,

5      Date: August 1, 2023

6                                              */s/ Xingfei Luo*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF XINGFEI LUO

I, XINGFEI LUO, declare and state:

1.    I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.    During the process of exhausting my claims in state courts, I consistently provided regular updates to Butera by serving him with copies of my filings made in those state courts. The latest one was my filings with California Supreme Court. A true and correct copy of the electronic service is attached hereto as Exhibit 1.

3.    After the *Rhines* stay was lifted, on May 31, 2023, I requested Butera's written consent to amend my petition pursuant to FRCP Rule 15(a)(2). In my email to Butera, I requested Butera's response by June 3, 2023. Butera never responded to my email, nor did he ask for more time to respond. However, my email has alerted Butera about the forthcoming amended petition and the case not being stayed. If Butera truly had stopped receiving ECF notifications since May 22, 2023 as he claimed, after receiving my email on May 31, 2023, it would have been incumbent upon him to discover the malfunction in the ECF notifications. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

4.    I have not been electronically served by CM/ECF system with any documents in this case. Respondent served me by mail its motion for an extension of time to file response to the amended petition. As of July 31, 2023 I had not received Respondent's motion for an extension of time to file response to the amended petition in the mail. I found out the motion by going on Pacer on July 29, 2023.

5.    A courtesy copy of this document was directly sent to michael.butera@doj.ca.gov.

I declare under penalty of perjury under the laws of the State of California and

United States of America that the foregoing is true and correct.

Executed in Rosemead, CA on August 1, 2023.

*/s/ XINGFEI LUO*

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address: michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on August 1, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

14

EXHIBIT 1

**mail.com**

# In Re Luo S278439

**From:**   CPRArq@mail.com
**To:**   Michael.Butera@doj.ca.gov
**Date:**   Apr 5, 2023 10:39:34 PM

FYI

**Attachments**

- 20230405 Supplement.pdf

mail.com

# Habeas petition exhibit VIII

**From:**     22_cv_01640@mail.com
**To:**       Michael.Butera@doj.ca.gov
**Date:**     Feb 1, 2023 9:42:44 PM

FYI

**Attachments**

- 20230201 Writ exhibits VIII.pdf

**mail.com**

# Habeas petition

**From:**   22_cv_01640@mail.com
**To:**   Michael.Butera@doj.ca.gov
**Date:**   Feb 1, 2023 9:41:40 PM

FYI

**Attachments**

- 20230201 hc001 PETITION FOR WRIT OF HABEAS CORPUS.pdf
- 20230201 Writ exhibits VI.pdf
- 20230201 Writ exhibits VII.pdf

EXHIBIT 2

# mail.com

---

# Request for Consent to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

**From:**  22_cv_01640@mail.com

**To:**  Michael.Butera@doj.ca.gov

**Date:**  May 31, 2023 8:46:42 PM

---

Dear Mr. Butera,

I hope this email finds you well. I am writing to you in my capacity as the petitioner in the case No. 8:22-cv-01640 pending before California Central District Court. Pursuant to FRCP Rule 15(a)(2), which governs the amendment of pleadings, I am seeking your written consent to amend my Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

As you may be aware, Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. Recognizing the importance of collaboration and transparency in the pursuit of justice, I believe that an amendment to my petition would be in the best interests of both parties and the court. It would allow for a more comprehensive presentation of the issues and could potentially facilitate a more efficient resolution of this matter.

I would like to inform you that the proposed amendment seeks to add a new claim based on recently discovered issue that has been presented to the California Supreme Court. ECF 21. This claim would strengthen my arguments in challenging the constitutionality of my conviction. In accordance with the principles of fairness and due process, I believe that this amendment is necessary to fully and adequately present my claims.

I kindly request that you carefully review the proposed amendment, as attached, and consider providing your written consent to their inclusion in my petition. This collaborative approach would not only streamline the litigation process but also demonstrate my commitment to a thorough and robust examination of the issues at hand.

If you have any concerns or objections regarding the proposed amendment, I encourage you to express them in writing as soon as possible so that I may address them and attempt to reach a resolution. Alternatively, if you believe that the court's leave is necessary for the amendment, kindly inform me of your intention so that I may take appropriate steps to seek the court's permission.

Please note that my request for amendment is made in good faith and with the utmost respect for the legal process. I believe that an open dialogue and cooperative approach will serve the interests of both parties and contribute to the fair and just resolution of this case.

I look forward to your prompt response by the end of this week and sincerely hope that we can find common ground to proceed with the proposed amendment. Should you have any questions or require further clarification, please do not hesitate to contact me.

Thank you for your attention to this matter.

Luo

---

**Attachments**

- Appendix.pdf
- First amended petition.pdf