XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

**FILED**
CLERK, U.S. DISTRICT COURT

08/04/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____M.B._____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>         Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>         Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2023 ORDER**<br><br>Action filed: September 6, 2022 |

      Pursuant to Fed. R. Civ. P. 72(a), Xingfei Luo (Petitioner) respectfully submits her objections to Magistrate Judge's July 27, 2023 Order extending Respondent's deadline to respond to the First Amended Petition (FAP) to August 1, 2023 (the "Order"). ECF 34.

## PROCEDURAL HISTORY

      On September 6, 2022, Petitioner filed a petition for writ of habeas corpus asserting 34 claims of relief. ECF 1. On November 9, 2022, Michael Butera (Butera) entered his appearance on behalf of Respondent. ECF 15. On December 20, 2022 the magistrate granted *Rhines* stay allowing Petitioner to exhaust claims in state courts. ECF 18. During the process of exhausting her claims in state courts, Petitioner consistently provided regular updates to Butera by serving him with copies of her filings made in those

1  state courts, including her exhaustion petition made to California Supreme Court. Luo

2  Decl., ¶ 2.

3       On May 22, 2023 Petitioner's last status report was docketed advising that the

4  California Supreme Court denied her exhaustion petition. ECF 26. The *Rhines* stay was

5  lifted subsequently. ECF 27. On May 31, 2023, Petitioner requested Butera's written

6  consent to amend her petition pursuant to FRCP Rule 15(a)(2). In her email to Butera,

7  Petitioner requested Butera's response by June 3, 2023. Luo Decl., ¶ 3. Petitioner's

8  request for written consent to amend her petition was a clear indication that the case was

9  active and not subject to a stay, and that she intended to file the amended petition shortly.

10       After receiving no response from Butera, Petitioner moved for leave to amend her

11  petition. ECF 29. On June 21, 2023 the magistrate granted Petitioner's motion for leave to

12  amend her petition and ordered Respondent to respond to the FAP within twenty-one (21)

13  days after it is docketed. ECF 32. On June 26, 2023, Petitioner's FAP, asserting 35 claims

14  of relief (adding only one additional claim to the original petition), was docketed. ECF 33.

15  Consequently, Respondent's deadline to response was due on July 17, 2023. As of July

16  27, 2023, no motion for extension of time to file answer to petition for writ of habeas

17  corpus was made, neither before the original time expired nor after the time had elapsed.

18  Despite Respondent had over eight months to prepare a response to the FAP except claim

19  35, without finding any good cause or excusable neglect, 10 days after the original time

20  had expired, the magistrate extended, sua sponte, Respondent's deadline to respond to the

21  FAP to August 1, 2023. ECF 34. On July 28, 2023, over 10 days after the original time to

22  response had expired, Butera filed a belated motion for an extension of time to file

23  response asserting that the Court's July 27, 2023 order extending time to respond was his

24  first indication that the case was no longer stayed, which is refuted by Petitioner's request

25  for written consent to amend petition. ECF 35.

26                    **ARGUMENT**

27       Where a magistrate judge's order relates to "a pretrial matter not dispositive of a

28  party's claim or defense," the district judge "must consider timely objections and modify

or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error). This standard requires "a definite and firm conviction that a mistake has been committed." *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge. See, e.g., *Haines v. Liggett Grp. Inc*., 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) ("Section 636(b)(1) . . . has been interpreted to provide for de novo review by the district court on issues of law."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

## I.   THE MAGISTRATE JUDGE EXCEEDED HER AUTHORITY TO EXTEND RESPONDENT'S DEADLINE TO RESPOND TO THE FIRST AMENDED PETITION TO AUGUST 1, 2023

FRCP Rule 6(b) strictly requires the presence of good cause or excusable neglect to grant an extension of time and does not provide any discretionary power to do so otherwise.

