**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:22-cv-01640-MEMF-KES | Date: October 30, 2023 |

Title:  XINGFEI LUO v. THE PEOPLE OF CALIFORNIA

PRESENT:

<u>THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE</u>

| <u>Jazmin Dorado</u> | <u>Not Present</u> |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

| **PROCEEDINGS (IN CHAMBERS):** | **Order Denying Motion for Appointment of Counsel and Discovery without Prejudice (Dkt. 45)** |
|---|---|

### I.  BACKGROUND

On September 6, 2022, Petitioner Xingfei Luo filed a <u>pro se</u> petition for a writ of habeas corpus by a person in state custody. (Dkt. 1.) That same day, she moved for an appointment of counsel. (Dkt. 7.) On December 20, 2022, the magistrate judge denied that motion to appoint counsel. (Dkt. 18.) After other litigation (<u>see</u> Dkt. 11, 13, 15-17, and 19-21), Petitioner again moved for court-appointed counsel. (Dkt. 22.) On April 19, 2023, the magistrate judge denied that motion to appoint counsel. (Dkt. 24.) On June 22, 2023, Petitioner filed a First Amended Petition. (Dkt. 33.) The magistrate judge initially set August 1, 2023, as Defendant's response deadline (Dkt 34), then extended it to October 2, 2023, (Dkt. 36) and then to November 1, 2023, (Dkt. 44). On October 15, 2023, with Defendant yet to respond, Petitioner moved *again* for appointment of counsel and now, also, for discovery. (Dkt. 45.)

### II.  DISCUSSION

####   A.  <u>Discovery.</u>

Discovery in § 2254 cases is governed by Rule 6 of the Rules Governing Section 2254 Cases. The rule states, "a judge may, for good cause authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01426-DOC-KES                          Date: October 30, 2023
                                                                                                                         Page 2

shall be found "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." Harris v. Nelson, 394 U.S. 286, 300 (1969), see also Bracy v. Gramley, 520 U.S 899, 908-09 (1997). The habeas petitioner, unlike the typical civil litigant in federal court, is not entitled to discovery as a matter of ordinary course and the discovery provisions of the Federal Rules of Civil Procedure do not apply. Bracy, 520 U.S. at 904.

*But*, before addressing whether Petitioner is entitled to discovery under Rule 6, the Court must first identify the "essential elements" of a claim in play. See United States v. Armstrong, 517 U.S. 456, 468 (1996). The Court cannot do this at this time because Defendant has not yet answered. At the very least, Petitioner needs to wait for Defendant to answer, see what claim elements Defendant contests, and *then* move for discovery if appropriate. IT IS THEREFORE ORDERED that Petitioner's motion to conduct discovery is denied without prejudice as premature.

In considering whether to bring a future motion for discovery, Petitioner should understand that a habeas petitioner "is not entitled to discovery as a matter of ordinary course." Smith v. Mahoney, 611 F.3d 978, 996 (9th Cir. 2010) (quoting Bracy, 520 U.S. at 904). Additionally, "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." Cullen v. Pinholster, 563 U.S. 170, 186, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011). Where a state court has denied a habeas petitioner's claim on the merits, and the petitioner seeks review under 28 U.S.C. § 2254(d), review "is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181 (considering review under § 2254(d)(1)); see also Gulbrandson v. Ryan, 738 F.3d 976, 993 n.6 (9th Cir. 2013), cert. denied, 573 U.S. 919, 134 S. Ct. 2823, 189 L. Ed. 2d 790 (2014) (noting that the same limitation applies to review under § 2254(d)(2), due to the statutory language).

Petitioner worries about acquiring specific state court transcripts from her criminal case. (Dkt. 45 at 8.) "Discovery" does not usually encompass this. Respondents typically provide all necessary transcripts. Rule 5(c) of the Rules Governing Section 2254 Cases in United States District Courts states: "The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant."

       **B.**      **Appointment of Counsel.**

There is no constitutional right to counsel in habeas proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). But the Court may appoint counsel for a petitioner who is or becomes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01426-DOC-KES  Date: October 30, 2023
Page 3

financially unable to afford counsel if the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2). On the current record, it is not clear that Petitioner cannot afford counsel. Petitioner paid the filing fee. (Dkt. 1.)

Even had Petitioner demonstrated indigency, the interests of justice would not require appointing counsel now. The interests of justice require the appointment of counsel if an evidentiary hearing on the habeas petition is needed, or if a party may conduct discovery and the appointment of counsel is "necessary for effective discovery." Rules Governing Section 2254 and 2255 Cases, Rules 8(c) and 6(a). Neither situation has occurred yet.

Appointment of counsel is also needed if "the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). "A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner" or "if the petitioner has such limited education that he or she is incapable of presenting his or her claims." Ricchio v. Johnson, No. 15-cv-0697, 2015 U.S. Dist. LEXIS 111833 at *4, 2015 WL 5022549, at *2 (S.D. Cal. Aug. 21, 2015). Petitioner has had no difficulty articulating her claims. (See Dkt. 2.) Petitioner has not demonstrated that a due process violation will occur without appointed counsel. Of course, nothing in this order prevents Petitioner from retaining her own lawyer or calling the pro se clinic for free assistance. Information about the pro se clinic is available on the Court's website in the box labeled "People without Lawyers."

### III. CONCLUSION

IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel and to conduct discovery (Dkt. 45) is **denied without prejudice**.

Initials of Deputy Clerk JD