1  ROB BONTA
   Attorney General of California
2  CHRISTOPHER P. BEESLEY
   Supervising Deputy Attorney General
3  MICHAEL D. BUTERA
   Deputy Attorney General
4  State Bar No. 295601
    600 West Broadway, Suite 1800
5   San Diego, CA 92101
    P.O. Box 85266
6   San Diego, CA 92186-5266
    Telephone: (619) 738-9054
7   Fax: (619) 645-2044
    E-mail: Michael.Butera@doj.ca.gov
8  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **XINGFEI LUO,**<br><br>Petitioner,<br><br>v.<br><br>**THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Respondent. | 8:22-cv-01640-MEMF-KES<br><br>**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge: The Honorable Karen E. Scott<br><br>Action Filed: 9/06/2022 |

Respondent respectfully submits this Answer to the Amended Petition for Writ of Habeas Corpus under this Court's Order and in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Court.

Respondent denies all allegations contained in Petitioner Xingfei Luo Petition that her custody is unlawful and hereby asserts:

## I.

Luo is lawfully in Respondent's custody, serving a three-year term of informal probation for misdemeanor convictions of vandalism, unlawfully disseminating private photographs, violating a protective order.

## II.

The Petition for Writ of Habeas Corpus is subject to the relitigation bar Congress enacted in 28 U.S.C. § 2254(d). To warrant relief, Luo bears the burden of showing that the state court's adjudication on the merits of his claims resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the" United States Supreme Court, or was "based on an unreasonable determination of facts in light of the evidence presented." § 2254(d).

## III.

The Petition is timely.

## IV.

In her Amended Petition before this Court, Luo raises thirty-five claims. Among these many claims are: First Amendment challenges to the constitutionality of California's unlawful distribution statute and protective orders; several asserted *Brady*[1] violations; allegations of suborned perjury and other acts of misconduct by the prosecutor and law enforcement; purported violations of Luo's speedy trial rights by the state and the public defender's office; attacks on the sufficiency of evidence concerning multiple elements of the offenses and restitution order; claims of federal and state law error concerning jury instructions and the unlawful

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963 (*Brady*)

admission of testimonial hearsay, compelled self-incrimination, and unduly prejudicial exhibits; as well as an assertion of factual innocence; and a plethora of ineffective assistance claims as to trial and appellate counsel, ranging from alleged failure to investigate and breakdown in communication to complaints about counsels' argument selection and tactical choices about objections and witness examination.

None of these arguments warrant relief. A number of them are not cognizable on federal habeas review, either because they do not allege a violation of federal law or do not raise a challenge affecting the validity of Luo's convictions or the legality of the state's custody over her. Furthermore, most of these claims have been defaulted through various independent and adequate state procedural bars, stemming from her failure to file contemporaneous objections at trial, failure to raise available issues on direct appeal, improperly raising sufficiency challenges through collateral attack, and presenting her habeas claims to the state courts in piecemeal fashion through successive petitions. Luo has failed to offer cause to excuse her defaults, and she cannot show actual prejudice or a miscarriage of justice from a violation of federal law because each of her assertions fails on the merits. With regard to her remaining claims for relief, Luo has not met her exacting burden to show that the California courts' resolution of those claims was contrary to, or based on an unreasonable application, of clearly established United States Supreme Court authority.

This Court should deny the Amended Petition.

## V.

To the extent the state courts made express and implied factual findings, the presumption of correctness mandated by 28 U.S.C. § 2254(e)(1) applies to such findings.

## VI.

Luo is not entitled to an evidentiary hearing to resolve any of his claims. 28 U.S.C. § 2254(e)(2); *Cullen v. Pinholster,* 563 U.S. 170 (2011).

## VII.

The relevant facts and procedural history set forth in the accompanying Memorandum of Points and Authorities are incorporated herein by this reference. Except as expressly admitted here or in the Memorandum of Points and Authorities, Respondent denies that Luo confinement is improper, unconstitutional, or unlawful.

1       Wherefore, Respondent respectfully requests that the Amended Petition for
2 Writ of Habeas Corpus be denied and that any request for a certificate of
3 appealability be denied.

5 Dated: November 15, 2023           Respectfully submitted,

                                                          Rob Bonta
                                                          Attorney General of California
                                                          Christopher P. Beesley
                                                          Supervising Deputy Attorney General

                                                          ***/s/ Michael D. Butera***
                                                          Michael D. Butera
                                                          Deputy Attorney General
                                                          *Attorneys for Respondent*

SD2022802632
84240901.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | Luo v. The People of the State of California | No. | 8:22-cv-01640-MEMF-KES |

I hereby certify that on <u>November 15, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 15, 2023</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Xingfei Luo
P.O. Box 4886
El Monte, CA 91734
*Petitioner in Pro Se*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 15, 2023</u>, at San Diego, California.

| | |
|---|---|
| K. Yeoun | /s/ K. Yeoun |
| Declarant | Signature |

SD2022802632
84245964.docx