SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

DEC 2 8 2022

DAVID H. YAMASAKI, Clerk of the Court

BY: T. Williams ,DEPUTY

In re                                          )
                                               )       CASE NO. M-20065
XINGFEI LUO,                                   )
                                               )       ORDER
                                               )
            Petitioner/Defendant,              )
                                               )
            on Habeas Corpus.                  )
                                               )

TO THE PEOPLE OF THE STATE OF CALIFORNIA AND TO PETITIONER:

I.

On August 6, 2019 petitioner was charged by misdemeanor complaint with vandalism (Pen. Code, § 594(a)/(b)(2)(A)), violation of a protective order (Pen. Code, § 273.6(a)), and disorderly conduct (unlawful dissemination of private photographs and recordings) (Pen. Code, § 647(j)(4)(A). On her arraignment on August 12, 2019, through her appointed counsel, petitioner entered a general time waiver. At the pretrial on September 6, 2019, the pretrial was continued to October 18, 2019 at the request of petitioner, and the general time waiver was maintained. On October 18, 2019, the pretrial was continued to January 10, 2020 at the request of petitioner, and the general time waiver was maintained. On January 10, 2020, the pretrial was continued at the People's request to February 14, 2020, and a jury trial was set on March 24, 2020. On February 14, 2020, the pretrial was continued to March 20, 2020 at petitioner's request, and the jury trial was to remain. On March 20, 2020, counsel made an appearance pursuant to Penal Code section 977 and entered a general time waiver. The jury trial was vacated and the pretrial was continued to June 26, 2020. On July 14, 2020, both parties jointly requested a pretrial date on December 4, 2020, due to COVID-19. Petitioner failed to appear at the pretrial. On December 12, 2020, counsel appeared for petitioner pursuant to Penal Code section 977, the warrant was recalled, and a pretrial was set on March 5, 2021 with the general time waiver remaining. On March 5, 2021, the pretrial was continued to March 7, 2021, with the general time waiver remaining. On May 7, 2021, a pretrial and mandatory settlement conference were set on June 8, 2021, with petitioner ordered to appear, and the general time waiver remaining. On June 8, 2021, the court set jury trial on July 19, 2021 as day 0 of 10.

On July 19, 2021, petitioner's counsel answered ready, but the People answered not ready, so the court trailed the trial to July 26, 2021. Petitioner orally moved for a *Marsden* hearing. The court denied the motion. Petitioner requested to be granted self-representation so that she could file a motion to dismiss, but requested that she be represented by appointed counsel at trial. Petitioner was advised of the perils, pitfalls, dangers, and disadvantages of self-representation, but she did not fill out the *Faretta* waiver. She stated that she wanted to have counsel but she wanted to file a motion to dismiss on her own. Later that day, petitioner filed a *Marsden* motion and a motion to dismiss. The court informed petitioner that the motion to dismiss was

not being accepted or considered because it was untimely and had not been served on the People, and because the People were not present. Petitioner then stated that she no longer wished to represent herself. On July 26, 2021, the People requested a continuance of the jury trial, but it was denied. The People amended the complaint, and the trial was trailed until the next day.

Trial commenced on July 27, 2021. On July 28, 2021, the People rested and petitioner's counsel made a motion pursuant to Penal Code section 1118.1, which was denied. On July 29, 2021, the jury found petitioner guilty of the three counts. On August 13, 2021, imposition of sentence was suspended and petitioner was placed on informal probation for three years with terms and conditions including domestic violence terms and a jail term of 30 days, 8 of which petitioner must serve but the remainder stayed pending successful completion of the Batterers' Treatment Program and community service.

Appointed appellate counsel filed a *Wende* brief on petitioner's behalf. Petitioner filed a supplemental brief raising five issues: (1) *Brady* violations by prosecutor's failure to disclose three pieces of allegedly favorable evidence, (2) prosecutorial error, (3) ineffective assistance of counsel, (4) "sloppy police work," and (5) violation of speedy trial rights. The Appellate Division rejected each claim of error and affirmed the judgment in full on April 27, 2022 (opinion filed May 4, 2022).

