# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:22-cv-01640-MEMF-KES                                    Date:  February 6, 2024

Title:  XINGFEI LUO v. THE PEOPLE OF CALIFORNIA

---

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**    **Order Requesting Petitioner's Clarification of Claim Thirty-Five.**

Petitioner's thirty-fifth claim in the operative First Amended Petition ("FAP" at Dkt. 33) reads as follows:

### CLAIM 35
### Violation of Sixth and Fourteenth Amendments – Incorrect Jury Instruction

On July 26, 2021, Count 2 was amended from allegation of coming within 100 yards of the protected person to failure to deactivate website and created new websites.  CT 66.

The trial court erred in giving a jury instruction unrelated to what Petitioner was charged for.  CT 146.  The instruction was fundamentally incorrect because it referred to a written order that the defendant not contact, send any messages to, follow, or disturb the peace of the protected person, Tomas Czodor, not the websites that Petitioner was charged for.  At trial, there was no evidence showing that Petitioner ever contacted, sent any messages to, followed, or disturbed the peace of the protected person, Tomas Czodor in violation of any court order.

Petitioner received ineffective assistance of counsel both at trial and on appeal.  Petitioner's trial counsel failed to object to the incorrect jury instruction and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01640-MEMF-KES　　　　　　　　　　　　　　　　　　　　Date: February 6, 2024
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Petitioner's appellate counsel failed to raise the issue on appeal.

(Dkt. 33 at 103.)

In the rest of the FAP, Petitioner separately numbered her claims and stated one kind of claim under each heading.  Petitioner's claims for ineffective assistance of counsel ("IAC") are grouped together as Claims Ten through Eighteen and labeled "IAC."  Claim Thirty-Five was added later, so it could not be grouped with Petitioner's other IAC claims.  Ultimately, it is unclear if Petitioner intended Claim Thirty-Five to be an IAC claim or some other type of claim based on the Sixth/Fourteenth Amendments.

To avoid misconstruing the Petition, the Court invites Petitioner to clarify (1) what federal right underlies her claim for relief in Claim Thirty-Five and (2) how she exhausted that federal claim in the state courts.  Petitioner should file her clarification by **February 29, 2024**.

If Petitioner files nothing by this deadline, then the Court will construe Claim 35 as raising claims that (1) trial counsel provided IAC by not objecting to the jury instruction at CT 146 (Dkt. 3 at 159) as incorrect, and (2) appellate counsel provided IAC by not challenging that jury instruction as incorrect on direct appeal.  The Court sees that these IAC claims were raised in the habeas petition "supplement" Petitioner presented to the California Supreme Court.  (LD 6, Dkt. 51-6.)

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD