XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

**F I L E D**
CLERK, U.S. DISTRICT COURT
02/09/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| XINGFEI LUO,<br><br>       Petitioner,<br><br>   v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>       Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br><br>**MOTION FOR DISCOVERY** |

TO THE COURT AND TO RESPONDENT AND ITS COUNSEL OF RECORD:

Xingfei Luo (Petitioner) respectfully submits the following motion for discovery:

## I.   PROCEDURAL HISTORY

On September 6, 2022 Petitioner filed her Petition for Writ of Habeas Corpus (ECF 1). On June 22, 2023, Petitioner amended her petition. ECF 33.

On October 15, 2023, with Respondent yet to respond, Petitioner moved for appointment of counsel and, also, for discovery. ECF 45. On October 30, 2023 the court denied Petitioner's motion to conduct discovery without prejudice as premature. ECF 48.

On November 15, 2023, Respondent filed answer asserting that Petitioner received effective assistance of counsel both at trial and on appeal, evidence was sufficient, the trial

1   court made no errors, and Petitioner failed to allege violations of federal law etc. ECF 50-

2   1. On January 19, 2024, Petitioner moved for discovery and a fourth time for appointment

3   of counsel. ECF 56. The court denied to appoint counsel but made no mention whether it

4   denied Petitioner's motion for discovery or whether it denied discovery with or without

5   prejudice. ECF 57.

6          **II.    FACTUAL BACKGROUND**

7          After marrying a woman (Hanh Le) who is ten years older than him, Tomas

8   Czodor (Czodor), concealed his marriage and tried to meet young women online. ECF 4,

9   pp. 97-98. Before knowing Petitioner's name and meeting Petitioner in person, in August

10  2018, Czodor proudly told Petitioner that he was raised as a nudist. Right after meeting

11  Petitioner just once, while Petitioner still did not tell him her name, Czodor unsolicitedly

12  sent Petitioner his nude photos and invited Petition to a nudist ranch. ECF 6, p. 153. After

13  two gatherings, Czodor ghosted Petitioner. Petitioner, unaware of Czodor's marriage,

14  went to Czodor's residence for answer on September 18, 2018. ECF 6, p. 155.

15         On September 26, 2018, eight days after Petitioner left Czodor's residence, Czodor

16  reported the alleged vandalism and distribution of his nude photos. ECF 6, pp. 177-178.

17  Despite during the entire time on September 18, 2023 when Petitioner was in front of

18  Czodor's residence, Czodor had free access to his phone, making 911 call (ECF 6, p. 201),

19  taking photos and shooting videos (ECF 6, pp. 159-163), no photos or videos show that

20  Petitioner was actually scratching Czodor's door, no photos or videos of Petitioner with

21  Czodor's damaged door were provided,  no photos or videos show that Petitioner was

22  standing next to Czodor's damaged door, despite Petitioner allegedly scratched Czodor's

23  door for 20 minutes.

24         On September 10, 2018, after Petitioner allegedly threatened Czodor to distribute

25  his nude photos, Czodor in fact made contact with the police but made no mention of

26  Petitioner or any nude photos. ECF 6, p. 200. Despite all communication between

27  Petitioner and Czodor was made through text messages, not a single message shows that

28  Petitioner asked for Czodor's nude photos, not a single message shows that Czodor

2

requested Petitioner to keep his nude photos private, not a single message shows that Petitioner made any promise to keep his nude photos private before Czodor unsolicitedly sent Petitioner his nude photos. Nevertheless, Czodor – a married man deliberately concealing his marriage – sent his nude photos to Petitioner, a woman who never told him her name and met him just once, a woman who was not better than a stranger.

No officers ever saw Czodor's damaged door or nude photos online. No officers ever took any photos of the damaged property. No officers ever checked or examined Czodor's phone to see whether Czodor provided accurate and all relevant messages, photos and videos. No officers ever checked or examined Czodor's phone to see whether Czodor sent his nude photos to multiple people. No officers ever verified whether Czodor's story was taken out of context. No officers ever interviewed any of Czodor's friends, customers, or wife. No officers ever indeed went out and collect evidence. No officers ever performed any meaningful investigation. Anything coming out from Czodor's mouth was taken as true at face value. All "evidence" was in fact produced and provided by Czodor himself, in the form of a stack of paper, despite modern technology was readily available in 2018 and 2019 to the police. In effect, Czodor played the dual roles both as a police officer and complaining witness.

Six attorneys from the office of public defender cycled through Petitioner's case, none of them did any investigation, none of them ever explained to Petitioner about her constitutional rights, none of them ever tried to bring the case to trial at a meaningful time and in a meaningful manner, none of them ever meaningfully discussed the case or strategy with Petitioner, none of them asked for Petitioner's consent or authority to sign a stipulation with prosecution, none of them was able to expose Czodor's perjury and fraud, none of them ever tried to attack the integrity of police work. Petitioner was astonished at trial by her trial counsel's performance. Naturally, Petitioner was convicted of all counts she was charged.

After Petitioner's conviction, Czodor demanded $51,000 to remove 25 webpages that don't even exist or aren't viewable. ECF 20, pp. 15-16. Despite each year between

2014 and 2019, Czodor (a self-employed individual) reported to IRS that his net profit[1] was ranging only between $5,000 and $10,000 per year (ECF 6. pp. 141, 143, 145, 147, 149, 151), he concealed his net profit information[2] when requesting restitution and demanded $26,496[3] to compensate his income loss in 2018 and 2019, apparently for the purposes to make a windfall. Based on Czodor's net profit each year, he was in fact as poor as a church mouse. However, this church mouse was capable of staging crimes and manipulating the system to grant him a windfall.

In 2023 the prosecution, based on the exact same old evidence, prosecuted Petitioner once again alleging Petitioner failed to remove Czodor's nude photos posted in 2018, Case No.: **23CM00067**. CF 1-138.[4] After the acquittal, Petitioner filed two requests for transcripts but the trial court denied her second request. CF 139-144. After the trial court denied her request for records of Case No.: **23CM00067** on July 24, 2023, Petitioner immediately requested the case files from her court appointed counsel. However, Petitioner's counsel was unable to provide the case files until August 27, 2023 because she was out of the country. Subsequently, Petitioner has been diligently compiling exhibits, conducting legal research, and readying a new habeas petition under her

---

[1] An employee ordinarily agrees to work for, and receives, a set wage or salary. His wages are not directly affected by the net income of the employer. In contrast, the self-employed person operating a "business" has no more income available than the net income of the "business" after paying necessary expenses of the "business." For instance, a person who sold $10,000 worth of merchandise with a wholesale cost of $5,000 and who had **out-of-pocket business-related expenses** of $2,000 would only have $3,000 in **actual available earnings**. If the income loss was based on gross revenue of $5,000 rather than **net earnings** of $3,000, the person would be awarded a windfall of $2,000 he would not have received if he had worked. Damage awards in injury to business cases are based on net profits. (See, e.g., *Kuffel v. Seaside Oil Co.* (1970) 11 Cal.App.3d 354, 366 [90 Cal.Rptr. 209] ["It is fundamental that in awarding damages for the loss of profits, net profits, not gross profits, are the proper measure of recovery"].) "Net profits are the gains made from sales `after deducting the value of the labor, materials, rents, and all expenses, together with the interest of the capital employed.' [Citation.]'" [Citations.]" (See *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 884 [116 Cal.Rptr.2d 158] (*Kids' Universe*). "Lost anticipated profits cannot be recovered if it is uncertain whether any profit would have been derived at all from the proposed undertaking. But lost prospective net profits may be recovered if the evidence shows, with reasonable certainty, both their occurrence and extent. [Citation.] It is enough to demonstrate a reasonable probability that profits would have been earned except for the defendant's conduct. [Citations.]' Moreover, . . . a plaintiff is `not required to establish the amount of its damages with absolute precision. . . . [Citation.]' [Citations.]" (*Kids' Universe*, supra, 95 Cal.App.4th at 1181 pp. 883-884.) Not only Czodor did not establish income loss, he did not establish any certainty of his income.
[2] Petitioner's court appointed counsel discovered Czodor's net profit by subpoenaing California Franchise Tax Board.
[3] This requested amount of income loss is almost equal to Czodor's combined net profit in four years between 2015 and 2018.
[4] The case file of Case No.: 23CM00067 is referred to as CF, as attached as Exhibit 2.

4

1    mistaken belief that she could not present new evidence in the instant case. While she was

2    preparing a new habeas petition to state court Petitioner came across cases involving

3    expanding record in federal habeas cases. Luo Decl., ¶ 2.

4    **III.    GROUNDS FOR DISCOVERY**

5        A. <u>Petitioner Is Entitled to Introduce New Evidence and Expand Record under</u>

6            <u>Rule 7 of the Rules Governing Section 2254 Cases</u>

7        In *Holland v. Jackson*, 542 U.S. 649 (2004), the United States Supreme Court held

8    that, whether or not a federal habeas petitioner seeks an evidentiary hearing, new evidence

9    may only be considered in a federal habeas corpus proceeding when the failure to develop

10   the facts in state court are not the petitioner's fault, or when the requirements of 28 U.S.C.

11   § 2254(e)(2) are satisfied. *Holland*, 124 S.Ct. at 2738 (citing *Williams v. Taylor*, 529 U.S.

12   420, 431-437 (2000)). In *Cooper-Smith*, the United States Court of Appeals for the Ninth

13   Circuit held that it is proper to require a petitioner to make the showing required by §

14   2254(e)(2) when seeking to expand the record pursuant to Rule 7, 28 U.S.C. foll. § 2254.

15   *Cooper-Smith*, 397 F.3d at 1241.

16       "[N]ew factual allegations do not render a claim unexhausted unless they

17   "fundamentally alter the legal claim already considered by the state courts." *Chacon v.*

18   *Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260,

19   106 S.Ct. 617, 88 L.Ed.2d 598 (1986))." *Belmontes v. Brown*, 414 1094, 1117 (9th Cir.

20   2005). The presented facts, actions of defense counsel, and trial court's decisions during

21   the 2023 prosecution do not "fundamentally alter" petitioner's ineffective assistance of

22   counsel claim, unlawful amendment of complaint one day before trial, erroneous jury

23   instruction claim, and actual innocence claim, therefore admission of the 2023 prosecution

24   transcripts will not render those claims unexhausted. Instead, the 2023 transcripts

25   represent the objective standard of reasonableness under prevailing professional norms.

26       In *Williams*, the United States Supreme Court held in relevant part that "[i]f there

27   has been no lack of diligence at the relevant stages of the state court proceedings, the

28   prisoner has not `failed to develop' the facts under § 2254(e)(2)'s opening clause, and he

1  will be excused from showing compliance with the balance of the subsection's
2  requirements." *Williams*, 529 U.S. at 437.

3  The claims that could be supported by the 2023 prosecution have been presented to
4  California Supreme Court. Petitioner did not, therefore, show a lack of diligence in the
5  state court proceedings and is not required to make a showing under § 2254(e)(2). Even if
6  so required, Petitioner could not have been previously discovered through the exercise of
7  due diligence, and the facts underlying the claim would be sufficient to establish by clear
8  and convincing evidence that but for constitutional error, no reasonable fact finder would
9  have found the applicant guilty of the underlying offense.

10  The 2023 prosecution effectively amounted to a retrial after a motion for a new
11  trial. However, the crucial distinction here is that the "motion for a new trial" was initiated
12  by the prosecution, not the defense.

13  In a surprising turn of events, Petitioner was acquitted.

14  Petitioner's subsequent acquittal of the same offense based on same evidence raises
15  a profound question concerning the constitutionality of her prior conviction: How can a
16  defendant be acquitted for the same offense, based on identical evidence, after having
17  been previously convicted?

18  Petitioner's acquittal in 2023 serves as a potent testament to the inherent problems
19  and constitutional violations in her initial conviction in 2021. There is no confidence in
20  the integrity of Petitioner's 2021 conviction.

21  After the acquittal, Petitioner filed two requests for records but the trial court
22  denied her second request. CF 139-144. Petitioner did not show any lack of diligence.

23  B. <u>Discovery is Essential to Fully Develop Petitioner's Claims</u>

24  Habeas is an important safeguard whose goal is to correct real and obvious wrongs.
25  Unlike ordinary civil actions, discovery in habeas corpus requires good cause. *Bracy v.*
26  *Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 1797 (1997). A party seeking discovery
27  should demonstrate specific facts indicating that the sought discovery may well advance
28  the party's cause. "Advancing the cause" means that the discovery must advance the

requestor's knowledge on the issues pertinent to cognizable habeas corpus issues. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09 (citing *Harris v. Nelson*, 394 U.S. 287 (1969)). "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." *Smith v. Mahoney*, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005)).

|  | Case No. 19CM06724 | Case No. 23CM00067 |
|---|---|---|
| Prosecuting agency | Orange County District Attorney (ECF 3 at 79-80) | Orange County District Attorney (CF 30-31) |
| Allegations on complaint | Intentionally, knowingly, and unlawfully violated a protective order by failing to deactivate website and created new websites (ECF 3 at 79-80) | Willfully and unlawfully disobeyed the terms of a court order by failing to remove any pictures or references of the protected party from any social media websites or blogs she may have posted (CF 30-31) |
| Underlying domestic violence restraining order case number | Case No. **18V002374** filed in Orange County Superior Court (ECF 3 at 82-84) | Case No. **18V002374** filed in Orange County Superior Court (CF 30-31) |
| Terms of the court order alleged being violated | Remove content on the Internet relating to video, pictures, blogs, or websites about Tomas Czodor created | Remove any pictures or references of the protected party from any social media websites or blogs she may have |

| | by Ms. Luo. (ECF 4 at 120) | posted (CF 30-31, 35) |
|---|---|---|
| Domestic violence accuser | Tomas Czodor  (ECF 4 at 28) | Tomas Czodor (CF 13) |
| Prosecution evidence | Online contents posted in 2018 (ECF 4 at 39-50) | Online contents posted in 2018 (CF 39, 82-94) |

Essentially, Case No. 23CM00067 constitutes a new trial of the same matters addressed in Case No. 19CM06724. The actions of defense counsel at trial in 2023, as well as the decisions made by the trial court in 2023, both reflected by clerk's transcript and reporter's transcript of the 2023 prosecution, serve as pivotal evidence of how Petitioner's constitutional rights were seriously infringed upon in Case 19CM06724.

The discovery of the clerk's transcript and reporter's transcript of Case No. 23CM00067 is of paramount constitutional importance in the adjudication of the habeas corpus petition pertaining to Case No. 19CM06724. The pursuit of justice and the preservation of constitutional protections demand a thorough examination of these transcripts, as they may hold the key to rectifying any past injustices and ensuring the fair and equitable treatment of Petitioner. The transcripts of case no. 23CM00067 are "essential" for Petitioner to "develop fully" her claims.

After Petitioner's acquittal, Case No. 23CM00067 is currently placed under seal upon the request of Respondent. See https://www.occourts.org/online-services/case-access/criminal-traffic-cases (No case no. 23CM00067 is available for public access.) No trial transcript of case no. 23CM00067 can be ordered. See https://www.occourts.org/online-services/court-reporter-transcript-requests

The effective retrieval of transcripts of a sealed case presents abnormal challenge to Petitioner both financially and technically. The court should order Respondent to provide all clerk's transcript and reporter's transcript of Case No. 23CM00067.

## IV.    CONCLUSION

In a gross manner, Petitioner's constitutional rights were violated from the very

1  beginning to the end. Petitioner was be put on trial without the aid of counsel in any real

2  sense, and convicted upon incompetent evidence, or evidence irrelevant to the issue or

3  otherwise inadmissible.

4       For the reasons stated above, Petitioner has shown good cause and the court should

5  permit expanding record and discovery of the clerk's transcript and reporter's transcript of

6  Case No. 23CM00067. The court should order Respondent to provide all clerk's transcript

7  and reporter's transcript of Case No. 23CM00067.

8

9       Dated: February 9, 2024

10       Respectfully submitted.

11

12       */s/ XINGFEI LUO*

13       XINGFEI LUO

14       Petitioner in Pro Se

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR DISCOVERY

**DECLARATION OF XINGFEI LUO**

I, XINGFEI LUO, declare and state:

1.    I am the petitioner in this petition. I have personal knowledge of all facts stated herein. If called as a witness, I could and would competently testify thereto.

2.    After the trial court denied my request for records of Case No. **23CM00067** on July 24, 2023 I immediately requested the case files from my court appointed counsel. However, my counsel was unable to provide the case files until August 27, 2023 because she was out of the country. A true and correct copy of the correspondence is attached hereto as Exhibit 1. A true and correct copy of the 23CM00067 case file is attached hereto as Exhibit 2. Subsequently, I have been diligently compiling exhibits, conducting legal research, and readying a new state habeas petition under my own mistaken belief that I could not expand the record in the instant federal habeas case without first presenting the evidence to state court. While I was preparing a new habeas petition to state court I came across cases involving expanding record in federal habeas cases.

3.    I am currently receiving food stamps. I have no financial means to obtain clerk's transcript and reporter's transcript of Case No.: **23CM00067** that may cost hundreds of dollars or even more.

4.    The pro se clinic does not provide assistance in criminal matters. It offers no legal advice or evaluation of case merits, and it does not offer support with legal strategy. Its assistance is confined to explaining court forms and federal rules of civil procedure.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed in Los Angeles, CA on February 9, 2024.

*/s/ XINGFEI LUO*

10

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address:

michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on February 9, 2024

*/s/ XINGFEI LUO*

XINGFEI LUO, In Pro Per

EXHIBIT 1

# mail.com

# 23CM00067 Case Filings

**From:**     "Mikhail, Marian" <Marian.Mikhail@ocaltdef.com>
**To:**       "CPRArq@mail.com" <CPRArq@mail.com>
**Date:**     Aug 27, 2023 4:25:21 PM

Please find attached your case filings and minutes.

CONFIDENTIAL EMAIL: The information contained in this email is confidential and may also be attorney-client privileged and constitute attorney work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify sender immediately.

