XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

**FILED**
CLERK, U.S. DISTRICT COURT

02/22/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

XINGFEI LUO,

               Petitioner,

     v.

THE PEOPLE OF THE STATE OF
CALIFORNIA

               Respondent.

No. 8:22-CV-01640-MEMF-KES

**RESPONSE TO THE COURT'S
FEBRUARY 6, 2024 ORDER**

Action filed: September 6, 2022

     Xingfei Luo (Petitioner) respectfully submits the following response pursuant to this Court's February 6, 2024 order which invites Petitioner to clarify her Claim 35. ECF 58.

## I.    THE TRIAL COURT VIOLATED PETITIONER'S DUE PROCESS RIGHTS

     720 days after the original complaint was filed, despite no showing of good cause to justify any belated amendment, the trial court permitted the People to amend the complaint from allegation of coming within 100 yards of the protected person to failure to deactivate website and created new websites. ECF 3 at 79.

     The primary issue at trial was whether Petitioner failed to deactivate website and

1

1    created new websites. However, the trial court gave the following instructions on what

2    part of the restraining order of which Petitioner was convicted:

3          "the defendant not contact, send any messages to, follow, or disturb the peace of

4    the protected person, Tomas Czodor." ECF 3 at 159 and ECF 4 at 259.

5          "In a criminal trial, the State must prove every element of the offense, and a jury

6    instruction violates due process if it fails to give effect to that requirement." *Middleton v.*

7    *McNeil*, 541 U.S. 433, 437, 124 S.Ct. 1830, 158 L.Ed.2d 701 (2004). The appropriate

8    inquiry "is whether the ailing instruction ... so infected the entire trial that the resulting

9    conviction violates due process."  Id. (quoting *Estelle v. McGuire*, 502 U.S. 62, 72, 112

10   S.Ct. 475, 116 L.Ed.2d 385 (1991)) (internal quotation marks omitted). "[A] single

11   instruction to a jury may not be judged in artificial isolation, but must be viewed in the

12   context of the overall charge." Id. (quoting *Boyde v. California*, 494 U.S. 370, 378, 110

13   S.Ct. 1190, 108 L.Ed.2d 316 (1990)) (internal quotation marks omitted).

14         "If the charge as a whole is ambiguous, the question is whether there is a

15   'reasonable likelihood that the jury has applied the challenged instruction in a way' that

16   violates the Constitution." Id. (quoting *Estelle*, 502 U.S. at 72, 112 S.Ct. 475). But this

17   "reasonable likelihood" inquiry does not apply when the disputed instruction is erroneous

18   rather than ambiguous. See *Boyde*, 494 U.S. at 380, 110 S.Ct. 1190 (distinguishing

19   situations when the test would apply from those where the instruction at issue was

20   "concededly erroneous [or] found so by a court"); see also *Ho v. Carey*, 332 F.3d 587, 592

21   (9th Cir.2003).

22         Here, the error misled the jury on a disputed issue and thus infected the trial as to

23   deprive Petitioner of due process. The instructional error had substantial and injurious

24   influence on the jury's verdict. The conviction was based on a finding that Petitioner

25   contacted, sent messages to, or disturbed the peace of Czodor, rather than what Petitioner

26   was charged for. See also *Osborne v. Ohio*, 495 U.S. 103, 122-24 (1990) (explaining that

27   the omission of an element from jury instructions violates the Due Process Clause.)

28

2

## II. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BOTH AT TRIAL AND ON APPEAL

The Court correctly construes Claim 35 as raising claims that (1) trial counsel provided IAC by not objecting to the jury instruction at CT 146 (Dkt. 3 at 159) as incorrect, and (2) appellate counsel provided IAC by not challenging that jury instruction as incorrect on direct appeal.

## III. PETITIONER HAS EXHAUSTED CLAIM 35 IN THE STATE COURT

To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999); *James v. Giles*, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See *O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Claim 35 was fairly presented to the Supreme Court of California. See ECF 21.

The Supreme Court has repeatedly made it plain that not every state procedural default bars federal habeas corpus relief. Title 28 U.S.C. § 2254 (b), (c), which require a state prisoner to exhaust available state remedies, are limited in their application to those state remedies still open to the habeas applicant at the time he files his application in federal court. *Fay v. Noia*, 372 U.S. 391, 434-435 (1963); see *Picard v. Connor*, 404 U.S. 270, 272 n. 3 (1971). In this case Petitioner has met the requirements of the exhaustion rule, inasmuch as no direct appeal is presently available to her, and she has taken her claim for post-conviction relief to the highest state court. *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

3

State prisoners often fail to raise their federal claims in compliance with state procedures, or even raise those claims in state court at all. If a state court would dismiss these claims for their procedural failures, such claims are technically exhausted because, in the habeas context, "state-court remedies are ... 'exhausted' when they are no longer available, regardless of the reason for their unavailability." *Woodford v. Ngo*, 548 U.S. 81, 92–93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Failure to consider Claim 35 will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 732, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Petitioner has shown that, in light of all available evidence, it is more likely than not that no reasonable juror would convict her of the relevant crime. *House v. Warden*, 547 U.S. 518, 530-531 (2006). Based on the same evidence Petitioner was acquitted for the same charges in 2023. See ECF 59.

Respectfully submitted,

Date: February 22, 2024

/s/ Xingfei Luo

1

**CERTIFICATE OF SERVICE**

2       I declare that I electronically filed the forgoing with the United States District

3 Court, Central District of California. Participants in the case who are registered CM/ECF

4 users will be served by the CM/ECF system.

5       In addition, I electronically served the forgoing to the following email address:

6 michael.butera@doj.ca.gov

7       I declare under penalty of perjury under the laws of the State of California and

8 United States of America that the foregoing is true and correct.

9       Executed on February 22, 2024

10                                   */s/ XINGFEI LUO*

11                                   XINGFEI LUO, In Pro Per

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28