## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:22-cv-01640-MEMF-KES                    Date: March 4, 2024

Title: XINGFEI LUO v. THE PEOPLE OF CALIFORNIA

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER Denying Petitioner's Motion for Discovery and Expansion of the Record (Dkt. 59)**

On February 9, 2024, Petitioner Xingfei Luo ("Petitioner") filed a motion for discovery. (Dkt. 59.)  Petitioner asks the Court to authorize (1) Petitioner serving discovery on Respondent to obtain, free of charge, the clerk's transcript and reporter's transcript from Petitioner's recent criminal prosecution in Orange County Superior Court ("OCSC") case no. 23CM00067; and (2) expanding the record so that Petitioner may submit those documents as evidence in support of her pending first amended habeas petition ("FAP" at Dkt. 33).  (Dkt. 59 at 9.)

For the reasons explained below, Petitioner's motion is DENIED.

I. BACKGROUND.

The FAP challenges Petitioner's 2021 conviction in OCSC case no. 19CM06724. (Dkt. 33 at 1.)  Petitioner was convicted of vandalism and violating a restraining order, obtained by Tomas Czodor, by posting nude photos and negative comments about Mr.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                          Date: March 4, 2024
                                                        Page 2

Czodor online.  (Id. at 16.)

     Petitioner was prosecuted again in OCSC case no. 23CM00067 on charges that she violated the same restraining order by failing to remove or disable two items of online content about Mr. Czodor.  (Dkt. 59 at 4.)  These items were allegedly posted in 2018 but still active in 2022.  (Id. at 32.)  The restraining order had been modified in October 2021.  (Id. at 45.)  Petitioner was acquitted.  (Id. at 15, 16, 18, 30.)

     Petitioner first asked OCSC for a copy of the record for case no. 23CM00067 in April 2023.  (Dkt. 59 at 30.)  She made a second request by filing a May 15, 2023 motion "for an order producing record (clerk's transcript and reporter's transcript) to Defendant at no cost to her."  (Dkt. 59-3 at 28-29; Dkt. 59 at 31.)  After this, the OCSC's minutes say:

> Electronic notice has been received from the Department of Justice that relief has been GRANTED pursuant to Penal Code 851.93.  Information regarding the granting of relief shall not be disclosed except to the person to whom relief was granted, or a Criminal Justice Agency as defined in Penal Code section 851.92.[1]  Case is sealed.

(Dkt. 59 at 31.)  Petitioner then made a third request, stating under penalty of perjury that she could not afford to pay for the record because she "has insufficient financial resources …. [She] is currently receiving food stamps."  (Dkt. 59-3 at 29.)  On July 24, 2023, the OCSC held a hearing on this request.  (Dkt. 59 at 30.)  OCSC denied Petitioner's request.  That court refused to provide the record to her "at no cost."  (Dkt. 59-3 at 31.)  It is unclear how the OCSC would have ruled if Petitioner made the same request but offered to pay some amount towards preparing the record.[2]

     After that, Petitioner contacted her appointed defense attorney who sent the

---

[1] These two state statutes relate to sealing arrest records and arrest record relief.

[2] It is similarly unclear that Petitioner could not still get the documents she wants from the OCSC.  While she contends that the case is "sealed" (Dkt. 59 at 8), she was able to get most of the clerk's transcript from her attorney, and criminal defendants are generally able to obtain records from their own trial.  Petitioner admits that she never obtained a cost estimate for preparing the reporter's transcript.  (Dkt. 59 at 10 ¶ 3.)  Why is she so certain that she cannot afford this unknown cost?  Does the OCSC have a procedure for requesting a full or partial fee waiver?  Did Petitioner ever give the OCSC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                    Date: March 4, 2024
                                                                              Page 3

records from her files in August 2023.  (Dkt. 59 at 4, 13.)  Petitioner attached those records to the instant motion.  They include (1) a printout of the online "case summary" listing all filings (Dkt. 59 at 15-31); (2) the charging documents (id. at 32-33, 45-46); (3) pre-trial discovery requests, motions, and related briefs (id. at 34-44, 47-62; Dkt. 59-1; Dkt. 59-2 at 1-20); (4) jury instructions (Dkt. 59-2 at 21-33; Dkt. 59-3 at 1-25); and (5) Petitioner's two requests for records in May 2023 and the OCSC's denial (Dkt. 59-3 at 26-31).

II. DISCUSSION.

        The controlling case in this area is <u>Cullen v. Pinholster</u>, 563 U.S. 170 (2011), <u>rehearing denied by</u> 563 U.S. 1029 (2011).  Where—as here—a state court has denied a habeas petitioner's claim on the merits, and the petitioner seeks review under 28 U.S.C. § 2254(d), review "is limited to the record that was before the state court that adjudicated the claim on the merits."  <u>Pinholster</u>, 563 U.S. at 181 (considering review under § 2254(d)(1)); <u>see</u> also <u>Gulbrandson v. Ryan</u>, 738 F.3d 976, 993 n.6 (9th Cir. 2013), <u>cert. denied</u> 573 U.S. 919 (2014) (noting that the same limitation applies to review under § 2254(d)(2) due to the statutory language), <u>rehearing denied by</u> 573 U.S. 981 (2014).

        As the <u>Pinholster</u> Court explained, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" because the review "focuses on what a state court knew and did."  563 U.S. at 182.  The Supreme Court reiterated that "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) ***on the record that was before the state court***."  Id. at 1400 (emphasis added); <u>see</u> also <u>Nguyen v. Frauenheim</u>, 45 F.4th 1094, 1098 (9th Cir. 2022) ("We may only review the record that was before that court when it adjudicated the claim on the merits.").

        This Court denied Petitioner's earlier motion for discovery, citing this rule established by <u>Pinholster</u>.  (Dkt. 48 at 2-3.)  In this repeat motion, Petitioner does not mention, let alone distinguish, <u>Pinholster</u>.  She relies entirely on pre-<u>Pinholster</u> cases and inapplicable procedural rules that deal with evidentiary hearings.  (Dkt. 59 at 5.)

        Petitioner contends that the Court should authorize the requested discovery if (1) she could not have obtained the information earlier despite diligence and (2) it is

_____

sufficient evidence to establish her indigency?  This Court does not need to know the answer to these questions, but Petitioner may want to discuss them with appointed counsel.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:22-cv-01640-MEMF-KES                          Date: March 4, 2024
                                                                                          Page 4

relevant to her pending habeas claims.  (Id. at 6.)  She argues that she satisfies both of these conditions because (1) records from her 2023 prosecution were not available before 2023 and (2) they are relevant to her ineffective assistance of counsel ("IAC") claims, because they show what an effective defense lawyer should have done during her 2021 case.  (See id. at 5.)  She further argues that the requested new evidence will not "fundamentally alter" her claims, such that there is no reason to send her back to the state courts to pursue discovery there and accomplish exhaustion.  (Id. at 5.)

The Court declines to discuss whether Petitioner has shown diligence or relevance, because that is not the correct legal test.  Again, the Court denies Petitioner's request for discovery and expansion of the record relying on Pinholster.

MINUTES FORM 11                                          Initials of Deputy Clerk jd
CIVIL-GEN