XINGFEI LUO

PO BOX 4886,

El Monte, CA 91734

Petitioner in Pro Se

FILED
CLERK, U.S. DISTRICT COURT
03/14/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>    Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>    Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**PETITIONER'S OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 4, 2024 ORDER**<br><br>Action filed: September 6, 2022 |

Pursuant to Fed. R. Civ. P. 72(a), Xingfei Luo (Petitioner) respectfully submits her objections to Magistrate Judge's March 4, 2024 Order denying discovery for new evidence (the "Order"). ECF 62.

## PROCEDURAL HISTORY

On September 6, 2022, Petitioner filed a petition for writ of habeas corpus asserting 34 claims of relief. ECF 1. On December 20, 2022 the magistrate granted *Rhines* stay allowing Petitioner to exhaust claims in state courts. ECF 18.

Petitioner filed her last state habeas petition on February 1, 2023. ECF 19. Orange County District Attorney (OCDA) filed a new case (No. 23CM00067) on December 30, 2022 and Petitioner was subsequently acquitted on March 28, 2023.

1  Once Petitioner was acquitted, her client-attorney relationship with her court appointed counsel automatically terminated. Petitioner's court appointed counsel has no responsibility to assist Petition after acquittal. Both in April and May 2023 Petitioner filed requests, in pro per, with Orange County Superior Court ("OCSC") for clerk's and reporter's transcripts at no cost to her. OCSC denied Petitioner's requests. Petitioner was unable to obtain neither clerk's nor reporter's transcript. As an alternative, Petitioner's court appointed counsel, as a courtesy, provided Petitioner with the printed docket sheets and motion paper.

After Petitioner's acquittal, the case was sealed on May 19, 2023. After the case was sealed, no trial transcript of case no. 23CM00067 can be ordered. See https://www.occourts.org/online-services/court-reporter-transcript-requests

California courts' fee waiver does not include reporter's transcript. See https://www.courts.ca.gov/documents/fw001.pdf. Petitioner's first jury trial has 330 pages of report's transcript. ECF 3-4. Assuming Petitioner's second jury trial has 300 pages of report's transcript[1]. The 30-Day Transcript costs $4/page. It renders total cost of $1200 which goes beyond Petitioner's financial ability.

Relying on 28 U.S.C. § 2254(e)(2) Petitioner filed a motion for discovery. ECF 59. The magistrate denied Petitioner's motion, citing that Petitioner relies entirely on pre-Pinholster cases and inapplicable procedural rules that deal with evidentiary hearings but did not give Petitioner any direction to what procedural rules are applicable or what legal test Petitioner should follow.

## ARGUMENT

Where a magistrate judge's order relates to "a pretrial matter not dispositive of a party's claim or defense," the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." 28 U.S.C.

---

[1] Although the first jury trial involved three counts of charges, Czodor was the only testifying witness. At the second jury trial both Czodor and a police investigator were called the testified. Therefore, based on the reporter's transcript of the first trial has 330 pages. It's reasonable that the reporter's transcript of the second trial has approximately 300 pages.

§ 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) (discretionary non-dispositive pre-trial matters by magistrate judge are reviewable for clear error); *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (factual determinations made in connection with sanction award are reviewable for clear error). This standard requires "a definite and firm conviction that a mistake has been committed." *Security Farms v. Int'l Brotherhood of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

The "contrary to law" standard applies to review of purely legal determinations by a magistrate judge. See, e.g., *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Med. Imaging Centers of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996) ("Section 636(b)(1) . . . has been interpreted to provide for de novo review by the district court on issues of law."). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F.Supp.2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F.Supp.2d 159, 163 (E.D.N.Y. 2006)).

### I. THE MAGISTRATE JUDGE CLEARLY ERRED IN CONCLUDING THAT 28 U.S.C. § 2254(e)(2) IS NOT THE CORRECT LEGAL TEST

Petitioner has established "good cause" for discovery under Rule 6(a) of the Rules Governing § 2254 Cases.

Allowing a petitioner to introduce new evidence at a hearing in the limited circumstance permitted by § 2254(e)(2) does not upset the balance that Congress struck in AEDPA between the state and federal courts.

The Supreme Court has explained that 28 U.S.C. § 2254(e)(2), which constrains the federal courts' discretion to conduct evidentiary hearings on habeas claims, "continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Cullen v. Pinholster*,

1 563 U.S. 170, 184 n. 5 (2011) ("[Section] 2254(e)(2) should be interpreted in a way that does not preclude a state prisoner, who was diligent in state habeas court and who can satisfy § 2254(d), from receiving an evidentiary hearing.")

In *Pinholster*, the Supreme Court held that a federal habeas court's "review under § 2254(d)(1) is limited to the record that was before the state court...." 131 S.Ct. at 1398. Pinholster, however, did not address what happens after a habeas petitioner has overcome the limitation of § 2254(d)(1). Indeed, the Supreme Court has held that, once a petitioner has satisfied § 2254(d)(1) "[a] federal court must then resolve the claim without the deference AEDPA otherwise requires." *Panetti*, 551 U.S. at 953, 127 S.Ct. 2842; see also *Frantz*, 533 F.3d at 735.

Here, Petitioner's IAC claim is subject to de novo review because she has satisfied Section 2254(d)(1)'s "contrary to" clause. As First Amended Petition explains, the state court's decision that Petitioner's received effective assistance of counsel was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. ECF 33 at 52-56. It is under this de novo review that a state prisoner can receive discovery in federal court. *Runningeagle v. Ryan*, 686 F.3d 758, 788 (9th Cir. 2012).

In a case decided after *Pinholster*, the Ninth Circuit held that courts may consider new evidence so long as two conditions are met: First, the petitioner must have been "diligent in his efforts" to develop the evidence in state court; Second, the new evidence must not so "fundamentally alter the legal claim already considered by the state courts" as to render it unexhausted." *Detrich v. Ryan*, 677 F.3d 958, 984 (9th Cir. 2012).

Here, Petitioner exercised diligence by presenting the state courts with all evidence available to her at the time of filing. Nor does the new evidence render Petitioner's ineffective assistance of counsel claim unexhausted. See *Detrich v. Ryan*, 677 F.3d 958, 984 (9th Cir. 2012) (holding that the new evidence presented in federal court simply offers details about Detrich's brain damage, the biological causes of his impairments, and his impaired ability to function .)

4

**CONCLUSION**

Based on the foregoing, Petitioner requests that the Court vacate the March 4, 2024 Order and grant Petitioner's motion for discovery.

Respectfully submitted,

Date: March 14, 2024

<em>/s/ Xingfei Luo</em>

**CERTIFICATE OF SERVICE**

I declare that I electronically filed the foregoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

In addition, I electronically served the forgoing to the following email address:

michael.butera@doj.ca.gov

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

Executed on March 14, 2024

/s/ *XINGFEI LUO*

XINGFEI LUO, In Pro Per