ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General
MICHAEL D. BUTERA
Deputy Attorney General
State Bar No. 295601
 600 West Broadway, Suite 1800
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 738-9054
 Fax: (619) 645-2044
 E-mail:  Michael.Butera@doj.ca.gov
*Attorneys for Respondent*

# IN THE UNITED STATES DISTRICT COURT FOR

# THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **XINGFEI LUO,** <br><br> Petitioner, <br><br> v. <br><br> **THE STATE OF CALIFORNIA,** <br><br> Respondent. | Case No. 8:22-cv-01640-MEMF-KES <br><br> **SUPPLEMENTAL RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Judge:     The Honorable Karen E. Scott <br><br> Action Filed: 9/06/2022 |

## SUPPLEMENTAL RESPONSE ADDRESSING PETITIONER'S CLAIM THIRTY-FIVE

## INTRODUCTION

As noted in Respondent's Memorandum, after breaking up with Tomas C., Petitioner Xingfei Luo engaged in a campaign of revenge porn, violated court orders to cease, and ended up convicted of vandalism, violation of a protective order, and unlawful dissemination of private photos and recordings.  Following briefing by both parties on Luo's amended federal habeas corpus Petition, this Court requested clarification on the legal basis of Luo's thirty-fifth claim for relief—which concerned an alleged instructional error about the prosecution's

1

theory of the manner in which she violated her court order. Luo clarified that, in addition to her due process argument, this claim also seeks relief on the basis of ineffective assistance by both her trial and appellate counsel. Based on this clarification, the Court invited supplemental briefing from Respondent on this claim.

In addition to being procedurally defaulted, Luo's argument does not warrant relief, whether evaluated as a due process or ineffective assistance claim. The instructions provided by the court informed the jury of the essential elements of the offense, and did not lessen the prosecution's burden of proof to Luo's detriment. The instructions did not violate Luo's federal due process guarantee and altering them could not have resulted in a more favorable trial outcome for her. For the same reasons, her attorneys did not perform deficiently in declining to raise the argument she now seeks to advance. Likewise, Luo's cannot meet her burden to show that her complaints about the performance of counsel prejudiced the outcome of her trial.

Like all her other claims, the thirty-fifth claim of Luo's amended Petition should be denied and dismissed with prejudice.

## ARGUMENT

### I. LUO'S CLAIM THAT THE TRIAL COURT GAVE AN INAPPLICABLE JURY INSTRUCTION REGARDING HER RESTRAINING ORDERS (CLAIM 35) DOES NOT WARRANT FEDERAL HABEAS RELIEF

Luo alleges that the trial court provided a jury instruction that was unrelated to the manner in which she was charged with violating her restraining orders. (ECF Doc. 33 at 103.) Specifically, she faults the court for providing an instruction that tracked the language of the prosecution's initial complaint (violating order not to contact or disturb the victim) rather than the theory the prosecutor ultimately used under the amended information (Luo's violation of the court order to remove the victim's private photographs she posted online). (ECF Doc. 33 at 103; ECF Doc. 3

at 159, 172-173 [CT 146, 159-160].)  Luo subsequently clarified that the federal basis for these claims is twofold.  First, she alleges that the complained-of instruction violated her constitutional right to due process. (ECF Doc. 60 at 1-2.)  Second, she argues that her trial counsel rendered constitutionally ineffective assistance in failing to object to, or otherwise seek to correct, the given instruction and her state appellate counsel failed to raise the error on appeal. (ECF Doc. 60 at 3.)

     Neither argument entitles her to relief.  At the outset, the claim is, as noted in Respondent's Memorandum, procedurally defaulted.  But even on the merits, it fails.  The instructions did not violate federal law, did not lower the prosecution's burden of proof, and did not otherwise disadvantage Luo or mislead the jury regarding the essential elements of the charged offense.  Furthermore, any supposed instructional deficiency under state law would not raise a federal question cognizable here, and could not have affected the outcome or resulted in a more favorable verdict for Luo.  Consequently, Luo cannot show deficient performance by either her trial or appellate counsel in failing to raise this issue, and regardless, any shortcomings in their representation were not prejudicial.  Viewed under either standard, the California Supreme Court did not err in summarily denying this claim (Lodgment 7) because it does not warrant habeas relief.

