1  XINGFEI LUO
2  PO BOX 4886,
3  El Monte, CA 91734
4
5  Petitioner in Pro Se

F I L E D
CLERK, U.S. DISTRICT COURT
06/13/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO,<br><br>    Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br><br>    Respondent. | No. 8:22-CV-01640-MEMF-KES<br><br>**SUPPLEMENTAL REPLY TO RESPONDENT'S SUPPLEMENTAL ANSWER TO CLARIFIED CLAIM THIRTY-FIVE**<br><br>Action filed: September 6, 2022 |

    Xingfei Luo (Petitioner) respectfully submits the following supplemental reply to Respondent's supplemental answer to clarified Claim Thirty-Five. ECF 70.

## I. NONE OF PETITIONER'S CLAIMS, INCLUDING CLAIM 35, IS PROCEDURALLY DEFAULTED

    The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. *McCleskey v. Zant*, 499 U.S. 467, 490 (1991); see also *Coleman v. Thompson*, 501 U.S. 722, 730–731 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 83 (1977); *Reed v. Ross*, 468 U.S. 1, 9 (1984); *Fay v. Noia*, 372 U.S. 391, 430 (1963), overruled in part by *Sykes*, supra. These rules reflect an equitable

judgment that only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. See, e.g., *Strickler v. Greene*, 527 U.S. 263, 289 (1999); *Reed*, supra, at 16. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012) (holding that a procedural default is excused when the state failed to provide post-conviction counsel and ineffective-assistance claims have some merit.) From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984). To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit. Cf. *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue).

    Here, the state courts did not appoint counsel in any stage of any of Petitioner's state habeas corpus. The subsequent acquittal in 2023 on identical evidence demonstrates that a properly instructed jury, with effective counsel, despite being informed of Petitioner's prior conviction, did not find the prosecution's case persuasive beyond a reasonable doubt. Petitioner's claim of ineffective assistance of trial counsel is substantial.

**II.**     **PETITIONER'S DUE PROCESS CLAIM IS MERITORIOUS**

|   |   |
|---|---|
| 1 | Respondent's allegations are misleading that the prosecutor and defense counsel |
| 2 | both informed the jury—consistent with the amended information—that Petitioner was |
| 3 | alleged to have violated the temporary restraining order and domestic violence restraining |
| 4 | order by violating the injunction to deactivate websites containing private photographs of |
| 5 | Czodor and refrain from further posting such images online. Throughout the trial, the jury |
| 6 | was also presented with evidence that Petitioner allegedly went to Czodor's home |
| 7 | uninvited and contacted him through texting and phone calls. This dual presentation of |
| 8 | alleged violations created significant confusion for the jury. The amended complaint was |
| 9 | not provided to the jury along with the jury instructions. ECF 4 at 145. |
| 10 | The jury was told that around September 18, of 2018 is (indiscernible) of what |
| 11 | you're looking at here and what's important that happens on this date in the evening at |
| 12 | around this time is you're going to hear Mr. Czodor is going to explain he is at his home at |
| 13 | this time around the evening and Ms. Luo shows up uninvited. ECF 3 at 22-23. The jury |
| 14 | was further told that Count II, that "The crime occurred on or between September 23rd, |
| 15 | 2018." ECF 4 at 133. |
| 16 | The Court told the jury "You must follow the law as I explain it to you, even if you |
| 17 | disagree with it. If you believe that the attorneys' comments on the law conflict with my |
| 18 | instructions, you must follow my instructions." ECF 4 at 146. |
| 19 | The Court read to the jury "To prove that the Defendant is guilty of this crime, the |
| 20 | People must prove that, one, a court lawfully issued a written order that the Defendant not |
| 21 | contact, send any messages to, follow, or disturb the peace of the protected person, Tomas |
| 22 | Czodor." ECF 4 at 160. |
| 23 | Petitioner asserts ineffective assistance of counsel due to public defender's |
| 24 | stipulation with the prosecution. Respondent's reliance on this stipulation is misplaced. |
| 25 | Even if the stipulation had merit, it is critical to note that the parties agreed on specific |
| 26 | terms including the order protects Mr. Czodor from Ms. Luo and is a stay away or no |
| 27 | contact order and Ms. Luo is to remain 100 yards away from Mr. Czodor's persons, |
| 28 | residence, job, vehicle. ECF 4 at 179. These dual terms likely led to juror confusion |

regarding their duties and the nature of their inquiry, to the detriment of Petitioner. This confusion could have led the jury to misunderstand the nature and essential elements of the offense, potentially leading them to convict Petitioner based on activities stated on the jury instruction regarding the violation of restraining order (the defendant not contact, send any messages to, follow, or disturb the peace of the protected person, Tomas Czodor). This misunderstanding violates Petitioner's due process rights, as the jury may have been misled about the prosecution's burden of proof and the specific nature of the alleged violations. The court's instructions should have explicitly distinguished between the different types of alleged violations and their respective legal implications. The lack of such clarity likely prejudiced the outcome of Petitioner's trial.

The jury find Petitioner guilty of the crime of Count II -- oh, of Count II of the crime of violating a protective order, a misdemeanor violation of section 273.6(a) of the Penal Code of the State of California, as charged in the complaint. ECF 3 at 207.

