**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XINGFEI LUO,<br><br>        Petitioner,<br><br>    v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>        Respondent. | Case No. 8:22-cv-01640-MEMF (KES)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

      The Report and Recommendation ("Report") recommends the denial of the First Amended Petition and the dismissal of this action with prejudice. (ECF No. 73.) Petitioner filed two sets of objections, which are identical. (ECF Nos. 77-78.) As stated below, Petitioner's objections to the Report do not warrant a change to the Magistrate Judge's ultimate findings or recommendations, although the Court does depart slightly from the analysis as discussed below.

Petitioner objects that several of her claims are not procedurally defaulted, in Grounds Two, Eight, Nine, Nineteen through Twenty-Two, Twenty-Five, Twenty-Nine, and Thirty.  (ECF No. 77 at 1.)  The Report found that these claims were procedurally defaulted for various reasons:  the state court found Petitioner had failed to raise them on direct appeal, had failed to raise them in an objection at trial, or had impermissibly raised them in a state habeas petition rather than on direct appeal.  (ECF No. 73 at 13, 16-18.)  Petitioner disputes the correctness of the state court's procedural findings in this regard.  (ECF No. 77 at 2-7.)  However, as the Report noted, the Court does not review the correctness of the state court's application of its own procedural rules.  (ECF No. 73 at 18.) (citing *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (as amended) ("Federal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules")).

Petitioner objects that, even if the claims are procedurally defaulted, she showed cause and prejudice excusing the default, based on ineffective assistance of appellate counsel.  (ECF No. 77 at 8-37.)   Petitioner's claims of ineffective assistance of appellate counsel cannot establish cause because, as the Report noted, Petitioner did not exhaust the ineffective-assistance-of-appellate-counsel claims in state court.  (ECF No. 73 at 21-22.) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)).  Although Petitioner argues that she "relied on the Court's initial review to exhaust her claims" (ECF No. 77 at 9), this does not excuse the procedural default.  The Court had no duty to perform an initial review of her claims and then advise her that she may need to exhaust claims of ineffective assistance of appellate counsel as a possible means to avoid a potential procedural default.  "Requiring district courts to advise *pro se* litigants in such a manner would undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

Petitioner objects that, even if the claims are procedurally defaulted, she has satisfied the gateway for a fundamental miscarriage of justice, or actual innocence.

(ECF No. 77 at 37.) Petitioner argues that there was evidence that purportedly "destroyed" the victim's credibility. (*Id.*) Evidence that undermines a witness's credibility, however, is insufficient to show actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (impeachment evidence is insufficient to establish actual innocence because it "is a step removed from evidence pertaining to the crime itself") (*citing Sawyer v. Whitley*, 505 U.S. 333, 348 (1992)); *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002) ("[S]peculative and collateral impeachment falls far short of showing actual innocence.").

      For Grounds One and Three, Petitioner objects that her First Amendment rights were violated from her conviction for disseminating photographs of the victim and from the enforcement of a family court's protective order. (ECF No.77 at 37-46.) But the dissemination of the photographs and the violation of the protective order were integral to criminal conduct in harassing the victim and, therefore, were not protected online speech. (ECF No. 73 at 63-65.)

      For Grounds Four through Six, Petitioner objects that the prosecutor suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 77 at 46-54.) The allegedly suppressed evidence consisted of two police field reports and evidence of the victim's misdemeanor convictions. (*Id.*) It was not objectively unreasonable for the state court to conclude that Petitioner had failed to show prejudice from the alleged suppression of this evidence. (ECF No. 73 at 67-68.) The prosecutor presented strong evidence at trial establishing that Petitioner had posted private statements and photographs involving the victim online and had vandalized his front door. (*Id.* at 69-72.) Thus, there was no reasonable probability that, if the allegedly suppressed evidence had been disclosed, the result of the trial would have been different.

      For Ground Seven, Petitioner objects that the prosecutor knowingly presented false testimony from the victim. (ECF No. 77 at 54-57.) The victim allegedly testified falsely that Petitioner had threatened to publish his photographs

and then carried through with that threat. (ECF No. 73 at 73.) Because Petitioner has not shown that this testimony was false, her claim is meritless. (*Id*. at 74-75.)

For Ground Eleven, Petitioner objects that her trial counsel was ineffective for failing to present facts to the jury. (ECF No. 77 at 57-59.) The alleged facts consisted of an email exchange in which the victim falsely accused Petitioner of vandalism and evidence of the victim's history as a "nudist." (ECF No. 73 at 78.) But the email exchange does not include an accusation of vandalism. (ECF No. 6 at 165.) Moreover, Petitioner's trial counsel made an informed and strategic decision not to present evidence of the victim's history as a nudist because "the less information the better." (ECF No. 33 at 56, 108.) Thus, this claim is meritless.

