UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XINGFEI LUO, | Case No. 8:22-cv-01640-MEMF-KES |
| Petitioner, | |
| v. | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| THE PEOPLE OF CALIFORNIA, | |
| Respondent. | |

"Unless a circuit justice or judge issues a certificate of appealability ["COA"], an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides in relevant part:

> (a) **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.

1

|   |   |
|---|---|
| 1 | If the court issues a certificate, the court must state the specific issue |
| 2 | or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). |
| 3 | If the court denies a certificate, the parties may not appeal the denial |
| 4 | but may seek a certificate from the court of appeals under Federal |
| 5 | Rule of Appellate Procedure 22.  A motion to reconsider a denial does |
| 6 | not extend the time to appeal. |
| 7 | (b)     **Time to Appeal.**  Federal Rule of Appellate Procedure 4(a) |
| 8 | governs the time to appeal an order entered under these rules.  A |
| 9 | timely notice of appeal must be filed even if the district court issues a |
| 10 | certificate of appealability. |

Rule 11, Rules Governing 28 U.S.C. § 2254 Cases.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To obtain a COA, a habeas petitioner must show that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citation omitted).  "The COA inquiry … is not coextensive with a merits analysis." Buck v. Davis, 580 U.S. 100, 115 (2017).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003); see also Frost v. Gilbert, 835 F.3d 883, 888 (9th Cir. 2016) ("The standard for granting a certificate of appealability is low.").

//
//
//
//
//

1     In the present case, the Court finds that Petitioner has not made the foregoing
2 showing with respect to any of the grounds for relief alleged in the Petition.
3 Accordingly, a COA is denied in this case.

5 DATED:   February 5, 2025           _____

                                         MAAME EWUSI-MENSAH FRIMPONG
                                         UNITED STATES DISTRICT JUDGE