Before the original time or its extension expires, FRCP Rule 6(b)(1)(A) allows the Court to extend the time with or without motion or notice if the Court acts. In the present case, the original deadline for Respondent to respond to the FAP was July 17, 2023. ECFs

32, 33. After the original time had already expired, the magistrate had no authority to act *sua sponte* to extend the deadline to August 1, 2023. Even assuming that the magistrate had discretionary power to extend the deadline, she abused her discretion by doing so without any finding of good cause.

Pursuant to FRCP Rule 6(b)(1)(B), a post-deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 873 & 896, 110 S.Ct. 3177, (1990). As of July 27, 2023, there is no indication in the record that Respondent made a motion for an extension of time, nor is there any suggestion that Respondent's failure to respond was due to excusable neglect. Therefore, the magistrate's *sua sponte* extension of time to respond was unjustified with no valid basis. Extension under these circumstances doesn't serve the end of a "just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1. See *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (reversing district court's enlargement of time to file fee petition because attorney failed to show excusable neglect); *Marshall v. Costco Wholesale Corp.*, CV 20-8850-DMG (Ex), at *2 (C.D. Cal. Aug. 11, 2022) (noting that a request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.)

## CONCLUSION

Based on the foregoing, Petitioner requests that the Court vacate the July 27, 2023 Order.

Respectfully submitted,

Date: August 4, 2023

*/s/ Xingfei Luo*

**DECLARATION OF XINGFEI LUO**

I, XINGFEI LUO, declare and state:

1.   I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.   During the process of exhausting my claims in state courts, I consistently provided regular updates to Butera by serving him with copies of my filings made in those state courts. The latest one was my filings with California Supreme Court. A true and correct copy of the electronic service is attached hereto as Exhibit 1.

3.   After the *Rhines* stay was lifted, on May 31, 2023, I requested Butera's written consent to amend my petition pursuant to FRCP Rule 15(a)(2). In my email to Butera, I requested Butera's response by June 3, 2023. Butera never responded to my email, nor did he ask for more time to respond. However, my email has alerted Butera about the forthcoming amended petition and the case not being stayed. If Butera truly had stopped receiving ECF notifications since May 22, 2023 as he claimed, after receiving my email on May 31, 2023, it would have been incumbent upon him to discover the malfunction in the ECF notifications. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

4.   A courtesy copy of this document was directly sent to michael.butera@doj.ca.gov.

5.   On July 30, 2023 I submitted this objection to EDSS and received a Tracking Number: EDS-230730-000-8553. A true and correct copy of the submission is attached hereto as Exhibit 3.

6.   On August 2, 2023 I discovered the clerk did not enter the said document into ECF. I immediately informed the chamber. A true and correct copy of the correspondence is attached hereto as Exhibit 4.

7.   Between August 3 and August 4, 2023 I made almost ten phone calls to (714) 338-4750 and left voice mails. However, I received no returning phone call to resolve the failure to enter my submission into ECF. Therefore, I had no choice to re-submit this objection.

1         I declare under penalty of perjury under the laws of the State of California and

2 United States of America that the foregoing is true and correct.

3         Executed in Rosemead, CA on August 4, 2023.

4         */s/ XINGFEI LUO*

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address: michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on August 4, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

7

EXHIBIT 1

**mail.com**

---

## In Re Luo S278439

| | |
|---|---|
| **From:** | CPRArq@mail.com |
| **To:** | Michael.Butera@doj.ca.gov |
| **Date:** | Apr 5, 2023 10:39:34 PM |

---

FYI

---

**Attachments**

- 20230405 Supplement.pdf

**mail.com**

# Habeas petition exhibit VIII

**From:**     22_cv_01640@mail.com
**To:**        Michael.Butera@doj.ca.gov
**Date:**      Feb 1, 2023 9:42:44 PM

FYI

**Attachments**

- 20230201 Writ exhibits VIII.pdf

**mail.com**

# Habeas petition

**From:**      22_cv_01640@mail.com

**To:**        Michael.Butera@doj.ca.gov

**Date:**      Feb 1, 2023 9:41:40 PM

FYI

**Attachments**

- 20230201 hc001 PETITION FOR WRIT OF HABEAS CORPUS.pdf
- 20230201 Writ exhibits VI.pdf
- 20230201 Writ exhibits VII.pdf