On June 8, 2022, the court held a contested restitution hearing. After hearing witness testimony, the court (Judge Yellin) ordered petitioner to pay $93,003.76 in victim restitution. Petitioner filed a notice of appeal; the appeal remains pending as of November 17, 2022. (OCSC case number 19CM06724.)

*Petitions for Writ of Habeas Corpus*

On October 13, 2021, petitioner filed a petition for writ of habeas corpus, claiming that: (1) her rights to a speedy trial and conflict-free counsel were violated; (2) she was provided ineffective assistance of counsel; (3) there was insufficient evidence to support the conviction; (4) the trial court erred in allowing evidence of petitioner's prior testimony from a civil proceeding; (5) the trial court erred in failing to consider petitioner's speedy trial motion; and (6) petitioner is actually innocent. On October 19, 2021, this court denied the petition in full. (OCSC case number M-19285.)

In November 2021 and February 2022, petitioner filed petitions for writ of habeas corpus in the Court of Appeal. The Court denied both petitions. (Ct. of App. G061132, G060841.)

II.

Citing First, Fifth, Sixth, and Fourteenth Amendment violations, petitioner, in pro per, raises 29 claims of error that may be summarized as follows:

- Petitioner's prosecution for dissemination of nude photographs violates her First Amendment rights because the victim has no reasonable expectation of privacy in the photos he sent to petitioner, he did not request that petitioner keep the photos private, petitioner never promised to keep the photos private, and the victim "is a nudist who believes being nude improves confidence;"

- Family court lacked jurisdiction to issue TRO/DVRO against petitioner because she was not engaged in a dating relationship with the victim;
- The TRO/DVRO impermissibly violated petitioner's First Amendment rights because the orders constituted a blanket prohibition of petitioner's speech;
- Prosecutor committed *Brady* error by failing to disclose the victim's prior conviction;
- False/perjured evidence;
- Fifth Amendment violation via prosecutor's use of petitioner's "compelled testimony in family court" against petitioner in the criminal trial;
- Numerous claims of ineffective assistance of trial counsel;
- Insufficient evidence;
- Police failure to investigate the victim's claims via forensic expert examination;
- Confrontation Clause violations due to introduction of inadmissible hearsay;
- Court improperly allowed the People to amend the complaint;
- Court erred in denying petitioner's motion to dismiss for denial right to speedy trial;
- Court erred in denying petitioner's *Marsden* motion;
- Prosecutorial misconduct;
- Cumulative error;
- Ineffective assistance of counsel on direct appeal; and
- Actual innocence.

Petitioner provided a personal declaration, trial transcripts, and clerk's transcripts in support of the petition.

III.

At the outset, the Court finds that most of petitioner's claims are procedurally barred. The petition is DENIED on the following grounds:

*Claims Not Cognizable on Habeas Corpus*

As ruled in petitioner's prior petition for writ of habeas corpus, any arguments that there was insufficient evidence to support the conviction are not cognizable on habeas corpus. This includes petitioner's claims challenging the nature of her relationship with the victim, their expectation of privacy with respect to the victim's nude photos, whether or not the victim suffered serious emotional distress, and the veracity of witness testimony and law enforcement investigation. Challenges to the sufficiency of the evidence supporting the conviction are not subject to review via habeas corpus. (*In re Reno* (2012) 55 Cal.4th 428, 452.)

*Claims Already Raised on Habeas Corpus*

Several of petitioner's claims were already raised, considered, and rejected in petitioner's prior petition for writ of habeas corpus. (M-19285.) Specifically, the court will not consider petitioner's successive claims regarding ineffective assistance of trial counsel and actual innocence since petitioner does not provide new, independent evidence to warrant reconsideration of her previously denied claims. An order denying a

petition for writ of habeas corpus in the superior court is final immediately upon its filing." (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1065, fn. 5.) "A prisoner whose petition for writ of habeas corpus has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal." (*In re Clark* (1995) 5 Cal.4th 750, 767, fn. 7.)