**Attachments**

- Minutes_23CM00067.pdf
- Amended Complaint_23CM00067.pdf
- Complaint_23CM00067.pdf
- Court Advisement Prior to Trial_23CM00067.pdf
- Court Jury Instructions.pdf
- Court Order Shortening Time_23CM00067.pdf
- Court's Proposed Jury Instructions.pdf
- DA Opposition to Double Jeopardy Motion_23CM00067.pdf
- Defense Discovery Request_23CM00067.pdf
- Defense Motion in limine_23CM00067.pdf
- Defense Motion to Dismiss Double Jeopardy_23CM00067.pdf
- Defense Motion to Dismiss_First Amendment_23CM00067.pdf
- Motion to Dismiss_Insufficient Pleading_23CM00067.pdf
- Order Shortening Time Double Jeopardy Motion_23CM00067.pdf
- Prosecution Motion in limine.pdf
- Prosecution's Proposed Jury Instructions.pdf

EXHIBIT 2

# Case Summary

**Case Number:** 23CM00067
**OC Pay Number:** 11200090
**Originating Court:** Central
**Pay or Appear by:**
**Traffic School Completion Date:**
**Next Payment Date:**
**Defendant:** Luo, Xingfei
**Demographics:**

| | | |
|---|---|---|
| Eyes: | Brown | |
| Hair: | Black | |
| Height(ft/in) : 5'5" | | |
| Weight (lbs): 96 | | |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Luo | Xingfei | | Real Name |
| Lou | Xingfei | | Alias |

**Case Status:**

| | |
|---|---|
| Status: | Dismissed |
| Case Stage: | |
| Release Status: | Released on Own Recognizance |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Complaint |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 1 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 04/20/2022 | 166(a)(4) PC | M | Contempt of court - disobey court order | NOT GUILTY | 02/10/2023 | Found Not Guilty by Jury | 03/28/2023 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Alternate Defender | | ALTD | Deputy Alternate Defender, | | |
| District Attorney | | OCDA | Nguyen-McDonald, Daniel | | |
| Alternate Defender | | ALTD | Mikhail, Marian | | |
| District Attorney | | OCDA | Gomez, Steven | | |
| District Attorney | | OCDA | Voge, James | | |
| District Attorney | | OCDA | Ellis, Therese | | |
| Alternate Defender | | ALTD | Follett, James | | |
| District Attorney | | OCDA | Johnson, Alexis | | |
| District Attorney | | OCDA | Zhan, MingMing | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 02/07/2023 | Motion Dismissal | C47 | Heard | |
| 02/07/2023 | Motion Dismissal | C48 | Heard | |
| 02/08/2023 | Motion Dismissal | C48 | Heard | Waives arraignment today |
| 02/10/2023 | Arraignment - | C48 | Heard | |
| 02/24/2023 | Arraignment - | C54 | Cancel | |
| 03/03/2023 | Pre Trial - | C47 | Cancel | |
| 03/03/2023 | Pre Trial - | C50 | Heard | Time not waived |
| 03/10/2023 | Pre Trial - | C47 | Cancel | |
| 03/10/2023 | Pre Trial - | C51 | Heard | waives statutory time for |
| 03/16/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Cancel | |
| 03/20/2023 | Jury Trial - | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Heard | |
| 03/20/2023 | Motion Dismiss [Penal Code 1385] | C53 | Heard | |
| 03/21/2023 | Motion Dismissal | C47 | Cancel | |
| 03/21/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C47 | Heard | |
| 03/22/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/23/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/24/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/27/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| 03/28/2023 | Jury Trial - | C53 | Heard | |

# Case Summary

| | |
|---|---|
| **Case Number:** | 23CM00067 |
| **OC Pay Number:** | 11200090 |
| **Originating Court:** | Central |
| **Defendant:** | Luo, Xingfei |

**Demographics:**

| | | |
|---|---|---|
| | Sex: | Female |
| | Eyes: | Brown |
| | Hair: | Black |
| | Height(ft/in) : | 5'5" |
| | Weight (lbs): | 96 |
| | Race: | Asian |
| | Address: | 10628 Hallwood Drive Temple City, CA 91780 |

**Identifiers:**

**Names:**

| | Last Name | First Name | Middle Name | Type | Date of Birth |
|---|---|---|---|---|---|
| | Luo | Xingfei | | Real Name | |
| | Lou | Xingfei | | Alias | |

**Case Status:**

| | | |
|---|---|---|
| | Status: | Closed |
| | Case Stage: | |
| | Release Status: | |
| | Warrant: | N |
| | DMV Hold : | N |
| | Charging Document: | Complaint |
| | Mandatory Appearance: | Y |
| | Owner's Resp: | N |
| | Amendment #: | 1 |
| | DA Case #: | 22C07939 |
| | DR #: | 22-09260 |

**Counts:**

| | Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|---|
| | 1 | 0 | 04/20/2022 | 166(a)(4) PC | M | Contempt of court - disobey court order | NOT GUILTY | 02/10/2023 | Found Not Guilty by Jury | 03/28/2023 |

**Professionals:**

| | Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|---|
| | Alternate Defender | | ALTD | Deputy Alternate Defender, | | |
| | District Attorney | | OCDA | Nguyen-McDonald, Daniel | | |
| | Alternate Defender | | ALTD | Mikhail, Marian | | |
| | District Attorney | | OCDA | Gomez, Steven | | |
| | District Attorney | | OCDA | Voge, James | | |
| | District Attorney | | OCDA | Ellis, Therese | | |
| | Alternate Defender | | ALTD | Follett, James | | |
| | District Attorney | | OCDA | Johnson, Alexis | | |
| | District Attorney | | OCDA | Zhan, MingMing | | |

**Other Cases:**

| | Case | Case Status | Violation Date |
|---|---|---|---|
| | 19CM06724 | Appeal | 09/07/2018 |
| | M-19285 | Habeas Corpus Petition | |
| | M-20069 | Habeas Corpus Petition | |

**Heard Hearings:**

| | Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|---|
| | 02/07/2023 | Motion Dismissal | C47 | Heard | |
| | 02/07/2023 | Motion Dismissal | C48 | Heard | |
| | 02/08/2023 | Motion Dismissal | C48 | Heard | Waives arraignment today |
| | 02/10/2023 | Arraignment - | C48 | Heard | |

**001**

| | 02/24/2023 | Arraignment - | C54 | | |
| | 03/03/2023 | Pre Trial - | C47 | Cancel | |
| | 03/03/2023 | Pre Trial - | C50 | Heard | Time not waived |
| | 03/10/2023 | Pre Trial - | C47 | Cancel | |
| | 03/10/2023 | Pre Trial - | C51 | Heard | waives statutory time for |
| | 03/16/2023 | Jury Trial - | C47 | Heard | |
| | 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Cancel | |
| | 03/20/2023 | Jury Trial - | C47 | Heard | |
| | 03/20/2023 | Motion Dismiss [Penal Code 1385] | C47 | Heard | |
| | 03/20/2023 | Motion Dismiss [Penal Code 1385] | C53 | Heard | |
| | 03/21/2023 | Motion Dismissal | C47 | Cancel | |
| | 03/21/2023 | Jury Trial - | C47 | Heard | |
| | 03/22/2023 | Jury Trial - | C47 | Heard | |
| | 03/22/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| | 03/23/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| | 03/24/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| | 03/27/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| | 03/28/2023 | Jury Trial - | C53 | Heard | waives statutory time for |
| | 07/24/2023 | Chambers Work - | C56 | Heard | |

**Register of Actions:**

| Date Action | Seq Nbr | Docket Code | Text |
|---|---|---|---|
| 12/30/2022 | 1 | FLDOC | Original Complaint filed on 12/30/2022 by Orange County District Attorney. |
| | 2 | FLNAM | Name filed: Luo, Xingfei |
| | 3 | FLCNT | MISDEMEANOR charge of 273.6(a) PC filed as count 1. Date of violation: 04/20/2022. |
| | 4 | CLADD | At the request of People, case calendared on 02/24/2023 at 08:30 AM in C54 for ARGN. |
| | 5 | FI959 | Accusatory pleading filed by the prosecutor pursuant to Penal Code section 959.1. |
| | 7 | FIFCI | Arraignment Letter filed. |
| | 8 | FIBWCPO | Body Worn Camera Protective Order filed. |
| 01/25/2023 | 1 | FIMTN2 | Defense Notice of Motion; Motion to Dismiss Pursuant to U.S. and C.A. Due Process for Insufficient Notice or Pleading; Or in the Alternative, Pursuant to Penal Code Section 1004 filed. |
| | 2 | CLCST2 | Motion re: Dismissal set on 02/07/2023 at 08:30 AM in Department C47. |
| 02/07/2023 | 1 | HHELD | Hearing held on 02/07/2023 at 08:30:00 AM in Department C47 for Motion Dismissal. |
| | 2 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
| | 3 | OFJA | Clerk: M. Diaz |
| | 4 | OFBAL | Bailiff: F. Ramirez |
| | 5 | APDDA | People represented by Steven Gomez, Deputy District Attorney, present. |
| | 6 | APTXT | Alternate Defender appointed based on prior representation on case 19CM06724 which is currently on appeal |
| | 7 | APDAL | Court appoints Alternate Defender to represent Defendant. |
| | 8 | APNDC | Defendant not present in Court represented by Marian Mikhail, Alternate Defender. |
| | 10 | WV977 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| | 11 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Cynthia M Herrera, Judge in court. |
| | 12 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | 13 | CLRSN2 | Motion re: Dismissal reassigned for 02/07/2023 at 11:15 AM in Department C48, Gregg L. Prickett Judge, 30 minute time estimate. |
| | 14 | CLTXT | all parties to report forthwith to C48 |
| | 15 | CLTRM | Arraignment for 02/24/2023 08:30 AM in C54 to remain. |
| | 16 | TEXT | Release status to be addressed on the scheduled arraignment date of 2/24/23 |
| | 17 | OFMCD | Minutes entered by C. Shenkman on 02/07/2023. |
| | 18 | HHELD | Hearing held on 02/07/2023 at 11:15:00 AM in Department C48 for Motion Dismissal. |
| | 19 | OFJUD | Judicial Officer: Gregg L. Prickett, Judge |
| | 20 | OFJA | Clerk: K. Barnstein |
| | 21 | OFBAL | Bailiff: J. L. Mc Million |
| | 22 | APNDC | Defendant not present in Court represented by Marian Mikhail, Alternate Defender. |
| | 23 | WV977 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| | 24 | APDDA | People represented by Daniel Nguyen-McDonald, Deputy District Attorney, present. |
| | 25 | CLSET2 | Motion re: Dismissal trailed to 02/08/2023 at 10:00 AM in Department C48. |
| | 26 | CLTRM | Arraignment for 02/24/2023 08:30 AM in C54 to remain. |
| 02/08/2023 | 1 | HHELD | Hearing held on 02/08/2023 at 10:00:00 AM in Department C48 for Motion Dismissal. |
| | 2 | OFJUD | Judicial Officer: Gregg L. Prickett, Judge |
| | 3 | OFJA | Clerk: K. Barnstein |
| | 4 | OFBAL | Bailiff: T. Barron |
| | 5 | APNDC | Defendant not present in Court represented by Marian Mikhail, Alternate Defender. |
| | 6 | WV977 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| | 7 | APDDA | People represented by Daniel Nguyen-McDonald, Deputy District Attorney, present. |

**002**

| | 8 | FIAMD | First Amended Complaint filed by Orange County District Attorney. |
|---|---|---|---|
| | 9 | CTAMC | To the First Amended Complaint count 1 now reads 166(a)(4) PC, MISDEMEANOR. Date of violation: 04/20/2022. |
| | 10 | WVRAT | Defendant waives the right to be arraigned today. |
| | 11 | CLSET | Arraignment set on 02/10/2023 at 08:30 AM in Department C48. |
| | 12 | CLTRM | Arraignment set for 02/24/2023 08:30 AM in C54 to remain. |
| 02/10/2023 | 1 | HHELD | Hearing held on 02/10/2023 at 08:30:00 AM in Department C48 for Arraignment. |
| | 2 | OFJUD | Judicial Officer: Gregg L. Prickett, Judge |
| | 3 | OFJA | Clerk: K. Barnstein |
| | 4 | OFBAL | Bailiff: J. L. Mc Million |
| | 5 | APDWAL | Defendant present in Court with counsel Marian Mikhail, Alternate Defender. |
| | 6 | APDDA | People represented by James Voge, Deputy District Attorney, present. |
| | 7 | CPCDD | Copy of First Amended Complaint given to defense counsel. |
| | 8 | WVRAA | Defendant waives reading and advisement of First Amended Complaint. |
| | 9 | PLNGA | To the First Amended Complaint defendant pleads NOT GUILTY to all counts. |
| | 10 | MORES | Defense reserves all motions. |
| | 11 | DFSFC | Defendant invokes state, federal and constitutional rights. |
| | 12 | DFIRD | Informal request for discovery made by Defense. |
| | 13 | CLSET | Pre Trial set on 03/03/2023 at 09:00 AM in Department C47. |
| | 14 | DFOTR | Defendant ordered to physically appear. |
| | 15 | CLSET | Jury Trial set on 03/16/2023 at 09:00 AM in Department C47. |
| | 16 | CLVAC | Arraignment vacated for 02/24/2023 at 08:30 AM in C54. (Entered NUNC_PRO_TUNC on 02/23/23) |
| | 17 | DFOTR | Defendant ordered to physically appear. |
| | 18 | DSROR | Court orders defendant released on own recognizance. |
| | 19 | COBWCA | Court orders the Body Worn Camera Protective Order filed on 12/30/2022 approved, issued and in full effect. |
| 02/15/2023 | 1 | FITXT | Request for Discovery filed. |
| 02/23/2023 | 1 | NUNCPT | Nunc Pro Tunc entry(s) made on this date for 02/10/2023. |
| 03/01/2023 | 1 | CLTRF | Calendar Line for PT transferred from C47 on 03/03/2023 at 09:00 AM to C50 on 03/03/2023 at 09:00 AM. |
| 03/03/2023 | 1 | HHELD | Hearing held on 03/03/2023 at 09:00:00 AM in Department C50 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: William Scott Zidbeck, Judge |
| | 3 | OFJA | Clerk: V. Barragan |
| | 4 | OFBAL | Bailiff: C. Herrera |
| | 5 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 6 | APDDA | People represented by Steven Gomez, Deputy District Attorney, present. |
| | 7 | APDWAL | Defendant present in Court with counsel Marian Mikhail, Alternate Defender. |
| | 8 | FICON | Request for Continuance - Misdemeanor filed. |
| | 9 | CLCON | Pre Trial continued to 03/10/2023 at 08:30 AM in Department C47 by stipulation of all parties. |
| | 10 | TEXT | Court authorizes 977 appearance. |
| | 11 | CLTRM | Jury Trial for 03/16/2023 09:00 AM in C47 to remain. |
| | 12 | DFOTR | Defendant ordered to appear. |
| | 13 | WVNWT | Defendant does not waive statutory time for Jury Trial. |
| | 14 | DSOCN | Defendant's release on own recognizance continued. |
| | 15 | TXKPW | Keep with companion cases(s) 19CM06724. |
| | 16 | OFMCD | Minutes entered by H. Gomez on 03/03/2023. |
| 03/08/2023 | 1 | CLTRF | Calendar Line for PT transferred from C47 on 03/10/2023 at 08:30 AM to C51 on 03/10/2023 at 08:30 AM. |
| 03/10/2023 | 1 | HHELD | Hearing held on 03/10/2023 at 08:30:00 AM in Department C51 for Pre Trial. |
| | 2 | OFJUD | Judicial Officer: Stephen J. McGreevy, Judge |
| | 3 | OFJA | Clerk: E. Flores |
| | 4 | OFBAL | Bailiff: A. Gonzales |
| | 5 | APDDA | People represented by Alexis Johnson, Deputy District Attorney, present. |
| | 6 | APNDC | Defendant not present in Court represented by Marian Mikhail, Alternate Defender. |
| | 7 | TEXT | Although Judge McGreevy believes he can and will be impartial in this matter, to comply with this requirement, Court discloses the following: Judge McGreevy was elected to the Orange County Superior Court in June of 2022. Before taking the bench, Judge McGreevy worked as a prosecutor in the Orange County District Attorney's office for 25 years. When Judge McGreevy left the OCDA's office, his job title was Assistant District Attorney in charge of the Homicide Unit. For 9 months he was an Assistant District Attorney in the Gang Unit. Prior to being an Assistant District Attorney, Judge McGreevy worked as a Senior Deputy District Attorney in the Homicide Unit and the Sexual Assault Unit. |
| | 8 | FICON | Request for Continuance - Misdemeanor filed. |
| | 9 | CLTRM | Jury Trial for 03/16/2023 09:00 AM in C47 to remain. |
| | 10 | TEXT | Defendant is ordered to appear unless advised by defense counsel that matter will be continued. |
| | 11 | DSOCN | Defendant's release on own recognizance continued. |
| | 12 | TXKPW | Keep with companion cases(s) 19CM06724. |
| 03/14/2023 | 1 | FIMTN2 | Defense Notice of Motion; Motion to Dismiss in Violation of Double Jeoparday Under the California and US Constitutions; Penal Code Section 654; and In the Interest of Justice Under Penal Code Section 1385 filed. |
| | 2 | TXRNF | Request and Order Shortening Time received, not filed. |
| | 3 | CLCST2 | Motion re: Dismissal set on 03/21/2023 at 08:30 AM in Department C47. |
| 03/16/2023 | 1 | HHELD | Hearing held on 03/16/2023 at 09:00:00 AM in Department C47 for Jury Trial. |

**003**

| | 2 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
|---|---|---|---|
| | 3 | OFJA | Clerk: C. Shenkman |
| | 4 | OFBAL | Bailiff: F. Ramirez |
| | 5 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 6 | APDDA | People represented by Therese Ellis, Deputy District Attorney, present. |
| | 7 | APDWAL | Defendant present in Court with counsel Marian Mikhail, Alternate Defender. |
| | 8 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Cynthia M Herrera, Judge in court. |
| | 9 | CORAC | Court read and considered Request and Order Shortening Time. |
| | 10 | MOTBY | Motion by Defense to shorten time for Motion to Dismiss in Violation of Double Jeopardy |
| | 11 | MOTION | Motion argued. |
| | 12 | MOTION | Motion granted. |
| | 13 | MOPEO | Objection by the People. |
| | 14 | TEXT | Defense requests to set Motion and Jury Trial on 3/21/23 if Court grants shortening of time. Request was denied. (Entered NUNC_PRO_TUNC on 03/17/23) |
| | 16 | TRPDR | Case called. People answer ready. Defense answers not ready. |
| | 19 | CLSET2 | Motion re: Dismiss [Penal Code 1385] set on 03/20/2023 at 08:30 AM in Department C47. (Entered NUNC_PRO_TUNC on 03/17/23) |
| | 21 | CLSET | Jury Trial trailed to 03/20/2023 at 08:30 AM in Department C47. |
| | 22 | DFOTR | Defendant ordered to appear. |
| | 23 | CLTXT | Day 45 is 3/27/23 |
| | 24 | DSOCN | Defendant's release on own recognizance continued. |
| | 25 | TXKPW | Keep with companion case(s) 19CM06724. |
| | 26 | OFMDD | Minutes of 03/16/2023 entered on 03/17/2023. |
| 03/17/2023 | 1 | NUNCPT | Nunc Pro Tunc entry(s) made on this date for 03/16/2023. |
| | 2 | NUNCPT | Nunc Pro Tunc entry(s) made on this date for 03/16/2023. |
| | 3 | NUNCPT | Nunc Pro Tunc entry(s) made on this date for 03/16/2023. |
| 03/20/2023 | 1 | FITXT | People's Opposition to Defense Omnibus Motion to Dismiss filed. |
| | 2 | HHELD | Hearing held on 03/20/2023 at 08:30:00 AM in Department C47 for Motion Dismiss [Penal Code 1385]. |
| | 3 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
| | 4 | OFJA | Clerk: M. Diaz |
| | 5 | OFBAL | Bailiff: F. Ramirez |
| | 6 | OFMCD | Minutes entered by C. Shenkman on 03/20/2023. |
| | 7 | APDDA | People represented by Daniel Nguyen-McDonald, Deputy District Attorney, present. |
| | 8 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 9 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Cynthia M Herrera, Judge in court. |
| | 10 | TEXT | As to the Motion: |
| | 11 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | 12 | CLRSN2 | Motion re: Dismiss [Penal Code 1385] reassigned for 03/20/2023 at 10:30 AM in Department C53, H. Shaina Colover Judge, 30 minute estimate. |
| | 13 | CLTXT | All parties to report forthwith |
| | 14 | CLTRM | Jury Trial for 03/20/2023 08:30 AM in C47 to remain. |
| | 15 | DSOCN | Defendant's release on own recognizance continued. |
| | 16 | HHELD | Hearing held on 03/20/2023 at 10:30:00 AM in Department C53 for Motion Dismiss [Penal Code 1385]. |
| | 17 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | 18 | OFJA | Clerk: M. Ruiz |
| | 19 | OFBAL | Bailiff: S. Garcia |
| | 20 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 21 | TRIOC | In open court at 10:11 AM |
| | 22 | APDDA | People represented by Daniel Nguyen-McDonald, Deputy District Attorney, present. |
| | 23 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 24 | CORAC | Court read and considered Motion to Dismiss, Request, Order for Shortening time and People's Opposition. |
| | 25 | MOTION | Motion argued. |
| | 26 | TRALP2 | Again in open court at 01:51 PM. Defendant present with counsel. People duly represented. |
| | 27 | TRTXT | Defense resumes argument on Motion to Dismiss. |
| | 28 | MOTION | Motion denied. |
| | 29 | TEXT | Court states ruling is for all and without prejudice.- reasons as stated on the record. |
| | 30 | FIORD | Order Shortening Time signed and filed. |
| | 31 | CLTRM | Jury Trial for 03/20/2023 08:30 AM in C47 to remain. |
| | 32 | DFOTR | Defendant ordered to appear. |
| | 33 | DSOCN | Defendant's release on own recognizance continued. |
| | 35 | HHELD | Hearing held on 03/20/2023 at 08:30 AM in Department C47 for Jury Trial. |
| | 36 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 37 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |

**004**

| | | 38 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | | 39 | MOTBY | Oral motion by Defense to trail the matter to 03/22/2023. |
| | | 40 | TEXT | People state there are potential witness availability issues and request to have the matter trail day by day. |
| | | 41 | MOTION | Motion argued. |
| | | 42 | TEXT | Parties are heard as to discovery issues. |
| | | 43 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | | 44 | TEXT | Court memorialized the proceedings thus far this afternoon. |
| | | 45 | TEXT | Further argument as to potential discovery issues is heard. |
| | | 46 | TEXT | Defense motion to trail the matter to 03/22/2023 is denied. |
| | | 47 | CLTXT | Upon the Court's own motion: |
| | | 48 | CLSET | Jury Trial trailed to 03/21/2023 at 01:30 PM in Department C47. |
| | | 49 | DFOTR | Defendant ordered to appear. |
| | | 50 | CLTXT | Day 39 of 45. |
| | | 51 | DSOCN | Defendant's release on own recognizance continued. |
| | | 52 | TXKPW | Keep with companion cases(s) 19CM06724. |
| | | 53 | OFMCD | Minutes entered by M. Diaz on 03/20/2023. |
| 03/21/2023 | 1 | | HHELD | Hearing held on 03/21/2023 at 01:30:00 PM in Department C47 for Jury Trial. |
| | | 2 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
| | | 3 | OFJA | Clerk: C. Shenkman |
| | | 4 | OFBAL | Bailiff: F. Ramirez |
| | | 5 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 6 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 7 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Cynthia M Herrera, Judge in court. |
| | | 8 | TRPDR | Case called. People answer ready. Defense answers not ready. |
| | | 9 | CLSET | Jury Trial trailed to 03/22/2023 at 08:30 AM in Department C47. |
| | | 10 | TEXT | Jury trial trailed at requst of defense |
| | | 11 | DFOTR | Defendant ordered to appear. |
| | | 12 | CLTXT | day 40 of 45 |
| | | 13 | DSOCN | Defendant's release on own recognizance continued. |
| | | 14 | TXKPW | Keep with companion cases(s) 19CM06724. |
| 03/22/2023 | 1 | | HHELD | Hearing held on 03/22/2023 at 08:30:00 AM in Department C47 for Jury Trial. |
| | | 2 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
| | | 3 | OFJA | Clerk: C. Shenkman |
| | | 4 | OFBAL | Bailiff: F. Ramirez |
| | | 5 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 6 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 7 | ADSCD | Pursuant to the California Code of Judicial Ethics, Canon 3, subsection E(2), Court Disclosure regarding the criminal case filed in the People of the State of California v. Isaac Jones, case number 19CF0869 given by Cynthia M Herrera, Judge in court. |
| | | 8 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | | 9 | CLRSN | Jury Trial reassigned for 03/22/2023 at 09:30 AM in Department C53, Judge H. Shaina Colover, 4 day time estimate. |
| | | 10 | CLTXT | Parties ordered to report forthwtih. |
| | | 11 | TXKPW | Keep with companion cases(s) 19CM06724. |
| | | 12 | OFMCD | Minutes entered by M. Diaz on 03/22/2023. |
| | | 13 | HHELD | Hearing held on 03/22/2023 at 09:30:00 AM in Department C53 for Jury Trial. |
| | | 14 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | | 15 | OFJA | Clerk: M. Ruiz |
| | | 16 | OFBAL | Bailiff: S. Garcia |
| | | 17 | FIMTN | People Motion Pursuant to Evidence Code 402 filed. |
| | | 18 | FIMTN | Defense Motion Pursuant to Evidence Code 402 filed. |
| | | 19 | TRCBR | At 10:09 AM, Court and Counsel confer in chambers without court monitor present. |
| | | 20 | TRTXT | Chamber conference concludes at 11:19 AM. |
| | | 21 | TRTXT | The Court directs the Court to order a panel of 40 prospective jurors for this date at 1:30 PM. |
| | | 22 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | | 23 | TRIOC | In open court at 11:34 AM |
| | | 24 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 25 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 26 | TRPDR | Case called. People answer ready. Defense answers ready. |
| | | 27 | FITXT | Court Advisement and Trial Stipulations Department C53 filed. |
| | | 28 | TRTXT | The Court has provided a copy of Trial and Jury Selection Department C53 to counsel. |
| | | 30 | TRTXT | Court memorializes previous chambers conference taken at 9:43 AM. |
| | | 31 | TRTXT | The Court reviewed People's potential exhibit list. |
| | | 32 | TRTXT | All parties are present and ready to proceed with 402 Evidence Code motions as follows: |
| | | 33 | TRTXT | The Court now hears the Peoples 402 Motions in Limine. |

**005**

| | 34 | CLTXT | Peoples Motion in Limine Number One (1). |
|---|---|---|---|
| | 35 | MOTBY | Motion by People to exclude questions regarding the Legality of Detention, Searches, or Miranda Advisements |
| | 36 | MOTION | Motion argued. |
| | 37 | TRTXT | Court grants motion as modified on the record. |
| | 38 | CLTXT | Peoples Motion in Limine Number Two (2). |
| | 39 | MOTBY | Motion by People to exclude questions and mentioning regarding double jeopardy and the legality of the charge. |
| | 40 | TRTXT | No objection by the Defense. |
| | 41 | MOTION | Motion granted. |
| | 42 | CLTXT | Peoples Motion in Limine Number Three (3). |
| | 43 | MOTBY | Oral motion by People to exclude questions and mentioning regarding the restitution amount ordered for the victim Mr. Czodor in 19CM06724 |
| | 44 | MOTION | Motion granted. |
| | 45 | CLTXT | Peoples Motion in Limine Number Four (4). |
| | 46 | MOTBY | Motion by People to exclude reference to the ultimate impact of the jury verdict on defendant and her family and any evidence to garner sympathy. |
| | 47 | MOTION | Motion granted. |
| | 48 | CLTXT | Peoples Motion in Limine Number Five (5). |
| | 49 | MOXWG | Motion by People to exclude all witnesses from the courtroom granted. |
| | 50 | CLTXT | Peoples Motion in Limine Number Six (6). |
| | 51 | MOTBY | Motion by People to exclude testimonial evidence from defendant's witnesses |
| | 52 | TRTXT | No objection by the Defense. |
| | 53 | MOTION | Motion granted. |
| | 54 | CLTXT | Peoples Motion in Limine Number Seven (7). |
| | 55 | MOTBY | Motion by People to exlcude arguments violating the "Golden Rule." |
| | 56 | TRTXT | No objection by the Defense. |
| | 57 | MOTION | Motion granted. |
| | 58 | CLTXT | Peoples Motion in Limine Number Eight (8). |
| | 59 | MOTBY | Motion by People to exclude all references to a mistrial, prosecutorial misconduct or error, 1118 motions, Wheeler motions, alleged disovery violations, or similarly inflammatory objections and motions in the presence of the jury |
| | 60 | TRTXT | No objection by the Defense. |
| | 61 | TRTXT | Court grants motion as modified on the record. |
| | 62 | CLTXT | Peoples Motion in Limine Number Nine (9). |
| | 63 | MOTBY | Motion by People to request Discovery Under Penal Code 1054.3 |
| | 64 | TRTXT | No objection by the Defense. |
| | 65 | MOTION | Motion granted. |
| | 66 | CLTXT | Peoples Motion in Limine Number Ten (10). |
| | 67 | MOTBY | Motion by People to request defense to disclose any defense exhibits or transcripts prior to introducing them to the Jury |
| | 68 | TRTXT | Court grants motion as modified on the record. |
| | 69 | CLTXT | Peoples Motion in Limine Number Eleven (11). |
| | 70 | MOTBY | Motion by People to admit prior statments of defendant when offered against the defendant |
| | 71 | MOTION | Motion argued. |
| | 72 | TRTXT | Court will rule after jury selection. |
| | 73 | CLTXT | Peoples Motion in Limine Number Twelve (12). |
| | 74 | MOTBY | Motion by People to exclude prior statments of the defendant when offered by the defense |
| | 75 | TRTXT | Court will rule after jury selection. |
| | 76 | CLTXT | Peoples Motion in Limine Number Thirteen (13). |
| | 77 | MOTBY | Motion by People to admit (1) Certified Restraining Orders issued in 18V002374 and (2) Minute Order from July 29, 21 through judicial notice |
| | 78 | TRTXT | Court will rule after jury selection. |
| | 79 | CLTXT | Peoples Motion in Limine Number Fourteen (14). |
| | 80 | MOTBY | Motion by People to introduce other acts of domestic violence evidence pursuant to evidence code section 1109 |
| | 81 | TRTXT | Court will rule after jury selection. |
| | 82 | CLTXT | Peoples Motion in Limine Number Fifteen (15). |
| | 83 | MOTBY | Motion by People to exclude questions and mentioning regarding the following arrests and/or conviction of Mr. Czodor: (a) 7/27/08 arrest of CA B&P 7028(a) (arrest relief granted per 851.93PC) (b) 5/29/08 conviction of CA B&P 7028(a) a misdemeanor in 08NM05806 (c) 10/17/08 arrest of VC31 (Dismissed in the interest of justice) (d) 7/15/10 conviction of CA B&P 7028(a), 7027.1 (a), and 16240 as misdemeanors in 09CF3055 |
| | 84 | MOTION | Motion granted. |
| | 85 | TRTXT | The Court now hears the Defense 402 Motions in Limine. |
| | 86 | CLTXT | Defense Motion in Limine Number One (1A). |
| | 87 | MOXWG | Motion by Defense to exclude all witnesses from the courtroom granted. |
| | 88 | CLTXT | Defense Motion in Limine Number One (1B). |
| | 89 | MOTBY | Motion by Defense to admonish all witnesses not to communicate with one another during the course of trial on matters regarding this case. Motion to advise the prosecutor to inform prosecution witnesses not to communicate with one another during the course of the trial on matters regarding the case. |
| | 90 | MONOB | No objection by People. |
| | 91 | MOTION | Motion granted. |
| | 92 | CLTXT | Defense Motion in Limine Number One (1C). |

file:///altdcfile1.altdef.ocgov.com/...ikhail/Documents/CASES/Files%20to%20Upload/Luo,%20X/23CM%20case/Minutes_23CM00067.html[8/27/2023 4:11:43 PM]

| | | 93 | MOTBY | Motion by Defense for each objection posed during the motions to be deemed a continuing objection to the admission of the proffered evidence |
|---|---|---|---|---|
| | | 94 | MONOB | No objection by People. |
| | | 95 | MOTION | Motion granted. |
| | | 96 | CLTXT | Defense Motion in Limine Number One (1D). |
| | | 97 | MOTBY | Motion by Defense to order that all parties refrain from referring to the Office of the District Attorney by "the people." |
| | | 98 | MOTION | Motion denied. |
| | | 99 | TRTXT | Reasons as stated on the record. |
| | | 100 | CLTXT | Defense Motion in Limine Number One (1E). |
| | | 101 | MOTBY | Motion by Defense to order the prosecutor to refrain from referring to Defense Counsel as the Public Defender or an employee of Orange County. Order the Prosecutor to instruct all his witnesses to do the same. |
| | | 102 | MONOB | No objection by People. |
| | | 103 | MOTION | Motion granted. |
| | | 104 | CLTXT | Defense Motion in Limine Number One (1F). |
| | | 105 | MOTBY | Motion by People to have the entire jury trial recorded, including all discussions that are made outside the presence of the Jury. |
| | | 106 | MONOB | No objection by People. |
| | | 107 | MOTION | Motion granted. |
| | | 108 | CLTXT | Defense Motion in Limine Number One (1G). |
| | | 109 | MOTBY | Motion by People to order the Deputy District Attorney to refrain from making any comment insinuation, or statement at any time during the trial of this matter with respect to the defendant's assertion of the defendant's right to remain silent or failure to testify |
| | | 110 | MONOB | No objection by People. |
| | | 111 | MOTION | Motion granted. |
| | | 112 | CLTXT | Defense Motion in Limine Number Two (2). |
| | | 113 | MOTBY | Motion by Defense to preclude the prosecution from attempting to amend the complaint |
| | | 114 | TRTXT | Court grants motion. Court will rule in accordance with the law- reasons as stated on the record. |
| | | 115 | CLTXT | Defense Motion in Limine Number Three (3). |
| | | 116 | MOTBY | Motion by Defense requests that the prosecutionh disclose any and all exculpatory and impeachment evidence as required by BRADY and its progeny |
| | | 117 | MONOB | No objection by People. |
| | | 118 | MOTION | Motion granted. |
| | | 119 | CLTXT | Defense Motion in Limine Number Four (4). |
| | | 120 | MOTBY | Motion by Defense for prosecution to provide defense with copies of any photos, exhibits, transcripts, or real evidence it intends to use |
| | | 121 | MONOB | No objection by People. |
| | | 122 | MOTION | Motion granted. |
| | | 123 | CLTXT | Defense Motion in Limine Number Five (5). |
| | | 124 | MOTBY | Motion by Defense to exclude all witnesses not properly disclosed under penal code 1054.1 |
| | | 125 | MONOB | No objection by Defense. |
| | | 126 | MOTION | Motion granted. |
| | | 127 | CLTXT | Defense Motion in Limine Number Six (6). |
| | | 128 | MOTBY | Motion by Defense to prohibit prosecution witnesses from commenting on the veracity of other witness testimony |
| | | 129 | MONOB | No objection by People. |
| | | 130 | MOTION | Motion granted. |
| | | 131 | CLTXT | Defense Motion in Limine Number Seven (7). |
| | | 132 | MOTBY | Motion by Defense order the prosecution to disclose all information it intends to use to impeach the defendant |
| | | 133 | MOTION | Motion granted. |
| | | 135 | CLTXT | Defense Motion in Limine Number Eight (8). |
| | | 136 | MOTBY | Motion by Defense to require the Deputy District Attorney to disclose oral statements made to the prosecutores office before or during trial by witnesses, including law enforcement witnesses. |
| | | 137 | TRTXT | Court will rule after jury selection. |
| | | 138 | CLTXT | Defense Motion in Limine Number Nine (9). |
| | | 139 | MOTBY | Motion by Defense requests that all objections be federalized |
| | | 140 | TRTXT | Court will rule after jury selection. |
| | | 141 | CLTXT | Defense Motion in Limine Number Ten (10). |
| | | 142 | MOTBY | Motion by Defense requets the court preclude Ms. Luo's statements before the family court |
| | | 143 | TRTXT | Court will rule after jury selection. |
| | | 144 | CLTXT | Defense Motion in Limine Number Eleven (11). |
| | | 145 | MOTBY | Oral motion by Defense moves to preclude any discussions of the events of the 19CM case |
| | | 146 | TRTXT | Court will rule after jury selection. |
| | | 147 | CLTXT | Defense Motion in Limine Number Twelve (12). |
| | | 148 | MOTBY | Motion by Defense moves to preclude any use by the prosecution of Ms. Luo's 19CM conviction to establish the element of control over the alleged postings |
| | | 149 | TRTXT | Court will rule after jury selection. |
| | | 151 | CLTXT | Defense Motion in Limine Number Thirteen (13). |
| | | 152 | MOTBY | Motion by Defense to preclude any acts of prior conduct pursuant to evidence code section 1101(b). |
| | | 153 | MOTION | Motion denied. |
| | | 155 | CLTXT | Defense Motion in Limine Number Fourteen (14). |