### A. Luo's claim is procedurally defaulted

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  The independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id*. at 729-730.  Consequently. "[i]n all cases in which a state

prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id* at 750.

As previously explained in Respondent's original Memorandum, Luo failed to raise the instructional error claim she now asserts through her initial state habeas petition, instead opting to assert it through successive and piecemeal habeas petitions. (Lodgment 2 at 4-5.) Accordingly, this claim is procedurally barred under the independent and adequate "*Clark*" rule. *See In re Clark*, 5 Cal. 4th 750, 767-768 (Cal. 1993) ("the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment."); *In re Morgan*, 50 Cal. 4th 932, 945 (Cal. 2010) ("A corollary of the rule against successive petitions is the rule that all known claims must be brought in a single, timely habeas corpus petition.").

As further detailed below, Luo has provided no satisfactory justification to excuse her default because she cannot show that she received ineffective assistance from appellate counsel based on her attorney's failure to raise the claim on direct appeal. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (To establish "cause" a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.") Nor can she show prejudice because her argument is meritless, both as a due process and an ineffective assistance of counsel claim. *Coleman*, 501 U.S. at 750.

/ / /

/ / /

/ / /

### B. Luo's due process claim is meritless

As previously explained in Respondent's original Memorandum, Luo's claim of instructional error does not warrant habeas relief on the basis of an alleged violation of her federal due process rights.

The constitution prohibits governmental deprivation of life, liberty or property without due process of law. U.S. Const. amends. V, XIV. This protection has been applied in the context of alleged instructional error. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 71-73 (1991); *Boyde v. California,* 494 U.S. 370, 380, (1990). However, "[e]ven if there is some 'ambiguity, inconsistency, or deficiency' in the instruction, such an error does not necessarily constitute a due process violation." *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009); *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974) ("[I]t must be established not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some [constitutional right]") Thus, "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." (*Estelle*, 502 U.S. at 71-72; *Gilmore v. Taylor*, 508 U.S. 333, 343-344 (1993). Rather, the defendant must show that "there was 'a reasonable likelihood' that the jury applied the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt." *Waddington*, 555 U.S. at 191 (*citing Estelle*, 502 U.S. at 72.). In making this determination, the pertinent question is " 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process,' " *Id*.

In this case, the prosecutor and defense counsel both informed the jury—consistent with the amended information—that Luo was alleged to have violated the temporary restraining order and domestic violence restraining order by violating the injunction to deactivate websites containing private photographs of the victim and refrain from further posting such images online. (ECF Doc. 3 at 79 [CT 66]; ECF Doc. 4 at 23-25, 171-173, 175, 178-179 [RT 122-124, 270-272, 274, 277-

5

278].)  In addition, the parties stipulated, in relevant part, that the lawful temporary and permanent restraining orders included the following terms: "Ms. Luo is to stop posting online content about [the victim] and his company Gorgeous Painting;" "Ms. Luo is to remove content on the Internet relating to video, pictures, blogs, or websites about [the victim] created by Ms. Luo;" "Ms. Luo is to stop posting the picture or likeness of [the victim], or refer to him by name on any social media website or blog;" and " Ms. Luo is to remove any pictures or references of [the victim] from any social media website or blog that she posted." (ECF Doc. 4 at 119-120 [RT 218-219].)  As such, there is no reasonable probability that the jurors misunderstood their duties or the nature of their inquiry to Luo's detriment.