Respondent asserts that the trial court's instruction included all essential elements of California Penal Code section 273.6(a) and that any error did not alleviate the prosecution's burden of proof. However, Petitioner argues that the instructions were misleading and failed to adequately separate distinct allegations, thus confusing the jury and undermining the fairness of the trial. Specifically, the instructions were related to concerning physical contact or communication, which are materially different in nature.

The Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 520-21 (1979), held that jury instructions that create ambiguity about the State's burden of proof or the elements of the offense can violate due process. Here, the instructions stated different allegations, leading to jury confusion and a conviction based on an unclear understanding of the required elements.

The Respondent's reliance on the fact that the jury was instructed on the essential elements of California Penal Code section 273.6(a) overlooks the specific context in which the instructions were given. The critical issue is whether the instructions, as given, allowed the jury to convict Petitioner without a clear and unanimous agreement on which

specific acts constituted a violation of the protective order.

In *Middleton v. McNeil*, 541 U.S. 433, 437 (2004), the Court emphasized that an instructional error is evaluated based on whether there is a reasonable likelihood that the jury applied the instructions in a way that violates the Constitution. The jury in Petitioner's trial was presented with a confusing mix of allegations, thereby undermining the reliability of their verdict.

Petitioner also raises the issue of ineffective assistance of counsel, which independently implicates federal due process guarantees. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must show that counsel's performance was deficient and that this deficiency prejudiced the defense. The failure of trial counsel to object to the confusing and inadequate jury instructions meets this standard, as it deprived Petitioner of a fair trial where the jury fully understood the elements and scope of the alleged violations.

The subsequent acquittal in 2023 on the same evidence further underscores the prejudice suffered by Petitioner. The jury in the later trial, properly instructed and guided, did not find the evidence sufficient to convict. This outcome directly challenges the assertion that any error in the 2021 instructions was harmless.

### III. PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BOTH AT TRIAL AND ON APPEAL

The Sixth Amendment guarantees the right to effective assistance of counsel, as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). This right imposes a duty on counsel to object to erroneous jury instructions when such errors could impact the fairness of the trial. The failure to object to incorrect or misleading instructions can constitute deficient performance, particularly when those instructions undermine the defense's case.

Respondent's reliance on cases such as *United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991)(holding that the failure to object to the one improper passage in the prosecutor's closing argument was professionally unreasonable), *Larimer v. Yates*, 483 F. App'x 317, 319-20 (9th Cir. 2012) (any failure to object to opinion testimony relating to

1 gang membership was an objectively reasonable tactical decision given the expertise of
2 the witness), and *Bashor v. Risley* (9th Cir. 1984) 730 F.2d 1228, 1241 (trial counsel failed
3 to offer a negligent homicide instruction and object to the mitigated deliberate homicide
4 instruction. The record discloses that counsel did so not out of ignorance of the law but as
5 the result of a tactical decision that the jury should be forced to the choice of finding
6 Bashor guilty of deliberate homicide or acquitting him outright) which emphasize
7 deference to tactical decisions by counsel, is misplaced in this context. These cases do not
8 absolve counsel of the responsibility to object to instructions that mislead the jury or omit
9 critical elements of the prosecution's burden. The decision not to object must be grounded
10 in sound strategy, not negligence or misjudgment.

11       The prosecution's case hinged on Petitioner's alleged refusal to remove private
12 photographs of Czodor from online platforms. Yet, the jury was also informed about
13 allegations of Petitioner contacting Czodor and visiting his home. The failure to clearly
14 distinguish these distinct allegations in the jury instructions likely confused the jury about
15 the nature and scope of the alleged violations.

16       An erroneous instruction can mislead the jury and result in an unfair trial. The
17 instructions in Petitioner's case failed to clearly delineate the elements of the offense
18 related to online activity versus physical contact, thus compromising the jury's
19 understanding and decision-making process.

20       To establish prejudice under *Strickland*, Petitioner must show a reasonable
21 probability that, but for counsel's errors, the outcome of the trial would have been
22 different. The subsequent acquittal in 2023 on identical evidence demonstrates that a
23 properly instructed jury, with effective counsel, did not find the prosecution's case
24 persuasive beyond a reasonable doubt. This outcome directly challenges the assertion that
25 the instructional error was harmless or favorable to the defense.

26       Moreover, yet even the jury in Petitioner's subsequent trial was informed of her
27 prior conviction and did not convict her. This subsequent acquittal indicates that the initial
28 conviction was likely influenced by the instructional error and ineffective counsel.

Petitioner's appellate counsel's failure to raise the issue of erroneous jury instructions on appeal constitutes ineffective assistance. The Supreme Court in *Evitts v. Lucey*, 469 U.S. 387 (1985), affirmed that effective assistance of counsel is required on appeal. The omission of significant trial errors deprived Petitioner of a meaningful appeal and the opportunity for correction.

## CONCLUSION

Respectfully submitted, the court should grant the Amended Petition with prejudice and issue a certificate of appealability in the event that the court denies the Amended Petition.

Date: June 13, 2024

*/s/ Xingfei Luo*

**CERTIFICATE OF SERVICE**

  I declare that I electronically filed the forgoing with the United States District Court, Central District of California. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

  In addition, I electronically served the forgoing to the following email address:

michael.butera@doj.ca.gov

  I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

  Executed on June 13, 2024

                 */s/ XINGFEI LUO*
                 XINGFEI LUO, In Pro Per