For Grounds Twelve and Thirteen, Petitioner objects that her trial counsel was ineffective for failing to request an instruction defining a dating relationship and for stipulating to the validity of the family court's protective order. (ECF No. 77 at 59-63.) As the Report noted, the instruction was not relevant to any element of a charged offense. (ECF No. 73 at 82.) Although Petitioner argues that an instruction defining a dating relationship was relevant to the question of whether the victim had a reasonable expectation of privacy against the public dissemination of his nude photographs (ECF No. 77 at 60), the Court finds this argument is without merit. Although presumably the nature of the relationship that the Petitioner and victim were in is relevant to whether the victim had the requisite expectation of privacy, whether that relationship met the legal definition of a "dating relationship" is not.[1] Moreover, Petitioner's trial counsel had a strategic reason to stipulate to the validity of the protective order, which was to avoid having it shown to the jury. (*Id*. at 81.) Although Petitioner argues that her trial counsel never explicitly offered this reason (ECF No. 77 at 61), this argument fails to

---

[1] And although this Court might depart from the Report's characterization of Luo's other argument on this—that the victim did not have the requisite expectation of privacy because he was a nudist—as "ludicrous," (ECF No. 73 at 79), the Court agrees with the thrust of the Report on this point. The idea that a nudist cannot have the requisite expectation of privacy is without basis in law or common sense.

4

satisfy Petitioner's burden to prove ineffective assistance. *See Dunn v. Reeves*, 594 U.S. 731, 743 (2021) (*per curiam*) (recognizing that "a silent record cannot discharge a prisoner's burden" to prove ineffective assistance of counsel) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). Thus, these claims are meritless.

For Ground Fourteen, Petitioner objects that her trial counsel was ineffective for presenting no legal argument to exclude her family-court testimony. (ECF No. 77 at 63-66.) But the trial court allowed the testimony after ruling that it was not obtained in violation of Petitioner's Fifth Amendment rights. (ECF No. 3 at 276-80.) Because an argument by trial counsel on this evidentiary issue would have been futile, trial counsel could not have been ineffective for the alleged failure to make it. (ECF No. 73 at 83.) Thus, this claim is meritless.

For Grounds Fifteen and Sixteen, Petitioner objects that her trial counsel was ineffective for failing to expose the victim's false and inconsistent statements concerning the damage to his door. (ECF No. 77 at 66-67.) Petitioner has not shown that the victim lied or made inconsistent statements about the damage to his door. (ECF No. 73 at 84.) Petitioner also has not shown that any witness would have testified that the victim lied about the damage to the door. (*Id.*) Although Petitioner argues that such witnesses were the police officers who wrote the police field reports (ECF No. 77 at 67), this is pure speculation. Thus, these claims are meritless.

For Ground Seventeen, Petitioner objects that her trial counsel was ineffective for failing to raise objections at trial. (*Id.* at 67-70.) Petitioner has failed to show that it was strategically unreasonable or prejudicial for trial counsel not to argue that a juror should be removed for financial hardship. (ECF No. 73 at 85-86.) The trial court refused to excuse the juror, and Petitioner cites no argument that her trial counsel could have made to change this decision, particularly since the trial was expected to last only one more day. (*Id.* at 86.) Thus, this claim is meritless.

For Ground Eighteen, Petitioner objects that her trial counsel was ineffective for failing to ensure Petitioner's right to a speedy trial. (ECF No. 77 at 70-72.) But Petitioner waived time on multiple occasions. (ECF No. 3 at 210.) Moreover, trial counsel sought continuances for the proper purpose of preparing for trial, and Petitioner's original trial date coincided with the outbreak of COVID-19. (*Id*. at 207, 210.) Petitioner argues that her trial counsel failed to prepare adequately for trial, meaning that Petitioner's waivers were involuntary. (ECF No. 77 at 71.) But this argument is contrary to the record, which shows that Petitioner had six public defenders during the case and that her trial counsel was appointed in June 2021, shortly before the trial in July 2021. (ECF No. 3 at 209, 218.) Because Petitioner's right to a speedy trial was not violated, this claim is meritless.

For Ground Ten, Petitioner objects that her trial counsel was ineffective for failing to cross-examine the victim adequately during the trial. (ECF No. 77 at 72-79.) As the Report found, however, Petitioner has not shown that trial counsel's cross-examination was objectively unreasonable. (ECF No. 73 at 90-91.) The proposed lines of questions -- about the victim's ten-year-old misdemeanor convictions, about "metadata" showing forgery, or about the victim's marriage -- would not have been permitted or would not have benefited the defense. (*Id*.) Moreover, "counsel's tactical decisions at trial, such as refraining from cross-examining a particular witness or from asking a particular line of questions, are given great deference and must similarly meet only objectively reasonable standards." *Dow v. Woods*, 211 F.3d 480, 487 (9th Cir. 2000). Thus, this claim is meritless.

For Ground Twenty-Four, Petitioner objects that the police conducted a deficient investigation. (ECF No. 77 at 79-80.) The investigation allegedly would have shown that the victim manipulated the digital evidence. (*Id*.) As the Report found, however, there is no clearly established federal law recognizing a

constitutional right to have the police investigate a crime in any particular way. (ECF No. 73 at 94.) Thus, habeas relief is unavailable for this claim.