EXHIBIT 2

**mail.com**

# Request for Consent to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

| | |
|---|---|
| **From:** | 22_cv_01640@mail.com |
| **To:** | Michael.Butera@doj.ca.gov |
| **Date:** | May 31, 2023 8:46:42 PM |

Dear Mr. Butera,

I hope this email finds you well. I am writing to you in my capacity as the petitioner in the case No. 8:22-cv-01640 pending before California Central District Court. Pursuant to FRCP Rule 15(a)(2), which governs the amendment of pleadings, I am seeking your written consent to amend my Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

As you may be aware, Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. Recognizing the importance of collaboration and transparency in the pursuit of justice, I believe that an amendment to my petition would be in the best interests of both parties and the court. It would allow for a more comprehensive presentation of the issues and could potentially facilitate a more efficient resolution of this matter.

I would like to inform you that the proposed amendment seeks to add a new claim based on recently discovered issue that has been presented to the California Supreme Court. ECF 21. This claim would strengthen my arguments in challenging the constitutionality of my conviction. In accordance with the principles of fairness and due process, I believe that this amendment is necessary to fully and adequately present my claims.

I kindly request that you carefully review the proposed amendment, as attached, and consider providing your written consent to their inclusion in my petition. This collaborative approach would not only streamline the litigation process but also demonstrate my commitment to a thorough and robust examination of the issues at hand.

If you have any concerns or objections regarding the proposed amendment, I encourage you to express them in writing as soon as possible so that I may address them and attempt to reach a resolution. Alternatively, if you believe that the court's leave is necessary for the amendment, kindly inform me of your intention so that I may take appropriate steps to seek the court's permission.

Please note that my request for amendment is made in good faith and with the utmost respect for the legal process. I believe that an open dialogue and cooperative approach will serve the interests of both parties and contribute to the fair and just resolution of this case.

I look forward to your prompt response by the end of this week and sincerely hope that we can find common ground to proceed with the proposed amendment. Should you have any questions or require further clarification, please do not hesitate to contact me.

Thank you for your attention to this matter.

Luo

**Attachments**

- Appendix.pdf
- First amended petition.pdf

EXHIBIT 3

**mail**.com

# Submission Confirmation

**From:**      "Civil Intake" <do-not-reply@cacd.uscourts.gov>

**To:**         22_cv_01640@mail.com

**Date:**      Jul 30, 2023 11:13:22 AM

**Dear Xingfei Luo:**

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Xingfei Luo
**Tracking Number:** EDS-230730-000-8553
**Date:** 7/30/2023 11:13:21 AM

Uploaded files:
- **20230730 Obj to extension.pdf**
*PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2023 ORDER*
The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS should be processed within 1-2 business days of receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO, | No. 8:22-CV-01640-MEMF-KES |
| Petitioner, | |
| v. | **PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2023 ORDER** |
| THE PEOPLE OF THE STATE OF CALIFORNIA | |
| Respondent. | Action filed: September 6, 2022 |

Pursuant to Fed. R. Civ. P. 72(a), Xingfei Luo (Petitioner) respectfully submits her objections to Magistrate Judge's July 27, 2023 Order extending Respondent's deadline to respond to the First Amended Petition (FAP) to August 1, 2023 (the "Order"). ECF 34.