## Claims Already Raised on Direct Appeal

Several of petitioner's claims were also already raised and rejected on direct appeal. Issues raised and rejected on appeal cannot be renewed and considered via habeas corpus. (*In re Reno* (2012) 55 Cal.4th 428, 477 citing *In re Waltreus* (1965) 62 Cal.2d 218, 225.)

First, petitioner already claimed *Brady* error on appeal based on the People's alleged failure to disclose the victim's criminal history. Second, although now alleged as Fifth Amendment and Confrontation Clause violations, petitioner already challenged the admission of family court testimony at the criminal trial. On appeal, the Court found that petitioner forfeited such claims because she failed to object in the trial court. They should not newly be considered here given the Court's rejection of the same issue on appeal. Third, petitioner already raised ineffective assistance of trial counsel claims. Fourth, petitioner already raised claims of poor investigation by law enforcement.

Finally, any arguments related to a violation of speedy trial rights were already raised and rejected on direct appeal and should not be considered via the instant writ. Moreover, petitioner's renewed claim of a speedy trial violation is not cognizable on petition for writ of habeas corpus since it must be made by pretrial motion followed by an application for writ of prohibition or by appeal. (*People v. Wilson* (1963) 60 Cal.2d 139.)

## Failure to Raise Issues on Appeal

Petitioner's claims regarding the denial of her *Marsden* motion, Confrontation Clause issues, and prosecutorial misconduct should be denied on grounds that she has not explained or otherwise justified her failure to raise the issues on appeal. When an "issue could have been but was not raised on appeal, the unjustified failure to present it on appeal generally precludes its consideration on habeas corpus." (*In re Sakarias* (2005) 35 Cal.4th 140, 169.) Similarly, petitioner's claims regarding the erroneous issuance of a TRO/DVRO should have been raised on appeal. (See e.g. *K.L. v. R.H.* (2021) 70 Cal.App.5th 965; Cal. Civ. Pro Sec. 904.1 (a)(6).) Moreover, counsel for petitioner filed a *Wende* brief on petitioner's behalf, which allowed the reviewing court to consider any potential issues such as those identified in the instant petition. The Appellate Division found no arguable error on the same record provided by petitioner in the instant petition.

## Piecemeal Presentation of Claims

"Absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied." (*In re Clark* (1993) 5 Cal.4th 750, 797.) "[I]t has long been the rule that 'piecemeal presentation of known claims' is prohibited." (*Id.* at p. 777.) "[A] litigant seeking extraordinary relief from a final judgment is not entitled to bring his legal claims to court seriatim." (*People v. Kim* (2009) 45 Cal.4th 1078, 1101.) A habeas corpus petitioner "'cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings

for the same general purpose.'" (*In re Horowitz* (1949) 33 Cal.2d 534, 547.) Petitioner does not explain why she is filing a second, similar petition for writ of habeas corpus one year after filing her previous petition.

IV.

Notwithstanding the aforementioned procedural bars, petitioner's remaining claims fail on the merits. "A habeas corpus petitioner bears the burden of establishing that the judgment under which he or she is restrained is invalid." (*In re Cox* (2003) 30 Cal.4th 974, 997.) "For purposes of collateral attack, all presumptions favor the truth, accuracy, and fairness of the conviction and sentence; *defendant* thus must undertake the burden of overturning them. Society's interest in the finality of criminal proceedings so demands." (*In re Roberts* (2003) 29 Cal.4th 726, 740-741.)

*Ineffective Assistance of Appellate Counsel*

The duty to provide effective assistance of counsel extends to appellate counsel. (See *In re Smith* (1970) 3 Cal.3d 192, 202-203 ["[T]he inexcusable failure of petitioner's appellate counsel to raise crucial assignments of error, which arguably might have resulted in a reversal, deprived petitioner of the effective assistance of appellate counsel to which he was entitled under the Constitution"].) "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." (*Jones v. Barnes* (1983) 463 U.S. 745, 751-752.) "[T]he role of the advocate 'requires that he support his client's appeal to the best of his ability'. . . For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the [] goal of vigorous and effective advocacy . . ." (*Id.* at p. 754.)