| | | 156 | MOTBY | Motion by Defense objects to any reference to Ms. Luo's criminal history, including any open cases |
| | | 157 | TRTXT | Court will rule after jury selection. |
| | | 158 | CLTXT | Defense Motion in Limine Number Fifteen (15). |
| | | 159 | MOTBY | Motion by Defense prohibit the prosecutors from making "community caretaker" arguments in closing |
| | | 161 | MONOB | No objection by People. |
| | | 162 | MOTION | Motion granted. |
| | | 163 | CLTXT | Defense Motion in Limine Number Sixteen (16). |
| | | 164 | MOTBY | Motion by Defense order the prosecution to refrain from referring to Tomas Czodor as a victim in this case |
| | | 166 | TRTXT | Court grants motion as modified on the record only as to "alleged victim." |
| | | 167 | CLTXT | Defense Motion in Limine Number Seventeen (17). |
| | | 168 | MOTBY | Motion by Defense order the prosecution to refrain from discussing different sentencing options or any form of punishment in the presence of the Jury |
| | | 169 | MOTION | Motion granted. |
| | | 170 | CLTXT | Defense Motion in Limine Number Eighteen (18). |
| | | 171 | MOTBY | Motion by Defense order the prosecution to not trivialize the reasonable doubt standard |
| | | 172 | TRTXT | Court grants motion as modified on the record. |
| | | 174 | CLTXT | Defense Motion in Limine Number Nineteen (19). |
| | | 175 | MOTBY | Motion by Defense order voir dire to comport with code civil procedure section 225(b) and not engage in improper questioning or primering |
| | | 176 | MOTION | Motion granted. |
| | | 178 | CLTXT | Defense Motion in Limine Number Twenty (20). |
| | | 179 | MOTBY | Motion by Defense order the prosecution, the court, and court staff to refrain from referring to Ms. Luo by anything, except for her name, particularly "The Defendant, " in the presence of the Jury |
| | | 180 | MOTION | Motion denied. |
| | | 182 | CLTXT | Defense Motion in Limine Number Twenty One (21) |
| | | 183 | MOTBY | Motion by Defense order that the parties admonish their witnesses of any in limine rulings limiting their testimony |
| | | 184 | MOTION | Motion granted. |
| | | 186 | CLTXT | Defense Motion in Limine Number Twenty Two (22) |
| | | 187 | MOTBY | Motion by Defense order that all in limine rulings remain in full force and effect for the duration of the trial |
| | | 188 | MOTION | Motion granted. |
| | | 190 | CLTXT | Defense Motion in Limine Number Twenty Three (23) |
| | | 191 | MOTBY | Motion by Defense reserve remaining motions in limine to be argued orally |
| | | 192 | MOTION | Motion granted. |
| | | 194 | TRTXT | Both parties agree and do not object to any of each other's remaining 402 motions to be ruled on after jury selection. |
| | | 195 | TRREC | At 12:18 PM, court declared a recess. |
| | | 196 | TRCBR | At 01:48 PM, Court and Counsel confer in chambers without court monitor present. |
| | | 197 | TRTXT | Chamber conference concludes at 2:08 PM. |
| | | 198 | TRALP2 | Again in open court at 02:09 PM. Defendant present with counsel. People duly represented. Jury is not present. |
| | | 200 | TRTXT | The Court memorializes previous chambers conference taken at 1:48 PM. |
| | | 201 | TRTXT | Discussions held as to First Amended Complaint and charges and how the court will read it to the prospective jurors. |
| | | 202 | TRREC | At 02:19 PM, court declared a recess. |
| | | 203 | TRTXT | At 2:19 PM, prospective jurors present in the hallway outside Department C53. Roll call taken by Deputy S. Gacia and Clerk M. Ruiz, and the prospective jurors were assigned a juror number. |
| | | 204 | TRTXT | Off the record discussions held. |
| | | 205 | TRTXT | At 2:30 PM, prospective jurors enter courtroom. |
| | | 206 | TRIOC | In open court at 02:35 PM |
| | | 207 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 208 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 209 | CLTME | Time estimate: 4 days. |
| | | 210 | TRTXT | Court and Counsel are proceeding on First Amended Complaint. |
| | | 211 | TRJSE | Roll call having been taken, prospective jurors were sworn for examination. |
| | | 212 | TRPJP | At 2:35 PM, Judge Colover enters courtroom. |
| | | 213 | TRPJP | Prospective jurors are present and in their proper places. |
| | | 214 | TRJEX | Prospective juror(s) called by the clerk to fill the jury box. |
| | | 215 | TRTXT | The Court welcomes the prospective jurors. |
| | | 216 | TRTXT | People and Defense introduce themselves to prospective jurors. |
| | | 217 | TRTXT | People read potential witness list to prospective jurors. |
| | | 218 | TRTXT | The Court inquired of prospective jurors to determine if anyone recognized any of the parties or potential witnesses related to this case. Court heard no response from the prospective jurors. |
| | | 219 | TRTXT | The Court introduces court staff to prospective jurors. |
| | | 220 | TRTXT | Court advised jurors regarding time estimate and trial scheduling. |
| | | 221 | TRJAP | Court read First Amended Complaint to the prospective jurors and advised them of the defendant's plea of not guilty thereto. |
| | | 222 | TRTXT | The Court addressed prospective jurors and inquires of any deferrals and hardship. (Pre-paid personal trips). There is no response to this inquiry. |
| | | 223 | TRTXT | The Court addressed prospective jurors and inquires of any deferrals and hardship. (Medical Appointments) Prospective juror number 115 in the audience addressed the court and court and inquires. Court excuses prospective juror 115 based on statements made about a medical appointment. |
| | | | | The Court addressed prospective jurors and inquires of any deferrals and hardship. (Caregivers).The Court addressed prospective juror 123 in |

**008**

| | 224 | TRTXT | the audience and inquires. Prospective juror remains seated in the audience. |
|---|---|---|---|
| | 225 | TRTXT | The Court addressed prospective jurors and inquires of any extreme financial hardship. There is no response to this inquiry. |
| | 226 | TRTXT | The Court inquires of prospective jurors if anyone is not an Orange County resident. There is no response to this inquiry. |
| | 227 | TRTXT | The Court inquires of prospective jurors seated in the jury box of prior jury service. |
| | 228 | TRTXT | The Court read CALCRIM 103 to the prospective jurors. |
| | 229 | TRTXT | The Court inquire of prospective jurors and asked if they can all be fair and unbiased in this case. There is no response. |
| | 230 | TRTXT | Prospective juror 137 in seat 6 addressed the court and judge inquires. Prospective juror remains seated in seat 6. |
| | 231 | TRVDE | Voir Dire examination commenced. |
| | 232 | TRAPJ | At 03:41 PM, Court admonishes prospective jurors and declares a recess. |
| | 233 | TRTXT | Prospective jurors approached the bailiff during recess. Deputy informed the court and counsel as to prospective juror #128 not feeling well. Counsel stipulates to excuse prospective juror #128. Deputy S. Garcia instructed to excuse prospective juror #128 and direct him to the Jury Assembly Room. |
| | 234 | TRALP2 | Again in open court at 03:57 PM. Defendant present with counsel. People duly represented. Jury is not present. |
| | 235 | TRTXT | Court was informed by the Prosecutor that prospective juror 129 approached the Prosecutor during recess and was asked a question about scheduling. Defense Counsel was a witness to the conversation. Discussions held and parties agree to keep prospective juror 129 in seat 14. Reasons stated on record. |
| | 236 | TRREC | At 03:59 PM, court declared a recess. |
| | 237 | TRALP | Again in open court at 04:00 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 238 | TRTXT | Court admonished jurors as to speaking to counsel during recess. |
| | 239 | TRVDE | Voir Dire examination resumed. |
| | 240 | TRTXT | Jurors are reseated in the jury box. |
| | 241 | TRVDE | Voir Dire examination resumed. |
| | 242 | TRTXT | Clerk calls one (1) prospective jurors to the jury box. |
| | 243 | TRVDE | Voir Dire examination resumed. |
| | 244 | TRCBR | At 04:37 PM, Court and Counsel confer at side bar with court monitor present. |
| | 245 | TRTXT | Oral Motion by Defense to challenge for cause prospective juror number 133 in seat 2 was heard. People object. Argument heard and considered. Motion denied. |
| | 246 | TRTXT | Oral Motion by Defense to challenge for cause prospective juror number 138 in seat 2 was heard. Motion granted. |
| | 247 | TRTXT | Defense counsel requests prospective juror number 131 in seat 3 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 131. |
| | 248 | TRTXT | People requests prospective juror number 105 in seat 14 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 105. |
| | 249 | TRTXT | Defense counsel requests prospective juror number 137 in seat 6 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 137. |
| | 250 | TRTXT | People requests prospective juror number 129 in seat 13 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 129. |
| | 251 | TRALP | Again in open court at 04:49 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 252 | OFBAL | Bailiff: N. Cafcules |
| | 253 | TRJXC | Court excused 1 prospective juror(s) for cause. |
| | 254 | TRTXT | Clerk calls one (1) prospective jurors to the jury box. |
| | 255 | TRVDE | Voir Dire examination resumed. |
| | 256 | TRTXT | The Court addressed prospective juror number 123 in audience and inquires of her concern and hardship. (Caregiver). The court excuses prospective juror number 123 for hardship. |
| | 257 | TRRTD | At 05:00 PM, Court admonished prospective jurors and declared a recess to reconvene on 03/23/2023 at 09:00 AM in Department C53 for Jury Trial. |
| | 258 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 259 | TRTXT | Discussions held as to prospective juror number 109 in seat 18. |
| | 260 | TRREC | At 05:12 PM, court declared a recess. |
| 03/23/2023 | 1 | HHELD | Hearing held on 03/23/2023 at 09:00:00 AM in Department C53 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | 3 | OFJA | Clerk: M. Ruiz |
| | 4 | OFBAL | Bailiff: S. Garcia |
| | 5 | TRTXT | Prior to jurors being present in the courtroom, roll call took place in the public hallway by Deputy S. Garcia. |
| | 6 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 7 | TRIOC | In open court at 09:16 AM |
| | 8 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 9 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 10 | FITXT | People's Proposed Jury Instructions. filed. |
| | 11 | FIMTN | Defense Motion to Dismiss (PC1385) filed. |
| | 12 | TRREC | At 09:21 AM, court declared a recess. |
| | 13 | TRTXT | Off the record discussions held. |
| | 14 | TRALP2 | Again in open court at 09:22 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| | 15 | TRTXT | Court memorializes previous off the record discussions held this morning. |
| | 16 | TRTXT | Discussions held by both parties as to People v. Gonzalez, 12 Cal. 4th 804 (1996). |
| | 17 | TRREC | At 09:29 AM, court declared a recess. |
| | 18 | TRTXT | At 9:30 AM prospective jurors enter courtroom. |

**009**

| | | |
|---|---|---|
| 19 | TRIOC | In open court at 09:31 AM |
| 20 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| 21 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| 22 | TRPJP | Prospective jurors are present and in their proper places. |
| 23 | TRJXC | Court excused 1 prospective juror(s) for cause. |
| 24 | TRTXT | Clerk calls one (1) prospective jurors to the jury box. |
| 25 | TRVDE | Voir Dire examination resumed. |
| 26 | TRTXT | Voir Dire of prospective jurors conducted by the Defense. |
| 27 | TRTXT | The Court read CALCRIM 224 to the prospective jurors. |
| 28 | TRTXT | Voir Dire of prospective jurors conducted by the People. |
| 29 | TRAPJ | At 10:27 AM, Court admonishes prospective jurors and declares a recess. |
| 30 | TRALP2 | Again in open court at 10:40 AM. Defendant present with counsel. People duly represented. Jury is not present. |
| 31 | TRTXT | Motion by Defense to excuse prospective juror number 133 seated in seat 2 for cause. Argument heard and considered. Motion granted. |
| 32 | TRTXT | Motion by the People to excuse prospective juror number 131 seated in seat 3 for cause. Argument heard and considered. Motion granted. |
| 33 | TRTXT | Motion by Defense to excuse prospective juror number 107 seated in seat 4 for cause. Argument heard and considered. Motion granted. |
| 34 | TRTXT | Motion by the People to excuse prospective juror number 137 seated in seat 6 for cause. Defense does not object. Motion granted. |
| 35 | TRTXT | Defense counsel requests prospective juror number 119 in seat 1 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 119 in seat 1. |
| 36 | TRTXT | Motion by the People to excuse prospective juror number 103 seated in seat 8 for cause. Argument heard and considered. Motion granted. |
| 37 | TRTXT | Defense counsel requests prospective juror number 110 in seat 10 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 110 in seat 10. |
| 38 | TRTXT | Both parties stipulate to excuse prospective juror number 129 in seat 3 for cause. Motion granted. |
| 39 | TRTXT | Motion by Defense to excuse prospective juror number 105 seated in seat 14 for cause. Argument heard and considered. Motion granted. |
| 40 | TRTXT | Both parties stipulate to excuse prospective juror number 127 in seat 17 for cause. Motion granted. |
| 41 | TRTXT | Defense counsel requests prospective juror number 100 in seat 15 to be excused for cause. The court finds no basis to excuse for cause, juror will remain. Motion Denied as to Juror number 100 in seat 15. |
| 42 | TRJYA | People accepted the jury as presently constituted. |
| 43 | TRPEC | Peremptory challenge exercised by Defense prospective juror number 119 in seat 1. |
| 44 | TRPECO | Objection by People, outside the presence of the jury to peremptory challenge of prospective juror # 119 pursuant to Code of Civil Procedure 231.7. |
| 45 | MOTION | Motion argued. |
| 46 | FDPECO | Court overrules objection to the improper exercise of a peremptory challenge by People pursuant to Code of Civil Procedure 231.7 and for the following reason(s): reasons as stated on the record |
| 47 | TRJYA | People accepted the jury as presently constituted. |
| 48 | TRPEC | Peremptory challenge exercised by Defense prospective juror number 116 in seat 7. |
| 49 | TRJYA | People accepted the jury as presently constituted. |
| 51 | TRPEC | Peremptory challenge exercised by Defense prospective juror number 100 in seat 15. |
| 52 | TRPECO | Objection by People, outside the presence of the jury to peremptory challenge of prospective juror # 100 pursuant to Code of Civil Procedure 231.7. |
| 53 | FDPECO | Court overrules objection to the improper exercise of a peremptory challenge by People pursuant to Code of Civil Procedure 231.7 and for the following reason(s): reasons as stated on the record. |
| 54 | TRJYA | People accepted the jury as presently constituted. |
| 55 | TRPEC | Peremptory challenge exercised by Defense prospective juror number 112 in seat 18. |
| 56 | TRPECO | Objection by People, outside the presence of the jury to peremptory challenge of prospective juror # 112 pursuant to Code of Civil Procedure 231.7. |
| 57 | FDPECO | Court overrules objection to the improper exercise of a peremptory challenge by People pursuant to Code of Civil Procedure 231.7 and for the following reason(s): reasons as stated on the record. |
| 58 | TRALP | Again in open court at 11:40 AM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| 59 | TRTXT | Court thanked and excused prospective jurors. |
| 60 | TRTXT | The Court excuses the following prospective jurors 119, 116, 100 and 112 - Peremptory challenges excercised by the Defense. |
| 61 | TRJXC | Court excused 8 prospective juror(s) for cause. |
| 62 | TRTXT | Jurors are reseated in the jury box. |
| 63 | TRTXT | Clerk calls twelve (12) prospective jurors to the jury box. |
| 64 | TRVDE | Voir Dire examination resumed. |
| 65 | TRAPJ | At 12:00 PM, Court admonishes prospective jurors and declares a recess. |
| 66 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| 67 | TRTXT | Scheduling discussions held. |
| 69 | TRALP | Again in open court at 01:52 PM, Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| 70 | TRVDE | Voir Dire examination resumed. |
| 71 | TRJAP | Court read First Amended Complaint to the prospective jurors and advised them of the defendant's plea of not guilty thereto. |
| 72 | TRJXC | Court excused 1 prospective juror(s) for cause. |
| 73 | TRTXT | Jurors are reseated in the jury box. |
| 74 | TRTXT | Clerk calls one (1) prospective juror to the jury box. |
| 75 | TRVDE | Voir Dire examination resumed. |
| 76 | TRTXT | Voir Dire of prospective jurors conducted by the Defense. |
| 77 | TRTXT | Voir Dire of prospective jurors conducted by the People. |
| 78 | TRAPJ | At 03:04 PM, Court admonishes prospective jurors and declares a recess. |

| | 79 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
|---|---|---|---|
| | 80 | TRTXT | Both parties stipulate to excuse prospective juror number 104 in seat 14 for cause. Motion granted. |
| | 81 | TRTXT | Motion by Defense to excuse prospective juror number 114 seated in seat 6 for cause. Motion granted. |
| | 82 | TRTXT | Both parties stipulate to excuse prospective juror number 110 in seat 10 for cause. Motion granted. |
| | 83 | TRJYA | People accepted the jury as presently constituted. |
| | 84 | TRPEC | Peremptory challenge exercised by Defense prospective juror number 134 in seat 8. |
| | 85 | TRPECO | Objection by People, outside the presence of the jury to peremptory challenge of prospective juror # 134 pursuant to Code of Civil Procedure 231.7. |
| | 86 | TRTXT | Both parties stipulate to excuse prospective juror number 121 in seat 15 for cause. Motion granted. |
| | 87 | TRJYA | Both sides accepted the jury as presently constituted. |
| | 88 | TRREC | At 03:35 PM, court declared a recess. |
| | 89 | TRALP2 | Again in open court at 03:46 PM. Defendant present with counsel. People duly represented. Jury is not present. |
| | 90 | CORAC | Court read and considered applicable law. |
| | 91 | FDPECO | Court overrules objection to the improper exercise of a peremptory challenge by People pursuant to Code of Civil Procedure 231.7 and for the following reason(s): reasons as stated on the record. |
| | 92 | TRREC | At 04:11 PM, court declared a recess. |
| | 93 | TRALP | Again in open court at 04:12 PM. Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 94 | TRJXC | Court excused 4 prospective juror(s) for cause. |
| | 95 | TRTXT | The Court excuses prospective jurors 134 in seat 8 - Peremptory challenges excercised by the Defense. |
| | 96 | TRTXT | Jurors are reseated in the jury box. |
| | 97 | TRTXT | The Court inquires of the prospective jurors in the jury box if there are any last-minute concerns before they are sworn in as jurors to hear this case. No concerns are expressed. |
| | 98 | TRTXT | Clerk calls four (4) prospective juror to the jury box. |
| | 99 | TRVDA | Voir Dire examination for alternates commences. |
| | 100 | TRCBR | At 04:29 PM, Court and Counsel confer at side bar with court monitor present. |
| | 101 | TRTXT | Counsel stipulate to the following prospective jurors as the 2 alternate jurors as follows: Prospective Juror number 118 as Alternate Juror number one (1). Prospective Juror number 135 as Alternate Juror number two (2). |
| | 102 | TRALP | Again in open court at 04:32 PM. Defendant present with counsel. People duly represented. Prospective jurors present in their proper places. |
| | 103 | TRTXT | Court inquires of alternate jurors before being sworn in as jurors in this case. |
| | 104 | TRJGB | Court thanked and excused remaining prospective jurors to Jury Assembly Room. |
| | 105 | TRIOC | In open court at 04:33 PM |
| | 106 | TRJCS | 12 Jurors and 2 Alternates were sworn by the clerk to hear this matter. Disposition of panel jurors is reported on the random list and included by reference. |
| | 107 | TRRTD | At 04:36 PM, Court admonished sworn jurors and declared a recess to reconvene on 03/24/2023 at 10:00 AM in Department C53 for Jury Trial. |
| | 108 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 109 | TRTXT | Discussions held as to pending 402 Motions in Limine. |
| | 110 | TRTXT | People object to Motion to Dismiss filed earlier this date. |
| | 111 | MOTION | Motion argued. |
| | 112 | TRTXT | Defense states he didn't intended to file motion but rather wanted to file more of a brief rather than the motion to dismiss. |
| | 113 | DFOTR | Defendant ordered to appear. |
| | 114 | DSOCN | Defendant's release on own recognizance continued. |
| | 115 | TXKPW | Keep with companion cases(s) 19CM06724. |
| | 116 | TRREC | At 04:54 PM, court declared a recess. |
| 03/24/2023 | 1 | HHELD | Hearing held on 03/24/2023 at 10:00:00 AM in Department C53 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | 3 | OFJA | Clerk: M. Ruiz |
| | 4 | OFBAL | Bailiff: S. Garcia |
| | 5 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 6 | TRIOC | In open court at 09:51 AM |
| | 7 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 8 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 9 | CORAC | Court read and considered Transcript for the intial Temporary Restraining Order dated 10/19/18. |
| | 10 | TRTXT | Court and counsel resume 402 E.C. motions pending ruling as follows: |
| | 11 | CLTXT | Peoples Motion in Limine Number Eleven (11). |
| | 12 | MOTBY | Motion by People to admit prior statements of defendant when offered against the defendant |
| | 13 | MOTION | Motion argued. |
| | 14 | MOTION | Motion granted. |
| | 15 | TRTXT | As stated on the record. |
| | 16 | CLTXT | Peoples Motion in Limine Number Twelve (12). |
| | 17 | MOTBY | Motion by People to exclude prior statements of the defendant when offered by the defense |
| | 18 | TRTXT | Motion granted in accordance with the law. Reasons as stated on the record. |
| | 19 | CLTXT | Peoples Motion in Limine Number Thirteen (13). |
| | 20 | MOTBY | Motion by People to admit (1) cerified restraining order issued in 18V002374 and (2) minute order from July 29, 21 through judicial notice |
| | 21 | MOTION | Motion argued. |
| | 22 | TRTXT | Court grants motion as modified on the record. Reasons as stated on the record. |