Furthermore, even if Luo could have demonstrated that the jury instructions were somehow deficient, she cannot show a violation of federal law.  As noted, an erroneous instruction in a criminal trial violates due process only where it fails to give effect to the requirement that the State must prove every element of a charged offense.  *Estelle*, 502 U.S. at 71-72.  Here, the trial court's instruction to the jury included all essential elements of California Penal Code section 273.6(a), and specifically advised the jurors that the People must prove that Luo willfully violated the court's written protective order, lawfully issued under the Domestic Violence Prevention Act.  (ECF Doc. 3 at 159, 172-173 [CT 146, 159-160]); *see also* Cal. Penal Code § 273.6; Judicial Council of California Criminal Jury Instruction 2701.  Therefore, any error in the instructions did not alleviate the prosecution's burden of proof, and thus did not implicate federal due process guarantees.

Finally, even if the complained-of instructions failed to inform the jury regarding an essential element of a criminal offense, no prejudice occurred.  When jury instructions have omitted an essential element of an offense, the error does not require reversal (even under the more onerous direct appeal standard) where "the omitted element was uncontested and supported by overwhelming evidence." *Neder* v. *U.S.* 527 U.S. 1, 17 (1999).  Here, the parties stipulated that the state court

1) issued lawful orders requiring Luo to refrain from further posting images of the victim online and to remove those she had already posted, and 2) informed Luo of her obligations.  (ECF Doc. 4 at 118-120 [RT 217-219].)  The evidence conclusively established that Luo failed to comply with these orders, as nude photos and videos of the victim posted by Luo remained on multiple websites even up to the time of trial.  (ECF Doc. 4 at 80-92 [RT 179-191].)  All told, the evidence supporting this element was uncontested and overwhelming.  Therefore, even if there was an instructional error that somehow rose to a constitutional deprivation, Luo has failed to sustain her burden to demonstrate a substantial and injurious effect or influence in determining the jury's verdict.  *Brecht*, 507 U.S. at 637.   Luo is not entitled to relief or further evidentiary development.  *Pinholster*, 563 U.S. at 181.

### C. Luo's ineffective assistance of counsel claims are equally meritless

Luo's claim fares no better when viewed through the lens of ineffective assistance.  In order to establish that counsel was ineffective, Luo bears the burden of showing that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability the result of the proceeding would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  In considering the first prong of the test, the reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*. at 689.  As to the second prong, a "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.

Under § 2254(d), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. . . . A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."  *Harrington v. Richter*, 562 U.S. 86,

101 (2011).  Thus, a federal habeas court must use "a 'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt."  *Burt v. Titlow*, 571 U.S. 12, 15 (2013; see *Dunn v. Reeves*, 141 S. Ct. 2405, 2411 (2021) (per curiam) (federal court may grant relief only if "every 'fairminded juris[t]' would agree that every reasonable lawyer would have made a different decision")  (emphasis in original).

    Luo cannot satisfy either prong of *Strickland*.  She alleged that her trial counsel abrogated their duties of competent representation by failing to object to or attempt to correct the complained-of instructional error.  (ECF Doc. 60 at 3.)  Here, however, it is crucial to remember that the prosecution's strongest case that Luo violated her court order was based on evidence that she refused to remove the victim's private photographs she posted online, rather than that she continued to contact or disturb the victim after the court order.  (ECF Doc. 4 at 23-25, 80-92, 171-173, 175, 178-179 [RT 122-124, 179-191, 270-272, 274, 277-278].)  Consequently, any inaccuracy or incompleteness in the court's given instruction was actually favorable to the defense, as it did not provide specific details on the prosecution's strongest theory of her guilt.  (ECF Doc. 3 at 79, 159 [CT 66, 146]; ECF Doc. 33 at 103.)