For Ground Twenty-Six, Petitioner objects that the prosecutor improperly amended the Complaint on the day before trial. (ECF No. 77 at 80-83.) The amendment concerned the count for violation of a protective order. (ECF No. 73 at 97.) The state court's rejection of this claim was not objectively unreasonable. (ECF No. 51-2 at 6.) As the state court found, the amendment "was not so significant that it warranted a delay of [Petitioner's] jury trial for counsel to prepare for the amended charge," and Petitioner's arguments were "conclusory." (*Id*.) The amendment was made prior to trial, and Petitioner's counsel did not request a continuance but commented he was "anticipating" the amendment. (ECF No. 73 at 99; ECF No. 3 at 267.) Thus, this claim is meritless.

For Ground Twenty-Seven, Petitioner objects that her right to a speedy trial was violated. (ECF No. 77 at 83-84.) The state court's rejection of this claim was not objectively unreasonable. (ECF No. 3 at 8-9.) Petitioner "consistently entered general or statutory time waivers from August 2019, when she was arraigned, to June 2021, a month before trial." (*Id*.) Moreover, delays caused by the COVID-19 pandemic did not support a speedy trial violation, Petitioner was not incarcerated during the delay, and Petitioner points to no evidence that was lost because of the delay. (ECF No. 73 at 102-04.) Thus, this claim is meritless.

The Court notes that the Report found that counsel was not required to obtain Petitioner's express permission to waive time. The Court departs from the Report with respect to this determination as it does not acknowledge that under California law, counsel is required to obtain express permission of the defendant to waive the defendant's *statutory* right to a speedy trial. See California Penal Code 1382(a)(3). But any claim based solely on the California statutory right to a speedy trial would not be cognizable on federal habeas review because it exclusively concerns California law. *See Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e

1 have repeatedly held that 'it is not the province of a federal habeas court to
2 reexamine state-court determinations on state-law questions.'" (quoting *Estelle v.*
3 *McGuire*, 502 U.S. 62, 67-68 (1991)).

4   For Ground Twenty-Eight, Petitioner objects that the state trial court erred in
5 refusing to consider her motion to dismiss on speedy trial grounds. (ECF No. 77 at
6 84-86.) As the Report found, the trial court's alleged error in refusing to consider
7 the motion, based on untimeliness and failure to provide proper notice, involves a
8 matter of state procedural law that is not cognizable as a federal habeas claim.
9 (ECF No. 73 at 105.) And as the Report further found, the trial court had rejected
10 the basis for the motion, *i.e.*, an alleged violation of Petitioner's speedy trial rights.
11 (*Id*. at 106.) Thus, this claim is meritless.

12   For Ground Thirty-Two, Petitioner objects that her appellate counsel was
13 ineffective for filing a brief under *People v. Wende*, 25 Cal. 3d 436 (1979), instead
14 of presenting substantive arguments on appeal. (ECF No. 77 at 86-88.) But
15 Petitioner has not identified a nonfrivolous issue that appellate counsel failed to
16 raise and that with a reasonable probability would have prevailed on appeal had
17 appellate counsel done so. (ECF No. 73 at 110.) Although Petitioner identifies the
18 issues raised in this action (ECF No. 77 at 87), they are not meritorious for the
19 reasons explained in detail in the Report. Thus, Petitioners claim of ineffective
20 assistance of appellate counsel is meritless.

21   For Ground Thirty-Five, Petitioner objects that the trial court erred in
22 instructing the jury on the charged crime of violating a protective order. (ECF No.
23 77 at 88-90.) In particular, as acknowledged in the Report, the instruction did not
24 state that the violation, as charged in the amended Complaint, specifically consisted
25 of the alleged failure to deactivate websites or creation of new websites. (ECF No.
26 3 at 159.) However, the state court's rejection of this claim was not objectively
27 unreasonable. (ECF Nos. 51-6, 51-7.) Petitioner has not shown that the instruction
28 was in error. The instruction did not purport to describe the specific conduct which

constituted violation of the order. Overwhelming evidence at trial showed that Petitioner failed to deactivate websites and created new websites concerning the victim, which was a violation of the stipulated-to order. (ECF No. 73 at 116-17.) Although Petitioner argued at trial that someone else might have created those websites (*id*. at 118), the evidence overwhelming contradicted that defense, and that had nothing to do with the proper language in the instruction.

Finally, Petitioner requests an evidentiary hearing, apparently for a claim of actual innocence under *Schlup v. Delo*, 513 U.S. 298 (1995). (ECF No. 77 at 90-91.) The offered evidence of actual innocence consists of Petitioner's "acquittal on identical evidence in Petitioner's second trial," which "serves as compelling evidence of innocence." (*Id*. at 90.) But a verdict from a different, subsequent case is not competent evidence of actual innocence in this case. A claim of actual innocence must be based on "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has not offered any such evidence. Thus, Petitioner's request for an evidentiary hearing is denied.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; (2) Petitioner's request for an evidentiary hearing is denied; and (3) Judgment shall be entered denying the First Amended Petition with prejudice.

DATED: February 5, 2025

MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE

9