## PROCEDURAL HISTORY

On September 6, 2022, Petitioner filed a petition for writ of habeas corpus asserting 34 claims of relief. ECF 1. On November 9, 2022, Michael Butera (Butera) entered his appearance on behalf of Respondent. ECF 15. On December 20, 2022 the magistrate granted *Rhines* stay allowing Petitioner to exhaust claims in state courts. ECF 18. During the process of exhausting her claims in state courts, Petitioner consistently provided regular updates to Butera by serving him with copies of her filings made in those

1

1    state courts, including her exhaustion petition made to California Supreme Court. Luo

2    Decl., ¶ 2.

3         On May 22, 2023 Petitioner's last status report was docketed advising that the

4    California Supreme Court denied her exhaustion petition. ECF 26. The *Rhines* stay was

5    lifted subsequently. ECF 27. On May 31, 2023, Petitioner requested Butera's written

6    consent to amend her petition pursuant to FRCP Rule 15(a)(2). In her email to Butera,

7    Petitioner requested Butera's response by June 3, 2023. Luo Decl., ¶ 3. Petitioner's

8    request for written consent to amend her petition was a clear indication that the case was

9    active and not subject to a stay, and that she intended to file the amended petition shortly.

10        After receiving no response from Butera, Petitioner moved for leave to amend her

11   petition. ECF 29. On June 21, 2023 the magistrate granted Petitioner's motion for leave to

12   amend her petition and ordered Respondent to respond to the FAP within twenty-one (21)

13   days after it is docketed. ECF 32. On June 26, 2023, Petitioner's FAP, asserting 35 claims

14   of relief (adding only one additional claim to the original petition), was docketed. ECF 33.

15   Consequently, Respondent's deadline to response was due on July 17, 2023. As of July

16   27, 2023, no motion for extension of time to file answer to petition for writ of habeas

17   corpus was made, neither before the original time expired nor after the time had elapsed.

18   Despite Respondent had over eight months to prepare a response to the FAP except claim

19   35, without finding any good cause or excusable neglect, 10 days after the original time

20   had expired, the magistrate extended, sua sponte, Respondent's deadline to respond to the

21   FAP to August 1, 2023. ECF 34. On August 28, 2023, over 10 days after the original time

22   to response had expired, Butera filed a belated motion for an extension of time to file

23   response asserting that the Court's July 27, 2023 order extending time to respond was his

24   first indication that the case was no longer stayed, which is refuted by Petitioner's request

25   for written consent to amend petition. ECF 35.

26                                    **ARGUMENT**

27        Where a magistrate judge's order relates to "a pretrial matter not dispositive of a

28   party's claim or defense," the district judge "must consider timely objections and modify

                                            2

1  or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C.

2  § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

3         The "clearly erroneous" standard applies to the magistrate judge's factual

4  determinations and discretionary decisions. *Grimes v. City & Cnty. of San Francisco*, 951

5  F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by

6  magistrate judge are reviewable for clear error); *Maisonville v. F2 Am., Inc.*, 902 F.2d

7  746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award

8  are reviewable for clear error). This standard requires "a definite and firm conviction that

9  a mistake has been committed." *Security Farms v. Int'l Brotherhood of Teamsters*, 124

10 F.3d 999, 1014 (9th Cir. 1997).

11        The "contrary to law" standard applies to review of purely legal determinations by

12 a magistrate judge. See, e.g., *Haines v. Liggett Grp. Inc*., 975 F.2d 81, 91 (3d Cir. 1992)

13 ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Med.

14 Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996)

15 ("Section 636(b)(1) . . . has been interpreted to provide for de novo review by the district

16 court on issues of law."). "An order is contrary to law when it fails to apply or misapplies

17 relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F.Supp.2d

18 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163

19 (E.D.N.Y. 2006)).

20    **I.     THE MAGISTRATE JUDGE EXCEEDED HER AUTHORITY TO**

21           **EXTEND RESPONDENT'S DEADLINE TO RESPOND TO THE**

22           **FIRST AMENDED PETITION TO AUGUST 1, 2023**

23        FRCP Rule 6(b) strictly requires the presence of good cause or excusable neglect to

24 grant an extension of time and does not provide any discretionary power to do so

25 otherwise.