Petitioner essentially argues that counsel provided ineffective assistance of counsel for filing a *Wende* brief instead of presenting substantive arguments on appeal. Petitioner does not establish that she was prejudiced by appellate counsel's representation or that she would have obtained a different result had appellate counsel argued specific issues. First, "The mere fact appellate counsel has not raised every possible or conceivable issue does not...establish that appellate counsel is ineffective." (*People v. Abilez* (2007) 41 Cal.4th 472, 536.) Pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 442, when appellate counsel submits a brief on appeal that either raises no specific issues or describes the appeal as frivolous, the Court of Appeal is required to conduct a review of the entire record for potential issues. "This court's decision in *Wende* interpreted *Anders* to require the appellate court 'to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation is triggered by the receipt of such a brief from counsel and does not depend on the subsequent receipt of a brief from the defendant personally.' (Citation.) The court 'recognize[d] that under this rule counsel may ultimately be able to secure a more complete review for his client when he cannot find any arguable issues than when he raises specific issues, for a review of the entire record is not necessarily required in the latter situation. [Citations.]'" (*People v. Kelly* (2006) 40 Cal.4th 106, 107-108.)

Here, counsel filed a *Wende* brief on petitioner's behalf to trigger the reviewing court's obligation to consider the entire record for any potential issue. Under *Kelly, supra,* appellate counsel's brief invited a more

complete review of petitioner's case. That appointed counsel for petitioner did not identify any arguable issues on appeal does not automatically render counsel's assistance ineffective. The reviewing court in petitioner's case not only independently reviewed the entire record as required by *Wende, supra,* and found no arguable issues, but allowed petitioner to request (and be appointed) new appellate counsel and file supplemental briefing. Based on this record, it does not appear that petitioner received ineffective assistance of appellate counsel, and her conclusory statements fail to establish error in light of the entire record.

*Challenge to People's Amendment of Complaint*

Petitioner argues the court erred by allowing the People to file an amended complaint prior to trial on July 26, 2021. Counsel for petitioner objected at the time, but the court overruled the objection. The only change between the original complaint (filed 8/6/19) and the amended complaint (filed 7/26/21) concerned Count 2 (Pen. Code, § 273.6). In the original complaint, the People alleged that petitioner violated a protective order by coming within 100 yards of the protected person. In the amended complaint, the People alleged that petitioner violated a protective order by failing "to deactivate website and created new websites." The People moved for a trial continuance upon filing the complaint, to which the defense objected. Petitioner does not explain how this amendment so prejudiced her case as to warrant relief from the judgment on habeas corpus, and yet the amendment was not so significant that it warranted a delay of her jury trial for counsel to prepare for the amended charge. "'Under the generally accepted rule in criminal law a variance [in pleadings] is not regarded as material unless it is of such a substantive character as to mislead the accused in preparing his defense....'And '[n]o accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits.'" (*People v. Peyton* (2009) 176 Cal.App.4th 642, 659, internal citations omitted.) Petitioner's conclusory argument regarding this claim fails to establish error.

*First Amendment Claims*

Petitioner claims that her prosecution for dissemination of nude photographs violates her First Amendment rights because the victim lacked a reasonable expectation of privacy. Per Pen. Code, § 647 (j)(4)A), "A person who intentionally distributes the image of the intimate body part or parts of another identifiable person, or an image of the person depicted engaged in an act of sexual intercourse, sodomy, oral copulation, sexual penetration, or an image of masturbation by the person depicted or in which the person depicted participates, under circumstances in which the persons agree or understand that the image shall remain private, the person distributing the image knows or should know that distribution of the image will cause serious emotional distress, and the person depicted suffers that distress." To the extent that petitioner challenges the constitutionality of the statute in general, courts have upheld the validity of Pen. Code, § 647 (j)(4)A) and found that the statute is not unconstitutionally vague or overbroad. (See e.g. *People v. Iniguez* (2016) 247 Cal.App.4th Supp.1.)