011

| 23 | CLTXT | Peoples Motion in Limine Number Fourteen (14). |
| 24 | MOTBY | Motion by People to introduce other acts of domestic violence evidence pursuant to evidence code section 1109 |
| 25 | MOTION | Motion argued. |
| 27 | TRTXT | Court grants motion as modified on the record. Reasons as stated on the record. |
| 28 | COJNT | Court takes judicial notice of Minute Order 7/29/21 as to counts 2 and 3. |
| 29 | TRTXT | Court now hears defense pending 402 E.C. motions. |
| 30 | CLTXT | Defense Motion in Limine Number Eight (8). |
| 31 | MOTBY | Motion by Defense to require the Deputy District Attorney to disclose oral statements made to the prosecutor's office before or during trial by witnesses, including law enforcement witnesses. |
| 32 | MOTION | Motion argued. |
| 33 | TRTXT | Court grants motion and will rule in accordance with the law- reasons as stated on the record. |
| 34 | CLTXT | Defense Motion in Limine Number Nine (9). |
| 35 | MOTBY | Motion by Defense requests that all objections be federalized |
| 36 | TRTXT | Court will rule in accordance with the law- reasons as stated on the record. |
| 37 | CLTXT | Defense Motion in Limine Number Ten (10). |
| 38 | TRTXT | Court will rule in accordance with People's Eleven (11)- reasons as stated on the record. |
| 39 | CLTXT | Defense Motion in Limine Number Eleven (11). |
| 40 | TRTXT | Court will rule in accordance with People's Twelve (12)- reasons as stated on the record. |
| 41 | CLTXT | Defense Motion in Limine Number Twelve (12). |
| 42 | MOTBY | Motion by Defense moves to preclude any use by the prosecution of Ms. Lou's 19CM conviction to establish the element of control over the alleged postings |
| 43 | MOTION | Motion argued. |
| 44 | TRTXT | Court grants motion as modified on the record. |
| 45 | CLTXT | Defense Motion in Limine Number Thirteen (13). |
| 46 | MOTBY | Motion by Defense to preclude any acts of prior conduct pursuant to evidence code section 1101(b). |
| 47 | MOTION | Motion denied. |
| 48 | CLTXT | Defense Motion in Limine Number Fourteen (14). |
| 49 | MOTBY | Motion by Defense objects to any reference to Ms. Lou's past criminal history, including any open cases |
| 50 | TRTXT | Court will rule in accordance with People's Fourteen (14)- reasons as stated on the record. |
| 51 | CLTXT | Defense Motion in Limine Number Twenty Four (24). |
| 52 | MOTBY | Oral motion by Defense request that the court not allow the mention of conversation between previous defense counsel and detective Ruvalcaba as to the defendant's 5th Amendment Right. |
| 53 | MOTION | Motion granted. |
| 54 | TRREC | At 11:30 AM, court declared a recess. |
| 55 | TRTXT | Prior to jurors being present in the courtroom, roll call took place in the public hallway by Deputy S. Garcia. |
| 56 | TRIOC | In open court at 11:38 AM |
| 57 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| 58 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| 59 | TRPJP | Sworn jurors are present and in their proper places. |
| 60 | TRTXT | The Court reads Pre-Trial Cal Crim 100 series to the Jury. |
| 61 | TRTXT | The Court reads Cal Crim Jury Instruction regarding Presumption of Innocence and the People's Burden of Proof to the prospective jurors. |
| 62 | TRTXT | The Court advises the jurors as to the process of opening statements. |
| 63 | TROSB | Opening statement by People given. |
| 64 | TROSB | Opening statement by Defense given. |
| 65 | TRTXT | Court read Cal Crim 124- Separation Admonition to the sworn jury. |
| 66 | TRREC | At 12:00 PM, court admonished jurors and declared a recess. |
| 67 | TRALP | Again in open court at 01:45 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| 68 | TRWST | Witness, Brenda Ruvalcaba, Investigator with Santa Ana Police Department, sworn and testified. |
| 69 | TRCBR | At 01:54 PM, Court and Counsel confer at side bar with court monitor present. |
| 70 | TRTXT | Discussions held as to direct examination of witness and the word "victim" being used on direct. As stated on the record. |
| 71 | TRWRT | Brenda Ruvalcaba, previously sworn, resumes testimony. |
| 72 | STRHRG | Start of Exhibit List: for exhibit management purposes. |
| 73 | TREXI | People's Exhibit # 1 ( Document(s) )- DV-130 Restraining Order After Hearing. Case Number 18V002374- filed 10/1/21 marked for identification. |
| 74 | MOTBY | Oral motion by People to admit People's Exhibit 1 into evidence |
| 75 | MOTION | Motion granted. |
| 76 | TREXE | People's Exhibit # 1 received into evidence. |
| 77 | TREXI | People's Exhibit # 2 ( Document(s) )- Multiple page document dated 3/21/23 titled gorgeouspainting with various color copy photographs of a male, and copies of text messages marked for identification. |
| 78 | TREXS | Court orders People's Exhibit # 2 sealed. |
| 79 | TRCBR | At 02:18 PM, Court and Counsel confer at side bar with court monitor present. |
| 80 | TRALP | Again in open court at 02:22 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| 81 | TRWRT | Brenda Ruvalcaba, previously sworn, resumes testimony. |
| 82 | TREXI | People's Exhibit # 2A ( Document(s) )- Multiple page document dated 3/21/23 titled gorgeouspainting with various color copy photographs of a male, and copies of text messages with redacted portions marked for identification. |
| 83 | MOTBY | Oral motion by People to admit People's Exhibit 2A into evidence |

**012**

| | 84 | MOTION | Motion granted. |
|---|---|---|---|
| | 85 | TREXE | People's Exhibit # 2A received into evidence. |
| | 86 | TREXI | People's Exhibit # 3 ( Document(s) )- YouTube website B Ph @pph7278 No videos Tomas Czodor marked for identification. |
| | 87 | TREXS | Court orders People's Exhibit # 3 sealed. |
| | 88 | TREXI | People's Exhibit # 3A ( Document(s) )- YouTube website B Ph @pph7278 No videos Tomas Czodor- redacted copy marked for identification. |
| | 89 | MOTBY | Oral motion by People to admit People's Exhibit 3A into evidence |
| | 90 | MOTION | Motion granted. |
| | 91 | TREXE | People's Exhibit # 3A received into evidence. |
| | 92 | TRTXT | Cross examination conducted on behalf of the Defense.. |
| | 93 | MOTBY | Oral motion by People to admit People's Exhibit 3A into evidence. |
| | 94 | MOTION | Motion granted. |
| | 95 | TRCBR | At 02:41 PM, Court and Counsel confer at side bar with court monitor present. |
| | 96 | TRTXT | Discussions held as to Defense inquiry of a YOUTUBE link. |
| | 97 | TRALP | Again in open court at 02:43 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 98 | TRTXT | Cross examination resumes. |
| | 99 | TRTXT | Re-direct conducted on behalf of the People. |
| | 100 | TRREC | At 02:58 PM, court admonished jurors and declared a recess. |
| | 101 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 102 | TRREC | At 03:08 PM, court declared a recess. |
| | 103 | TRTXT | Juror number 108 in seat 11 approached the bailiff during recess. Deputy informs the court and counsel that he indicated the court and counsel were speaking too fast and could like to know if it's okay to ask questions or to repeat if they can't hear or understand the proceedings. |
| | 104 | TRALP | Again in open court at 03:21 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 105 | TRTXT | Court addressed the jury and advised them to raise their hand if they need anything repeated. |
| | 106 | TRTXT | Re-direct resumes on behalf of the People. |
| | 107 | TRTXT | Re-cross on behalf of the Defense. |
| | 108 | TRCBR | At 03:28 PM, Court and Counsel confer at side bar with court monitor present. |
| | 109 | TRTXT | Discussions held as to statements made by the witness on re-cross. |
| | 110 | TRALP | Again in open court at 03:31 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 111 | TRTXT | Re-cross on behalf of the defense resumes. |
| | 112 | TRWER | Brenda Ruvalcaba excused subject to recall. |
| | 113 | TRRTD | At 03:45 PM, Court admonished sworn jurors and declared a recess to reconvene on 03/27/2023 at 09:15 AM in Department C53 for Jury Trial. |
| | 114 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 115 | TRTXT | Discussions held as to jury instructions. |
| | 116 | DFOTR | Defendant ordered to return. |
| | 117 | DSOCN | Defendant's release on own recognizance continued. |
| | 118 | TRREC | At 03:52 PM, court declared a recess. |
| | 119 | TXKPW | Keep with companion cases(s) 19CM06724. |
| 03/27/2023 | 1 | HHELD | Hearing held on 03/27/2023 at 09:15:00 AM in Department C53 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | 3 | OFJA | Clerk: M. Ruiz |
| | 4 | OFBAL | Bailiff: S. Garcia |
| | 5 | TRTXT | Prior to jurors being present in the courtroom, roll call took place in the public hallway by Deputy S. Garcia. |
| | 6 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | 7 | TRIOC | In open court at 09:38 AM |
| | 8 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 9 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 10 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 11 | FITXT | Proposed Jury Instruction submitted by the Defense filed. |
| | 12 | FITXT | Proposed Jury Instructions filed. |
| | 13 | TRRJI | Court and Counsel review jury instructions with court monitor present. |
| | 14 | TRREC | At 09:49 AM, court declared a recess. |
| | 15 | TRTXT | Sworn jurors enter courtroom at 9:49 AM. |
| | 16 | TRIOC | In open court at 09:50 AM |
| | 17 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 18 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 19 | TRPJP | Sworn jurors are present and in their proper places. |
| | 20 | TRWST | Witness, Tomas Czodor, victim, sworn and testified. |
| | 21 | TRWID | Witness identified the defendant. |
| | 22 | TREXI | People's Exhibit # 4 ( Document(s) )- DV-130 Restraining Order 18V002374 marked for identification. |
| | 23 | MOTBY | Oral motion by People to admit People's 4 into evidence. |
| | 24 | MOTION | Motion granted. |
| | 25 | TREXE | People's Exhibit # 4 received into evidence. |
| | 26 | COJNT | Court takes judicial notice of case 19CM06724. |

| | | | |
|---|---|---|---|
| | 27 | COJNT | Court takes judicial notice of prior convictions. |
| | 28 | TRCBR | At 10:29 AM, Court and Counsel confer at side bar with court monitor present. |
| | 29 | TRTXT | Discussions held as to prior conviction/charges and requets court admonish the sworn jurors. |
| | 30 | TRALP | Again in open court at 10:32 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 31 | TRWRT | Tomas Czodor, previously sworn, resumes testimony. |
| | 32 | TRREC | At 10:47 AM, court admonished jurors and declared a recess. |
| | 33 | TRALP | Again in open court at 11:04 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 34 | TRTXT | Cross examination conducted on behalf of the Defense. |
| | 35 | TRCBR | At 11:11 AM, Court and Counsel confer at side bar with court monitor present. |
| | 36 | TRTXT | Discussions held regarding legal definition/witness opinion. |
| | 37 | TRALP | Again in open court at 11:19 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 38 | TRWRT | Tomas Czodor, previously sworn, resumes testimony. |
| | 39 | TRCBR | At 11:20 AM, Court and Counsel confer at side bar with court monitor present. |
| | 40 | TRTXT | Discussion held as to defendant's marital status/352 issue- Court will allow limited inquiry. |
| | 41 | TRALP | Again in open court at 11:25 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 42 | TRWRT | Tomas Czodor, previously sworn, resumes testimony. |
| | 43 | TRTXT | Re-direct conducted by the People. |
| | 44 | TRTXT | Re-cross by the Defense. |
| | 45 | TRWER | Tomas Czodor excused subject to recall. |
| | 46 | TRCBR | At 11:53 AM, Court and Counsel confer at side bar with court monitor present. |
| | 47 | TRTXT | Discussions held as to scheduling. |
| | 48 | TRALP | Again in open court at 11:54 AM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 49 | TRPRS | People rest(s) |
| | 50 | TRREC | At 11:56 AM, court admonished jurors and declared a recess. |
| | 51 | TROPJ | Proceedings held outside the presence and hearing of the jurors. |
| | 52 | TRTXT | Scheduling discussions. |
| | 53 | CORAC | Court read and considered proposed jury instruction of Lawful Issuance of the Order. |
| | 54 | TRREC | At 12:00 PM, court declared a recess. |
| | 55 | TRTXT | Informal off the record discussions on jury instructions held. |
| | 56 | TRIOC | In open court at 01:55 PM |
| | 57 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | 58 | APNDC | Defendant not present in Court represented by James Follett, Alternate Defender. |
| | 59 | WV977 | Defendant's appearance is waived pursuant to Penal Code 977(a). |
| | 60 | TRRJI | Court and Counsel review jury instructions with court monitor present. |
| | 61 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | 62 | MOTBY | Oral motion by Defense pursuant to 1118. PC |
| | 63 | MOTION | Motion argued. |
| | 64 | MOTDD | Defense motion pursuant to Penal Code 1118 denied. |
| | 65 | TRTXT | Reasons as stated on the record. |
| | 66 | TRREC | At 03:21 PM, court declared a recess. |
| | 67 | TRALP2 | Again in open court at 03:45 PM. Defendant present with counsel. People duly represented. Jury is not present. |
| | 68 | TRRJI | Court and Counsel review jury instructions with court monitor present. |
| | 69 | TRTXT | Court addressed defendant with regards to testifying. |
| | 70 | ADVISE | Defendant advised of the following: |
| | 71 | WVRMS | - The right to remain silent. |
| | 72 | WVRTF | - The right to testify in own defense. |
| | 73 | WVRTT | - The right not to testify, be called as a witness, or admit guilt. |
| | 74 | FIGJI | Jury Instructions Withdrawn filed. |
| | 75 | TRREC | At 03:51 PM, court declared a recess. |
| | 76 | TRALP | Again in open court at 03:53 PM, Defendant present with counsel. People duly represented. Sworn jurors present in their proper places. |
| | 77 | TRDRS | Defense rests. |
| | 78 | TRCRI | The Court read the Instructions to the Jury. |
| | 79 | FIGJI | Jury Instructions Given filed. |
| | 80 | TRRTD | At 04:18 PM, Court admonished sworn jurors and declared a recess to reconvene on 03/28/2023 at 09:15 AM in Department C53 for Jury Trial. |
| | 81 | DFOTR | Defendant ordered to return. |
| | 82 | TRTXT | Parties agree that tomorrow both will present closing arguments and People will present rebuttal. |
| | 83 | DSOCN | Defendant's release on own recognizance continued. |
| | 84 | TXKPW | Keep with companion cases(s) 19CM06724. |
| 03/28/2023 | 1 | HHELD | Hearing held on 03/28/2023 at 09:15:00 AM in Department C53 for Jury Trial. |
| | 2 | OFJUD | Judicial Officer: H. Shaina Colover, Judge |
| | 3 | OFJA | Clerk: M. Ruiz |
| | 4 | OFBAL | Bailiff: S. Garcia |
| | 5 | TRTXT | Prior to jurors being present in the courtroom, roll call took place in the public hallway by Deputy S. Garcia. |
| | 6 | TRTXT | Sworn jurors enter courtroom at 9:34 AM. |