    Counsel's decision whether or not to object is inherently a tactical choice, entitled to a high degree of deference by the reviewing court.  *United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991); *Larimer v. Yates*, 483 F. App'x 317, 319–20 (9th Cir. 2012); *accord Lundgren v. Mitchell,* 440 F.3d 754, 774 (6th Cir. 2006)  (usually, "defense counsel must so consistently fail to use objections, despite numerous and clear reasons for doing so, that counsel's failure cannot reasonably have been said to have been part of a trial strategy or tactical choice.")  Understood in context, Luo's trial counsel may have reasonably determined that foregoing an objection to the offered instructions provided her with a greater chance of obtaining an acquittal—to which double jeopardy protections would have attached regardless

of any instructional error. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571 (1977) ("Perhaps the most fundamental rule in the history of double jeopardy jurisprudence has been that '[a] verdict of acquittal . . . could not be reviewed, on error or otherwise' "). Alternatively, counsel may have simply determined that, because the offered instruction provided a correct statement of substantive law regarding the elements of the offense, no further clarification was required. *See Bashor v. Risley* (9th Cir. 1984) 730 F.2d 1228, 1241 (counsel's decision not to object to jury instruction, even if incorrect in hindsight, does not rise to ineffective assistance where counsel acted out of tactics rather than ignorance). In any event, it cannot be said that counsel's conduct was objectively unreasonable beyond fair-minded disagreement or that such actions had no conceivable strategic purpose. *See Strickland*, 466 U.S. at 687-689; *Dunn*, 141 S. Ct. at 2411.

Luo has also failed to show that her trial counsel's representation prejudiced her. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("An ineffective assistance of counsel claim based on counsel's failure to object to a jury instruction requires a showing of prejudice"). As explained above, the evidence proving that Luo violated a valid court order to remove nude photographs of the victim from the internet was uncontested and overwhelming, meaning that any instructional error was harmless. Given this, it strains credulity to suggest that Luo could have obtained a more favorable verdict if her counsel had sought further instruction regarding the prosecution's most compelling theory of her guilt. Consequently, Luo cannot show that any supposed ineffective assistance was prejudicial, and is therefore not entitled to relief.

Luo's argument regarding the representation of appellate counsel is similarly unavailing. (*See* ECF Doc. 60 at 3.) After reviewing the record, Luo's appellate counsel identified no meritorious issue to raise on appeal, and followed the standard California procedures established in *People v. Wende*. (ECF Doc. 3 at 3-4; ECF Doc. 33 at 102; Lodgment 2 at 5-6.) As noted in Respondent's Memorandum,

California's *Wende* procedures provide the safeguards necessary to constitute adequate and effective appellate review, and Luo must prove that counsel's choice to file a *Wende* brief was objectively deficient and prejudicial. *Smith v. Robbins*, 528 U.S. 259, 276, 278-279, 284-286 (2000). Here, defense counsel's decision to refrain from challenging the given instructions was not without conceivable tactical purpose, and Luo's conviction for violating a court order was a foregone conclusion in light of overwhelming and undisputed evidence that she disobeyed her obligation to take down the photos she had posted online. Accordingly, appellate counsel did not render deficient representation or prejudice Luo by declining to pursue a futile argument. *See Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Effective appellate counsel should not raise every nonfrivolous argument on appeal," but instead is only required to present arguments "most likely to succeed."). For the same reasons, Luo's accusation of ineffective assistance cannot excuse her procedural default of this claim. *Id*. at 2064-2065 (claim of attorney error that does not violate the Constitution is attributed to the prisoner.).

## CONCLUSION

This Court should dismiss the Amended Petition with prejudice and deny a certificate of appealability.

Dated: May 23, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
CHRISTOPHER P. BEESLEY
Supervising Deputy Attorney General

/s/ Michael D. Butera

MICHAEL D. BUTERA
Deputy Attorney General
*Attorneys for Respondent*

MDB:rp
SD2022802632
84553107.docx

# CERTIFICATE OF SERVICE

Case Name: **Luo v. The People of the State of California**  No. **8:22-cv-01640-MEMF-KES**

I hereby certify that on May 23, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**SUPPLEMENTAL RESPONSE TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On May 23, 2024, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Xingfei Luo
P.O. Box 4886
El Monte, CA 91734
In Pro Per

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 22, 2024, at San Diego, California.

R. Pencheff
Declarant

*[signature]*
Signature

SD2022802632
84551027.docx