26        Before the original time or its extension expires, FRCP Rule 6(b)(1)(A) allows the

27 Court to extend the time with or without motion or notice if the Court acts. In the present

28 case, the original deadline for Respondent to respond to the FAP was July 17, 2023. ECFs

32, 33. After the original time had already expired, the magistrate had no authority to act *sua sponte* to extend the deadline to August 1, 2023. Even assuming that the magistrate had discretionary power to extend the deadline, she abused her discretion by doing so without any finding of good cause.

Pursuant to FRCP Rule 6(b)(1)(B), a post-deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 873 & 896, 110 S.Ct. 3177, (1990). As of July 27, 2023, there is no indication in the record that Respondent made a motion for an extension of time, nor is there any suggestion that Respondent's failure to respond was due to excusable neglect. Therefore, the magistrate's *sua sponte* extension of time to respond was unjustified with no valid basis. Extension under these circumstances doesn't serve the end of a "just, speedy, and inexpensive determination" of this action. See Fed. R. Civ. P. 1. See *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (reversing district court's enlargement of time to file fee petition because attorney failed to show excusable neglect); *Marshall v. Costco Wholesale Corp.*, CV 20-8850-DMG (Ex), at *2 (C.D. Cal. Aug. 11, 2022) (noting that a request to continue or extend dates or deadlines that have already expired is presumptively a lack of due diligence.)

## CONCLUSION

Based on the foregoing, Petitioner requests that the Court vacate the July 27, 2023 Order.

Respectfully submitted,

Date: July 30, 2023

*/s/ Xingfei Luo*

4

# DECLARATION OF XINGFEI LUO

I, XINGFEI LUO, declare and state:

1.  I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.  During the process of exhausting my claims in state courts, I consistently provided regular updates to Butera by serving him with copies of my filings made in those state courts. The latest one was my filings with California Supreme Court. A true and correct copy of the electronic service is attached hereto as Exhibit 1.

3.  After the *Rhines* stay was lifted, on May 31, 2023, I requested Butera's written consent to amend my petition pursuant to FRCP Rule 15(a)(2). In my email to Butera, I requested Butera's response by June 3, 2023. Butera never responded to my email, nor did he ask for more time to respond. However, my email has alerted Butera about the forthcoming amended petition and the case not being stayed. If Butera truly had stopped receiving ECF notifications since May 22, 2023 as he claimed, after receiving my email on May 31, 2023, it would have been incumbent upon him to discover the malfunction in the ECF notifications. A true and correct copy of the correspondence is attached hereto as Exhibit 2.

4.  A courtesy copy of this document was directly sent to michael.butera@doj.ca.gov.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed in Rosemead, CA on July 30, 2023.

*/s/ XINGFEI LUO*

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address: michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on July 30, 2023

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

EXHIBIT 1

**mail.com**

# In Re Luo S278439

**From:**   CPRArq@mail.com

**To:**   Michael.Butera@doj.ca.gov

**Date:**   Apr 5, 2023 10:39:34 PM

FYI

**Attachments**

- 20230405 Supplement.pdf

**mail.com**

# Habeas petition exhibit VIII

| | |
|---|---|
| **From:** | 22_cv_01640@mail.com |
| **To:** | Michael.Butera@doj.ca.gov |
| **Date:** | Feb 1, 2023 9:42:44 PM |

FYI

**Attachments**

- 20230201 Writ exhibits VIII.pdf

**m**ail.com

---

# Habeas petition

**From:**     22_cv_01640@mail.com

**To:**        Michael.Butera@doj.ca.gov

**Date:**      Feb 1, 2023 9:41:40 PM

---

FYI

---

**Attachments**

- 20230201 hc001 PETITION FOR WRIT OF HABEAS CORPUS.pdf
- 20230201 Writ exhibits VI.pdf
- 20230201 Writ exhibits VII.pdf

EXHIBIT 2

**mail.com**

# Request for Consent to Amend Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus

**From:**   22_cv_01640@mail.com
**To:**   Michael.Butera@doj.ca.gov
**Date:**   May 31, 2023 8:46:42 PM

Dear Mr. Butera,

I hope this email finds you well. I am writing to you in my capacity as the petitioner in the case No. 8:22-cv-01640 pending before California Central District Court. Pursuant to FRCP Rule 15(a)(2), which governs the amendment of pleadings, I am seeking your written consent to amend my Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.