To the extent that petitioner argues that she never promised to keep the images private, that claim goes to the sufficiency of the evidence. The jury in petitioner's case was instructed that in order to find petitioner guilty under Count 3, they had to find in part that "The defendant received or acquired the image or images of the other person under circumstances in which the defendant and the other person agreed or

understood that the images shall remain private." Moreover, petitioner's trial counsel raised the same argument to the jury during closing arguments, which the jury rejected: "[The People] have not provided that information to show that there was an agreement or understanding those photos would remain private and would not be disseminated . . . There was no implicit understanding or agreement that photo remained private, right? Why would there? . . . Prosecution has not presented any credible evidence that Ms. Luo posted those pictures without an agreement." (RT p. 282-283.) Since whether or not the victim and/or petitioner believed the images would remain private was a factual determination made by the jury, petitioner's factual claims contradicting the jury's findings are not cognizable on habeas corpus.

Petitioner also claims that the enforcement of a domestic violence restraining order constituted a blanket prohibition on her speech in violation of the First Amendment. This argument fails. Per Fam. Code 6322, "The court may issue an ex parte order enjoining a party from specified behavior that the court determines is necessary to effectuate orders under Section 6320 or 6321." A prohibition against dissemination of nude photographs is not protected speech for purposes of First Amendment protections. "Although stated in broad terms, the right to free speech is not absolute. '[T]here are categories of communication and certain special utterances to which the majestic protection of the First Amendment does not extend because they 'are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.'" (*In re Marriage of Evilsizor & Sweeney* (2015) 237 Cal.App.4th 1416, 1427-1428, internal citations omitted.) Furthermore, the Domestic Violence Protection Act, which governs domestic violence restraining orders, has been upheld as constitutional and withstood facial challenges. "'A statute that is otherwise valid, and is not aimed at protected expression, does not conflict with the First Amendment simply because the statute can be violated by the use of spoken words or other expressive activity." (Citation.) Statutes that purportedly " 'restrict or burden the exercise of First Amendment rights must be narrowly drawn and represent a considered legislative judgment that a particular mode of expression has to give way to other compelling needs of society.' [Citation.] The 'protection of innocent individuals from fear, abuse or annoyance at the hands of persons who employ the telephone, not to communicate, but for other unjustifiable motives,' is such a compelling interest. [Citation.]" (*Altafulla v. Ervin* (2015) 238 Cal.App.4th 571, 581.)

*Cumulative Error*

"Under the cumulative error doctrine, the reviewing court must 'review each allegation and assess the cumulative effect of any errors to see if it is reasonably probable the jury would have reached a result more favorable to defendant in their absence.' When the cumulative effect of errors deprives the defendant of a fair trial and due process, reversal is required. Additionally, multiple errors may create a "negative synergistic effect, rendering the degree of overall unfairness to defendant more than that flowing from the sum of the individual errors." Under this standard, which is expressed in substantially the same manner as the review for prejudice required by *People v. Watson* (1956) 46 Cal.2d 818, 299 P.2d 243, there is a reasonable probability of a more favorable result when there exists "at least such an equal balance of reasonable probabilities as to leave the court in serious doubt as to whether the error affected the result." . . . The cumulative prejudice doctrine is based on an examination of the "entire record." (*People v. Ka Yang* (2021) 67 Cal.App.5th 1, 52–53 [internal citations omitted].) Nearly all of petitioner's claims of error have already been considered and

rejected either via direct appeal or prior petition for writ of habeas corpus. The appellate court reviewed the entire record and found no error. Additional review does not disclose cumulative error, particularly in light of petitioner's repeated unsuccessful attempts to overturn the jury's verdict.

V.

The petition for writ of habeas corpus is DENIED.

DATED: _December 28, 2022_____

JUDGE OF THE SUPERIOR COURT