**014**

| | | 7 | TRPRT | Proceedings recorded electronically. The recording equipment is functioning normally, and all of the proceedings in open court between designated times of day will be recorded, except for such matters as were expressly directed to be "off the record" or as otherwise specified. |
| | | 8 | TRIOC | In open court at 09:34 AM |
| | | 9 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 10 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 11 | TRPJP | Sworn jurors are present and in their proper places. |
| | | 12 | TRCLA | Closing argument presented on behalf of the People. |
| | | 13 | TRCLA | Closing argument presented on behalf of the Defense. |
| | | 14 | TRRBA | Rebuttal argument presented on behalf of the People. |
| | | 15 | TRTXT | Court reads CAL CRIM 3550 to sworn jury. |
| | | 16 | FITXT | Clean copy of Jury Instructions Given filed. |
| | | 17 | TRJRT | At 11:09 AM, the Jury retired to the jury room to deliberate in charge of Deputy S. Garcia duly sworn for that purpose. |
| | | 18 | TRAOC | Court admonishes alternate juror(s) and pursuant to stipulation of counsel releases the alternate(s) on one hour call. |
| | | 19 | TRAJR | Counsel stipulates that the alternate juror(s) may go home or to work. The Court admonishes the alternate juror(s) and releases them subject to their remaining in telephone contact with the bailiff for the duration of the jury's deliberation. |
| | | 20 | TRTXT | Alternate jurors need not remain in the courtroom during deliberations but will be subject to telephonic recall as needed. |
| | | 21 | TRTXT | Following submission of the case to the jury, counsel will be available by phone and will return to the courtroom within 30 minutes of being called. |
| | | 22 | TRJBR | At 11:50 AM, jurors left the jury room for lunch recess. |
| | | 23 | TRJRD | At 01:34 PM, jurors returned to the jury room to resume deliberations. |
| | | 24 | TRTXT | Question Number One (1). |
| | | 25 | TRWRJ | At 02:05 PM, the jury submitted the following written request: "We, the jury in the above entitled action request the following: -Copy of transcript Mr. Czodor was requested to read from DA: Def. -List of websites Mr. Czodor alleges were created by Def. -Addt'l copies of Exhibits., /s/Juror # 113, Foreperson." Counsel were notified. Request filed and incorporated herein by reference. |
| | | 26 | TRIOC | In open court at 02:25 PM |
| | | 27 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 28 | APNDC | Defendant not present in Court represented by James Follett, Alternate Defender. |
| | | 29 | TRTXT | Discussions held as to Question 1 submitted by the sworn jurors. |
| | | 30 | TRREC | At 02:33 PM, court declared a recess. |
| | | 31 | FITXT | Original Court?s Response to Question One (1) submitted at 2:05 PM. filed. |
| | | 32 | TRWRS | At 02:36 PM the following written response was sent to the jury: -as to part 1 and 2, if if was not admitted into evidence, it does not go back to the "jury deliberation room. (You can listen to playback of any portion of the trial testimony you would find helpful.)* -as to part 3 - the actual exhibits are back in the jury deliberation room already, no additional copies will be provided. *as requested the websites, please remember, you are not to look anything up online whatsoever. |
| | | 33 | TRTXT | At 3:52 PM, jurors inform bailiff that the jury has reached a verdict. |
| | | 34 | TRTXT | At 3:52, District Attorney MingMing Zhan & Deputy Public Alternate Defender James Follett were notified telephonically that a verdict has been reached and to report to Department C53 forthwith. |
| | | 35 | TRIOC | In open court at 04:13 PM |
| | | 36 | APDDA | People represented by MingMing Zhan, Deputy District Attorney, present. |
| | | 37 | APDWAL | Defendant present in Court with counsel James Follett, Alternate Defender. |
| | | 38 | TRTXT | All parties are ready to receive jury verdict. |
| | | 39 | TRTXT | Court asks deputy to bring in the jury. |
| | | 40 | TRTXT | At 4:14 PM, the Jury enters courtroom. |
| | | 41 | TRPJP | Sworn jurors are present and in their proper places. |
| | | 42 | TRIOC | In open court at 04:15 PM |
| | | 43 | TRTXT | Court inquires who the foreperson is. Juror number 122 in seat 5 answers in the affirmative. |
| | | 44 | TRTXT | The court addresses the foreperson regarding reaching of verdicts. The foreperson states they have reached verdicts. The bailiff retrieves the verdicts and finding forms and gives them to the court. |
| | | 45 | TRTXT | The court received and reviewed jury verdicts and finding forms. The clerk read the following: |
| | | 46 | FDJNC | VERDICT: We the jury in the above entitled action find the defendant NOT GUILTY as to count 1 as charged in the First Amended Complaint. Juror # 122, Foreperson. Verdict read, filed, and incorporated herein by reference. |
| | | 47 | TRJPV | To the question, "Ladies and gentlemen of the jury are these your verdict(s)?" the jury answered in the affirmative. The jury was polled by the clerk. To the question: "Are these your verdict(s)?" each of the jurors answered individually in the affirmative. The clerk was ordered to record the verdict(s). |
| | | 48 | TRTXT | Court read final jury instruction CALCRIM No. 3590 to sworn jurors on the Discharge of Jury. |
| | | 49 | TRJTE | Court thanked and excused the Jury. |
| | | 50 | TRJIS | Pursuant to Code of Civil Procedure 237(a)(2), all juror identifying information ordered sealed and filed. |
| | | 51 | FIJIS | Packet of unfiled documents containing confidential juror information is filed and sealed pursuant to Code of Civil Procedure 237(a)(2). |
| | | 52 | TRAEX | Alternate juror(s) notified by telephone and excused. |
| | | 53 | TRACD | Actual days of trial: 5 days. |
| | | 54 | TRTXT | Proceedings ended and all parties exit the courtroom at 4:15 PM. |
| | | 55 | FITXT | Redacted Written Request from Jury filed. |
| | | 56 | FITXT | Redacted verdict form count 1 filed. |
| | | 57 | FITXT | Unsigned verdict form filed. |
| | | 58 | ENDHRG | End of Exhibit List: for exhibit management purposes. |
| | | 59 | DOJABS | DOJ Initial Abstract sent. - Validated by DOJ: Yes |
| 03/29/2023 | | 1 | CSCLS | Case closed. |
| 04/10/2023 | | 1 | FITXT | Defendant's Request for Record filed. |

**015**

| 04/11/2023 | 1 | CSCLS | Case closed. |
|---|---|---|---|
| 04/26/2023 | 1 | FIDOC | Exhibit List of People filed. |
| 04/27/2023 | 1 | CSCLS | Case closed. |
| 05/17/2023 | 1 | TXRNF | Second Request and Order Produce Record received, not filed. |
| 05/18/2023 | 1 | CSCLS | Case closed. |
| 05/19/2023 | 1 | DFS851 | Electronic notice has been received from the Department of Justice that relief has been GRANTED pursuant to Penal Code 851.93. Information regarding the granting of relief shall not be disclosed except to the person to whom relief was granted, or a Criminal Justice Agency as defined in Penal Code section 851.92. Case is sealed. |
| 05/20/2023 | 1 | CSCLS | Case closed. |
| 06/22/2023 | 1 | TXRFR | Case referred to C56 for review. |
| | 2 | TEXT | Second Request and Order Produce Record referred to chambers after PC 851.93 Sealing completed as this filing was originally received prior to granting of PC 851.93 sealing. |
| 06/23/2023 | 1 | CSCLS | Case closed. |
| 07/24/2023 | 1 | HHELD | Hearing held on 07/24/2023 at 09:00:00 AM in Department C56 for Chambers Work. |
| | 2 | OFJUD | Judicial Officer: Cynthia M Herrera, Judge |
| | 3 | OFJA | Clerk: M. Diaz |
| | 4 | APNAP | No appearance by parties. |
| | 5 | CORAC | Court read and considered Second Request and Order Produce Record. |
| | 6 | TEXT | Court rules as follows: |
| | 7 | TEXT | Defendant's motion for transcript to be provided at no cost to Defendant is DENIED. |
| 07/25/2023 | 1 | CSCLS | Case closed. |
| | 2 | CPGTO | Copy of Minute Order mailed to Defendant. |
| 07/26/2023 | 1 | CSCLS | Case closed. |

file:///altdcfile1.altdef.ocgov.com/...ikhail/Documents/CASES/Files%20to%20Upload/Luo,%20X/23CM%20case/Minutes_23CM00067.html[8/27/2023 4:11:43 PM]

```
 1  SUPERIOR COURT OF CALIFORNIA              ELECTRONICALLY FILED
                                            SUPERIOR COURT OF CALIFORNIA
 2  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER       COUNTY OF ORANGE

 3                                                      12/30/2022
                                                        10:17 AM
 4                                            DAVID H. YAMASAKI, Clerk of the Court

 5                                                     23CM00067

 6  _____
    THE PEOPLE OF THE STATE OF CALIFORNIA, )  COMPLAINT
 7                                         )  BWC AGENCY
                                Plaintiff, )
 8                                         )
                                           )
 9              vs.                        )  No.
10                                         )  SAPD 22-09260
    XINGFEI LUO              ███████████    )  DOMESTIC VIOLENCE
11                                         )
       F████████                          )
12    AKA XINGFEI LOU                       )
                                           )
13                             Defendant(s))
    _____
14
15  The Orange County District Attorney charges that in Orange
    County, California, the law was violated as follows:
16
17  COUNT 1: On or about April 20, 2022, in violation of Section
    273.6(a) of the Penal Code (VIOLATION OF A PROTECTIVE ORDER), a
18  MISDEMEANOR, XINGFEI LUO did intentionally, knowingly, and
    unlawfully violate an order issued pursuant to Family Code
19  sections 6320 and 6389 by contacting protected party through
    online means.
20
21
    I declare under penalty of perjury, on information and belief,
22  that the foregoing is true and correct.
23
    Dated 12-30-2022 at Orange County, California.
24       SA/CM 22C07939
25
26  TODD SPITZER, DISTRICT ATTORNEY
27
    by:  /s/ SHABNUM AZIZI _____
28  SHABNUM AZIZI, Deputy District Attorney

    /
```

XINGFEI LUO SAPD 22-09260 PAGE 2

RESTITUTION CLAIMED

[   ] None
[   ] $_____
[ X ] To be determined

NOTICES:

The People request that defendant and counsel disclose, within 15 days, all of the materials and information described in Penal Code section 1054.3, and continue to provide any later-acquired materials and information subject to disclosure, and without further request or order.

The People intend to proceed pursuant to Evidence Code sections 1101(b), 1107, 1109, and 1370.

Pursuant to Welfare & Institutions Code §827 and California Rule of Court 5.552, notice is hereby given that the People will seek a court order to disseminate the juvenile case file of the defendant/minor, if any exists, to all parties in this action, through their respective attorneys of record, in the prosecution of this case.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

JAN 25 2023

DAVID H. YAMASAKI, Clerk of the Court
BY:_____G. YANG_____,DEPUTY

**RECEIVED**

JAN 25 2023

OFFICE OF THE DISTRICT ATTORNEY
CENTRAL JUSTICE CENTER
SANTA ANA, CA

1  FRANK DAVIS
   Alternate Public Defender
2  Marian Mikhail
   Deputy Alternate Defender
3  600 W. Santa Ana Blvd., Suite 600
   Santa Ana, CA 92701
4  Fax: (714) 835-8400
   *Attorneys for Defendant*
5

6  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
7

8  PEOPLE OF THE STATE OF CALIFORNIA,        )   **Case No.: 23CM00067**
                                             )
9                              *Plaintiff,*  )   NOTICE OF MOTION; MOTION TO
                                             )   DISMISS PURSUANT TO U.S. AND
10         vs.                               )   C.A. DUE PROCESS FOR
                                             )   INSUFFICIENT NOTICE OR
11  **XINGFEI LUO,**                         )   PLEADING; OR IN THE
                                             )   ALTERNATIVE, PURSUANT TO
12                             *Defendant.*  )   PENAL CODE SECTION 1004.
                                             )

13

14  TO: ORANGE COUNTY DISTRICT ATTORNEY,

15          PLEASE TAKE NOTICE that on **February 7, 2023, at 1:30 a.m. in Department C47** of

16  the above-entitled court, Defendant will move the court for an order dismissing the complaint on the

17  ground that her right to a speedy trial has been violated.

18

19                                    **MOTION**

20          The Defendant challenges the facial sufficiency of the criminal complaint, before an entry of

21  plea has been submitted, and hereby moves the court for an order dismissing the complaint pursuant

22  to the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 15, of the

23  California Constitution, as it cannot even comply with Section 1004 of the California Penal Code.

24  This motion is based on these moving papers, the court minutes, and any argument made at the

25  hearing.

26

27

28

                                    1 of 7

## MEMORANDUM OF LAW

**I. THE FACIAL SUFFICIENCY OF A CRIMINAL COMPLAINT IS DEFICIENT WHEN IT VIOLATES DUE PROCESS AND/OR PENAL CODE SECTION 1004.**

The function of criminal pleadings is to give an accused adequate notice of the charges against him. *People v. Gallego*, 52 Cal. 3d 115 (1990)*; Cole v. State of Ark.*, 333 U.S. 196 (1948); *In re Oliver*, 333 U.S. 257 (1948); *People v. Pond*, 44 Cal. 2d 665 (1955). A criminal complaint must be filed to comply with Due Process, speedy trial requirements, and statute of limitations. U.S. Const. Amend. VI and XIV; Cal. Const. Art. I, §15; Pen. Cod. §§ 799–80. *Garland v. Washington*, 232 U.S. 642 (1914) (explaining that while States have wide latitude to develop their own criminal procedures, they must still afford the accused this basic Constitutional right).

In California, statutory law also permits a defendant to also challenge the facial sufficiency of a complaint by way of demurrer under Penal Code Section 1004. *See People v. Zamora*, 18 C3d 538, 542 (1976). A demurrer challenges the defects that appear on the face of the accusatory pleading. A defendant can demur to an accusatory pleading instead of entering a plea. The only grounds allowed to be raised by demurrer are the 5 specific ones set forth in Pen. Code, § 1004:

1. If an indictment, that the grand jury by which it was found had no legal authority to inquire into the offense charged, or, if an information or complaint that the court has no jurisdiction of the offense charged therein;

2. That the accusatory pleading does not substantially conform to the provisions of Pen. Code, §§ 950, 952, and also Pen. Code, § 951 in case of an indictment or information;

3. That more than one offense is charged, except as provided in Pen. Code, § 954;

4. That the facts stated do not constitute a public offense; and

5. That the accusatory pleading contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other legal bar to the prosecution.

Because the purpose of the legal accusatory instrument is to provide notice, bare literal compliance with Pen. Code, § 952 is insufficient to overcome a demurrer and faces due process

attack under law because pleading the words of the statute is insufficient to give constitutionally adequate notice of the offense. *See Choung v. People of State of Cal.*, 320 F. Supp. 625, 628-29 (E.D. Cal. 1970) (explaining that although California permits its accusatory pleadings to be worded in the language of the statute under Penal Code Section 952, it must still survive a Due Process attack only if the language of the statute from which it is taken sets forth fully, directly, and expressly all essential elements of the crime); *see also Lott v. United States*, 309 F.2d 115 (5th Cir. 1962) ("It is true that offenses must be accurately described in an indictment; and if necessary to do so, the allegations must be expanded beyond the words of the statute in order to embrace all the ingredients necessary to the offense.").

Therefore, **"[a]n accusatory pleading must be more specific than a statute which defines a material element of the offense by a blanket reference to other forbidden acts."** *Choung v. People of State of Cal.*, at 629. In *Choung*, via writ of habeas corpus, the court held a California complaint alleging violation of Penal Code Section 602.9 that was framed substantially in the terms of the statute failed a Due Process attack for its lack of specificity, ultimately failing to adequately inform the accused of the charge. *Id.* at 628-631. In *Choung*, the complaint under attack read as follows:

> That on the 22nd day of March, 1968, and within limits of the City of Sacramento, in the County of Sacramento, in the State of California the said Defendants above named did then and there, before the filing of this complaint, and within one year prior thereto, willfully and unlawfully come into a school building, to wit: Sacramento Senior High School and upon the school grounds adjacent thereto without lawful business therein or thereon and did, by the presence and acts of them and each of them interfer with the peaceful conduct of the activities of said school and did disrupt said school and its pupils and the activities of said school, and said Defendants and each of them did remain in said school building and upon said school grounds after being asked to leave by the chief administrative official of said school, to wit: ULRIC MORLEY. * * *

The Court held "I rule that the phrase 'without lawful business therein or thereon' renders the complaint too vague to notify petitioner of the specific charge to be defended, in violation of the Constitution." *Id.* at 628. The Court explained that although the purpose for which the petitioner entered the campus was a crucial element of the offense, the complaint did not explain which statute or regulation, among a potentially infinite number, the petitioner intended to violate, leaving the prosecution the prosecution free to roam at large— to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal. *Id.* at 630 (citing) *(Russell v. United States*, 369 U.S. 749 (1962); *see also People v. Puckett*, 44 Cal. App. 3d 607 (Ct. App. 1975) (holding a person cannot be convicted of an offense not charged against him in the indictment or information, regardless of whether or not there was evidence at trial to show that the defendant committed the offense).

In *Chuong*, the Court relied on examples like, in *Babb v. United States*, where the court held "that an indictment charging the defendant with transporting cattle and knowing them to have been imported 'contrary to law' was fatally defective for failing to allege 'some fact or facts showing that the cattle in question were imported or brought in contrary to some law; and that it is not enough to say that they were imported or brought in 'contrary to law.'" 218 F.2d 538 (5th Cir. 1955). *See also Steiner v. United States*, 229 F.2d 745 (9th Cir. 1956). The Court also relied on cases like *State v. Elkins*, 216 Or. 509, 339 P.2d 715 (1959), where "the Supreme Court of Oregon sustained a demurrer to an indictment, charging maintenance of an establishment where persons congregated for the purpose of 'unlawfully' drinking liquor on the ground that it failed to inform the defendants of the crime with which they were charged, since it did not disclose in what particular the patron's acts were contrary to statute."

Therefore, it may not be sufficient to just mirror a statute's elements, especially when a material element is alleged. To survive Due Process, the complaint must give the accused sufficient notice of what was allegedly done in order to adequately defend him/herself at trial. *Sheppard v. Rees*, 909 F.2d 1234 (9th Cir. 1989) (holding there was a Sixth Amendment violation that was not harmless error when a California defendant was not given adequate notice of the information, when the prosecution only alleged violation of Penal Code Section 187, murder, without making any reference in the information to felony murder or robbery as an underlying charge, ultimately affecting the defendant's ability to defend himself against such theory at trial).

## ARGUMENT

### I. THE ACCUSATORY PLEADING HEREIN DOES NOT ADEQUATELY ADVISE THE DEFENDANT OF THE CHARGES UNDER DUE PROCESS OF THE C.A. AND U.S. CONSTITUTIONS.

A fundamental principle of due process of law requires that the accused in a state or federal prosecution be informed in advance of trial of the specific charges that he must defend. First, the criminal complaint fails to provide any factual details to ascertain what *active and lawful* order was violated. Second, it fails to provide any name or identifying markers of who the protected party is in order to inform whether Ms. Luo is actually restrained from said "protected person." Third, it does not provide any factual bases to inform the accusation of how Ms. Luo acted "unlawfully, intentionally, and knowingly" in violation of the unknown order. Lastly, it fails to explain how "online means" translates into specific conduct that would result in criminal liability in Orange County, California to sustain jurisdiction. A general allegation of "contact" by "online means" provides no context or clue as to what Ms. Luo allegedly did or how Ms. Luo effectuated a violation through the World Wide Web. Without understanding what "means" were taken, Ms. Luo has not

1  been informed as to what action was taken in violation of said unknown order to effectively defend

2  herself at trial.

3  Because the complaint provides no information as to who was harmed, under what court

4  order, and specifically how and what "intentional, unlawful and knowingly" conduct was taken to

5

6  be in violation of Penal Code Section 273.6—all of which Ms. Luo is entitled to notice of in order

7  to defend herself at trial—the complaint cannot withstand Due Process and must be dismissed.

8  **II.   IN ADDITION TO DUE PROCESS, THE ACCUSATORY PLEADING HEREIN**

9  **DOES NOT ADEQUATELY ADVISE THE DEFENDANT OF THE CHARGES**
   **PURSUANT TO CALIFORNIA PENAL CODE 1004(2)'S MINIMAL PLEADING**

10  **REQUIREMENTS.**

11  Here, the criminal complaint does not even meet the bare minimum pleading requirements

12  of Penal Code Section 1004(2). It specifically fails to comport with Penal Code Section 952.  Ms.

13  Luo is charged with Penal Code Section 273.6. Such an offense requires the prosecution to allege

14

15  that:

16  a)  a court lawfully issued a written order restraining the defendant;

17  b)  the court order was a [protective/stay away/insert type] order,

18
    under [the code section under which the order was made];
19

20  c)  the defendant knew of the court order;

21  d)  the defendant had the ability to follow the court order; and

22  e)  the defendant willfully/intentionally violated the order.