As you may be aware, Rule 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave. Recognizing the importance of collaboration and transparency in the pursuit of justice, I believe that an amendment to my petition would be in the best interests of both parties and the court. It would allow for a more comprehensive presentation of the issues and could potentially facilitate a more efficient resolution of this matter.

I would like to inform you that the proposed amendment seeks to add a new claim based on recently discovered issue that has been presented to the California Supreme Court. ECF 21. This claim would strengthen my arguments in challenging the constitutionality of my conviction. In accordance with the principles of fairness and due process, I believe that this amendment is necessary to fully and adequately present my claims.

I kindly request that you carefully review the proposed amendment, as attached, and consider providing your written consent to their inclusion in my petition. This collaborative approach would not only streamline the litigation process but also demonstrate my commitment to a thorough and robust examination of the issues at hand.

If you have any concerns or objections regarding the proposed amendment, I encourage you to express them in writing as soon as possible so that I may address them and attempt to reach a resolution. Alternatively, if you believe that the court's leave is necessary for the amendment, kindly inform me of your intention so that I may take appropriate steps to seek the court's permission.

Please note that my request for amendment is made in good faith and with the utmost respect for the legal process. I believe that an open dialogue and cooperative approach will serve the interests of both parties and contribute to the fair and just resolution of this case.

I look forward to your prompt response by the end of this week and sincerely hope that we can find common ground to proceed with the proposed amendment. Should you have any questions or require further clarification, please do not hesitate to contact me.

Thank you for your attention to this matter.

Luo

**Attachments**

- Appendix.pdf
- First amended petition.pdf

EXHIBIT 4

# mail.com

---

# Re: RE: Submission Confirmation

**From:**     22_cv_01640@mail.com

**To:**       "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>

**Date:**     Aug 4, 2023 2:03:50 PM

---

Hello,

ECF 39 is an error.
I submitted two objections to two different magistrate judge's orders. Only one was entered.  See below and attached:

The following document was not entered into ECF:

**Tracking Number:** EDS-230730-000-8553
**Date:** 7/30/2023 11:13:21 AM

Uploaded files:

- **20230730 Obj to extension.pdf**
  *PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2023 ORDER*


The following document was entered into ECF as Doc. 38:

**Tracking Number:** EDS-230801-000-8592
**Date:** 8/1/2023 3:03:48 PM

Uploaded files:

- **20230801 Obj to extension 2.pdf**
  *PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 31, 2023 ORDER*

Thanks.


> **Sent:** Friday, August 04, 2023 at 9:18 AM
> **From:** 22_cv_01640@mail.com
> **To:** "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>
> **Subject:** Re: RE: Submission Confirmation
>
> Good morning,
>
> Since yesterday, I've made five phone calls but until now I still cannot reach anyone who is able to fix the issue. Would you advise whatelse I can do? The document is time sensitive and it should have been entered before August 1.
>
> Thanks.

**Sent:** Thursday, August 03, 2023 at 3:59 PM
**From:** 22_cv_01640@mail.com
**To:** "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>
**Subject:** Re: RE: Submission Confirmation

Hello,

FYI, I have called the clerk four times today but still couldn't reach anyone who was able to assist me with the issue.

Thanks.

> **Sent:** Thursday, August 03, 2023 at 9:14 AM
> **From:** 22_cv_01640@mail.com
> **To:** "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>
> **Subject:** Re: RE: Submission Confirmation
>
> I have called the intake clerk and left a voice mail. Please see below:
> Uploaded files:
>
> - **20230730 Obj to extension.pdf**
>   *PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S **JULY 27, 2023 ORDER***
>   **Tracking Number:** EDS-230730-000-8553
>   **Date:** 7/30/2023 11:13:21 AM
>
> The above is not ECF 38 which is objections to another order entered on July 31, 2023.
>
> Thanks.