23
    *See* Judicial Council Of California Criminal Jury Instruction 2701.
24

25  As discussed in Section I of the Argument, the complaint does not even allege what lawful

26  court order is at issue. The complaint fails to allege the type of order that is at issue. The complaint

27  fails to allege the specific conduct that resulted in knowing and willful or intentional violation of the

28

6 of 7

order, along with the ability to follow the order. Generally allegation of "contact" by "online means" does not inform Ms. Luo of the impressible conduct that is at issue for her to defend herself at trial. For these reasons, the complaint fails under statutory law that the Court should sustain a demurrer.  And even if the court were to find the pleading in compliance with Penal Code Section 1004(2), it does not survive Due Process under law. *See supra*, Argument I.

**CONCLUSION**

For the foregoing reasons, the Court should grant the defense's request and dismiss the complaint against Ms. Luo under due process of law, as it fails to comply with pleading standards under the California and United States Constitution, along with minimum requirements set forth in Penal Code Section 1004.

DATED: January 25, 2023

Respectfully submitted,
FRANK DAVIS, Alternate Public Defender

_____

Marian Mikhail
Deputy Alternate Defender
Marian.mikhail@ocaltdef.com

FRANK S. DAVIS
Alternate Public Defender
MARIAN MIKHAIL
Deputy Alternate Defender
600 W. Santa Ana Blvd,,Suite 600
Santa Ana, CA 92701
Telephone: (657) 251-6730
Fax: (714) 835-8400

RECEIVED

FEB 1 5 2023

OFFICE OF THE DISTRICT ATTORNEY
CENTRAL JUSTICE CENTER
SANTA ANA, CA

Department: C47

OUT OF CUSTODY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

FEB 1 5 2023

DAVID H. YAMASAKI, Clerk of the Court

BY ____ G. YANG ____ , DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### CENTRAL JUSTICE CENTER

PEOPLE OF THE STATE OF CALIFORNIA

    Plaintiff,

    v.

Luo, Xingfei,

    Defendant.

Case No.: 23CM00067

**REQUEST FOR DISCOVERY**

**TO:   ORANGE COUNTY DISTRICT ATTORNEY**

    **PLEASE TAKE NOTICE** that Defendant is requesting pre-hearing discovery pursuant to Defendant's rights under applicable statutory law and under the state and federal Constitutions (P.L. §§ 1054.1 and 1054.4; *Izazaga v. Superior Court* (1991) 54 Cal.3d 356, 378; *People v. Hayes* (1992) 3 Cal.App.4th 1238, 1244-1246). This is a continuing request: please provide any later acquired or discovered information and materials as promptly as possible.

    Please provide all materials described below with respect to any events or circumstances to be introduced per Evidence Code §§ 1101(b), 1105, 1107, 1109, and/or 1370. Please provide all of the following items and information, in each case *regardless* of whether the People intend to use such information:

(1)    For the period from the time the police initiated their investigation of this case until the end of that initial investigation, certified copies of (i) dispatch tapes and officer chat logs (recordings of any radio, phone, or "green channel" or other color channel communications, email/instant messaging/chat messages, or other oral or written communications among officers in the field and/or dispatch), (ii) incident log (computer history printout documenting the chronological sequence of events that occurred including times when police were called, when each officer was dispatched to and actually arrived on the scene, and when any witnesses were contacted and interviewed), (iii) computer history printout documenting all inquiries and responses to those

1 of 4

1   inquiries (with time stamps) from the <u>mobile data terminals or other onboard computers</u> of each police officer

2   and each police vehicle involved from 10 minutes prior to arrival on scene until 30 minutes after clearing the

3   scene, and (iv) any <u>911</u> or other informant <u>calls</u>;

4   (2)   <u>Police</u>, social services, and other law enforcement <u>reports</u> prepared in connection with the pending

5   matter in relation to the investigation and prosecution of this case or to the Defendant or to the facts and

6   circumstances of this case, including in each instance all ancillary and supplemental reports, all attachments,

7   property and evidence logs and receipts, probable cause declarations, and rough or other <u>field notes</u> for

8   each);

9   (3)   All crime scene investigation including photographs, videos, and diagrams of crime scene, as well as

10  all other photographs (including <u>digital copies</u>) of the victim, contraband or booking, and any photos, lineups

11  or sketches shown to witnesses provided in their original state, i.e. color;

12  (4)   With regard to statements of, conversations with and actions of witnesses, victims, any prior or current

13  suspect in this case, and/or any other persons interviewed by any investigating authority in connection with

14  the pending matter: <u>all audio and/or video</u> tapes or digital <u>recordings</u> (including stationhouse, personal DAR

15  or other recorders, MAV/PVS/car mounted, body cameras, and all other electronic surveillance or tapings),

16  together with notes and full disclosure of any oral communication (*People v. Campbell* (1972) 27 Cal.App.3d

17  849; *Roland v. Superior Court* (2004) 124 Cal.App.4th 154) relating to those statements as described by or

18  disclosed to any government agent;

19  (5)   Names, current addresses, and phone numbers of all potential witnesses interviewed by any

20  investigating authority in connection with the pending matter, regardless of whether the People intend to call

21  any such witness (potential witnesses include government informants);

22  (6)   For each such witness in this case, all records (including probation, police and other law enforcement

23  reports, and all related supplements, attachments and notes) of citation, arrest or disposition, with respect to

24  any known crimes or other acts (including juvenile matters) of: (i) moral turpitude, (ii) violence/assaultive

25  behavior or weapons; or (iii) sale, possession, or use/influence of controlled substance;

26  (7)   With respect to any experts **consulted** by the People, (i) a résumé including any facts upon which they

27  may be so qualified, (ii) all reports or oral or written statements made regarding the pending matter (including

28  the results of physical or mental examinations and results of any forensic or other scientific tests, experiments

Defendant's Request for Pre-hearing Discovery

027

or comparisons), (iii) any studies, evidence, or other materials upon which they intend to rely for their courtroom testimony, (iv) all materials they reviewed in preparation for such testimony, (v) any potentially exculpatory statements made by any potential prosecution expert witness, regardless of whether the People intend to call such expert at trial; (vi) all correspondence with such witness, including any retainer contracts or letters;

(8)    All records **_available_** to the People or law enforcement (including by way of any waiver executed by the alleged victim(s)) with respect to any victim or witness toxicology, or the extent and/or value of any alleged injuries or other damages, and copies of each such waiver;

(9)    All results of any forensic science tests (whether conducted in the field or in a lab setting) conducted by/for any agent of the People or of any law enforcement agency, including any DNA or fingerprint 'hits' and comparison materials;

(10)   All records pertaining to forensic analysis of physical evidence and current disposition of evidence, such as copies of all chain of custody documents for each item of evidence subjected to analysis, starting with the first description or 'log entry' for each item through to the current disposition of that item of evidence (this information should include documentation which indicates where and how the materials were stored [temperature, container type], amount of evidence material which was consumed in testing, amount of material which remains, and where and how the remaining evidence is stored [temperature,  container type]) in and out of any police department storage facility (please include *all emails sent*);

(11)   Access to any physical evidence relating to the pending matter;

(12)   A summary of all efforts by the People or law enforcement to locate the Defendant or notify him of this case, and any documentation or records of such efforts (*Serna* packet);

(13)   Defendant's criminal history data ('RAP Sheet' cumulative/summary criminal history and DMV driving record, complete with all data known to the People, including without limitation, any database of California or any other state or federal authority, and any internal OC District Attorney or local law enforcement database, and any police reports or investigatory reports the People may rely on for evidence of the defendant's prior bad acts);

(14)   Exculpatory Evidence: any evidence that appears favorable it the accused, whether to guilt or to punishment (i.e., sentencing), or to credibility of material witnesses, regardless of whether or not such

3 of 4

1  evidence appears material (i.e., likely to affect the verdict). (Pen. Code §1054.1(e); *Barnett v Superior Court*

2  (2010) 50 Cal.4th 890, 901; *People v Lewis* (2015) 240 Cal. App. 4th 257, 266.)

3

4  DATED: FEBRUARY 10, 2023                     Respectfully requested,
                                               FRANK S. DAVIS, Alternate Public Defender
5

6

7

8

9                                              By: Marian Mikhail
                                               Deputy Alternate Defender
10                                             Attorney of Record
                                               Marian.mikhail@altdef.ocgov.com
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Request for Pre-hearing Discovery

1  SUPERIOR COURT OF CALIFORNIA
2  COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

3

4

5

6  THE PEOPLE OF THE STATE OF CALIFORNIA, )   COMPLAINT
7                                          )   BWC AGENCY
                                Plaintiff, )   AMENDMENT 1
8                                          )
9                                          )
             vs.                           )   No.23CM00067
10                                         )   SAPD 22-09260
11  XINGFEI LUO                    ▮▮▮▮▮    )   DOMESTIC VIOLENCE
                                           )
12   AKA XINGFEI LOU                       )
                                           )
13                            Defendant(s) )
14
15  The Orange County District Attorney charges that in Orange
    County, California, the law was violated as follows:
16
17  COUNT 1: On or about April 20, 2022, in violation of Section 166
    (a)(4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR,
18  XINGFEI LUO did willfully and unlawfully  disobey the terms of a
19  process and court order lawfully issued on or about 10/01/21 by
    the Superior Court, in and for the County of Orange County,
20  State of California, 18V002374, which lawfully ordered defendant
    to remove any pictures or references of the protected party from
21  any social media websites or blogs she may have posted.
22
23  I declare under penalty of perjury, on information and belief,
    that the foregoing is true and correct.
24
25  Dated 02-08-2023 at Orange County, California.
         SA/CM 22C07939
26
27  TODD SPITZER, DISTRICT ATTORNEY
28
    by:_____
    Deputy District Attorney

XINGFEI LUO SAPD 22-09260 PAGE 2

RESTITUTION CLAIMED

[   ] None
[   ] $_____
[ X ] To be determined

NOTICES:

The People request that defendant and counsel disclose, within 15 days, all of the materials and information described in Penal Code section 1054.3, and continue to provide any later-acquired materials and information subject to disclosure, and without further request or order.

The People intend to proceed pursuant to Evidence Code sections 1101(b), 1107, 1109, and 1370.

Pursuant to Welfare & Institutions Code §827 and California Rule of Court 5.552, notice is hereby given that the People will seek a court order to disseminate the juvenile case file of the defendant/minor, if any exists, to all parties in this action, through their respective attorneys of record, in the prosecution of this case.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

MAR 1 4 2023

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

1   FRANK DAVIS
    Alternate Public Defender
2   Marian Mikhail
    Deputy Alternate Defender
3   600 W. Santa Ana Blvd., Suite 600
    Santa Ana, CA 92701
4   Fax: (714) 835-8400
    *Attorneys for Defendant*
5

6              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

7              **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

8

9   PEOPLE OF THE STATE OF CALIFORNIA,      )   **Case No.: 23CM00067**
                                            )
10                        *Plaintiff,*      )   NOTICE OF MOTION; MOTION TO
                                            )   DISMISS IN VIOLATION OF
11         vs.                              )   DOUBLE JEOPARDY UNDER THE
                                            )   CALIFORNIA AND US
12  **XINGFEI LUO,**                        )   CONSTITUTIONS; PENAL CODE
                                            )   SECTION 654; AND IN THE
13                        *Defendant.*      )   INTEREST OF JUSTICE UNDER
                                            )   PENAL CODE SECTION 1385
    _____)

14

15  TO: ORANGE COUNTY DISTRICT ATTORNEY,

16         PLEASE TAKE NOTICE that on **MARCH 21, 2023, or sooner if the order for**

17  **shortening time is granted, at 9:00 a.m. in Department C47** of the above-entitled court,

18  Defendant will move the court for an order dismissing the complaint pursuant to double jeopardy

19  under the U.S. and CA Constitutions; Penal Code Section 654; and in the interest of justice under

20  Penal Code Section 1385.

21                                    **MOTION**

22

23         The Defendant hereby moves the court for an order dismissing the complaint in the above-

24  entitled matter on the ground that her right to once in jeopardy has been violated pursuant to the 5th

25  and Fourteenth Amendments to the U.S. Constitution, Article I, Section 15, of the California

26  Constitution, and sections 654 and 1385 of the California Penal Code. This motion is based on these

27

28  **RECEIVED**

    MAR 1 4 2023

    OFFICE OF THE DISTRICT ATTORNEY
    CENTRAL JUSTICE CENTER
    SANTA ANA, CA

                                    1 of 21

                                                Defendant's Omnibus Motion to Dismiss
                                                                                    032

1  moving papers, Case Nos. 18V002374, 19CM06724, and 23CM00067, and any exhibits presented

2  and argument made at the hearing.

3  <u>**STATEMENT OF FACTS AND ATTORNEY DECLARATION**</u>

4  The following declaration and statement of facts are based on my personal knowledge

5

6  and/or information from the court management systems, case files, transcripts, discovery, and

7  procedural history of Case Nos.18V002374, 19CM06724, and 23CM00067.

8  According to Case No. Case No.18V002374, on September 28, 2018, complaining witness

9  Tomas Czodor obtained a temporary restraining order at Lamoreaux Justice Center against Ms. Luo.

10  Tomas Czodor claimed that on September 11, 2018, Ms. Luo improperly posted information,

11

12  photos, and videos about Tomas Czodor. Tomas Czodor claimed provided photos and listed

13  websites in his petition for a restraining order, such as:

14  https://www.youtube.com/watch?v=GUWLrXEC7jo
15  https://www.youtube.com/watch?v=WblOlnVDmfA
   https://www.youtube.com/watch?v=uYebVZyYN84
16  https://www.youtube.com/watch?v=gOIZigNKw2A (and for short, youtu.be/
   gOIZigNKw2A)
17  http://www.cheaterreports.com/tomas-czodor/
18  https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
   http://www.cheaterplanet.com/category/cheaters
19  https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
20  https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
   http://gorgeouspainting1.blogspot.com/
21  https://gorgeouspainting.wordpress.com/

22  *See* Case No.18V002374.

23  On October 19, 2018, the court conducted a hearing on the restraining order. At the hearing,

24
   in addition the exhibits submitted, Tomas Czodor testified and claimed that Ms. Luo posted online
25
26  information about him "28 times." The Court ultimately issued a permanent 5 year restraining

27  order with an expiration for October 19, 2023.

28

Defendant's Omnibus Motion to Dismiss

The order required Ms. Luo to fully stay away from Tomas Czodor, along with an andendum stating:

> Responding Party is ordered to cease posting the picture or likeness of the Moving Party or refer to him by name on any social media website or blog. **Responding Party is further ordered to remove any pictures or references of the Moving Party from any social media website or blog she may have posted**.

*See* Case No.18V002374 (emphasis added).

On August 6, 2019, nearly a year later, the District Attorney filed criminal charges against Ms. Luo—count 1 for vandalism of less than $400; count 2 for disobeying a domestic relations court order for "coming within 100 yards of the protected person"; and count 3 for disorderly conduct unlawful dissemination of private photographs and recordings on or around September 18, 2018. *See* Case No. 19CM06724. The case centered on claims Tomas Czodor made in his restraining order petition against Ms. Luo in Case No.18V002374.

On August 12, 2019, the Orange County Public Defender was appointed and Ms. Luo was arraigned and entered a plea of not guilty.

On July 26, 2021, the District Attorney amended the complaint one day prior to trial to amend the underlying conduct in count 2 of disobeying a domestic relations court order from being within 100 yards to the claim that Ms. Luo "**failed to deactivate website and created new websites**."

On July 27, 2021, the 19CM06724 jury trial began. At trial, the the prosecution admitted into evidence testimony and exhibits of websites from 2018 that violated the family court protective order in Case No.18V002374. At trial, the prosecution admitted multiple exhibits depicting websites that were addressed in family court, including a transcript of the family court hearing on October

3 of 21

Defendant's Omnibus Motion to Dismiss

1   19, 2018, where Tomas Czodor testified that Ms. Luo posted about him "28 times," which included

2   "7 cheater websites" and "10 YouTube" videos. *See* Case No. 19CM06724.

3       On July 29, 2021, the jury returned a verdict of guilty on all counts to Case No.

4   19CM06724.

5

6       A few months after the guilty verdict, on October 1, 2021, Lamoreaux Justice Center

7   conducted another hearing because Ms. Luo sought to terminate the order. The family court

8   maintained the same full stay away order and same expiration for October 19, 2023, but amended

9   the addendum by adding a second paragraph to comport with Free Speech guarantees and

10  protections:

11

12          Restrained Party is further ordered to remove any pictures or references of the Protected Party from any social media websites or blogs she may have posted.

13

14          Restrained Party shall not post any pictures or likeness of the Protected Party or refer to him by name on any social media or website or blog that would be abusive pursuant to FC §6203 and FC§63210.

15

16

17  *See* Case No.18V002374. The language in the first paragraph—requiring Ms. Luo to

18  remove any photos or websites she may have posted—did not change from the

19  October 19, 2018 order.

20

21      Shortly thereafter, on October 26, 2021, the Criminal Court set restitution in the amount of

22  $82,346.00 plus 10% interest per year and 10% administrative fee(s) as to count(s) 1, 2, 3 for

23  Tomas Czodor.

24      On November 15, 2021, the Public Defender declared a conflict and the Alternate Defender

25  was appointed.

26

27

28

Defendant's Omnibus Motion to Dismiss

035

On behalf of Ms. Luo, the Alternate Defender sought to modify and challenge the restitution amount.

On or around November 24, 2021, the prosecution provided defense counsel with a restitution report claiming $82,346.00 in loss for website removal, income loss, paining repairs, and cost and installation of security cameras. The prosecution again added more claims on or around May 9, 2022, claiming total loss in the amount of $107,720.76 for income loss, website removal costs, security system purchase and installation, painting repairs, fees for the restraining order obtained, and attorney fees. Tomas Czodor provided quotes and bills for most of the recovery. He claimed and submitted a quote from a company called Guaranteed Removal in the amount of $54,000 for the removal of 27 links that the prosecution and Tomas Czodor claimed that Ms. Luo posted. *See* Case No. 19CM06724.

Unbeknownst to defense, prior to the restitution hearing that was scheduled on May 9, 2022, Tomas Czodor made another police report against Ms. Luo on April 26, 2022 claiming violation of the restraining order.