>> **Sent:** Thursday, August 03, 2023 at 9:06 AM
>> **From:** 22_cv_01640@mail.com
>> **To:** "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>
>> **Subject:** Re: RE: Submission Confirmation
>>
>> See attached. On July 30, 2023 I submitted a document titled objections to **July 27, 2023 order**, doc 38 is a different document. I will call the intake clerk in a minute. Thanks.

>>> **Sent:** Wednesday, August 02, 2023 at 8:49 PM
>>> **From:** "MEMFChambers" <MEMF_Chambers@cacd.uscourts.gov>
>>> **To:** "22_cv_01640@mail.com" <22_cv_01640@mail.com>
>>> **Subject:** RE: Submission Confirmation

| 08/01/2023 | view38 | PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 31, 2023 ORDER, 36 filed by Petitioner Xingfei Luo. (es) (Entered: 08/02/2023) |
|---|---|---|

# Your filing is on the docket.

**From:** 22_cv_01640@mail.com <22_cv_01640@mail.com>
**Sent:** Wednesday, August 2, 2023 7:55 PM
**To:** MEMFChambers <MEMF_Chambers@cacd.uscourts.gov>
**Subject:** Fw: Submission Confirmation

**CAUTION - EXTERNAL:**

Hello,

Just for your information, the intake clerk failed to enter the following document in ECF.

Thank you.

Luo

**Sent:** Sunday, July 30, 2023 at 11:13 AM
**From:** "Civil Intake" <do-not-reply@cacd.uscourts.gov>
**To:** 22_cv_01640@mail.com
**Subject:** Submission Confirmation

**Dear Xingfei Luo:**

This email confirms that the document(s) listed below were received by the United States District Court for the Central District of California at the date and time indicated:

**Name:** Xingfei Luo
**Tracking Number:** EDS-230730-000-8553
**Date:** 7/30/2023 11:13:21 AM

Uploaded files:

- **20230730 Obj to extension.pdf**
  *PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S JULY 27, 2023 ORDER*
  The document(s) have not yet been filed. Just like documents received through the U.S. Mail, documents received through the Electronic Document Submission System ("EDSS") will not be considered filed until court staff have uploaded them into the Court's Case Management/Electronic Case Filing System ("CM/ECF"). Documents submitted using EDSS should be processed within 1-2 business days of receipt. However, the date of EDSS submission will be considered the filing date for any documents received through EDSS and later filed into CM/ECF.

If you are registered for electronic service of documents and receiving e-service in this case, you will receive a Notice of Electronic Filing ("NEF") from the CM/ECF System as soon as each document listed above has been filed. (Click here for information about registering for electronic service or to add e-service in this case.) If you are not registered for electronic service, you may check the status of your

documents by checking the docket for your case on PACER (https://pacer.uscourts.gov). Please wait at least two business days after receiving this email and check the docket for your case on PACER before contacting the Court regarding the status of documents submitted through EDSS.

If you are trying to file a document in a case pending before the United States Bankruptcy Court, or in any case pending in any court other than the United States District Court for the Central District of California, your document will not be filed and you will not receive any response to your EDSS submission. Likewise, if you are an attorney required by the local rules to file your documents electronically using the Court's CM/ECF System, your document(s) will not be filed if submitted through EDSS, and you will not receive any further communication from the Court about your EDSS submission.

Please include the tracking number listed above as your reference on any communications with the Court about this submission. We recommend that you keep this email for your records.

Civil Intake
United States District Court
Central District of California
Tel: (213) 894-3535

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

**Attachments**

- 038 Obj to extension 2.pdf
- 20230730 Obj to extension.pdf