On June 8, 2022, the Court conducted the sentencing, restitution hearing, after continuing the May 9, 2022 hearing. Judge Knox modified the restitution in the amount of $93,003.76 as to count(s) 1, 2, 3 plus 10% interest from date of sentence per year, payable thru Victim Witness. Of the $93,003.76, the Court awarded the $54,000 for website removal of the 27 links admitted at the hearing. The following links were admitted at the restitution, sentencing hearing:

> https://cheaterbot.me/05/tomas-czodor-santa-ana-california/amp/
> https://officialcheaters.com/tomas-czodor-california/
> http://www.ripofflist.com/tomas-czodor-california/
> http://www.ripofflist.com/tomas-czodor-california/
> https://www.complainboard.com/tomas-czodor-california/
> https://www.badboysreport.com/tomas-czodor-california/
> https://www.dirtyex.com/tomas-czodor-california/

Defendant's Omnibus Motion to Dismiss

https://www.worstcheaters.com/tomas-czodor-california/
https://hellocheater.online/tomas-czodor-santa-ana-california/
https://xbtch.com/reviews/tomas-czodor-santa-ana-ca/97153/
https://ask-anita.com/complaints/tomas-czodor-santa-ana-ca/
https://cheatersdiaries.com/tomas-czodor-california/
https://cheaters.exposed/tag/tomas-czodor-california-cheater-report/
https://www.theevildoer.com/?s=Tomas+Czodor+
http://gorgeouspainting1.blogspot.com
https://gorgeouspainting.wordpress.com/
https://reportcheaterincalifornia.wordpress.com/blog
http://liarsandcheaters.com/tomas-czodor-santa-ana-orange-county-ca.html
http://cheaterland.com/tomas-czodor-santa-ana-ca.html
http://www.cheaterreports.com/tomas-czodor/
https://reportcheatingonline.com/tomas-czodor-santa-ana-orange-county-ca/
https://wtfcheater.com/tomas-czodor-santa-ana-orange-county-ca/
https://reportcheatingwife.com/tomas-czodor-santa-ana-orange-county-ca/
http://www.cheaterplanet.com/tomas-czodor-santa-ana-orange-county-ca.html
https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsE4mg/about
https://www.youtube.com/channel/UCUUozht2tl-dK5jROTqnzyg/about
https://www.facebook.com/photo.php?fbid=10216661770199693&set=pb.13237719
48.-2207520000 .. &type=3

*See* Case No. 19CM06724

At the restitution, sentencing hearing, the prosecution did not prove that each link was in fact operable, but instead through the complaining witness testimony, claimed Tomas Czodor was entitled to the resitution in order to provide him with the monetary means to remove the websites. Prior to the resitution hearing, I recall verifying that only 2 out of the 27 links were actually in operation.

After the sentencing, restitution hearing ended, Ms. Luo received a letter from law enforcement in early September 2022, and she notified me immediately. In response, I contacted the detective and left a voicemail invoking Ms. Luo's constitutional rights and informed the detective to refrain from speaking with Ms. Luo without the presence of legal counsel. The detective never called back nor informed me what the underlying investigation was about.

Defendant's Omnibus Motion to Dismiss
037

On December 20, 2022, the Orange County District Attorney filed charges against Ms. Luo for violating Penal Code Section 273.6 on or around April 20, 2022. The District Attorney scheduled arraignment on February 24, 2023.

When Ms. Luo received the arraignment letter, she contacted me and asked me what these new charges were about. According to the complaint on Vision:

> On or about April 20, 2022, in violation of Section 273.6(a) of the Penal Code (VIOLATION OF A PROTECTIVE ORDER), a MISDEMEANOR, XINGFEI LUO did intentionally, knowingly, and unlawfully violate an order issued pursuant to Family Code sections 6320 and 6389 by contacting protected party through online means.

*See* Case No. 23CM00067.

In response to the ambiguous complaint, I filed a motion to dismiss on January 25, 2023, pursuant to Due Process under the U.S. and CA constitutions for facially insufficiency of the complaint, along with a demur under Penal Code Section 1004.

On February 7, 2023, the motion to dismiss was heard. However, prior to any court ruling, the prosecution agreed to amend the complaint on its own volition. The first amended complaint was filed on February 8, 2023 and read as follows:

> On or about April 20, 2022, in violation of Section 166 (a) (4) of the Penal Code (DISOBEY COURT ORDER), a MISDEMEANOR, XINGFEI LUO did willfully and unlawfully disobey the terms of a process and court order lawfully issued on or about 10/01/21 by the Superior Court, in and for the County of Orange County, State of California, 18V002374, which lawfully ordered defendant to remove any pictures or references of the protected party from any social media websites or blogs she may have posted.

On February 10, 2023, Ms. Luo was arraigned on the new charges. The prosecution provided defense counsel with the police report, which traced back to Tomas Czodor's April 26, 2022 complaint made prior to the scheduled May 9, 2022 resitution hearing.

Defendant's Omnibus Motion to Dismiss

The police report alleged violations for failing to remove websites about Tomas Czodor involving the older posts addressed in the family court case and the 19CM06724 trial and/or the sentencing, resitution hearing. The police verified that some of the older 2018 postings no longer worked and/or that the creator was unidentifiable. Tomas Czodor also speculated and accused Ms. Luo of newer posts, but the police verified that some of those posts were inoperable and/or that the creator was unidentifiable.

On March 13, 2023, the assigned trial Deputy District Attorney for the month of March, informed me the prosecution is for the failure to remove the following website postings:

http://gorgeouspainting1.blogspot.com
https://gorgeouspainting.wordpress.com/
https://www.youtube.com/channel/UC2G1-iqyaZoYAetalVsE4mg/about

These are the same websites that were addressed at the 19CM06724 trial October 19, 2018.


I declare under penalty of perjury that the foregoing is true and correct.


DATED: March 13, 2023                    Respectfully submitted,
                                         FRANK DAVIS, Alternate Public Defender


                                         _____
                                         Marian Mikhail
                                         Deputy Alternate Defender
                                         Marian.mikhail@ocaltdef.com

Defendant's Omnibus Motion to Dismiss

039

**MEMORANDUM OF LAW**

I.   **A SUBSEQUENT PROSECUTION THAT INVOLVES THE SAME ALLEGED
     CRIMINAL ACT OF A PRIOR PROSECUTION VIOLATE DOUBLE JEAPOARDY
     UNDER THE 5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I,
     SECTION 15, OF THE CALIFORNIA CONSTITUTION.**

The Fifth Amendment to the United States Constitution guarantees that no "person will be subject for the same offense to be twice put in jeopardy of life or limb." The Cal. Const. art. I, § 15, contains a nearly identical provision. These constitutional provisions include several distinct protections, including prohibitions against:

(1) a second prosecution for the same offense after acquittal (*Illinois v. Vitale*, 447 U.S. 410, 415 (1980));

(2) a second prosecution for the same offense after conviction (*U.S. v. Dixon*, 509 U.S. 688 (1993));

(3) reprosecution after jeopardy had attached in a prior trial that was terminated without a verdict (*see U.S. v. DiFrancesco*, 449 U.S. 117, 130 (1980));

(4) successive prosecutions for the same criminal act under two different statutes containing the same elements (*U.S. v. Dixon*, 509 U.S. 688, 696 (1993)); and

(5) multiple prosecutions when collateral estoppel or res judicata applies to an issue of ultimate fact that has been resolved in a prior criminal proceeding, it cannot be relitigated in a subsequent prosecution or retrial (*Yeager v. U.S.*, 557 U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010)).

Jeopardy attaches when the defendant is placed on trial on a valid accusatory pleading before a competent court. In a jury trial, jeopardy attaches when the jury is impaneled and sworn. *Martinez v. Illinois*, 134 S. Ct. 2070, 2074 (2014); *Crist v. Bretz*, 437 U.S. 28, 35 (1978). If alternate jurors are used, jeopardy does not attach until the alternates are sworn. *In re Mendes*, 23 Cal. 3d 847, 852–854 (1979).

Defendant's Omnibus Motion to Dismiss
**040**

II.   **A SUBSEQUENT PROSECUTION THAT INVOLVED THE SAME COURSE OF CONDUCT PROSECUTED IN THE PAST VIOLATES CALIFORNIA PENAL CODE SECTION 654.**

California is not precluded from providing greater double jeopardy protection than that provided by the U.S. Constitution. *Curry v. Superior Court*, 2 Cal. 3d 707, 717 (1970). California provides additional protections embodied in several Penal Code sections. *See e.g.*, Pen. Code §§ 654(a), 656, 687, and 1023. The Fifth Amendment establishes minimum, double jeopardy protection standards. Under the independent state grounds doctrine, California courts look both to decisions applying the Fifth Amendment and to decisions applying California constitutional and statutory protections. *Bunnell v. Superior Court*, 13 Cal. 3d 592, 601 (1975).

The California Supreme Court has expressly recognized that the purpose of Pen Code § 654 is to prevent "needless harassment" of a defendant and, therefore, "all offenses ... which arise out of the same ... course of conduct must be prosecuted in a single proceeding." *People v. Lohbauer*, 29 Cal. 3d 364 (1981).

Accordingly, Pen. Code, § 654 is a statutory bar, rather than a constitutional prohibition, against multiple prosecutions for the same offense. However, the protection under Pen. Code, § 654 resembles that afforded by the double jeopardy clause, but is different in scope in that it applies only after an acquittal or a conviction and sentencing.

In *Kellett v. Superior Court of Sacramento County*, the Supreme Court held that when "the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance is permitted for good cause. 63 Cal. 2d 822, 827(1966). **Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted**

Defendant's Omnibus Motion to Dismiss

041

1    **if the initial proceedings culminate in either acquittal or conviction and sentence**." *Id*.

2    (emphasis added).

3          Following *Kellett* and Pen. Code § 654, our appellate courts have adopted two different tests

4    to determine a course of conduct for purposes of multiple prosecution *People v. Valli*, 187 Cal. App.

5    4th 786 (3d Dist. 2010). Some appellate courts have established a "time and location" test to

6

7    determine a course of conduct for purposes of multiple prosecution. These courts

8    find *Kellett* inapplicable where the offenses are committed at separate times and locations, even

9    though the prosecution is aware of the other offenses. See *People v. Marlow*, 34 Cal. 4th 131, 144

10   (2004) ("the murder of separate victims on separate days in separate counties is not a single act or

11   even a 'course of conduct' requiring a single prosecution"); *People v. Douglas*, 246 Cal. App. 2d

12   594 (2d Dist. 1966) (series of robberies tried separately from homicide committed during one of the

13

14   robberies); *People v. Ward*, 30 Cal. App. 3d 130 (2d Dist. 1973) (two separate but related victims

15   assaulted at different locations and time); *People v. Cuevas*, 51 Cal. App. 4th 620 (2d Dist. 1996).

16

17         A second test applies *Kellett* based on the totality of the facts and whether separate proofs

18   are required for the different offenses. *See People v. Flint*, 51 Cal. App. 3d 333 (2d Dist. 1975).

19   This evidentiary test was restated in *People v. Hurtado*, 67 Cal. App. 3d 633 (2d Dist. 1977): "More

20   specifically, if the evidence needed to prove one offense necessarily supplies proof of the other …

21

22   the two offenses must be prosecuted together, in the interests of preventing needless harassment and

23   waste of public funds." However, this evidentiary test requires more than an overlap of the

24   evidence. Simply using facts from the first prosecution in the subsequent prosecution does not

25   trigger application of *Kellett*. *People v. Valli*, 187 Cal. App. 4th 786 (3d Dist. 2010) (there was little

26   evidentiary overlap between a murder trial and the subsequent trial for evading arrest, because the

27   People only used the evidence of evading in the murder trial to show consciousness of guilt). *See*

28

Defendant's Omnibus Motion to Dismiss
042

*also People v. Linville*, 27 Cal. App. 5th 919 (1st Dist. 2018), review denied, (Jan. 16, 2019) (conviction as an accessory to murders did not require proof, nor was it alleged, that defendant was involved in either charged killing, therefore, accessory conviction did not require and was not predicated on an allegation that defendant committed, or was involved in, the murders and the accessory and murder prosecutions did not involve the same course of conduct).

If it is determined that the prosecution did have timely actual knowledge of multiple prosecutions arising from the same conduct, and one of the prosecutions resulted in either acquittal or conviction and sentence, then the remaining unresolved prosecution is barred by Pen. Code, § 654. *In re Dennis B.*, 18 Cal. 3d 687, 693–696 (1976).

There are several factors to be weighed in determining whether the prosecutor should have known of the other offense. The threshold factor is the disparity, if any, between the two charged offenses. When both are serious offenses, the court in In re *Dennis B.*, 18 Cal. 3d 687, 694 (1976), recognized the duty imposed on the prosecution.

When both offenses are serious crimes, the potential for harassment and waste is sufficiently strong that Section 654 imposes on prosecutors an administrative duty to insure that the charges are joined. Although occasional failure to coordinate prosecutorial efforts may result in a defendant guilty of a felony escaping proper punishment, such a risk "is inherent in the preclusion of Section 654 of multiple punishment."

When the original charge is not a serious crime, the court must then weigh: (1) the disparity in gravity between the charged offenses; (2) the state's substantial interest in maintaining the summary nature of minor offenses; and (3) the state's interest in prosecuting felonies and serious misdemeanors. *In re Dennis B.*, 18 Cal. 3d 687, 695–696 (1976); ***Kellett*** v. *Superior Court of Sacramento County*, 63 Cal. 2d 822, 827–828 (1966).

Defendant's Omnibus Motion to Dismiss

III.   **A SUBSEQUENT PROSECUTION THAT INVOLVES IDENTICAL ISSUES OF A PRIOR PROSECUTION IS BARRED UNDER THE DOCTRINE OF COLLATERAL ESTOPPEL.**

In *Ashe v. Swenson*, 397 U.S. 436, 445 (1970), the Supreme Court held that the doctrine of collateral estoppel is contained in the Fifth Amendment guarantee against double jeopardy.

As the Supreme Court stated in *Ashe v. Swenson*, 397 U.S. 436, 443–444 (1970):"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. Although first developed in civil litigation, collateral estoppel has been an established rule of federal criminal law at least since this court's decision more than 50 years ago in *U.S. v. Oppenheimer*, 242 U.S. 85, (1916) …

Federal appellate decisions establish that the rule of collateral estoppel in criminal cases is not to be applied in the hyper technical and archaic approach of 19th century pleading, but with realism and rationality. Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, the charges, and other relevant matter and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." *Schiro v. Farley*, 510 U.S. 222, 247–248 (1994).

The doctrine is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again requiring litigation. The purposes of collateral estoppel are to promote judicial economy by minimizing repetitive litigation, to prevent inconsistent judgments which undermine the integrity of the judicial system, and to provide repose

Defendant's Omnibus Motion to Dismiss

044

by preventing a person from being harassed by vexatious litigation. *People v. Taylor*, 12 Cal. 3d 686, 695 (1974).

"[F]ive threshold requirements" must be established for collateral estoppel to bar relitigation of an issue: "(1) the issue to be precluded must be identical to that decided in the prior proceeding; (2) the issue must have been actually litigated at that time; (3) the issue must have been necessarily decided; (4) the decision in the prior proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be in privity with the party to the former proceeding." *People v. Garcia*, 39 Cal. 4th 1070 (2006); *People v. Vogel*, 148 Cal. App. 4th 131 (3d Dist. 2007).

## IV.    THE INTEREST OF JUSTICE DEMANDS DISMISSAL.

The court has authority under Pen. Code § 1385 to dismiss a prosecution in the "furtherance of justice" at any time, including after trial. "Dismissals under Section 1385 may be proper before, during and after trial." *People v. Orin*, 13 Cal. 3d 937 (1975). Pen. Code § 1385 permits a trial court to dismiss individual counts in accusatory pleadings, sentencing enhancements, allegations that the defendant has suffered a prior conviction, and allegations that the defendant has suffered a prior "strike." *In re Varnell*, 30 Cal. 4th 1132, 1134 (2003).

In *People v. Superior Court of Marin County*, 69 Cal. 2d 491, 505 (1968), the court set forth a balancing test to guide the court in determining whether to dismiss in the interests of justice. The factors to be weighed include: (1) the weighing of the evidence indicative of guilt or innocence; (2) the nature of the crime involved; (3) the fact that the defendant has or has not been incarcerated in prison awaiting trial and the length of such incarceration; (4) the possible harassment and burdens imposed upon the defendant by a retrial; and (5) the likelihood, if any, that additional evidence will be presented upon a retrial. "When the balance falls clearly in favor of the defendant, a trial court

Defendant's Omnibus Motion to Dismiss
045

not only may but should exercise the powers granted to him by the Legislature and grant a dismissal in the interests of justice."

The power invested in the court by Pen. Code § 1385 is a discretionary power that rests solely with the court. The power of the court to dismiss on its own motion is unaffected by prosecution objection. As the court stated in *People v. Tenorio*, 3 Cal. 3d 89 (1970):

> The judicial power is compromised when a judge, who believes that a charge should be dismissed in the interests of justice, wishes to exercise the power to dismiss but finds that before he may do so he must bargain with the prosecutor. A judicial power must be independent, and a judge should never be required to pay for its exercise.

The California Supreme Court has held that "the discretion of the judge [under Section **1385**] is absolute except where the Legislature has specifically curtailed it." *People v. Superior Court of Marin County*, 69 Cal. 2d 491 (1968).

## ARGUMENT

### I.   THIS CURRENT PROSECUTION VIOLATES DOUBLE JEOPARDY UNDER THE 5TH AMENDMENT OF THE U.S. CONSITUTION AND ARTICLE I, SECTION 15, OF THE CALIFORNIA CONSTITUTION.

Frist, the current prosecution violates Ms. Luo's Federal and California Constitutional guarantees because she cannot be tried for the same offense once previously prosecuted and convicted. *U.S. v. Dixon*, 509 U.S. 688 (1993).  Second, the two prosecutions involve the same criminal act, but under two different statutes containing the same elements, which also violates Constitutional guarantees. *See* (*U.S. v. Dixon*, 509 U.S. 688 (1993). *Id*. At 696. Lastly, collateral estoppel applies here because an issue of ultimate fact that has been resolved in Ms. Luo's prior criminal proceeding, cannot be relitigated in a subsequent prosecution or retrial. *Yeager v. U.S.*, 557 U.S. 110, 120–121 (2009); *Brown v. Superior Court*, 187 Cal. App. 4th 1511, 1524 (2d Dist. 2010).

15 of 21

### a. Same Offense Once Previously Prosecuted

The facts, order, and issue in this prosecution is the same as 19CM06724. Ms. Luo was found guilty of count 2, Penal Code Section 273.6, of Case No. 19CM06724, which alleged Ms. Luo disobeyed a domestic relations court order for "fail[ing] to deactivate websites and creat[ing] new websites. At sentencing, Ms. Luo was ordered to pay Tomas Czodor $54,000 in order to give him money to remove 27 websites the prosecution purported Mr. Czodor was entitled to in connection to Count 2's conviction.

Ms. Luo is now charged with Penal Code Section 166(a)(4) in Case No. 23CM00067 for failing to "to remove any pictures or references of the protected party from any social media websites or blogs she may have posted." The same links the prosecution intends to criminalize in this case, Case No. 23CM00067, are the same links that Ms. Luo was held liable for in Case No. 19CM06724. Both cases rely upon the same family court order issued out of Case No. Case No.18V002374.

The prosecution's attempt to rely on the family court's amended order that was issued on October 01, 2021 for this secondary prosecution—as opposed to the initial order issued on October 19, 2018 involving Case No. 19CM06724—is a logical fallacy to suggest there are two separate orders that warrant two separate causes of action. There is only one order, and that amendment issued on October 1, 2021 never modified Ms. Luo's restraints, but only changes what can prospectively be communicated online to comport with Free Speech guarantees. Nonetheless, the same provision that was relied upon in the 19CM06724 prosecution is the same provision this prosecution relies upon, which is the "[r]esponding Party is further ordered to remove any pictures or references of the Moving Party from any social media website or blog she may have posted."

Defendant's Omnibus Motion to Dismiss